## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL MCKENZIE, AMERICAN IMAGE ART, JAMIE THOMAS, AND JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA,<br><br>Defendants. | Case No.: 1:18-cv-4438-AT-BCM |
| JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA,<br><br>Counter-Claimant,<br><br>-against-<br><br>MORGAN CONSOLIDATED LTD., MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK LLC, RI CATALOGUE RAISONNÉ LLC, SIMON SALAMA-CARO, MARC SALAMA-CARO, AND EMELINE SALAMA-CARO,<br><br>Counterclaim-Defendants. | **MEMORANDUM OF LAW OF JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND FOR A PARTIAL STAY PENDING ARBITRATION** |

Defendant James W. Brannan as Personal Representative of the Estate of Robert Indiana (the "Estate"), by and through undersigned counsel, respectfully submits this memorandum of law in support of its motion to stay and compel arbitration of any claims against the Estate asserted by Michael McKenzie or American Image Art, either individually or together (McKenzie and American Image Art are referred to here as "American Image" or "AIA").

## PRELIMINARY STATEMENT

Defendant American Image is an art dealer that fabricated and sold certain artwork created by Robert Indiana. American Image's rights arise from an agreement it entered into with Mr. Indiana on August 11, 2008 providing for the fabrication and sale of Indiana's "HOPE" artwork (the "2008 HOPE Agreement"). *See* Tracey Decl., Ex. A.

Under the 2008 HOPE Agreement, American Image agreed that "[a]ny disputes will be settled by arbitration through the American Arbitration Association, governed by laws of the State of New York." The 2008 HOPE Agreement has been amended several times, but none of the amendments affected or modified the arbitration provision.

This motion is straightforward: Any claim American Image asserts against the Estate in this litigation must be settled by arbitration. Indeed, American Image has acknowledged that any disputes with the Estate are subject to mandatory arbitration, and has independently requested leave from this Court to file its own motion compelling arbitration of claims between American Image and the Estate. *See* American Image August 3, 2018 Letter Motion (the "AIA August 3 Letter Motion") (ECF No. 46). In its August 3 Letter Motion to the Court, American Image stated that "American Image's contract with Indiana, the HOPE Contract . . . contains a valid and enforceable arbitration provision" and that "this matter should be subject to arbitration and requests that the matter be stayed pending the Court's determination of the issue."

2

In addition, on July 25, 2018, American Image filed a Demand for Arbitration (the "Demand for Arbitration" or "Demand") with the American Arbitration Association (the "AAA") seeking arbitration of its claims against the Estate.

Accordingly, there appears to be no dispute that the claims are subject to arbitration.  The Estate therefore asks that this Court to compel arbitration of any crossclaim between American Image and the Estate, and stay any such claims in this action in favor of arbitration.

## FACTUAL ALLEGATIONS AND BACKGROUND

The 2008 HOPE Agreement governs the rights and duties of American Image with respect to the copyright and "creation of sculptures, prints and paintings" of particular Indiana artworks. 2008 HOPE Agreement at 2 (Tracey Decl., Ex. A). The 2008 HOPE Agreement provides that Indiana "expressly reserves all copyright rights in and to the images and the works created hereunder." *Id.* at 3. Also, as particularly relevant here, the 2008 HOPE Agreement sets out the exclusive process for resolving controversies related to the liabilities and/or rights of American Image and Indiana—namely, the 2008 HOPE Agreement states that "[a]ny disputes will be settled by arbitration through the American Arbitration Association, governed by laws of the State of New York" (the "Arbitration Provision"). *Id.* at 6; *see also* Draft 2008 HOPE Agreement at 5 (Tracey Decl., Ex. B).

American Image and Indiana agreed to terms on four addenda to the 2008 HOPE Agreement, including one in September 2011(the "September 2011 Addendum") and another in March 2012 (the "March 2012 Addendum"). *See* Tracey Decl., Ex. C. The September 2011 Addendum extended the term of the 2008 HOPE Agreement from a period of five years to an indefinite term, subject to the exception that the 2008 HOPE Agreement could be terminated in the event American Image's failed to make an annual payment of $1,000,000 dollars to Indiana,

3

his heirs, estate or assigns. Tracey Decl., Ex. C at 3. In addition, the March 2012 Addenda expanded American Image's rights in and to Indiana's artwork, such that American Image would be permitted to create reproductions "on or in connection with wine, water and spirits." *Id.* at 5.

