**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7228

WRITER'S EMAIL ADDRESS
lukenikas@quinnemanuel.com

March 29, 2019

**VIA ECF**
Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

Re:   *Morgan Art Foundation Ltd v. McKenzie et al*. 18-cv-04438(AT) [rel. 18 Civ. 08231 (AT)]

Dear Judge Moses,

   This firm represents Plaintiff and Counterclaim-Defendant Morgan Art Foundation ("Plaintiff") and Counterclaim-Defendants Figure 5 Art LLC, Shearbrook (US), LLC, RI Catalogue Raisonne LLC, and Simon Salama-Caro (together, "Counterclaim-Defendants") in the above-referenced matter.  In accordance with the Court's Orders (ECF Nos. 153 & 164), we write jointly with Defendants Jamie Thomas and James W. Brannan As Personal Representative of the Estate of Robert Indiana (together with Plaintiff and Counterclaim-Defendants, the "Parties"), to update the Court regarding the Parties' selection of FTI Consulting Technology LLC ("FTI") to perform the forensic examination contemplated at the March 6, 2019 Hearing and in the Court's March 6, 2019 Order.

   The Parties have agreed to a proposal submitted by Daniel E. Roffman, a Senior Managing Director at FTI in the firm's Digital Forensic and Investigations practice.  Pursuant to the proposal, FTI will assess if Indiana's emails are recoverable, who may have deleted his emails, and when that deletion may have occurred.  To accomplish this, FTI will forensically mirror Indiana's desktop computer and Thomas's laptop computer, and preserve Indiana's AOL account and Thomas's Gmail account using credentials supplied by the Estate and Thomas, respectively.  FTI's steps of analysis will include: (a) an initial triage of the forensic images of Indiana's desktop computer and Thomas's laptop computer; (b) creation and analysis of a database of all email metadata; (c) a deeper analysis designed to recover deleted emails; (d) an analysis to determine what security was in place, and if possible, who deleted emails and when; and (e) an attempt to

recreate the contents of Indiana's inbox using emails contained in the inboxes of other custodians identified by the Parties.  The Parties have agreed to refrain from *ex parte* communications with FTI.

FTI has informed the Parties that it is unable at this time to estimate with certainty the time it will take for its work to be completed.  Given the information known to FTI presently, it projects its work would be finished sometime in May, but has cautioned the Parties that this estimate is uncertain and subject to change as its investigation proceeds.

At this time, the Parties do not have any issues related to the forensic examination that require judicial resolution.

Respectfully submitted,

/s/ *Luke Nikas*

Luke Nikas