

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS
24TH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

September 5, 2019

**By ECF**

Jessie F. Beeber

T 212.808.5677
F 212.307.5598
jbeeber@venable.com

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Morgan Art Foundation Ltd v. McKenzie*, **1:18-cv-04438-AT-BCM**
[Related action *Morgan Art Foundation Ltd. v. Brannan*, 1:18-cv-08231-AT-BCM]

Dear Judge Torres:

I write on behalf of James Brannan as the Personal Representative of the Estate of Robert Indiana (the "Estate") in the first matter referenced above, in further support of the Estate's request for leave to file a Second Amended Answer and Counterclaim, and to respond to the September 3, 2019 opposition letter submitted by counsel for Defendants Morgan Art Foundation Limited ("Morgan"), Figure 5 Art LLC, Shearbrook (US), LLC, RI Catalogue Raisonné LLC, and Simon Salama-Caro (collectively the "Counterclaim Defendants").

**Counterclaim Defendants Mischaracterize the Relevant Procedural History**

Contrary to Counterclaim Defendants' arguments, this is not the Estate's "fifth attempt at pleading counterclaims." The Estate has made just one prior amendment to its pleading in this case. In September 2018, at Counterclaim Defendants' request, the Estate amended to remove two members of Salama-Caro's family from the action, and also to discontinue two of its claims in their entirety. The remaining claims and allegations were unchanged. The proposed Second Amended Answer and Counterclaim (the "Proposed SAAC"), in contrast, directly responds to Your Honor's ruling on the Counterclaim Defendants' Motion to Dismiss by adding specificity to the Estate's factual allegations for certain claims. The proposed amendment is based on information that was produced by the Counterclaim Defendants only recently, and thus was not available to the Estate when it made its prior amendment, or even when it opposed the Motion. Thus, the Estate's proposed amendment is proper and should be permitted.

Counterclaim Defendants needlessly complicated their dispute with the Estate when they chose to file two separate lawsuits against the same defendant over the same agreements. This decision has certainly caused inefficiencies for the Court and the parties.[1] The Estate has responded to

---

[1] To address this inefficiency, the Estate would support consolidation of the two related actions and the filing of one set of conformed, consolidated pleadings by the parties.



Hon. Analisa Torres
September 5, 2019
Page 2

Morgan's decision to split its claims by asserting related—but legally and factually distinct—claims of its own in the related action.  That is not a reason to deny the Estate leave to file the Proposed SAAC here.

**Counterclaim Defendants' Arguments Are Meritless in Light of Second Circuit Precedent**

Counterclaim Defendants argue, in substance, that the Estate waived any right to amend its pleading because it did not seek leave to amend when they made their Motion, or while it was *sub judice* with Your Honor.  The Second Circuit has squarely rejected this argument.

In *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015) the Second Circuit held that "without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies;" accordingly, a court commits reversible error if it treats a plaintiff's "decision to stand by the complaint after a preview of Defendants' arguments—in the critical absence of a definitive ruling—as a forfeiture of the protections afforded by Rule 15." *Id*.  The Second Circuit mandates that the "liberal" and "permissive" standard of Rule 15 should be applied with a "strong preference for resolving disputes on the merits."  *Id*.  Thus, in the absence of undue delay, bad faith, dilatory motive, or futility, leave to amend following a decision on a motion to dismiss should be granted.  *Id*; *see also Kairam v. W. Side GI, LLC*, No. 1:18-civ-1005-AT-SDA, 2019 WL 396573, at *7 (S.D.N.Y. Jan. 31, 2019) (Torres, J.) (noting *Loreley*'s holding "expressly left unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility.").

Here, as the Estate demonstrated in its August 26, 2019 letter, there is no undue delay, bad faith, dilatory motive, or futility here. (*See* ECF No. 193 at 3-4).

Counterclaim Defendants also argue that any amendment after the August 22, 2018 initial pleading deadline (*see* ECF No. 34) requires a showing of "good cause" under Federal Rule of Civil Procedure 16(b).  This is wrong: *Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000) and the other cases Counterclaim Defendants cite do not concern amendments following a Rule 12(b)(6) dismissal, nor do they involve amendments to address facts that could not have been known at the time of the prior pleading.  As such, these cases do not displace *Loreley*'s holding that the Rule 15 standard applies here.  And in any event, good cause exists here.  (*See* ECF No. 193 at 2-3).

**The Estate's Proposed Amendment Will Not Unduly Prejudice Counterclaim Defendants**

While prejudice to an opposing party is an important factor in the analysis, "only <u>undue</u> prejudice warrants denial of leave to amend," and the party opposing amendment bears the burden to demonstrate that "substantial prejudice would result" if amendment is allowed.



Hon. Analisa Torres
September 5, 2019
Page 3

*Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (emphasis in original, citations omitted).  Counterclaim Defendants do not come close to meeting this burden.

