quinn emanuel  trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7228**

WRITER'S EMAIL ADDRESS
**lukenikas@quinnemanuel.com**

September 10, 2019

**VIA ECF**
Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

**Re:** *Morgan Art Foundation Ltd v. McKenzie et al*. **18-cv-04438(AT) [rel. 18 Civ. 08231 (AT)]**

Dear Judge Moses,

I write on behalf of Plaintiff and Counterclaim-Defendant Morgan Art Foundation ("MAF") and Counterclaim-Defendants Figure 5 Art LLC, Shearbrook (US), LLC, RI Catalogue Raisonne LLC, and Simon Salama-Caro (together, "Counterclaim-Defendants") regarding the letter dated September 10, 2019 (ECF No. 201), submitted by counsel for Defendants Michael McKenzie and American Image Art ("AIA"), John Simoni, which purports to explain why counsel for McKenzie and AIA should not be sanctioned in connection with the failure to comply with Your Honor's orders requiring the parties to submit a joint letter to the Court. I write to inform the Court that the statements in Simoni's letter are grossly inaccurate.

First, Simoni misstates what transpired on the August 28, 2019 meet and confer call. My associate Ryan Rakower—counsel of record for MAF and Counterclaim-Defendants in this action—participated on that call with full authority to reach agreement on a discovery extension. Rakower proposed on that call that the parties extend fact discovery until late-November 2019. The other parties did not agree to that proposed schedule, and counsel for the Estate, McKenzie, and AIA proposed an extension of fact discovery deadlines through late-January 2020. Rakower stated that MAF and Counterclaim-Defendants were unlikely to be interested in such a long extension, but would consider this proposal and take the proposed extension under advisement. After we considered the issues presented by this proposal that evening, Rakower emailed all counsel the following day—again with full authority—with MAF and Counterclaim-Defendants' response and counterproposal. The proposed schedule was not "out of no where," as Simoni

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

claims (Ltr. 2); it was "[c]onsistent with what [the parties] discussed during [their] call" the day before (Aug. 29, 2019 email from R. Rakower, ECF No. 201-4).

Second, Simoni misrepresents the discussions between the parties prior to the filing of the two letters (ECF Nos. 195 & 196) on August 30, 2019. The following is what actually transpired. Simoni prepared an initial draft of the joint letter, on which counsel for all parties provided comments. After giving comments, counsel for MAF and Counterclaim-Defendants and the Estate both expressed to Simoni that they would like to see and consent to the proposed joint letter before it was filed. Simoni refused to do so, stating: "Actually we are not doing that. sorry Ed, sorry Ryan. Keep sending us your comments, we will most definitely insert them in all their glory and specificity. We will say it is not joint, but all comments included. . . . Comment period ceases at noon. Letter goes out by 1. Follow up with the court as you wish[.]" Counsel for the Estate replied, "I would prefer we proceed by joint letter, and to see it before it is filed. That is what the Court requested." I likewise informed Simoni that his "position is inappropriate," and that a joint letter was "for the court's benefit of having the parties' positions accurately stated and together," and accordingly "all parties must . . . consent to the statements that are being attributed to them in the letter." Simoni rudely told me that my "opinion about what is appropriate is neither relevant nor accurate." Counsel for the Estate informed me soon after that, sometime before 12:07 p.m., he had spoken to counsel for AIA and McKenzie by phone and offered to take over the process of preparing a joint letter, which all parties would have the opportunity to review before filing.

At 12:11 p.m., Simoni emailed me regarding my statement that the parties needed to submit a joint letter. He stated, "You weren't capably [*sic*] of joint. We tried. When the judge sees all your qualifying notes, etc rather than compromise I will either be vindicated or stand corrected." I responded at 12:20 p.m., stating the below:

> A joint letter doesn't need to be a joint proposal. They rarely are. They are joint in the sense that they submit all of the parties' competing positions in separate sections in the form each party specifically approves so the court has one letter to review that presents the issues in an organized way in one place, showing both overlap and disagreement with the basis for the parties' positions. This is a common filing in SDNY that the judges expect on discovery issues. It is not about vindication or standing corrected. It is not about gaining advantage. I understand [V]enable has proposed taking over the process of organizing a joint letter that conforms to what is customarily done in this court. Hopefully you will let them do that so we don't need to have multiple letters, contrary to the judge's expectations and common practice in this court.

Nevertheless, at 12:39 p.m. I found out that Simoni had rejected Venable's proposal to take over the process of preparing the joint letter. By 12:40 p.m., Simoni unilaterally filed his letter purporting set out the other parties' positions without first giving the other parties a chance to review and approve the letter.

After that, the parties did not "spen[d] the next 7 hours negotiating another submission on Friday evening of Labor Day weekend," as Simoni misleadingly suggests. (Ltr. 2.) The Estate circulated a draft letter to counsel for Thomas and MAF and Counterclaim-Defendants at 3:01

p.m.  Counsel for Thomas provided one set of edits, as did counsel for MAF and Counterclaim-Defendants.  Counsel for the Estate accepted both parties' changes without further back-and-forth.  In other words, the remaining parties worked together in good faith, without ceremony or attacks, to quickly complete a letter to the Court stating their respective positions.  Counsel for the Estate emailed a draft of the letter to Simoni at 6:29 p.m., offering him the opportunity to join the letter if he would sign off by 7:30 p.m.  Simoni declined, asserting he would have "no opportunity to communicate with [his] clients concerning [the] proposed submission by 730pm tonight."  Counsel for Thomas and MAF and Counterclaim-Defendants were given the opportunity to review the final draft of the letter and provided final sign-off by 7:36 p.m.  Had Simoni simply taken the Estate up on its offer to assume control of preparing the joint letter after he had initially refused to cooperate, virtually no additional work would have been required of him, and there would have been no violation of Your Honor's order.

In short, Your Honor made it clear that a joint letter was required.  Everyone except Simoni cooperated in the process of finalizing the joint letter.  And when Simoni refused to cooperate with the other parties at the end of this process, both the Estate's counsel and I attempted to convince him to comply with your order.  Counsel for the Estate even offered to take over the process in a good-faith effort to ensure that all parties' positions were accurately stated and that the letter complied with the Court's instructions.  Simoni still refused to cooperate.  Simoni somehow claims that *his* clients were subject to additional costs and work as a result of the joint-letter process, yet the *only* additional and unnecessary costs were those that every *other* party incurred as a result of *Simoni's* refusal to cooperate and follow the Court's orders.  No one else, other than him, had any trouble working together to submit the letter Your Honor specifically required.

Respectfully submitted,

/s/ *Luke Nikas*

Luke Nikas