quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7228**

WRITER'S EMAIL ADDRESS
**lukenikas@quinnemanuel.com**

March 5, 2020

**VIA ECF**
Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

**Re:** *Morgan Art Foundation Ltd, v. Brannan*, 18 Civ. 04438 (AT) [rel. 18-cv-08231(AT)]

Dear Judge Moses,

I write on behalf of Counterclaim-Defendants Morgan Art Foundation Ltd. ("MAF"), Figure 5 Art LLC, Shearbrook (US), LLC, RI Catalogue Raisonné LLC, and Simon Salama-Caro in response to the Estate's March 2, 2020 letter (Dkt. 225). The Estate's Second Amended Answer and Counterclaims ("SAAC") contains sensitive business information the disclosure of which would unnecessarily harm Counterclaim-Defendants without serving any countervailing value to the public. While the Estate may "not believe" that any information contained in its SAAC necessitates redaction, the Estate is not the proper party to make that determination. And in any event, the Estate is wrong. As the Court will recognize upon viewing Counterclaim-Defendants' proposed redactions, no justifiable reason exists to disclose the confidential information contained in the Estate's SAAC to the public, and under the applicable standard, the information should be redacted.

Under Federal Rule of Civil Procedure 5.2(d), the Court "may order that a filing be made under seal without redaction . . . [and] order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). Although the public enjoys a presumption of access to judicial documents, the weight of that presumption depends on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Once a court weighs the presumption of access, it "must balance competing considerations against it," which includes "the privacy interests of those resisting disclosure." *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 746 (S.D.N.Y. 2017).

Courts routinely order judicial documents to be redacted to prevent the disclosure of sensitive information—especially business information such as financial statements, pricing, or

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

other material the disclosure of which would cause competitive harm to a privately owned company. *See Amodeo*, 71 F.3d at 1051 ("Financial records of a wholly owned business . . .will weigh more heavily against access than conduct affecting a substantial portion of the public."); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (interest in protecting confidential business information outweighed presumption of public access "given the limited public, as distinguished from private, interest in disclosure on the facts of [the] case."); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 (S.D.N.Y. 2017) ("internal pricing strategies and competitive pricing data[] is sufficiently sensitive to warrant redaction.").

This request for sealing concerns the sale prices of artworks, the dollar amounts of joint venture fees, the dollar amounts of the cost of insuring certain artworks, and other sensitive business information the disclosure of which would cause harm to Counterclaim-Defendants, which are wholly owned private companies that do not otherwise publish their financial information. *See Palomo v. DeMaio*, 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) ("spreadsheets that contain Defendants' financial or pricing information, which appears to be sensitive business information . . .should be filed under seal unless it is already part of the public record."). These are precisely the types of documents that courts routinely permit to be filed under seal and/or redacted, and moreover, given that Plaintiffs' proposed redactions are limited solely to dollar amounts, the redactions are "narrowly tailored" to preserve the "higher values" of privacy, competition, and fairness. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *see also MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (permitting redaction of "portions of submissions" that would disclose the prices Deutsche Bank paid for research products).

For these reasons, Counterclaim-Defendants respectfully request that this Court grant Plaintiffs' request that the unredacted SAAC remain under seal and a copy of the SAAC with redactions in the form proposed by Plaintiffs in the enclosed document be filed on the public docket.

Respectfully submitted,

*/s/ Luke Nikas*

Luke Nikas