UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>PLAINTIFF,<br><br>-AGAINST-<br><br>MICHAEL MCKENZIE, AMERICAN IMAGE ART, JAMIE THOMAS, AND JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA,<br><br>DEFENDANTS. | Case No. 18-cv-04438 (AT) [rel. 18 Civ. 08231 (AT)] |
| MICHAEL MCKENZIE AND AMERICAN IMAGE ART,<br><br>COUNTERCLAIM-PLAINTIFFS,<br><br>- AGAINST –<br><br>MORGAN ART FOUNDATION LIMITED,<br><br>COUNTERCLAIM-DEFENDANT. | |
| JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT INDIANA,<br><br>COUNTERCLAIM-PLAINTIFF,<br><br>- AGAINST –<br><br>MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK (US) LLC, RI CATALOGUE RAISONNÉ LLC, AND SIMON SALAMA-CARO,<br><br>COUNTERCLAIM-DEFENDANTS. | |

**COUNTERCLAIM-DEFENDANTS' ANSWER TO THE SECOND AMENDED COUNTERCLAIMS OF DEFENDANT JAMES W. BRANNAN AS PERSONAL REPRESENTATIVE OF THE ESTATE OF <u>ROBERT INDIANA</u>**

Counterclaim-Defendants Morgan Art Foundation Limited ("MAF"), Simon Salama-Caro, Shearbrook (US), LLC, Figure 5 Art LLC, and RI Catalogue Raisonné LLC (together, "Counterclaim-Defendants"), by and through their attorneys Quinn Emanuel Urquhart & Sullivan, LLP, as and for their Answer to the Second Amended Counterclaims ("Second Amended Counterclaims") of Defendant James W. Brannan as Personal Representative of the Estate of Robert Indiana (the "Estate"), state and allege as follows:

181. Counterclaim-Defendants admit the allegations in Paragraph 181, except that Counterclaim-Defendants deny that the Estate "had only limited documentation from Morgan" and "almost no sales or accounting records" as of September 20, 2018, and deny that the Estate's counterclaims have merit.

182. Counterclaim-Defendants admit the allegations in Paragraph 182.

183. Counterclaim-Defendants deny the allegations in Paragraph 183, except that Counterclaim-Defendants admit that since December of 2016, MAF has sold sculptures in an amount exceeding the dollar figure indicated in Paragraph 183(a), that PSC Consulting is a business name used by Simon Salama-Caro's son, Paul Salama-Caro, that MAF deducted joint venture fees in the range indicated in Paragraph 183(c), and that MAF did not remit and was not required to remit to Indiana proceeds of sales of artworks by Shearbrook (US), LLC.

184. Counterclaim-Defendants deny the allegations in Paragraph 184.

185. Counterclaim-Defendants deny the allegations in Paragraph 185.

186. Counterclaim-Defendants admit that Robert Indiana entered into an agreement with MAF on April 9, 1999 (the "April 1999 Agreement"), and refer to the April 1999 Agreement for its content.

187. With respect to the allegations in Paragraph 187, Counterclaim-Defendants refer to the April 1999 Agreement and Schedule of Permissible Deductible Expenses for their contents, and deny all allegations inconsistent with the plain terms of the agreement and with the customs and practices approved by the parties through their performance of the agreement.

188. With respect to the allegations in Paragraph 188, Counterclaim-Defendants refer to the April 1999 Agreement for its content, and deny all allegations inconsistent with the plain terms of the agreement and with the customs and practices approved by the parties through their performance of the agreement.

189. Counterclaim-Defendants admit that Robert Indiana entered into an agreement with MAF on December 22, 1999 (the "Sculpture Agreement"), and refer to the Sculpture Agreement for its content.

190. With respect to the allegations in Paragraph 190, Counterclaim-Defendants refer to the Sculpture Agreement for its content, and deny all allegations inconsistent with the plain terms of the agreement and with the customs and practices approved by the parties through their performance of the agreement.

191. With respect to the allegations in Paragraph 191, Counterclaim-Defendants refer to the Sculpture Agreement and its January 5, 2000 modification for their contents, and deny all allegations inconsistent with the plain terms of the agreement and with the customs and practices approved by the parties through their performance of the agreement.

192. With respect to the allegations in Paragraph 192, Counterclaim-Defendants refer to the April 1999 Agreement and Sculpture Agreement for their contents, and deny all allegations inconsistent with the plain terms of the agreement and with the customs and practices approved by the parties through their performance of the agreement.

