UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MORGAN ART FOUNDATION LIMITED,

              Plaintiff,

              -against-

MICHAEL MCKENZIE, et al.,

              Defendants.

18-cv-4438 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated May 15, 2020 (Pltf. Ltr.) (Dkt. No. 261), plaintiff Morgan Art Foundation Ltd. (MAF) requests an order compelling defendants Michael McKenzie and American Image Art (collectively the AIA Defendants) to respond to MAF's First Requests for Admission (RFAs), served on the AIA Defendants on March 16, 2020. Pltf. Ltr. at 1. According to MAF, the AIA Defendants refused to respond to any of the RFAs due to the sheer number of requests (258) served. This issue was discussed during a teleconference held by the Court on May 18, 2020, at which the Court (i) ruled that the AIA Defendants need not answer RFAs 251 through 258 and (ii) as to the remaining RFAs, directed them to respond to plaintiff's letter-motion in writing. (Dkt. No. 264.)

By letter dated May 20, 2020 (Def. Opp.) (Dkt. No. 265), the AIA Defendants asserted generally that their remaining objections were to the content, rather than the number, of the disputed requests, and specifically that RFAs 174, 182, 183, 186, 201, 202, and 250 are each deficient for a variety of reasons. Def. Opp. at 2-3. By letter dated May 22, 2020 (Pltf. Reply) (Dkt. No. 268), plaintiff agreed to modify RFAs 182, 186, 201, and 202, but argued that the Court should compel the AIA Defendants to answer RFAs 174, 183, and 250 as originally requested.

Following plaintiff's reply, the AIA Defendants filed a final (unauthorized) letter on May 26, 2020, in which they withdrew their objection to RFA 174, and agreed to answer RFAs 182, 186, 201, and 202 as modified, but maintained their objections to RFAs 183 and 250 (Dkt. No. 269), which are now the only remaining contested requests.

RFA 183 asks the AIA Defendants to admit that they "published a catalogue illustrating Robert Indiana Works named in the License/IP Agreement or the Sculpture Agreement, and that catalogue did not mention Morgan Art Foundation." (Dkt. No. 261-1, at ECF page 27.) The AIA Defendants assert that this request is "vague and ambiguous" because it fails to define "what catalogue or which specific Robert Indiana Works Morgan is referring to." Def. Opp. at 3. The objection misses the mark. In the absence of a genuine burden objection (for example, that the AIA Defendants published so many catalogues illustrating so many Robert Indiana Works that they cannot answer the request without extensive research), there is no need for plaintiff to ask the question on a catalogue-by-catalogue basis. Further, the request specifies that the Robert Indiana Works plaintiff is referring to are those "named in the License/IP Agreement or the Sculpture Agreement." Plaintiff is also correct that both the License/IP Agreement (Dkt. No. 107-1) and the Sculpture Agreement (Dkt. No. 107-2) "on their face, refer to specific works and catalogues by name." Pltf. Reply at 2. Since RFA 183 is not unduly vague, nor ambiguous, the AIA Defendants must answer it.

RFA 250 asks the AIA Defendants to admit "that the License/IP Agreement gave to Morgan Art Foundation the exclusive right to reproduce the License/IP Agreement Images." (Dkt. No. 261-1, at ECF page 27). As the Court explained during the May 18 conference (in reference to RFAs 251-58), requests for admission served pursuant to Fed. R. Civ. P. 36 "cannot be used to require a party to admit the truth of a legal conclusion," no matter how relevant the

2

underlying legal issue may be to the parties' dispute. *Carver v. Bank of New York Mellon*, 2018 WL 4579831, at *2 (S.D.N.Y. Sept. 25, 2018); *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432 (S.D.N.Y. 2012) (quoting *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y. 1973)) ("To force the defendant to 'admit' [legal conclusions] would only frustrate the purposes for which Rule 36 was drafted."). RFA 250, like RFAs 251-58, improperly asks the AIA Defendants to adopt plaintiff's interpretation of a contract to which they are not parties; that is, to accept plaintiff's legal conclusion as to its import. The AIA Defendants need not answer RFA 250.

For these reasons, it is hereby ORDERED that the AIA Defendants shall answer all of plaintiff's RFAs, except RFAs 250-58, no later than **June 5, 2020**.

It is further ORDERED that defendant Jamie Thomas – who did not oppose plaintiff's separate letter-motion to compel, filed on May 15, 2020 (Dkt. No. 263) – shall promptly answer plaintiff's RFAs 7-18 and 47 addressed to Thomas.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 261 and 263.

Dated:  New York, New York
        May 27, 2020

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3