UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>    Plaintiff,<br><br>-against-<br><br>MICHAEL MCKENZIE, et al.,<br><br>    Defendants. | 18-CV-4438 (AT) (BCM) |
| MORGAN ART FOUNDATION LIMITED, et al.,<br><br>    Plaintiffs,<br><br>-against-<br><br>JAMES W. BRANNAN, *as personal representative of the Estate of Robert Indiana*,<br><br>    Defendant. | 18-CV-8231 (AT) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

The Court held a telephonic discovery conference in these actions on June 12, 2020. Prior to the conference, the Court received and reviewed (1) four letter-motions filed by defendants Michael McKenzie and American Image Art (the AIA Defendants), all dated May 26, 2020 (Dkt. Nos. 270, 271, 272, and 274 in Case No. 18-CV-4438); (2) one letter-motion filed by defendant James W. Brannan as personal representative of the Estate of Robert Indiana (the Estate), also dated May 26, 2020 (Dkt. No. 273 in Case No. 18-CV-4438; Dkt No. 108 in Case No. 18-CV-8231); and (3) one letter-motion filed by plaintiff Morgan Art Foundation Limited (MAF), dated June 6, 2020 (Dkt. No. 291 in Case No. 18-CV-4438), together with opposition and reply letters addressing each motion.[1]

For the reasons stated on the record during the June 12 conference, the letter-motions, and certain related issues, are resolved as follows:

---

[1] Dkt. Nos. 276, 279, 280, 281, 282, 283, 284, 287, 288, 289, and 304 in Case No. 18-CV-4438; Dkt. No. 109 in Case No. 18-CV-8231.

1. <u>The AIA Defendants' letter-motion to compel further document production from plaintiff MAF (Dkt. No. 270 in Case No. 18-CV-4438) is GRANTED IN PART</u>.

   a. MAF need not produce any further documents in response to Requests for Production (RFPs) 3, 6, 8, 9, 10, 12, 14, 15-26, 28, 33, 41, 42, 45, 49, 50, or 51.

   b. To the extent not previously produced in response to other discovery requests, MAF shall promptly produce:

      i. In response to RFP 4, all documents concerning sales, loans, licenses, or conveyances of Robert Indiana works from MAF to AIA.

      ii. In response to RFP 36, all communications between MAF and persons known or believed to be present or former studio assistants of Robert Indiana, concerning Indiana or Indiana's art.

      iii. All documents responsive to RFPs 11, 36, and 37-39.

2. <u>The AIA Defendants' letter-motion to compel further document production from defendant Jamie Thomas (Dkt. No. 271 in Case No. 18-CV-4438) is GRANTED IN PART.</u>

   The AIA Defendants are entitled to know whether, and under what conditions, the Estate (or any other person or entity) has agreed to pay or advance Thomas's defense fees in these actions and/or indemnify him against a potential judgment or settlement. Thomas shall produce documents in response to RFPs 5, 6, 7 and 8 to the extent necessary to answer these questions. If, after good-faith negotiations, the parties cannot agree on the precise parameters of the necessary discovery, they shall submit a joint letter to the Court no later than **June 19, 2020,** setting out their respective views.

3. <u>The Estate's letter-motion to compel document production from MAF (Dkt. No. 273 in Case No. 18-CV-4438; Dkt. No. 108 in Case No. 18-CV-8231) is GRANTED IN PART</u>.

   a. MAF shall promptly produce documents sufficient to identify (or, alternatively, a list of) all Robert Indiana works produced by, possessed by, or in production by MAF, including but not limited to works produced by MAF pursuant to its contracts with Indiana.

   b. MAF shall promptly produce all invoices showing Robert Indiana works sold by Shearbrook, *without* redacting the name or other identifying information concerning the buyers. To the extent MAF contends that the buyers are unaffiliated non-parties, MAF may designate the unredacted invoices "attorneys' eyes only" (*see* Dkt. No. 141 in Case No. 18-CV-4438, ¶ 12; Dkt. No. 28 in Case No. 18-CV-8231, ¶ 12), thereby limiting their disclosure to counsel of record for the parties herein (including any paralegal, clerical, or other assistant that such counsel has employed and assigned to this matter).

2

>   Absent the express agreement of MAF or further order of this Court, counsel of record: (i) shall not further disclose the names or other identifying information concerning the buyers; (ii) shall not make any commercial or other use of such information except for the purpose of pursuing or defending the claims asserted in these actions; and (iii) shall not contact the buyers, directly or indirectly, concerning the invoices or the sales reflected therein.
>
> c. MAF shall promptly produce documents sufficient to identify (or a list of) the owners, members, directors, managers, and/or trustees of Morgan Art Foundation Ltd., Morgan Art Foundation S.A., Art Project Finance Ltd., Shearbrook (US) LLC, RI Catalogue Raisonne LLC, and Figure 5 Art LLC.

4. <u>The AIA Defendants' letter-motion to compel document production from the Estate (Dkt. No. 274 in Case No. 18-CV-4438) is GRANTED IN PART</u>.

   a. The Estate need not produce any further documents in response to RFPs 11, 12, 13, or 23 within AIA's Second Request for the Production of Documents (2d Request).

   b. In response to RFPs 18 and 19 within the 2d Request, the Estate represents that it has produced all responsive non-privileged documents.

   c. In response to RFP 10 within AIA's Third Request for the Production of Documents (3d Request), the Estate shall promptly produce all communications between Brannan and the Star of Hope Foundation (Star of Hope) since Robert Indiana's death on May 19, 2018, concerning the marketing and/or sale of Robert Indiana art works.

   d. In response to RFP 11 within the 3d Request, the Estate shall promptly produce all communications between Kevin Lipson and Star of Hope since Indiana's death on May 19, 2018, concerning the marketing and/or sale of Robert Indiana art works.

5. <u>Date Range</u>. Unless otherwise specified, the parties' obligation to produce documents extends to documents dated or created from 2012 through the present.

6. <u>The AIA Defendants' letter-motion regarding deposition scheduling (Dkt. No. 272 in Case No. 18-CV-4438) is deemed WITHDRAWN without prejudice to renewal in the event additional scheduling issues arise.</u>

7. <u>MAF's letter-motion to preclude the Estate from relying on the six potential witnesses listed in its First Supplemental Initial Disclosure (Dkt. No. 291 in Case No. 18-CV-4438) is DENIED</u>.

   MAF may, however, take the depositions of some or all of the potential witnesses during the extended fact discovery period described below.

8. <u>Extension of Discovery Deadlines</u>. The deadline to complete fact discovery, including all remaining party and non-party fact depositions, is extended to **July 30, 2020**. The deadline to complete expert discovery is extended to **September 14, 2020**.

9. <u>Privilege Logs</u>. The parties are reminded that they must serve privilege logs, in accordance with Local Civil Rule 26.2, if they have withheld documents or information on the basis of privilege. To the extent they have not yet done so, the parties shall meet and confer in good faith to agree upon a uniform date for the service of such logs.

All relief not expressly granted herein is DENIED. The Clerk of Court is respectfully directed to close the letter-applications at Dkt. Nos. 270, 271, 272, 273, 274, and 291 in Case No. 18-CV-4438, and Dkt. No. 108 in Case No. 18-CV-8231.

Dated: New York, New York
June 17, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

4