UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/19/20
```

MORGAN ART FOUNDATION LIMITED,

Plaintiff,

-against-

MICHAEL MCKENZIE, et al.,

Defendants.

18-CV-4438 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On June 8, 2020, the law firm Goetz Fitzpatrick LLP (the Firm) moved by Order to Show Cause (OSC) for leave to withdraw as counsel for defendants American Image Art and Michael McKenzie (together, the AIA Defendants) pursuant to Local Civil Rule 1.4, asserting that there had been a substantial breakdown in communications between attorney and client; that irreconcilable differences had developed concerning case strategy; and that the AIA Defendants had failed to pay the Firm's recent bills. (Dkt. Nos. 294-296.) Additionally, the Firm requested a 45 day "stay" for the AIA Defendants to retain new counsel. Attorney John B. Simoni, a partner at the Firm who serves as the AIA Defendants' lead counsel, advised the Court that the Firm "does have and will seek a retaining or charging lien but will fully cooperate with successor counsel to avoid any interruption in professional service to American Image." (Dkt. No. 295, ¶ 16.)

That same day, the Court issued an OSC (Dkt. No. 297) directing that any response to the motion for leave to withdraw (including any response from the AIA Defendants themselves) be submitted no later than June 15, 2020. On June 15, plaintiff Morgan Art Foundation Limited (MAF) filed a brief stating that it did not oppose the Firm's request to withdraw but opposed its request for a 45-day stay for the AIA Defendants to retain new counsel. MAF Opp. (Dkt. No. 306) at 1. MAF argued that 45 days is too long "and will cause unnecessary delay," especially given that fact depositions must be completed, under the Court's most recent scheduling order (Dkt. No. 307), by July 30, 2020. MAF suggested that the Court direct the AIA Defendants to hire counsel "no later than 10 days after the Court's ruling on this motion." MAF Opp. at 2.

Also on June 15, 2020, Michael McKenzie emailed a confidential declaration directly to chambers, as permitted by the OSC. McKenzie agreed that his relationship with the Firm had deteriorated, such that they could no longer work together, but did not comment on the time that would be required to retain new counsel. On June 17, 2020, attorney Simoni emailed a confidential responding declaration directly to chambers, as permitted by the OSC. On the same day, the Firm publicly filed its reply to MAF's partial opposition, once again requesting 45 days for the AIA Defendants to find new counsel. (Dkt. No. 308.)

The Court conducted a telephonic hearing on the motion on June 19, 2020. Attending were attorneys Simoni and Hyun-Jeong (Becky) Baek from the Firm; McKenzie; and counsel for MAF and the Estate of Robert Indiana. During the hearing, attorney Simoni withdrew the Firm's assertion of a retaining lien. With regard to the Firm's assertion of a charging lien (presumably against any judgment or settlement in the AIA Defendants' favor on their various cross-claims and

counterclaims), both attorney Simoni and McKenzie expressly confirmed that this Court has not been asked to rule on the validity or value of the lien.

Having carefully considered the Firm's moving papers, as well as the responses and replies described above, and finding good cause, it is hereby ORDERED that the motion for leave to withdraw as counsel is GRANTED.

It is further ORDERED that any new counsel retained by the AIA Defendants shall file a notice of appearance no later than **July 20, 2020.**[1] Until new counsel has been retained, McKenzie may enter a *pro se* appearance by filing a Notice of Pro Se Appearance, which may be found on the Court's website at:

https://www.nysd.uscourts.gov/sites/default/files/2018-06/Notice%20of%20Prose%20Appearance.pdf

McKenzie may also register to receive filings electronically by filing a Consent to Electronic Service, which may be found on the Court's website at:

https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf

---

[1] During the June 19 hearing, both withdrawing counsel and McKenzie informed the Court that American Image Art is an unincorporated sole proprietorship wholly owned by McKenzie. This information does not appear in the pleadings. MAF alleges that American Image Art is a Delaware corporation. (Dkt. No. 47, ¶ 21.) The AIA Defendants deny that allegation but do not otherwise describe American Image Art 's corporate form (or lack thereof). (Dkt. No. 91, ¶ 21.) Under New York law – which governs the issue in this Court, *see* Fed. R. Civ. P. 17(b) – an unincorporated sole proprietorship has no independent legal existence, and lacks capacity to sue or be sued in its own name. *See Am. Online Latino v. Am. Online, Inc.*, 250 F. Supp. 2d 351, 353 n.2 (S.D.N.Y. 2003) (collecting cases and dismissing action "insofar as it is brought on behalf of" plaintiff America Online Latino, which was a sole proprietorship owned by individual plaintiff Esposito), *opinion clarified,* 2003 WL 1842874 (S.D.N.Y. Apr. 2, 2003); *Nova Express v. United States*, 80 Fed. Cl. 236, 239 (2008) ("courts in various jurisdictions in which sole proprietorships are viewed as having no independent legal identity have held that such proprietorships lack the capacity to sue or be sued"). If the parties are agreed (or the Court determines) that American Image Art is in fact an unincorporated sole proprietorship, the caption of this action should be amended to list the AIA Defendants as "Michael McKenzie, individually and d/b/a American Image Art." *See Nova Express*, 80 Fed. Cl. at 239. McKenzie could then, if he wishes, represent himself (and his business) *pro se*. If, on the other hand, American Image Art is a Delaware corporation, as currently alleged, or otherwise has a corporate existence separate from its owner(s), it must retain counsel to represent it in this action and cannot appear *pro se*. *See, e.g.*, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (corporation "could only appear with counsel" and could not be represented *pro se* by its principal). The Court notes these issues but does not attempt to resolve them here. During the June 19 hearing, McKenzie confirmed that he intends to retain new counsel to represent him and his business in this action.

Because of the ongoing COVID-19 public health crisis, these documents may be emailed to the Clerk's Office for filing.  Instructions may be found on the Court's website at:

https://nysd.uscourts.gov/forms/instructions-filing-documents-email

It is further ORDERED that:

1.  Deposition discovery in this action is STAYED until **July 27, 2020**. During the stay, the parties may continue to schedule depositions and serve any required notices or subpoenas, but no deposition should be scheduled for or commence on any date before July 27. Written discovery may continue.

2.  The deadline for the completion of fact discovery, including fact depositions, is EXTENDED to **August 31, 2020**.

3.  The deadline for the completion of expert discovery is EXTENDED to **October 14, 2020**.

4.  Promptly upon receipt of this Order, Goetz Fitzpatrick LLP shall serve a copy via regular mail and email on AIA and McKenzie and shall file proof of same on the Court's electronic docket.

Upon the Firm's filing of proof of service of this Order on its clients, the Clerk of Court is respectfully directed to terminate attorneys John B. Simoni, Jr. and Hyun-Jeong (Becky) Baek as counsel in this action.

Dated: New York, New York          **SO ORDERED**.
      June 19, 2020

_____
**BARBARA MOSES**
**United States Magistrate Judge**