UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MORGAN ART FOUNDATION LIMITED,

Plaintiff,

-against-

MICHAEL MCKENZIE, et al.,

Defendants.

18-CV-4438 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On May 26, 2020, defendants Michael McKenzie and American Image Art (the AIA Defendants) filed a series of discovery motions, including (i) a letter-motion to compel defendant Jamie Thomas to produce "settlement agreements and/or defense/indemnity agreements entered into between the Estate of Robert Indiana ('Estate') and Thomas since the inception of this litigation" (Dkt. No. 271 at 1); and (ii) a separate letter-motion to compel the Estate to produce the same documents (among others). (Dkt. No. 274 at 2.) Both letter-motions were fully briefed by June 3, 2020. (Dkt. Nos. 279, 284, 288, 299.) On June 8, 2020, I scheduled a telephonic discovery conference for June 12, 2020, to hear argument on various pending discovery motions, including the two described above. (Dkt. No. 293.)

Also on June 8, 2020, the AIA Defendants' counsel of record, John B. Simoni and Hyun-Jeon Baek of Goetz Fitzpatrick LLP, moved by Order to Show Cause for leave to withdraw as counsel. (Dkt. Nos. 294-96.) I scheduled a telephonic hearing on the withdrawal motion for June 19, 2020, at 10:00 a.m., and set a briefing schedule. (Dkt. No. 297.) In order to preserve the attorney-client privilege between the AIA Defendants and their counsel, I authorized the AIA Defendants to submit their response directly to chambers, by email (*id.* at 2), which they did on June 15, 2020, when McKenzie submitted a declaration in which he agreed that his relationship with his counsel had deteriorated such that they could no longer work together.

On June 12, 2020, I conducted the discovery conference. Attorney Simoni appeared for the AIA Defendants and vigorously argued the motions to compel production of the Thomas/Estate settlement documents. McKenzie was also in attendance. Thereafter, on June 17, 2020, I issued an Order (Dkt. No. 307), memorializing my oral rulings during the conference. As to the Thomas/Estate settlement documents, I ruled as follows:

The AIA Defendants are entitled to know whether, and under what conditions, the Estate (or any other person or entity) has agreed to pay or advance Thomas's defense fees in these actions and/or indemnify him against a potential judgment or settlement. Thomas shall produce documents in response to RFPs 5, 6, 7 and 8 to the extent necessary to answer these questions. If, after good-faith negotiations, the parties cannot agree on the precise parameters of the necessary discovery, they shall submit a joint letter to the Court no later than June 19, 2020, setting out their respective views.

(Dkt. No. 307 at 2.)

At 10:00 a.m. on June 19, 2020, I convened the withdrawal hearing. In attendance were attorneys Simoni and Baek, McKenzie, and counsel for other parties. Although there was no opposition to the withdrawal motion, there was considerable discussion about the effect of the withdrawal on the parties' pretrial schedule. At the conclusion of the 35-minute hearing, I advised the parties that I intended to issue a written Order granting the motion, which would become effective when counsel served it upon the AIA Defendants and filed proof of such service on the docket, and that in the meantime, attorney Simoni would remain responsible for the joint letter required by my June 17 Order, which was due that day.

At 10:52 a.m. on June 19, 2020 – while still represented by counsel – McKenzie sent an unauthorized email to the Court (using the chambers email address he had been given in connection with the withdrawal motion), with a copy to attorney Simoni but not to any other parties or counsel in this action, reading, "Attached please find numerous reasons why the Estate can't hide the Thomas Settlement agreement which undoubtedly has many clauses that relate directly to this case." The attachment was a one and one-half page, single spaced document entitled, "Response to Estate's proposed Limitation Of Jamie Thomas Settlement." Three minutes later, at 10:55 a.m., attorney Simoni sent an email to the same chambers email address, reading, "Your Honor I was not aware that Mr. Mckenzie [sic] would be sending you anything."

At 7:03 p.m. on June 19, 2020, I issued an Order granting the withdrawal motion, effective upon the withdrawing law firm's "filing of proof of service of this Order on its clients." ((Dkt. No. 311 at 2.)

