

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>        Plaintiff,<br><br>-against-<br><br>MICHAEL MCKENZIE, et al.,<br><br>        Defendants. | 18-CV-4438 (AT) (BCM) |
| MORGAN ART FOUNDATION LIMITED, et al.,<br><br>        Plaintiffs,<br><br>-against-<br><br>JAMES W. BRANNAN, *as personal representative of the Estate of Robert Indiana*,<br><br>        Defendant. | 18-CV-8231 (AT) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

The Court held a telephonic discovery conference in these actions on August 20, 2020. Prior to the conference, the Court received and reviewed (1) a letter-motion dated July 27, 2020, filed by plaintiffs, requesting that the Court require defendant James W. Brannan, as personal representative of the Estate of Robert Indiana (the Estate), to treat certain documents as "Attorneys' Eyes Only" (Dkt. No. 329 in Case No. 18-CV-4438; Dkt. No. 126 in Case No. 18-CV-8231), and (2) a letter-motion dated August 14, 2020, filed by the Estate, regarding certain asserted deficiencies in plaintiffs' document production (Dkt. No. 334 in Case No. 18-CV-4438), together with opposition and reply letters addressing those motions (Dkt. Nos. 331, 332, 338 in Case No. 18-CV-4438; Dkt. Nos. 128, 129 in Case No. 18-CV-8231).

For the reasons stated on the record during the August 20 conference, it is hereby ORDERED that:

1. In light of defendant Michael McKenzie's representation that "American Image Art" is an unincorporated sole proprietorship wholly owned by McKenzie (Dkt. No. 328 in Case No. 18-CV-4438), the parties to that action shall file a joint letter, no later than **August 28, 2020**, advising the Court as to whether they stipulate to

   recaptioning the action to identify McKenzie and American Image Art as a single party: "Michael McKenzie, individually and d/b/a American Image Art."

2. Plaintiff Morgan Art Foundation Limited (MAF) shall promptly produce an inventory of all Robert Indiana works possessed by it as of December 31, 2019, with sufficient detail to identify each individual work (for example, by title, size, color, and edition number). MAF may designate the detailed inventory, as well as the previously-produced inventory Bates stamped MAF0060109-11 (Dkt. No. 334-2 in Case. No. 18-CV-4438), "Attorneys' Eyes Only."

3. No later than **August 28, 2020**, plaintiffs shall produce documents sufficient to identify (or a list of) the beneficiaries of the trusts and the members of the LLC listed on the document Bates stamped MAF0060112 (Dkt. No. 334-3 in Case No. 18-CV-4438). It is the intent of this ¶ 3 that plaintiffs identify the natural persons ultimately owning and/or controlling those entities. Plaintiffs may designate their forthcoming production, like the previously-produced MAF0060112, "Attorneys' Eyes Only."

4. Plaintiffs' sealing motion (Dkt. No. 337 in Case No. 18-CV-4438) is GRANTED for substantially the reasons set forth therein. Dkt. No. 338 in Case No. 18-CV-4438 shall remain under seal.

The Clerk of Court is respectfully directed to close the letter-motions at Dkt. Nos. 336 and 337 in Case. No. 18-CV-4438.

Dated: New York, New York
   August 24, 2020      **SO ORDERED**.

                   _____
                   **BARBARA MOSES**
                   **United States Magistrate Judge**