UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

    Plaintiff,

-against-

MICHAEL MCKENZIE, et al.,

    Defendants.

18-CV-4438 (AT) (BCM)

MORGAN ART FOUNDATION LIMITED, et al.,

    Plaintiffs,

-against-

JAMES W. BRANNAN, *as personal representative of the Estate of Robert Indiana*,

    Defendant.

18-CV-8231 (AT) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Fact discovery was scheduled to close in these related actions on September 30, 2020. (Dkt. No. 322 in Case No. 18-CV-4438; Dkt. No. 124 in Case No. 18-CV-8231.)

On September 21, 2020, plaintiffs Morgan Art Foundation Limited (MAF), Simon Salama-Caro, and three affiliated entities filed a letter-motion (Sept. 21 Ltr.) (Dkt. No. 351 in Case No. 18-CV-4438; Dkt. No. 141 in Case No. 18-CV-8231) seeking a stay of all discovery, pursuant to Fed. R. Civ. P. 26(c), pending the Court's resolution of their motion, filed the same day, to dismiss the counterclaims filed against them in both cases by defendant James W. Brannan, as personal representative of the Estate of Robert Indiana (the Estate). The motion to dismiss (Dkt. No. 344 in Case No. 18-CV-4438; Dkt. No. 134 in Case No. 18-CV-8231) is made on the ground that plaintiffs have entered into an agreement with the sole beneficiary of Indiana's will, the Star of Hope Foundation, Inc. (SOH), which "fully resolves *all* disputes and issues raised between the Plaintiffs and the Estate," and thus moots the counterclaims, depriving this Court of subject-matter jurisdiction. Sept. 21 Ltr. at 1 (emphasis in the original).

On September 23, 2020, the Estate filed a letter (Sept. 23 Ltr.) (Dkt. No. 352 in Case No. 18-CV-4438; Dkt. No. 142 in Case No. 18-CV-8231) noting that the parties were near the end of fact discovery, with two significant depositions (of Simon Salama-Caro and Paul Salama-Caro) scheduled for September 23 and 24, 2020, and others to complete before September 30, 2020. Sept. 23 Ltr. at 2. The Estate requested, on behalf of all parties, that discovery be stayed briefly, until October 9, 2020 ("[t]o give Mr. Brannan a sufficient opportunity to assess the agreement between the [plaintiffs] and SOH"), and that existing discovery deadlines be extended by 20 days. *Id*. at 4.

On September 25, 2020, I granted the parties' joint request and issued the order they requested (Sept. 25 Order) (Dkt. No. 354 in Case No. 18-CV-4438; Dkt. No. 144 in Case No. 18-CV-8231): staying discovery to and including October 9, 2020; directing the parties to "immediately set dates for all remaining depositions in the actions to take place between October 12 and October 31, 2020: specifically, the depositions of Paul Salama-Caro, Simon Salama-Caro (2 days), Jamie Thomas, and Melissa Hamilton, as well as the continuation of the depositions of Philippe Grossglauser and Marc Salama-Caro"; setting a briefing schedule for the underlying motion to stay and a somewhat longer briefing schedule for the motion to dismiss; and extending all remaining discovery and pretrial deadlines by 20 days. Sept. 25 Order at 1-2.

On October 13, 2020 (by which time the initial stay had expired), the Estate filed a letter-brief (Oct. 13 Ltr.) (Dkt. No. 357 in Case No. 18-CV-4438; Dkt. No. 147 in Case No. 18-CV-8231) opposing any further stay and indicating that it will oppose the motion to dismiss its counterclaims. The Estate argues, among other things, that the motion to dismiss is unlikely to succeed, Oct. 13 Ltr. at 1-4, and that a stay would be inefficient and prejudicial, particularly now that discovery is nearly concluded, with only a handful of depositions left to complete. *Id*. at 4.

