UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/21
```

MORGAN ART FOUNDATION LIMITED,

PLAINTIFF,

-AGAINST-

MICHAEL MCKENZIE D/B/A AMERICAN IMAGE ART,

DEFENDANTS.

Case No. 1:18-cv-04438-AT-BCM

## STIPULATION AND [PROPOSED] ORDER

Plaintiff Morgan Art Foundation Limited ("MAF") and Defendant Michael McKenzie d/b/a/ American Image Art ("McKenzie") hereby enter into the following stipulation, which shall govern the inspection of documents and other things in connection with discovery in the above-captioned matter. McKenzie makes this agreement without conceding to the allegations made by MAF about discovery conduct found in the Joint Discovery Letter, dated June 25, 2021 (ECF No.393). MAF makes this agreement without waiving any rights to seek sanctions against McKenzie and/or his prior attorneys for the conduct alleged in the Joint Discovery Letter, including all attorneys' fees and costs incurred as a result of the alleged misconduct.

1. **Place/Time**: The inspection will take place on both floors of the studio and storage space located at 171 Goldens Bridge Road, Katonah, NY 10536 (the "Site") at a date to be agreed upon between the parties, no later than August 13, 2021, beginning at 12pm EST and continuing until 7:00pm EST. If necessary, the parties will agree to schedule an additional day to complete the inspection during business hours, before August 13, 2021, or if an agreement cannot be reached, MAF reserves the right to seek such extra day, or partial day,

as needed upon a showing that the amount of time allotted on the first day of the inspection was not sufficient despite reasonable efforts to conclude the inspection on that date.

2. **Attendees**:  Up to five employees of MAF's counsel, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"), may attend and conduct the inspection.  McKenzie's counsel must also be present at the inspection.  Only the lawyers will be present in the studio while the documents are being reviewed and collected, provided, however, that client representatives may be consulted as needed and may be present at the Site in person only during such consultation and for the sole purpose of such consultation.

3. **Access to Premises**:  Quinn Emanuel, always in the presence of counsel for McKenzie, must have full access to the Site.  All offices, closets, desks, cabinets, drawers, and other storage areas and furniture where documents are or may be located at the Site must be unlocked so that the contents may be inspected.

4. **Copying/Photography/Video-recording**:  Quinn Emanuel may copy, photograph, and/or video-record the Site and any documents found at the Site using any devices that are capable of capturing such information.  The term "documents" shall be interpreted as broadly as permitted under the document requests issued by MAF and the Federal Rules and Local Court Rules governing this action and shall include, but not be limited to, books, emails, binders, artworks, journals, handwritten notes, and any other information that MAF believes is responsive to the document requests MAF has served in this action or is otherwise relevant to this action.

5. **Protocol for Inspection and Disputes Over Privilege or Responsiveness**:  The Parties will follow the below protocol for the inspection and, to the extent the parties disagree about whether a document is privileged or responsive to the document requests served in

this action or is otherwise relevant to this action, any such disagreements shall be resolved in the following manner:

    a. Counsel for McKenzie shall first determine in the presence of Quinn Emanuel whether the documents found in a specific location on the Site that Quinn Emanuel elects to inspect are privileged, before Quinn Emanuel may review those documents. If the documents are determined to be privileged, counsel for McKenzie will immediately photograph each of the privileged documents in that location, remove the privileged documents from that location, and record the necessary information about the documents on a privilege log that McKenzie will produce to MAF no later than five business days after the inspection is complete. MAF reserves the right to challenge any such privilege designations by filing a motion to compel no later than ten days from the receipt of the documents from Quinn Emanuel.

    b. After any documents that are determined to be privileged are removed from the specific location at the Site being inspected, Quinn Emanuel may copy, photograph, and/or video-record the non-privileged documents during the inspection that it believes in good faith are responsive to the document requests MAF served in this action or that are otherwise related to this action; Quinn Emanuel must provide a copy of all the documents it intends to produce in this action from the inspection within four business days of the completion of the inspection; and McKenzie must file a motion challenging the production of any documents he believes should not be produced based on privilege or relevance grounds no later than ten days from the receipt of the documents from Quinn Emanuel.

c. MAF reserves the right to use all photographs and videos taken at MAF's prior visit to the Site, on May 25, 2021, as if those photographs and videos had been taken at the inspection agreed upon in this Stipulation. MAF agrees to include any such photographs and videos that it intends to produce in this action within four business days of the completion of the above inspection. McKenzie reserves the right to challenge the production of those documents on privilege, responsiveness, or relevance grounds no later than ten days from the receipt of the documents from Quinn Emanuel, through the same process set forth above in Paragraph 5(b).

d. All documents copied, photographed, or video-recorded at the inspection will be treated as confidential documents under the Protective Order entered in this action until ten days from the receipt of the documents from Quinn Emanuel, at which point McKenzie shall inform MAF which documents, if any that, he designates as "Confidential" or "Attorneys' Eyes Only" under the Protective Order. MAF may challenge such designations through the process set forth in the Protective Order.

e. After all challenges to the documents collected at both the May 2021 Site visit and the inspection above have been resolved, MAF will bates stamp and produce the responsive documents that have been agreed upon for production by the parties or approved for production by Court order. Those produced documents will be considered for all purposes in this case to be documents produced by Michael McKenzie. The documents will be consecutively numbered and produced with the following bates stamp format: MCKENZIE 000001.

Dated: July 20, 2021

      QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   */s/ Luke Nikas*
      Luke Nikas
      Maaren A. Shah
      Ryan Rakower
      51 Madison Avenue, 22nd Floor
      New York, New York 10010-1601
      Telephone: (212) 849 7000

      *Attorneys for Morgan Art Foundation Limited*


      MARKHAM READ ZERNER LLC

By:   */s/ John Markham*
      John J.E. Markham
      Bridget A. Zerner
      1 Commercial Wharf West
      Boston, MA 02110
      (617) 523-6329
      jmarkham@markhamreadzerner.com
      bzerner@markhamreadzerner.com

*Attorneys for Michael McKenzie d/b/a American Image Art*

SO ORDERED.

Dated: July 21, 2021

_____
BARBARA MOSES
United States Magistrate Judge