UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  7/22/21
```

MORGAN ART FOUNDATION LIMITED,

Plaintiff,

-against-

MICHAEL MCKENZIE, et al.,

Defendants.

18-CV-4438 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed (i) defendant Michael McKenzie's letter-motion dated July 12, 2021 (Dkt. No. 401), seeking an order compelling plaintiff Morgan Art Foundation Ltd. (MAF) to produce a complete copy of the settlement agreement recently entered into by MAF, Jamie Thomas, and James Brannan as Personal Representative of the Estate of Robert Indiana (the Estate); (ii) MAF's opposition letter dated July 16, 2021 (Dkt. No. 404); and (iii) the settling parties' Confidential Binding Term Sheet, together with its exhibits, a First Amendment to Confidential Term Sheet, and a related release (collectively the Agreement), which MAF submitted for *in camera* review pursuant to this Court's Order dated July 16, 2021 (Dkt. No. 405).

Having carefully reviewed the materials submitted in light of the principles articulated in *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 3578251, at *1 (S.D.N.Y. July 1, 2020), the Court has determined that portions of the Agreement can and should be disclosed to McKenzie, subject to the parties' Stipulated Confidentiality Agreement and Protective Order (Protective Order) (Dkt. No. 141), because they are arguably relevant to the potential bias, interest, or prejudice of individuals who may be witnesses in this action.

Other portions, however, including those describing the business arrangements among MAF, the Estate, and non-party Star of Hope Foundation (SOH) concerning Robert Indiana's

artworks and legacy, contain detailed and highly sensitive financial and commercial information that is not in and of itself relevant to the question of witness bias but that could cause the settling parties and SOH substantial harm in the hands of a competing art dealer such as McKenzie. *See Diagnostics Sys. Corp. v. Symantec Corp.*, 2008 WL 9396386, at \*3, 10-11, 14 (C.D. Cal. Apr. 4, 2008) (declining to compel production of "the financial aspects of the settlement agreements" between plaintiff DSC and "numerous defendants who were previously named in the case," or the negotiations leading to those agreements), *report and recommendation adopted as modified,* 2008 WL 9396387 (C.D. Cal. Aug. 12, 2008); *E.H. v. Ritenour Sch. Dist.*, 2007 WL 188329, at \*1 (E.D. Mo. Jan. 23, 2007) (declining to unseal settlement agreement, so that it could be produced for use in a state court action, due to "the sensitive subject matter of the settlement agreement, and the limited relevance to the state court action"); *Centillion Data Sys., Inc. v. Ameritech Corp.*, 193 F.R.D. 550, 553 (S.D. Ind. 1999) (denying motion to compel disclosure of settlement agreement that resolved a similar case between plaintiff Centillion and nonparty AT&T, which "has sufficiently asserted the commercial sensitivity of the financial and business information in the agreement"); *cf. Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, 2017 WL 1133349, at \*6 (E.D.N.Y. Mar. 24, 2017) (denying motion to quash subpoena for settlement agreement after determining that the agreement "does *not* contain any sensitive financial, employment or business information") (emphasis added).

These portions can and should be redacted from the Agreement as produced.[1]

---

[1] By separate email to MAF's counsel, the Court will identify the precise portions of the Agreement that may be redacted.

2

MAF may designate the redacted Agreement "confidential" pursuant to the Protective Order.  Additionally, the Court reminds the parties that the production of the redacted Agreement in discovery does not necessarily render it admissible at trial (or otherwise) in this action.

This Order resolves the letter-motion at Dkt. No. 401.

Dated: New York, New York
       July 22, 2021                                 **SO ORDERED.**

                                                     _____
                                                     **BARBARA MOSES**
                                                     **United States Magistrate Judge**