# MARKHAM READ ZERNER LLC

www.markhamreadzerner.com

| | |
|---|---|
| One Commercial Wharf West | 908 Main Street/P. O. Box 697 |
| Boston, Massachusetts 02110 | Waldoboro, Maine 04572 |
| T. (617) 523-6329 | T. (207) 790-8049 |
| F. (617) 742-8604 | F. (207) 790-8050 |

December 20, 2021

<u>VIA ECF</u>

Honorable Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Morgan Art Foundation Ltd. v. McKenzie*, 18-cv-04438 (AT)
            <u>Joint Letter to Address Matters Identified in Court's Order (ECF 469)</u>

Dear Judge Moses:

    Defendant Michael McKenzie d/b/a American Image Art (herein, "McKenzie") and Plaintiff Morgan Art Foundation Limited ("MAF") jointly address herein the matters raised by the Court in its Order of December 15, 2021 (ECF 469) to be discussed at the telephonic conference scheduled for December 21, 2021, at 10 a.m.

    **A. What changes should be made to the schedule for McKenzie's opposition and reply papers and for the hearing with respect to the sanctions motion?**

    The parties agree, subject to leave of this Court, that the deadlines on the sanctions motion should be rescheduled as follows: McKenzie's opposition shall be filed within 10 days from the date the deposition of Osvaldo Gonzalez is completed as now ordered by the Court; if for any reason Mr. Gonzales does not appear, the parties will not seek to have the sanctions motion further delayed other than allowed by the Court's response to this letter, but with each side arguing what they wish as to the impact of Mr. Gonzalez' failure to appear. Morgan's reply will be due 10 days from the filing of McKenzie's opposition; and the hearing shall then be rescheduled to a date convenient to the Court later in February or early March 2022 due to prior case obligations and trial dates of counsel. Counsel have conferred on their schedules and have the following dates available for the hearing: February 28, March 1, 14, 15, 16, 17, 18.

    The parties are presently working to schedule the Gonzalez deposition and McKenzie deposition within this timeframe.

    **B. Whether the second Zerner declaration and its attachments should (i) remain under electronic seal but be made available to MAF as well as to McKenzie and the Court; or (ii) be unsealed?**

Both McKenzie and MAF agree that the Zerner declaration (ECF 461) and its attachments (ECF 461-1 to 461-3) should be unsealed. This sealed filing includes McKenzie's *pro se* submission to the Lawyers' Fund for Client Protection concerning Osvaldo Gonzalez and follow-up correspondence, a police report related to Gonzalez when he was living on McKenzie's Katonah property, and an email from counsel for the Estate of Robert Indiana concerning a deposition exhibit used in the arbitration between McKenzie and the Estate. The Zerner declaration discusses these documents. The parties agree that these filings should be unsealed as the materials will be part of the cross-examination of Gonzalez at a deposition now compelled by the Court and there are no grounds justifying continued sealing of these documents. Rather, unsealing these materials is consistent with the presumption in favor of public access to judicial documents described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Additionally, McKenzie concedes that MAF should be able to fully review the materials which were initially filed *ex parte* at the invitation of the Court in an abundance of caution and in consideration of the non-party Gonzalez.

### C. Whether MRZ should be disqualified from representing McKenzie in this action in light of its previous representation of Gonzalez as a witness in the Arbitration?

<u>McKenzie's Position</u>: MRZ should not be disqualified from representing McKenzie in this action. The reasons follow.

The facts asserted below are confirmed in the accompanying Declaration of John J.E. Markham, II, dated December 20, 2021 ("Markham Dec."). In July 2020, MRZ was retained to represent American Image Art ("AIA") and Michael McKenzie in litigation with MAF and the Estate of Robert Indiana (the "Estate"). Markham Dec., ¶2. Gonzalez was part of privileged communications as part of this representation because he was employed by AIA, acted as an assistant to McKenzie, and was needed to assist with gathering documents as well as to speak to his own knowledge of the negotiations with the Estate during the Portland mediation and his knowledge of the Binding Term Sheet dispute between McKenzie and the Estate. *Id*., ¶6.[1] Indeed Gonzalez negotiated at that mediation for McKenzie. *Id*. Gonzalez himself stated in his recent letter to this Court "…I worked for American Image Art as the President of the Sales Division and his personal assistant. I worked with their firm solely in that capacity…. I worked with Mr. Simoni [McKenzie's prior counsel] as Mr. McKenzie's personal assistant …." ECF 468,

---

[1] *See, e.g. Hudson Ins. Co. v. Oppenheim*, 72 A.D.3d 489, 489–90, 899 N.Y.S.2d 29, 30 (2010) (The attorney-client privilege belonging to the entity or principal extends to communications of "one serving as an agent of either attorney or client."); *Compare, Robert V. Strauss Productions, Inc. v. Pollard*, 289 A.D.2d 130, 131, 734 N.Y.S.2d 170, 171 (2001) (Denying plaintiff's motion to compel defendants' attorney communications on which plaintiff was copied during employment because "once plaintiff commenced its employment with defendants, such employment was the only reason it attended meetings with the firm and was copied on the firm's documents, and there is no evidence that any of the material that plaintiff now seeks was ever disclosed to any outside parties. Defendants had every expectation that any communications between them and their counsel would remain confidential, including communications by plaintiff on their behalf.")

