UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

          Plaintiff,

-against-

MICHAEL MCKENZIE, et al.,

          Defendants.



18-CV-4438 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the telephonic status conference held today, it is hereby ORDERED as follows:

1. Defendant McKenzie shall file his papers in opposition to plaintiff MAF's motion for sanctions (Dkt. No. 465) no later than **January 17, 2022**.

2. MAF shall file its reply papers no later than **January 27, 2022**.

3. The hearing on the sanctions motion will take place on **March 1, 2022 at 1:30 p.m.** No later than **February 3, 2022**, the parties shall file a joint letter advising the Court as to whether either or both parties wish to present live testimony at the hearing and, if so, shall identify (i) each proposed live witness, (ii) the topic(s) on which that witness is expected to testify, and (iii) the estimated time required for examination.

4. The second Zerner declaration, including Exhibit A thereto (Dkt. Nos. 461, 461-1) will remain under seal but will be accessible to counsel for both plaintiff and defendant. These documents comprise or discuss the claim that McKenzie filed against Osvaldo Gonzalez with the Lawyers' Fund for Client Protection (Lawyers' Fund), as well as related correspondence between McKenzie's counsel and the Lawyers' Fund. They are "judicial documents," as that term is used in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), giving rise to a presumption of public access under the common law and the First Amendment. *Id.* at 124. However, they contain charges of misconduct – as yet unadjudicated – against a nonparty, and are confidential (at least from the general public) under state law. *See* 22 N.Y.C.R.R. § 7200.15(a) ("Except as otherwise provided, all claims and proceedings [before the Lawyers' Fund] and the records relating thereto shall be sealed and confidential."); *Carling v. Peters*, 2010 WL 5072110, at *1 (S.D.N.Y. Dec. 13, 2010) (concluding that an analogous confidentiality provision, applicable to attorney grievance proceedings, did not create an evidentiary privilege but was intended to put the records "beyond the reach of the general public"). Thus, significant "countervailing factors" and "higher values," *Lugosch*, 435 F.3d at 124, support an order keeping the documents under seal at present.

5. Exhibits B and C to the second Zerner declaration (Dkt. Nos. 461-2, 461-3) will be unsealed.

Dated: New York, New York
December 21, 2021

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**