None of the addenda to the 2008 HOPE Agreement eliminated or modified the Arbitration Provision from the original 2008 HOPE Agreement. *See* AIA Am. Answer ¶ 261. Accordingly, the 2008 HOPE Agreement's valid Arbitration Provision remains binding on American Image and the Estate.

Since the 2008 HOPE Agreement is the only contract between Indiana and American Image, it is also the only basis for any crossclaim between American Image and the Estate in this litigation. On August 3, 2018, American Image filed an Amended Answer that asserted seven crossclaims against the Estate.  The First Crossclaim alleges that American Image is entitled to a declaratory judgment that "the HOPE Contract and addenda bind the Estate and the Personal Representative." *Id.* ¶ 329. The Second and Third Crossclaims allege that the "HOPE Contract contractually binds American Image and Indiana . . . to arbitrate disputes." *Id.* ¶¶ 334, 343. The Fourth Crossclaim alleges Indiana breached the 2008 HOPE Agreement. *Id.* ¶ 358. The Fifth and Sixth Crossclaims allege that American Image is entitled contractual and common law indemnification from any liabilities related to MART's claims against American Image. *Id.* ¶¶ 360–66, 367–73. Finally, the Seventh Crossclaim alleges that Indiana was unjustly enriched by, and "received millions of dollars pursuant to that HOPE Contract and addenda." *Id.* ¶ 377.

The same day that American Image filed its crossclaims, it also filed a Letter Motion with this Court requesting leave to file a motion compelling arbitration and staying the litigation. *See* AIA August 3 Letter Motion. In the Letter Motion, American Image asserts that mandatory

arbitration is appropriate because the 2008 HOPE Agreement "contains a valid and enforceable arbitration provision." *Id.* at 1.

In addition, American Image has initiated arbitration against the Estate before the AAA. On July 25, 2018, American Image filed a Demand for Arbitration with the AAA, naming the Estate as respondent. *See* Demand (Tracey Decl., Ex. D). The Demand states that "Respondent has disputed Petitioner's performance under the Contract and failed to Indemnify petitioner against forgery accusations." Demand at 1. Filed as a supporting document with the Demand for Arbitration was a copy of the 2008 HOPE Agreement. *Id.* at 2

Two days after American Image filed the Demand for Arbitration, the AAA contacted the Estate and American Image to request that both parties submit letters authorizing the AAA to administer the dispute described in American Image's Demand for Arbitration. *See* AAA July 27 Letter (Tracey Decl., Ex. E). The AAA's Letter requested authorization from both parties no later than August 7, 2018. *Id.*

The Estate responded on August 7 and agreed to use the AAA in order to resolve the dispute with American Image. Though American Image did not respond to the AAA until August 20, 2018, its email to the AAA states that "the parties"—American Image and the Estate—"have agreed to arbitrate with the AAA." AIA August 20 Email (Tracey Decl., Ex. F).

The same day that American Image "agreed to arbitrate with the AAA", the Estate contacted American Image to request dismissal of all claims between the Estate and American Image in this litigation. *See* Estate August 20 Email (Tracey Decl., Ex. G). American Image did not answer the Estate's request until September 6, 2018, at which time it stated that "American Image will oppose" the Estate's motion to compel arbitration of claims between the Estate and American Image if the Estate continued in a separate proceeding in Maine probate court related

5

to the recent passing of Robert Indiana. AIA September 6 Letter at 3 (Tracey Decl., Ex. H). The

Maine probate matter is a proceeding pursuant to 18A Maine Revised Statutes 3-110; it is a

discovery proceeding in which the probate court, upon a showing that property of the Estate may

have been concealed, withheld or conveyed away, may cite a person to be examined under oath.

It does not involve any substantive claim against any person, and is thus a not a claim or dispute

that would be covered by the Arbitration Provision.

American Image's eleventh hour decision to oppose arbitration runs counter to every

representation American Image has made *in favor* of arbitration throughout the pendency of this

litigation. Before this Court as well as the AAA, American Image has consistently argued that

the 2008 HOPE Agreement's express and binding Arbitration Provision governs the resolution of

any dispute with the Estate. This motion is the result of American Image's failure to comply with

the Arbitration Provision and refusal to dismiss or abstain from asserting claims against the

Estate in this litigation.