The Proposed SAAC does not materially change the scope of the litigation or the issues in dispute.  The Proposed SAAC amplifies the Estate's previously-pled claims with new factual details learned in discovery, in order to address Your Honor's ruling that certain claims were not supported by sufficiently specific allegations.  To the extent that the Proposed SAAC asserts new theories of recovery, they are based on these same new facts, or on those already at issue.  Discovery remains underway, and the schedule issued yesterday by Judge Moses (ECF No. 198) provides sufficient time to complete discovery on all of the Estate's proposed claims.  Courts in this district routinely grant leave to amend in such circumstances.  *See, e.g., Agerbrink*, 155 F. Supp. 3d at 454 (collecting cases; holding that "additional, expanded discovery," and "the possibility that an amendment will require the expenditure of additional time, effort, or money" do not constitute undue prejudice).[2]

**<u>Counterclaim Defendants Have Not Shown That Any Proposed Counterclaims Are Futile</u>**

Counterclaim Defendants' futility arguments mischaracterize the Estate's claims and ignore the supporting factual allegations.

The Estate asserts that Morgan breached its agreements with Robert Indiana in two fundamental ways:  by failing to make required payments, and by failing to provide required accountings.  Morgan was required to pay Indiana a percentage of the revenue derived from the sale of his artwork, after deduction of specific allowable expenses, and to provide quarterly accountings detailing the calculation of those revenue and expenses.  Your Honor found that the Estate had not alleged sufficient facts to establish breaches of these obligations during the applicable limitations period.

As the Estate explained in its initial letter (ECF No. 193 at 1-2), the Proposed SAAC addresses these issues by adding detailed allegations showing that Morgan underpaid Indiana by undercounting revenue and overstating expenses, and, in some instances, sold works without paying Indiana or the Estate anything at all.  (Proposed SAAC, ¶¶ 228-230).

Counterclaim Defendants ignore these additional detailed allegations in their letter.  They also ignore the new, detailed allegations that Morgan failed to provide accountings on a quarterly

---

[2] *Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, 2001 WL 1702151, at *7 (S.D.N.Y. Jan. 11, 2002), cited by Counterclaim Defendants, is inapposite.  There, the court did not allow defendants to assert counterclaims that were "unrelated," that did "not arise from the same transaction or occurrence" as the plaintiff's claims, were "not particularly relevant" to the issues in dispute, and that could "be raised without prejudice in a separate action."  *Id*. at *7.  Here, all of the Estate's claims relate to transactions and occurrences already in dispute.



Hon. Analisa Torres
September 5, 2019
Page 4

basis, as required by the contracts, and that the "statements" Morgan did occasionally provide lacked contractually-required information. (*Id*. ¶¶ 193-202).

Instead, Counterclaim Defendants focus on one narrow aspect of the Estate's amended breach of contract claims: The allegation that Morgan engaged in sham "sales" of works to Shearbrook in order to understate revenues when calculating payments due to Indiana. (*Id.* ¶¶ 214-227). Morgan argues that since it had the discretion to sell to anyone at any price, its "sales" to Shearbrook were not a breach of the agreements. But the Proposed SAAC alleges in detail that those transactions were in fact an artifice designed to disguise revenue, and were not sales at all. (*Id*. ¶¶ 225-227). And to the extent that Morgan was permitted to make *bona fide* sales to Shearbrook, the covenant of good faith and fair dealing prevented Morgan from selling Indiana's works to related parties at a fraction of their market value. (*Id*. ¶¶ 268-71).

In any case, whether Morgan's "sales" to Shearbrook were sham transactions for the purpose of underpaying Indiana, or actual transaction made in bad faith at below market value, by encouraging and participating in those transactions Salama-Caro and Shearbrook tortiously interfered with the contractual relationship between Morgan and Indiana. Thus, the Estate's causes of action based on these allegations are far from futile.

Finally, the Estate's amended unjust enrichment claim is not futile. The Proposed SAAC contains new allegations of specific Robert Indiana works that were not the subject of any contractual relationship between Indiana and Morgan, and which Morgan nonetheless purported to license third parties to reproduce. (*Id*. ¶¶ 233-35). Because Morgan has asserted that some or all of these works were the subject of a supposed 2004 amendment to its agreements with Indiana (which the Estate has never seen and does not believe ever existed), this claim for unjust enrichment is now expressly pled in the alternative to the Estate's breach of contract claims. *See, e.g.*, *Labajo v. Best Buy Stores, L.P.*, 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007) ("when there is a bona fide dispute as to the existence of a contract, a party may proceed upon a theory of unjust enrichment, and an unjust enrichment claim may be alleged alongside a breach of contract claim.").

The Estate's proposed amendment is proper, timely, made in good faith, and designed to address the deficiencies identified in Your Honor's July 1, 2019 Decision. In the interests of justice, leave to file the SAAC should be granted.

                                                      Respectfully submitted,

                                                      Jessie F. Beeber

cc:     All counsel of record (by ECF)