193. Counterclaim-Defendants deny the allegations in Paragraph 193, except that Counterclaim-Defendants admit that MAF sent bank checks to Indiana and made wire transfers to his account.

194. Counterclaim-Defendants deny the allegations in Paragraph 194, except that Counterclaim-Defendants admit that in 2009 MAF provided accounting statements to Indiana that listed the gross receipts from MAF's sale and licensing of Indiana's artwork, the total expenses deducted from the gross, and the net amount payable to Indiana.

195. Counterclaim-Defendants deny the allegations in Paragraph 195, except that Counterclaim-Defendants refer to the April 1999 Agreement and Sculpture Agreement for their contents, and deny all allegations inconsistent with the plain terms of the agreement and with the customs and practices approved by the parties through their performance of the agreement.

196. Counterclaim-Defendants deny the allegations in Paragraph 196, except that Counterclaim-Defendants admit that MAF sent accounting statements to Indiana from 2010 through 2017 and refer to the April 1999 Agreement and Sculpture Agreement for their contents, and deny all allegations inconsistent with the plain terms of the agreements and with the customs and practices approved by the parties through their performance of the agreements.

197. Counterclaim-Defendants deny the allegations in Paragraph 197, except Counterclaim-Defendants admit that on or about June 15, 2016, MAF sent Indiana the statement of account attached as Exhibit C to the Second Amended Counterclaims, and refer to Exhibit C for its content.

198. Counterclaim-Defendants admit the allegations of Paragraph 198, and refer to Exhibit C to the Second Amended Counterclaims for its content.

199. Counterclaim-Defendants deny the allegations in Paragraph 199, and refer to Exhibit C to the Second Amended Counterclaims for its content.

200. Counterclaim-Defendants deny the allegations in Paragraph 200, and refer to Exhibit C to the Second Amended Counterclaims for its content.

201. Counterclaim-Defendants deny the allegations in Paragraph 201, except admit that on or about November 3, 2017, MAF sent Indiana the statement of account attached as Exhibit D to the Second Amended Counterclaims, and refer to Exhibit D for its content.

202. Counterclaim-Defendants deny the allegations in Paragraph 202, except admit that MAF has not yet provided Indiana an accounting statement for the years 2017 and 2018, state that no payments are due to Indiana for those years, refer to the parties customs and practices for the timing and content of the accounting statements, and refer to Exhibit D to the Second Amended Counterclaims for its content.

203. Counterclaim-Defendants deny the allegations in Paragraph 203.

204. Counterclaim-Defendants deny the allegations in Paragraph 204.

205. Counterclaim-Defendants admit that the 1999 Agreements contain a schedule of permissible expenses, and refer to the Schedule of Permissible Deductible Expenses for its content.

206. Counterclaim-Defendants deny the allegations in Paragraph 206.

207. Counterclaim-Defendants deny the allegations in Paragraph 207, except that Counterclaim-Defendants admit that from 2012 to 2017, MAF deducted payments to PSC Consulting in a total amount exceeding the dollar figure indicated in Paragraph 207, and that PSC Consulting is operated by Simon Salama-Caro's son, Paul Salama-Caro.

208. Counterclaim-Defendants deny the allegations in Paragraph 208.

209. Counterclaim-Defendants deny the allegations in Paragraph 209.

210. Counterclaim-Defendants deny the allegations in Paragraph 210.

211. Counterclaim-Defendants deny the allegations in Paragraph 211.

212. Counterclaim-Defendants deny the allegations in Paragraph 212.

213. Counterclaim-Defendants deny the allegations in Paragraph 213, except that Counterclaim-Defendants admit that MAF's joint venture costs equaled the amounts indicated in Paragraph 213.

214. Counterclaim-Defendants deny the allegations in Paragraph 214.

215. Counterclaim-Defendants deny the allegations in Paragraph 215.

216. Counterclaim-Defendants deny the allegations in Paragraph 216.

217. Counterclaim-Defendants deny the allegations in Paragraph 217, except admit that Shearbrook and Morgan sold the sculpture referenced in this paragraph and refer to Exhibits H and I to the Second Amended Counterclaims for their contents.

218. Counterclaim-Defendants deny the allegations in Paragraph 218, except that Counterclaim-Defendants admit that MAF reported the gross receipts as the price at which MAF sold the work to Shearbrook.

219. Counterclaim-Defendants deny the allegations in Paragraph 219, except admit that MAF sold the work referenced in this paragraph and refer to Exhibit E to the Second Amended Counterclaims for its contents.