At 8:54 p.m. on June 19, 2020, attorney Simoni, together with counsel for Thomas and the Estate, filed a joint letter regarding the Thomas/Estate settlement documents, as required by my June 17 Order. (Dkt. No. 312.) Under the heading "AIA's Position," the letter set out several cogent arguments in support of the AIA Defendants' continuing request for production of the settlement documents without redaction, followed by this passage:

AIA's position is also that it must have the entire settlement agreement for the following reasons:

"As the Estate engaged in settlement negotiations with both Thomas and American Image [AI] concurrently in November 2019, I can't speculate what Thomas's agreement says. This is a real problem as in the absence of Robert Indiana's Testimony, Thomas is the most important, and often the only witness to American Image's collaborations with Robert Indiana. Jamie Thomas, who AI worked with for several years and who ran the Indiana studio, made decisions with Bob about works the studio would pursue, was given Power of Attorney [POA] by Indiana himself and, essentially, kept Indiana alive. The Estate slandered him with no grounds in fact accusing Thomas of elder abuse, stealing from Indiana and Criminally Negligent Homicide. The Estate also refused to pay Thomas's legal bills, which Indiana himself allocated the funds for, fraudulently asserting Thomas lost all his rights based on the Estate's completely unfounded charges. Our understanding is The Estate drove Thomas into well over $1,000,000 in debt

through fraud then settled with him. As these actions cornered Thomas and seem to fit the requirements for extortion, it is very critical to know what these purposefully hidden documents say. This combines with the fact that The Estate has tried on numerous occasions to purposefully create problems trying to defraud and ruin my business, colluding with Rosenbaum Gallery who has hidden records vital to the litigation which show what works were sold 2008-2010 which show more of the Estate's royalty failings as well as the numbers of sculptures sold in that three year period which has made record keeping impossible. Rosenbaum's records, which the Estate helps them hide, will show that Rosenbaum's under oath statements including when he worked with American Image, the surcharge he put on marketing sales and the income he made from same are not in keeping with his deposition statements and those lies were meant to conceal the fact that he essentially swindled AI out of millions of dollars, 25% of which, ironically would have belonged to The Estate. Attacking AI with no grounds considering that AI paid Indiana/The Estate over $10,000,000, the only source of income Indiana/The Estate has had in the past 7 years other than fire sales of the artist's works to pay legal bills, is both perplexing and fraudulent, as is colluding with Rosenbaum who cheated them out of at least 7 figures."

(Dkt. No. 312 at 3-4 (punctuation and spelling as in the original).)

On June 22, 2020, attorney Baek filed an affidavit of service of my June 19 Order on the AIA Defendants, thus terminating her appearance, as well as attorney Simoni's, as counsel of record for the AIA Defendants. (Dkt. No. 313.)

The Court has reviewed McKenzie's "Response to Estate's proposed Limitation Of Jamie Thomas Settlement," attached to his June 19 email, only to the extent necessary to determine that, while it overlaps substantially with the material inside the quotation marks at the end of the joint letter submitted by counsel later that day, the emailed document contains several additional passages – not included in the joint letter – which, among other things, complain about the Estate's conduct in connection with what McKenzie called "our settlement agreement with the Estate."

The Court has made no further use of the emailed document. Given that (i) McKenzie was still represented by counsel at the time he submitted it; (ii) neither McKenzie nor his then-counsel was authorized to submit *ex parte* argument concerning anything other than the motion to withdraw; and (iii) neither McKenzie nor his then-counsel served the contents of the submission on any other party, the Court will not consider the emailed document in connection with the motions to compel production of the Thomas/Estate settlement agreement or for any other purpose. The parties, including defendant McKenzie, are advised that the Court does not require and will not accept any further briefing with regard to the motions to compel.

On June 24, 2020, McKenzie once again sent an unauthorized email to chambers, attaching his Notice of Pro Se Appearance. There is no indication that the email was sent to any other party. The Court has filed the Notice on the public docket of this action. (Dkt. No. 319.)

McKenzie is reminded that, **absent advance authorization from the Court, emails to chambers and other *ex parte* submissions are prohibited**.

It is hereby ORDERED that all future submissions from McKenzie must be filed on the docket of this action, with notice to all other parties, unless this Court has specifically authorized him to submit documents in a different manner.

There are a number of ways for a pro se party to file documents on the docket of this action, including by mailing them to the Court's Pro Se Intake Unit or by dropping them off at the Courthouse. Additionally, for the duration of the COVID-19 public health emergency, pro se parties may file documents by emailing them **to the Clerk's office** (not to an individual judge). Instructions for emailing documents to the Clerk's office for filing may be found on the Court's website at:

https://nysd.uscourts.gov/forms/instructions-filing-documents-email

The Court notes that McKenzie has not registered to receive filings electronically, which he may do by filing a Consent to Electronic Service, which may be found on the Court's website at:

https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf

Consequently, chambers will mail a copy of this Order to defendants McKenzie and American Image Art.

Dated: New York, New York          **SO ORDERED.**
      June 25, 2020

**BARBARA MOSES**
**United States Magistrate Judge**