2

The Estate also points out that plaintiffs have not dismissed any of their own claims. *Id.*[1]

On October 15, 2020, plaintiffs filed a reply letter-brief (Oct. 15 Ltr.) (Dkt. No. 359 in Case No. 18-CV-4438; Dkt. No. 149 in Case No. 18-CV-8231) in further support of their stay motion. Plaintiffs argue that they are likely to prevail on the underlying motion to dismiss (which is not yet fully briefed), Oct. 15 Ltr. at 1-2, and that restarting discovery before the Estate's counterclaims are dismissed would "waste the assets that Indiana left to [the Estate] in litigation with plaintiffs," *id*. at 2, as well as the resources of other parties, particularly since the remaining depositions "will focus on the issues raised by the Estate's counterclaims." *Id*. at 4. Plaintiffs do not discuss the status of their own claims against the Estate, which arise out of the same contracts and many of the same events at issue in the Estate's counterclaims.[2] Nor do they discuss their

---

[1] In Case No. 18-CV-4438, filed on May 18, 2018, MAF is pursuing claims against the Estate, Jamie Thomas, and Michael McKenzie, and defending against counterclaims asserted by the Estate and (separately) by McKenzie, who also crossclaimed against the Estate and Thomas. Although MAF is the sole plaintiff in No. 18-CV-4438, the Estate's counterclaims name Salama-Caro and the affiliated entities as additional counterclaim-defendants. In Case No. 18-CV-8231, filed on September 11, 2018, all five plaintiffs brought fresh claims against the Estate, which then asserted fresh counterclaims. The dispute between plaintiffs and the Estate centers on two contracts between MAF and Indiana executed in 1999, as well as certain addenda and modifications thereto. According to plaintiffs, Indiana and the Estate breached those contracts, and Thomas and McKenzie tortiously interfered with them. According to the Estate, plaintiffs breached the same contracts, and Salama-Caro violated the fiduciary duties he owed to Indiana. The parties' claims, counterclaims, and crossclaims are described in more detail in several prior decisions in these cases, including *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 5836438, at *1-2 (S.D.N.Y. Sept. 30, 2020) (denying plaintiffs' motion for spoliation sanctions against the Estate and Thomas); *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 3578251, at *1-3 (S.D.N.Y. July 1, 2020) (granting McKenzie's motion to compel production of a settlement agreement between the Estate and Thomas); *Morgan Art Found. Ltd. v. Brannan*, 2020 WL 469982, at *1-7 (S.D.N.Y. Jan. 28, 2020) (granting in part and denying in part plaintiffs' motion to dismiss the Estate's counterclaims in No. 18-CV-8231); *Morgan Art Found. Ltd. v. McKenzie*, 2019 WL 2725625, at *6-20 (S.D.N.Y. July 1, 2019) (granting in part and denying in part various motions in No. 18-CV-4438, including plaintiffs' motion to dismiss the Estate's counterclaims in that case).

[2] The agreement between plaintiffs and SOH (presently under temporary seal pending resolution of plaintiffs' sealing motion, *see* Dkt. No. 350 in Case No. 18-CV-4438; Dkt. No. 138 in Case No. 18-CV-8231) includes a provision requiring plaintiffs and SOH to cooperate to "effectuate the dismissal with prejudice" of both the claims and the counterclaims between plaintiffs and the

claims against Thomas and McKenzie, or McKenzie's counterclaims against plaintiffs, which implicate the same contracts and some of the same events.

None of the other parties submitted argument in favor of or in opposition to plaintiffs' stay motion.

Whether to stay discovery pending a motion to dismiss is committed to the Court's sound discretion. "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Ema Fin., LLC v. Vystar Corp.*, 2020 WL 4808650, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd*., 297 F.R.D. 69, 72 (S.D.N.Y. 2013)) (citation omitted). The Court notes, in this regard, that plaintiffs did not seek a stay in connection with either of their two prior motions to dismiss the Estate's counterclaims, neither of which was wholly successful. However, "'upon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to Fed. R. Civ. P. 26(c)." *Ema Fin.*, 2020 WL 4808650, at *2 (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc*., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009), and collecting cases). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case," *Alford v. City of N.Y.*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted), and should consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (internal quotation marks, alteration, and citation omitted); *accord Integrated Sys. & Power*, 2009 WL 2777076, at *1. The moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c), *see Thrower v. Pozzi*, 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002), and with respect to the "strength of the motion" prong must

---

Estate. However, that provision is silent as to whether and when plaintiffs must take steps to dismiss their claims against the Estate if – as appears to be the case – the Estate refuses to dismiss its counterclaims voluntarily.

present "substantial arguments for dismissal[]." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), and collecting cases); *accord Ema Fin.*, 2020 WL 4808650, at *3.