Gonzalez Letter, 12/2/2021. During the Arbitration with the Estate, the Estate sought to take the deposition of Gonzalez and MRZ represented Gonzalez specifically for the deposition as part of our representation of AIA. No separate retainer agreement was entered and MRZ has not represented Gonzalez personally in any other capacity. Gonzalez acknowledged this during the Arbitration deposition, on January 22, 2021, when he testified as follows in response to questions by the Estate:

> Q. [Counsel for Estate] Okay. And when did you retain Mr. Markham and Ms. Zerner as your attorney?
> A. I'm not actually sure. Six months ago. Five or six months ago.
> Q. So you retained them for a purpose other than for preparing for this testimony today?
> A. Well, he's the attorney representing American Image Art and Michael McKenzie in their legal actions in Maine and the Southern District of New York.
> Q. I understand that. I'm just trying to understand when Mr. Markham and Ms. Zerner became your attorney.
> A. Well, I -- only to the extent that I work at American Image Art.
> \*   \*   \*
> Q. Does Mr. Markham or Ms. Zerner represent you in any other capacity?
> A. No.

Exhibit A to Markham Dec., Excerpt of Gonzalez Deposition Transcript, 1/22/2021.

> Gonzalez reaffirmed this at his deposition on October 1, 2021
>
> Q. [Counsel for Estate] And I believe you said before that you believe that Mr. Markham represented you during that conversation.
> A. I believe he was representing AIA. I was working for AIA at the time.
> Q. So you understood that he was representing you because he represented American Image and you were an employee of American Image at the time?
> A. Yes.

ECF 446-1, Gonzalez Deposition Transcript, 10/1/2021, at p. 19.

After the falling out between Gonzalez and McKenzie this past summer and after Gonzalez began contacting counsel for MAF and for the Estate to assist them against McKenzie, undersigned counsel for McKenzie informed MAF's and the Estate's attorneys in an email as follows:

> I am sorry that I have taken a while to respond to your query about whether I represent Os Gonzalez. I have discussed this matter with Os and we agree as follows:
>
> I represented Os for the purposes of his deposition taken in the AAA case, and in relation to conversations with about that case (AAA, not Morgan) in the runup to and the immediate aftermath of his deposition in the AAA case. I have not represented

3

> him in relation to anything else whether anything in the Morgan case or otherwise. In particular, I do not represent him in any matter relating to the subject matter about which I understand he has spoken to Luke Nikas and have so informed Luke. I thus had no objection, nor could I, to Luke's conversation with Os or any other lawyer from Quinn Emanuel speaking to Os. Likewise and for the same reasons I have no objection, nor could I, to any conversations he may have with any other lawyer, including yourself or anyone from Venable, about the subject matter about which he seeks, as I understand it, to speak to you about, namely his observations about conduct engaged in by Mike McKenzie, or conversations he has had with Mike McKenzie about that conduct, since the taking of Os' deposition because (1) my representation of Os was for the limited and now concluded purpose of his deposition, (2) that representation is now long terminated, and (3) the discussions, if they take place, have nothing to do with my limited and now concluded representation of him.
>
> I am copying Os Gonzalez on this e-mail and he has told me that he wishes to speak to a representative of Venable and I do nor can I have any objection.

ECF 446-4, Markham Email to counsel for MAF and the Estate, 8/27/2021.

Gonzalez was shown this email during his October 1, 2021 deposition and confirmed the same. *See*, ECF 446-1, pp. 26-29.

Under applicable Rules,[2] MRZ should not now be disqualified. Gonzalez has not raised or attempted to argue that MRZ should be disqualified based on this past representation but only made the argument that MRZ should be disqualified because their members would be witnesses related to McKenzie's assertions to the Lawyers' Fund – an argument which this Court has already ruled is not grounds for disqualification (Order, ECF 469, p. 14, fn. 14). A party is entitled to representation of his own choosing, which should not be abridged absent a clear showing that disqualification is warranted. *Feeley v. Midas Props.*, 199 A.D.2d 238 (2d Dept. 1993). A court must "consider such factors as the party's valued right to choose its own counsel, and the fairness and effect in the particular factual setting of granting disqualification or continuing representation." *S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.*, 69 N.Y.2d 437, 440 (1987). The party seeking the disqualification of the attorney bears the burden of the motion. *Id.* at 445. "Because motions to disqualify attorneys can be tactically motivated, cause delay and additional expense, and disrupt attorney-client relationships, the movant must meet a high standard of proof to disqualify the movant's former counsel." *In re I Successor Corp.*, 321 B.R. 640, 647 (Bankr. S.D.N.Y. 2005).