## ARGUMENT

**I.    THE 2008 HOPE AGREEMENT'S ARBITRATION PROIVISION IS VALID AND ENFORCEABLE AND APPLIES TO CLAIMS AGAINST THE ESTATE BY AMERICAN IMAGE.**

The 2008 HOPE Agreement contains a valid agreement to arbitrate that is subject to the

Federal Arbitration Act ("FAA"). *See* FAA, 9 U.S.C. § 1 *et seq.* (2012). To determine whether

a claim is arbitrable under the FAA, the Court must determine whether the parties entered into

a valid arbitration agreement, and whether the dispute falls within the scope of that agreement.

*Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 26 (2d Cir. 2002). Here, both conditions are

met: the Arbitration Provision is valid, and every cause of action that American Image has

asserted against the Estate is within the scope of that Provision.

Accordingly, the Court should stay litigation of any claims asserted against the Estate by American Image and compel arbitration of those claims.

### A.      The Arbitration Provision Is a Valid Agreement to Arbitrate.

American Image and Indiana knowingly entered into the 2008 HOPE Agreement and agreed to be bound by the Arbitration Provision to resolve *any* dispute arising under or relating to the Agreement. Pursuant to the FAA, a written contract provision that prescribes arbitration of a controversy arising under that contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts apply state law principles of contract formation to determine whether parties have agreed to arbitrate a specific matter. *Mehler v. Terminix Int'l Co.*, 205 F.3d 44, 48 (2d Cir. 2000). The parties to an arbitration agreement must have had a "meeting of the minds," which is presumed when a party executes a contract. *Kutluca v. PQ N.Y. Inc.*, No. 16-CV-3070 (VSB), 2017 WL 2963486, at *8 (S.D.N.Y. July 10, 2017).

There can be no reasonable dispute that the 2008 HOPE Agreement is a binding and enforceable agreement. American Image does not deny the 2008 HOPE Agreement is valid; indeed American Image pleads that the 2008 HOPE Agreement and its Arbitration Provision are fully enforceable. *See* AIA August 3 Letter Motion at 1 ("American Image's contract with Indiana, the HOPE Contract, also contains a valid and enforceable arbitration provision."), AIA Am. Answer ¶ 334, 343 ("The HOPE Contract contractually binds American Image and Indiana and their respective heirs, administrators, successors and permitted assigns to arbitrate disputes.") (same for both paragraphs). Accordingly, American Image cannot rebut the presumption that it knowingly entered into an agreement to arbitrate claims related to the copyright and creation of Indiana artworks. *See Kutluca*, 2017 WL 2963486, at *8.

**B.     The Arbitration Provision Applies to American Image's Claims Against the Estate.**

Every claim American Image has sought to assert against Estate in this action fits precisely within the scope of the Arbitration Provision. Specifically, every claim relates to and directly involves the duties owed by the parties to each other under the 2008 HOPE Agreement. Thus, whether American Image is entitled to any relief with respect to its crossclaims against the Estate requires a determination of the parties' rights and potential liabilities under the 2008 HOPE Agreement—an issue that must be submitted to arbitration.

Any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Furthermore, "language excluding certain disputes from arbitration must be 'clear and unambiguous' . . . ." *S.A. Mineracao da Trindade-Samitri v. Utah Int'l, Inc.*, 745 F.2d 190, 194 (2d Cir. 1984) (quoting *Wire Serv. Guild v. United Press Int'l*, 623 F.2d 257, 260 (2d Cir. 1980)). Indeed, "[e]ven if the dispute is collateral [to the parties contract], arbitration of that issue may be nevertheless required where the dispute implicates issues of contract construction or the parties' rights and obligations under it." *FUJIFILM N. Am. Corp. v. Geleshmall Enterprises LLC*, 239 F. Supp. 3d 640, 650 (E.D.N.Y. 2017).