220. Counterclaim-Defendants deny the allegations in Paragraph 220, except admit that Gore purchased a sculpture from Sotheby's on November 15, 2012, deny that Robert Gore is MAF's Chairman, and refer to Exhibit F to the Second Amended Counterclaims for its contents.

221. Counterclaim-Defendants admit that Sotheby's made the statements alleged in Paragraph 221 and refer to Exhibit G to the Second Amended Counterclaims for its contents.

222. Counterclaim-Defendants deny the allegations in Paragraph 222, except that Counterclaim-Defendants admit that MAF accounted for the November 14, 2012 sale to Shearbrook as a genuine purchase, because it was a genuine purchase that had a good-faith business purpose that financially benefitted Robert Indiana.

223. Counterclaim-Defendants deny the allegations in Paragraph 223.

224. Counterclaim-Defendants deny the allegations in Paragraph 224.

225. Counterclaim-Defendants deny the allegations in Paragraph 225.

226. Counterclaim-Defendants deny the allegations in Paragraph 226.

227. Counterclaim-Defendants deny the allegations in Paragraph 227.

228. Counterclaim-Defendants deny the allegations in Paragraph 228, except that Counterclaim-Defendants admit that MAF made its last payment to Indiana in December 2017 for the year ended on December 31, 2016, and that MAF has made no payments to Indiana or the Estate since then because Robert Indiana owes MAF money on his account for 2017 and 2018 and no payments are due to him.

229. Counterclaim-Defendants deny the allegations in Paragraph 229, except that Counterclaim-Defendants refer to Exhibits J through R to the Second Amended Counterclaims for their contents, and state that MAF has made no payments to Indiana or the Estate since 2017 because Robert Indiana owes MAF money on his account for 2017 and 2018 and no payments are due to him.

230. Counterclaim-Defendants deny the allegations in Paragraph 230, except that Counterclaim-Defendants refer to the Memorandum of Law in Support of Plaintiffs' Motion to Dismiss the Amended Counterclaims, Dkt. No. 18-cv-08231, ECF No. 55 and the Schedule of Permissible Deductible Expenses for their contents, and state that all of MAF's legal fees for the

6

litigation activities not directly adverse to the Estate will be properly charged to Indiana's account—as the parties' agreements expressly allow and as has been independently confirmed by past practice by the parties.

231. Counterclaim-Defendants deny the allegations in Paragraph 231.

232. Counterclaim-Defendants deny the allegations in Paragraph 232, except refer to the April 1999 Agreement for its contents.

233. Counterclaim-Defendants deny the allegations in Paragraph 233.

234. Counterclaim-Defendants deny the allegations in Paragraph 234, except that Counterclaim-Defendants admit that in 1977, Robert Indiana created *MECCA*, and refer to the April 1999 Agreement for its content.

235. Counterclaim-Defendants deny the allegations in Paragraph 235.

236. Counterclaim-Defendants deny the allegations in Paragraph 236.

237. Counterclaim-Defendants deny the allegations in Paragraph 237, except admit that the April 1999 and Sculpture Agreements gave MAF certain rights and refer to those Agreements for their contents, admit that Indiana had opinions about the design of his artworks and sought to preserve the integrity of his work, and admit that Indiana designed and/or authorized numerous variations of the "LOVE" sculpture.

238. Counterclaim-Defendants deny the allegations in Paragraph 238.

239. Counterclaim-Defendants deny the allegations in Paragraph 239, except that Counterclaim-Defendants admit that MAF authorized the fabrication of certain LOVE Sculptures from semi-precious stones and that each of the works bears Indiana's signature, all of which was done with Indiana's approval.

240. Counterclaim-Defendants deny the allegations in Paragraph 240, except that Counterclaim-Defendants admit that MAF authorized the fabrication of certain LOVE Sculptures from semi-precious stones with Indiana's approval, that MAF authorized galleries and museums to exhibit those sculptures, that the Albright-Knox Gallery in Buffalo, New York showed an exhibition of Indiana's works, entitled "Robert Indiana: A Sculpture Retrospective," that included certain of those sculptures, and that the wall signs accompanying the works accurately stated that Indiana authorized the creation of the sculptures.

241. Counterclaim-Defendants deny the allegations in Paragraph 241.

242. Counterclaim-Defendants deny the allegations in Paragraph 242.

243. Counterclaim-Defendants deny the allegations in Paragraph 243.

244. Counterclaim-Defendants deny the allegations in Paragraph 244, except that Counterclaim-Defendants admit that Simon Salama-Caro, Figure 5 Art LLC, and Shearbrook (US), LLC registered and are currently using the domain name "robertindiana.com," and Counterclaim-Defendants refer to the website for its content.