In this case, the first two factors weigh against the requested stay. Substantial discovery has already taken place in these actions, at considerable expense, much of it initiated by plaintiffs, who asserted (and have aggressively pursued) claims against the Estate in both actions. Prior to filing the instant motion, plaintiffs conducted extensive document discovery of the Estate, culminating in a motion seeking spoliation sanctions (up to and including the entry of a default judgment against the Estate) for the loss of emails sent to and from Indiana's aol.com account.[3] Additionally, plaintiffs took Brannan's deposition on September 1, 2020, just three weeks before they filed their stay motion. Only six depositions remain to be completed. One of the six witnesses (Simon Salama-Caro) is a named plaintiff and three others (Paul Salama-Caro, Marc Salama-Caro, and Philippe Grossglauser) are affiliated with plaintiffs. The testimony of these witnesses will be central to plaintiffs' claims against the Estate, as well as the Estate's counterclaims, and will likely prove relevant to plaintiffs' disputes with Thomas and McKenzie as well. Moreover, although the Court is unaware of any particular age-related issues affecting these witnesses, any delay in securing their testimony could prove costly, particularly given that the relationship between plaintiff Simon Salama-Caro and Robert Indiana began in the early 1990s and the two primary contracts between MAF and Indiana were executed 21 years ago. *See Morgan Art Found. Ltd. v. Brannan*, 2020 WL 469982, at *2-4, 21. To stay these depositions so near the end of the discovery period would be unfair to the Estate and potentially prejudicial to other parties whose claims or defenses require discovery from the same witnesses.

---

[3] *See Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 5836438 (denying motion).

The third factor – the strength of the motion to dismiss – is more difficult to assess. The motion raises a novel issue that does not appear to have been addressed in any of the mootness cases that plaintiffs cite in their opening brief (Dkt. No. 346 in Case No. 18-CV-4438; Dkt. No. 136 in Case No. 18-CV-8231): whether the sole beneficiary of an estate, which has no direct right to settle or dismiss the estate's litigation claims or require the estate to do so, can nonetheless achieve the same result by entering into a contract with the opposing party, thereby mooting the claims and requiring that they be dismissed for lack of subject matter jurisdiction. Moreover, the motion has not yet been fully briefed. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018) (denying stay motion where, among other things, the court was "unable to fully assess the strength of the pending motion, since it only recently was filed, and opposition papers are not yet due"). The caselaw makes it clear that no one factor is dispositive of a discovery stay motion. Even if a motion to dismiss "appears to have substantial grounds," a stay of discovery pending the outcome of that motion is appropriately denied where, as here, the other factors "disfavor a stay." *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007).

Consequently, plaintiffs' motion for a stay of discovery is DENIED. To the extent the parties have not yet done so, they must promptly arrange and conduct the depositions of Paul Salama-Caro, Simon Salama-Caro, Jamie Thomas, and Melissa Hamilton, as well as the continuation of the depositions of Philippe Grossglauser and Marc Salama-Caro. Pursuant to the Sept. 25 Order, those depositions should all have been scheduled for dates between October 12 and October 31. In the event that did not occur, the parties may have one additional week, through and including November 6, 2020, to complete the fact depositions.

The Clerk of Court is respectfully directed to close the letter-motions at Dkt. No. 351 in Case No. 18-CV-4438; Dkt. No. 141 in Case No. 18-CV-8231.

Dated: New York, New York
      October 18, 2020      **SO ORDERED**.

_____

**BARBARA MOSES**
**United States Magistrate Judge**