---

[2] The N.Y. Rules of Professional Conduct are the applicable rules governing lawyers practicing in the Southern District of New York. *See,* S.D.N.Y. Civ. L.R. 1.3(a)(6)(F) ("Each applicant for admission . . . shall state . . . that the applicant has read and is familiar with . . . the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York."). We therefore address those Rules.

Joint Letter re Court's Order (ECF 469)
December 20, 2021
Page 5

In this setting, there is no announced movant for disqualification of MRZ and thus it is hard to see how the above-referenced burden can be met. Assuming Gonzalez was the movant, his motive – newfound animus for his former employer – is clearly why he would do so. And as a witness, he has no interest to be protected in this litigation, other than hypothetically to preserve any confidential communications which, as shown further below, there are none.

Disqualification is only appropriate when continued representation of a client implicates a clear violation of the Code of Professional Responsibility. *In re I Successor Corp.*, 321 B.R. 640, 647–48 (Bankr. S.D.N.Y. 2005) To define the line for disqualification on motion of a former client, the courts established the "substantial relationship" test under which disqualification may, indeed must, be granted, but only where the present controversy is substantially related to the former representation. *Id.*

Here is the rub for anyone seeking disqualification based on Gonzalez's limited representation by MRZ. Establishing that there is a substantial relationship between the prior representation and the present controversy is sufficient for disqualification. However, a key exception applies here:

> . . . before the substantial relationship test is even implicated, it must be shown that the attorney was in a position where he could have received information which his former client might reasonably have assumed the attorney would withhold from his present client.

*Rocchigiani v. World Boxing Counsel*, 82 F. Supp. 2d 182, 187–88 (S.D.N.Y. 2000) citing *Allegaert v. Perot*, 565 F.2d 246 (2d Cir. 1977) The Second Circuit created an exception to the substantial relationship test, where the prior representation by the attorney in question was within the context of a joint representation between a former, but now adverse, client and a present, long-standing, client. Under such circumstances, "the substantial relationship is inapposite," as the former client could not reasonably expect confidences imparted to the attorney during the course of the joint representation to be withheld from the other client. *Id.*

The above is precisely the same with MRZ's representation of Gonzalez. Markham Dec., ¶¶7-10. It was part of MRZ's representation of AIA as Gonzalez acknowledged in his deposition. *Id.*, ¶8. And McKenzie and MRZ's communications with Gonzalez were virtually all in the presence of McKenzie and even had there been some conversations where Gonzalez was present on the telephone and McKenzie was not, or not at least sitting in the room with Gonzalez as he spoke, the subject matter was McKenzie's litigation against the Estate and MAF and thus there could be no reasonable expectation by Gonzalez that the communications would be withheld from McKenzie even if McKenzie had not been present as he was for virtually every such conversation. *Id.*, ¶¶11-12. MRZ did not represent Gonzalez personally but only in his capacity as an employee of AIA and only with regard to the AIA/McKenzie litigation. *Id.*, ¶¶ 7-12. MRZ's representation of Gonzalez was limited to his appearance for a deposition as an employee of AIA (MRZ's client) and thus did not involve disclosure of personal confidences or confidential material unknown to AIA and McKenzie. *See, DeLorenz v. Moss,* 897 N.Y.S.2d 669

(N.Y. Sup. Ct. 2009) ("A party seeking disqualification must be able to demonstrate the existence of a "reasonable probability" of disclosure or use of a former client's confidences and secrets by the attorney."); *Gordon v. Skylink Aviation, Inc.*, 960 N.Y.S.2d 341 (N.Y. Sup. Ct. 2010) ("A party seeking disqualification of an attorney based on the disclosure of confidential information previously made to the attorney, … has the burden of identifying the specific confidential information imparted to the attorney" [and] Gordon does not meet this burden; he has provided only conclusory statements that he disclosed confidential information to [attorneys] Levander or Rowland and fails to specify what such communications were. Moreover, since Gordon knew that Levander and Rowland were counsel for SkyLink, Gordon could not have had a reasonable expectation of confidentiality in his dealings with them")

There is no basis for disqualifying MRZ from representing McKenzie in this case.

<u>MAF Position</u>: MAF takes no position on the disqualification issue raised by non-party Gonzalez.

Respectfully submitted,

/s/ *John J.E. Markham, II*
John J.E. Markham, II
*Counsel for Michael McKenzie*


/s/ *Luke Nikas*
Luke Nikas
*Attorney for Morgan Art Foundation*

cc:   All Counsel of Record via ECF
      Non-party Osvaldo Gonzalez via Email