Here, the Arbitration Provision clearly includes every crossclaim that American Image as directed—or is likely to direct—against the Estate. That is, each crossclaim requires the interpretation of the party's right and obligations under the 2008 HOPE Agreement. Indeed, each crossclaim expressly names the 2008 HOPE Agreement or implicates the parties' duties and/or liabilities thereunder. *See* AIA Am. Answer ¶ 329 (First Crossclaim, alleging that "American Image is entitled to a declaratory judgment that the HOPE Contract and addenda bind the Estate and the Personal Representative"); *id.* ¶ 331 (Second Crossclaim, alleging that American Image

8

is entitled to a stay for claims involving the "HOPE Contract with American Image that governs the duties of American Image and Indiana and the authenticity of the Indiana artworks published by American Image"); *id.* ¶ 343 (Third Crossclaim, alleging that "[t]he HOPE Contract contractually binds American Image and Indiana . . . to arbitrate disputes"); *id.* ¶ 358 (Fourth Crossclaim, alleging breach of the 2008 HOPE Agreement); *id.* ¶ 366 (Fifth Crossclaim, alleging contractual indemnification based on "Indiana and [Defendant Jamie] Thomas' material breaches of the HOPE Contract"); *id.* ¶ 368 (Sixth Crossclaim, alleging common law indemnification because Indiana or Defendant Jamie Thomas, as Indiana's power of attorney, "authorized the production of artworks by American Image"); and *id.* ¶ 377 (Seventh Crossclaim; alleging Indiana was unjustly enriched and "received millions of dollars pursuant to that HOPE Contract").

Each crossclaim concerns either the scope of rights granted to American Image under the 2008 HOPE Agreement or the scope of the Estate's liability. In fact, American Image's Second Crossclaim seeks relief that is virtually word-for-word identical to what the Estate seeks in this motion: A stay for claims involving the "HOPE Contract with American Image that governs the duties of American Image and Indiana and the authenticity of the Indiana artworks published by American Image." *Id.* ¶ 331.

American Image also argues that arbitration is inappropriate because American Image requests indemnification by the Estate from liabilities arising out of MART's claims against American Image. This argument ignores the fact that disputes over the Estate's liability to American Image are expressly addressed by, and are subject to, the 2008 HOPE Agreement's Arbitration Provision.

The Arbitration Provision states that "any liability of [Indiana] under this agreement shall be limited to an amount no greater than the amount of funds received by [Indiana] under this agreement. Any disputes will be settled by arbitration." Draft 2008 HOPE Agreement at 6. Thus, far from excluding issues of Estate liability, such disputes are precisely what the 2008 HOPE Agreement intended address and subject to mandatory arbitration. *See also Thomas James Assocs., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996) (an arbitration provision is presumed to cover a dispute related to the parties' agreement "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute").

## II.   THIS COURT SHOULD COMPEL ARBITRATION OF AMERICAN IMAGE'S CLAIMS AGAINST THE ESTATE AND PARTIALLY STAY THIS ACTION PENDING THE ARBITRATION.

Federal policy emphatically favors dispute resolution by arbitration. *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012). Accordingly, when a valid agreement directs that a claim be arbitrated, the FAA authorizes courts to compel arbitration. 9 U.S.C. § 4.

Upon a party's request, the FAA requires the Court to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). Accordingly, if this Court determines that arbitration is proper here, the Estate respectfully requests that the Court stay the instant action with respect American Image's claims against the Estate.

## CONCLUSION

For the reasons set forth above, the Estate respectfully requests that the Court compel American Image to arbitrate its claims against the Estate in accordance with the Arbitration Provision and partially stay this action.

Dated: New York, New York
      September 7, 2018


HOGAN LOVELLS US LLP

By: /s/  Dennis H. Tracey, III\_\_\_\_
    Dennis H. Tracey, III (DT7856)
    875 Third Avenue
    New York, New York 10022
    (212) 918-3000
    dennis.tracey@hoganlovells.com


*Attorney for James Brannan as the Personal
Representative of the Estate of Robert Indiana*

11

**<u>CERTIFICATE OF SERVICE</u>**

I, Dennis H. Tracey, III, an attorney at the law firm of Hogan Lovells US LLP, certify that on September 7, 2018, Defendant James W. Brannan's as Personal Representative of the Estate of Robert Indiana memorandum of law in support of a motion to compel arbitration and partially stay this litigation was electronically served on all counsel of record via the Court's CM/ECF system.

By: /s/  Dennis H. Tracey, III