245. Counterclaim-Defendants deny the allegations in Paragraph 245.

246. Counterclaim-Defendants deny the allegations in Paragraph 246.

247. Counterclaim-Defendants deny the allegations in Paragraph 247, except admit that Robert Indiana entered into an agreement with Simon Salama-Caro on December 2, 2006 (the "Catalogue Raisonné Agreement") stating that he would be responsible for the catalogue raisonne of Indiana's works, and refer to the Catalogue Raisonné Agreement for its content.

248. Counterclaim-Defendants deny the allegations in Paragraph 248.

249. Counterclaim-Defendants admit that Simon Salama-Caro and RI Catalogue Raisonné LLC are currently operating the domain "ricatalogueraisonne.org," and refer to that website for its content.

250. With respect to the allegations of Paragraph 250, Counterclaim-Defendants refer to the website www.RobertIndiana.com for its content and deny that the website was unauthorized.

251. Counterclaim-Defendants deny the allegations in Paragraph 251.

252. Counterclaim-Defendants deny the allegations in Paragraph 252.

253. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

254. Counterclaim-Defendants admit that the April 1999 Agreement is a valid and binding contract between MAF and Indiana and deny that it was terminated.

255. Counterclaim-Defendants deny the allegations in Paragraph 255.

256. Counterclaim-Defendants deny the allegations in Paragraph 256.

257. Counterclaim-Defendants deny the allegations in Paragraph 257.

258. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

259. Counterclaim-Defendants admit that the Sculpture Agreement is a valid and binding contract between MAF and Indiana and deny that it was terminated.

260. Counterclaim-Defendants deny the allegations in Paragraph 260.

261. Counterclaim-Defendants deny the allegations in Paragraph 261.

262. Counterclaim-Defendants deny the allegations in Paragraph 262.

263. Counterclaim-Defendants deny the allegations in Paragraph 263.

264. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

265. Counterclaim-Defendants admit that the April 1999 Agreement, the Sculpture Agreement, and Marble Sculpture Agreement are valid and binding contracts and deny that they were terminated.

266. Counterclaim-Defendants neither admit nor deny the allegations in Paragraph 266 because they state a legal conclusion to which no response is required, and to the extent a response is required, they deny that the Estate has accurately and completely stated New York law.

267. Counterclaim-Defendants deny the allegations in Paragraph 267.

268. Counterclaim-Defendants deny the allegations in Paragraph 268.

269. Counterclaim-Defendants deny the allegations in Paragraph 269.

270. Counterclaim-Defendants deny the allegations in Paragraph 270.

271. Counterclaim-Defendants deny the allegations in Paragraph 271.

272. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

273. Counterclaim-Defendants neither admit nor deny the allegations in Paragraph 273 because they state a legal conclusion to which no response is required, and to the extent a response is required, they deny that the claims being referenced have merit.

274. Counterclaim-Defendants deny the allegations in Paragraph 274.

275. Counterclaim-Defendants deny the allegations in Paragraph 275.

276. Counterclaim-Defendants deny the allegations in Paragraph 276.

277. Counterclaim-Defendants deny the allegations in Paragraph 277.

278. Counterclaim-Defendants deny the allegations in Paragraph 278.

279. Counterclaim-Defendants deny the allegations in Paragraph 279.

280. Counterclaim-Defendants deny the allegations in Paragraph 280.

281. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

282. Counterclaim-Defendants admit the allegations in Paragraph 282.

283. Counterclaim-Defendants deny the allegations in Paragraph 283, except that Counterclaim-Defendants admit that MAF applied Indiana's signature to certain works of visual art, including the Semi-Precious Stone LOVE Sculptures, as authorized by Robert Indiana.

284. Counterclaim-Defendants deny the allegations in Paragraph 284.

285. Counterclaim-Defendants neither admit nor deny the allegations in Paragraph 285 because they state a legal conclusion to which no response is required.

286. Counterclaim-Defendants deny the allegations in Paragraph 286.

287. Counterclaim-Defendants deny the allegations in Paragraph 287.

288. Counterclaim-Defendants deny the allegations in Paragraph 288.

289. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

290. Counterclaim-Defendants deny the allegations in Paragraph 290, except that Counterclaim-Defendants admit that Simon Salama-Caro, Figure 5 Art LLC, and Shearbrook (US), LLC operate the domain name "robertindiana.com," and Counterclaim-Defendants refer to the website for its content.

291. Counterclaim-Defendants deny the allegations in Paragraph 291, except that Counterclaim-Defendants admit that Indiana's birth name was Robert Clark, that since at least

1958, Indiana has used the name "Robert Indiana" to identify his art and to sponsor or endorse products, and that Indiana was widely recognized as an artist under the name "Robert Indiana."

292. Counterclaim-Defendants deny the allegations in Paragraph 292.

293. Counterclaim-Defendants deny the allegations in Paragraph 293.

294. Counterclaim-Defendants deny the allegations in Paragraph 294.

295. Counterclaim-Defendants deny the allegations in Paragraph 295.

296. Counterclaim-Defendants deny the allegations in Paragraph 296.

297. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

298. Counterclaim-Defendants deny the allegations in Paragraph 298.

299. Counterclaim-Defendants deny the allegations in Paragraph 299, except that Counterclaim-Defendants admit that Indiana's birth name was Robert Clark, that since at least 1958, Indiana has used the name "Robert Indiana" to identify his art and to sponsor or endorse products, and that Indiana was widely recognized as an artist under the name "Robert Indiana."

300. Counterclaim-Defendants deny the allegations in Paragraph 300, except that Counterclaim-Defendants admit that Simon Salama-Caro, Figure 5 Art LLC, and Shearbrook (US), LLC operate the domain name "robertindiana.com," and Counterclaim-Defendants refer to the website for its content.

301. Counterclaim-Defendants deny the allegations in Paragraph 301.

302. Counterclaim-Defendants deny the allegations in Paragraph 302.

303. Counterclaim-Defendants deny the allegations in Paragraph 303.

304. Counterclaim-Defendants deny the allegations in Paragraph 304.

305. Counterclaim-Defendants deny the allegations in Paragraph 305.

306. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

307. Counterclaim-Defendants admit that the April 1999 Agreement, the Sculpture Agreement, and Marble Sculpture Agreement are valid and binding contracts and deny that they were terminated.

308. Counterclaim-Defendants admit the allegations in Paragraph 308.

309. Counterclaim-Defendants deny the allegations in Paragraph 309.

310. Counterclaim-Defendants deny the allegations in Paragraph 310.

311. Counterclaim-Defendants repeat and reallege each and every allegation contained in the paragraphs above as if fully set forth here.

312. Counterclaim-Defendants deny the allegations in Paragraph 312, except that Counterclaim-Defendants admit that Indiana's birth name was Robert Clark, that since at least 1958, Indiana has used the name "Robert Indiana" to identify his art and to sponsor or endorse products, and that Indiana was widely recognized as an artist under the name "Robert Indiana."

313. Counterclaim-Defendants deny the allegations in Paragraph 313, except that Counterclaim-Defendants admit that Simon Salama-Caro and RI Catalogue Raisonné LLC are preparing to publish certain works of Robert Indiana as part of a Robert Indiana Catalogue Raisonné, which is currently being promoted.

314. Counterclaim-Defendants deny the allegations in Paragraph 314, except that Counterclaim-Defendants admit that MAF has an interest in certain Robert Indiana works that will be included in the Catalogue Raisonné.

315. Counterclaim-Defendants deny the allegations in Paragraph 315, except that Counterclaim-Defendants admit that Simon Salama-Caro and RI Catalogue Raisonné LLC operate the domain "ricatalogueraisonne.org," and refer to that website for its content.

316. Counterclaim-Defendants deny the allegations in Paragraph 316.

317. Counterclaim-Defendants deny the allegations in Paragraph 317.

318. Counterclaim-Defendants deny the allegations in Paragraph 318.

## PRAYER FOR RELIEF

A. Counterclaim-Defendants deny the allegations in Paragraph A of the Prayer for Relief and deny that the Estate is entitled to any relief.

B. Counterclaim-Defendants deny the allegations in Paragraph B of the Prayer for Relief and deny that the Estate is entitled to any relief.

C. Counterclaim-Defendants deny the allegations in Paragraph C of the Prayer for Relief and deny that the Estate is entitled to any relief.

D. Counterclaim-Defendants deny the allegations in Paragraph D of the Prayer for Relief and deny that the Estate is entitled to any relief.

E. Counterclaim-Defendants deny the allegations in Paragraph E of the Prayer for Relief and deny that the Estate is entitled to any relief.

F. Counterclaim-Defendants deny the allegations in Paragraph F of the Prayer for Relief and deny that the Estate is entitled to any relief.

G. Counterclaim-Defendants deny the allegations in Paragraph G of the Prayer for Relief and deny that the Estate is entitled to any relief.

H. Counterclaim-Defendants deny the allegations in Paragraph H of the Prayer for Relief and deny that the Estate is entitled to any relief.

I. Counterclaim-Defendants deny the allegations in Paragraph I of the Prayer for Relief and deny that the Estate is entitled to any relief.

J. Counterclaim-Defendants deny the allegations in Paragraph J of the Prayer for Relief and deny that the Estate is entitled to any relief.

K. Counterclaim-Defendants deny the allegations in Paragraph K of the Prayer for Relief and deny that the Estate is entitled to any relief.

L. Counterclaim-Defendants deny the allegations in Paragraph L of the Prayer for Relief and deny that the Estate is entitled to any relief.

* * *

## COUNTERCLAIM-DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with the Estate, Counterclaim-Defendants assert the following defenses:

### FIRST DEFENSE

The Estate's Second Amended Counterclaims fail, in whole or in part, to state a claim on which relief can be granted.

### SECOND DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, by the applicable statutes of limitations and statutes of repose.

### THIRD DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and estoppel.

### FOURTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, as contrary to public policy.

### SIXTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because the Estate does not own a valid trademark, copyright, or have intellectual property rights in the words9 "Robert Indiana" or any of his artworks.

### SEVENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because the Estate and/or Robert Indiana failed to comply with their contractual obligations to Counterclaim-Defendants.

### EIGHTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because the Estate's alleged damages, if any, are speculative, and because of the impossibility of the ascertainment of those alleged damages.

### NINTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because the Estate lacks standing to bring the Second Amended Counterclaims.

### TENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because one or more parties not named in the Second Amended Counterclaims may be indispensable parties to this action, and Counterclaim-Defendants reserve the right to seek the joinder of those parties whose absence from the action renders it such that complete relief cannot be granted without the missing party.

### ELEVENTH DEFENSE

The Estate is not entitled to recovery of attorneys' fees and costs.

### TWELFTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because the Estate suffered no damages.

### THIRTEENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, for lack of subject matter jurisdiction.

### FOURTEENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because the Estate and/or Robert Indiana failed to mitigate damages.

### FIFTEENTH DEFENSE

The Estate's Second Amended Counterclaims seeking injunctive relief are barred, in whole or in part, because the Estate suffered no irreparable harm.

### SIXTEENTH DEFENSE

The Estate's Second Amended Counterclaims seeking injunctive relief are barred, in whole or in part, because the Estate has an adequate remedy at law.

### SEVENTEENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized the fabrication, promotion, display, and sale by Counterclaim-Defendants of the Semi-Precious Stone LOVE Sculptures.

### EIGHTEENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized Counterclaim-Defendants' registration and operation of the domain name "www.RobertIndiana.com."

### NINETEENTH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized Counterclaim-Defendants' registration and operation of the domain name "www.ricatalogueraisonne.org."

### TWENTIETH DEFENSE

The Estate's Second Amended Counterclaims are barred, in whole or in part, because Robert Indiana authorized Counterclaim-Defendants' preparation and publication of a Catalogue Raisonné of his complete oeuvre.

### COUNTERCLAIM-DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Defendants respectfully pray that the Court:

A. Enter judgment in favor of MAF on MAF's First Amended Complaint (Dkt. 47) as set forth in the First Amended Complaint;

B. Dismiss the Estate's Second Amended Counterclaims in their entirety and order that the Estate takes nothing;

C. Enter judgment in favor of Counterclaim-Defendants on the Estate's Second Amended Counterclaims;

D. Award Counterclaim-Defendants their reasonable costs and attorneys' fees incurred in prosecuting the First Amended Complaint and having to defend against the Estate's Second Amended Counterclaims, pursuant to 17 U.S.C. § 505; and

E. Grant Counterclaim-Defendants such other and further relief as the Court deems just and proper.

Dated: March 16, 2020
      New York, New York

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Luke Nikas*

Luke Nikas
Maaren A. Shah
Ryan A. Rakower
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
lukenikas@quinnemanuel.com
maarenshah@quinnemanuel.com
ryanrakower@quinnemanuel.com

*Attorneys for Counterclaim-Defendants Morgan Art Foundation Limited, Figure 5 Art LLC, Shearbrook (US), LLC, RI Catalogue Raisonné LLC, and Simon Salama-Caro*