UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL MCKENZIE, et al.<br><br>Defendants. | Case No. 18-cv-04438-AT-BCM |

**DECLARATION OF BRIDGET A. ZERNER, ESQ.**

I, Bridget A. Zerner, declare under the penalty of perjury as follows:

1.  I am a partner at the law firm Markham Read Zerner LLC located in Boston, Massachusetts and have appeared on behalf of Michael McKenzie d/b/a American Image Art in the above-captioned action along with John J.E. Markham as well as have appeared on behalf of McKenzie in the related pending arbitration before the American Arbitration Associate in New York against the Estate of Robert Indiana (the "Estate") as well the pending case between McKenzie and the Estate in the District of Maine (and the related appeal before the First Circuit). The facts stated herein are based upon my own personal knowledge and if called upon to do so I could and would testify competently to the statements set forth below.

2.  Attached as **Exhibit A** are true and accurate copies of a sample of the photographs of Robert Indiana signing AIA artwork produced in this case. Video recordings of Robert Indiana signing artwork published by American Image Art, authenticated by Michael McKenzie and Tim Ginexi, have also been produced and are available to be presented at an evidentiary hearing and/or trial.

3.  **Exhibit B** is a true and accurate copy of an excerpt from the deposition of Jamie Thomas taken on November 12, 2021 but is not filed on the record at this time. Counsel for Jamie Thomas designated the transcript as "Confidential" pursuant to the Protective Order in this case, however, our copy of the transcript did not indicate "Confidential" in the caption and I only realized it just before finalizing our filing today, when I double-checked the text and found that such a designation was made during the testimony. I emailed counsel for Thomas today, and though it is a federal holiday, counsel for Thomas did respond but advised she would not be able to provide her position today as to filing the transcript on the public docket. We are resolving the matter promptly and will file the transcript in the appropriate manner after conferring with counsel. Undersigned is aware that this Court's Individual Practices make clear that "The parties are cautioned that the designation of documents as "confidential" for discovery purposes does not, without more, justify a sealing or redaction order" and we are addressing this with counsel for Thomas. Counsel for MAF attended the deposition and has access to the complete transcript as of this time to my knowledge.

4.  Attached as **Exhibit C** is a true and accurate copy of the Affidavit of Clara Rodriguez filed back on August 14, 2019 in the New York County Supreme Court in the matter of *Brannan v. McKenzie*, Index No. 653809/2019.

5.  Attached as **Exhibit D** is a true and accurate copy of the Deposition of Michael McKenzie taken in this case on September 9, 2020.

6.  Attached as **Exhibit E** is a true and accurate copy of the Decision and Order on Motion entered on August 22, 20219 in the New York County Supreme Court in the matter of *Brannan v. McKenzie*, Index No. 653809/2019.

7. Attached as **Exhibit F** is a true and accurate copy of the Notice of Opposition filed on August 1, 2018 by The Hamilton Collection, Inc. in The Matter of Serial No. 87/581,790 before the U.S. Patent and Trademark Office Before the Trademark Trial and Appeal Board.

8. Attached as **Exhibit G** is a true and accurate copy of the transcript of the Deposition of Osvaldo Gonzalez taken on January 7, 2022 pursuant to this Court's Order compelling Gonzalez to appear and testify.

9. On the morning of June 25, 2021, counsel for MAF, sent us a draft joint letter for the first time advising that when they visited the Katonah property on May 25, 2021 they had seen documents they believed should have been produced in discovery and demanding that McKenzie be "ordered to produce all of these responsive documents" and proposing that the Court "appoint a special master at McKenzie's expense to oversee in person, with MAF, the collection and production of McKenzie's documents." ECF 393, Letter, p. 5.

10. On June 29, 2021, I appeared on behalf of McKenzie at the conference before this Court. On behalf of MAF, partner Luke Nikas appeared along with partner Maaren Shah, associate Ryan Rakower, and two summer associates from their firm. During the conference, when the Court observed "But for purposes of this case and McKenzie's discovery obligations, I don't think he had discovery obligations to Morgan Art to produce the artworks. Your discovery demands went more to the documentation of the art business…" (ECF 396, Transcript, p. 19), counsel for MAF did not disagree. With regard to the idea of a Rule 34 inspection as proposed by the Court to resolve the discovery issue over written evidence, MAF's counsel made clear they sought to go to McKenzie's studio to collect and copy documents. *See,* ECF 396, Transcript, pp. 17-20. There was no indication they sought to further inspect actual art pieces. After leaving the court that day, outside the courthouse, I called Mr. McKenzie and reported to

3

him on what occurred at the conference and informed him that we needed to meet and confer on terms for an inspection of the documents seen at his studio related to Indiana artwork.

11. On July 1, 2021, I emailed to McKenzie scheduling deadlines in the various pending cases involving the Estate as well as MAF including providing him this Court's Order of June 29, 2021. Attached as **Exhibit H** are true and accurate copies of the email and the attached order.  As seen in the text of the Order, there was no requirement that McKenzie make all his Indiana artwork available for further inspection, and there had been no stipulation to produce artwork, rather, the Court's Order stated, as relevant here, and as I highlighted in part to McKenzie (emphasis added)

> 2. Special Master
>
> Plaintiff's request that the Court "appoint a special master at McKenzie's expense to personally **oversee McKenzie's document collection**," pursuant to Fed. R. Civ. P. 53(a)(1)(C), (Dkt. No. 393 at 1) is DENIED.
>
> 3. Inspection of McKenzie Studio
>
> **The parties shall promptly meet and confer to arrange an inspection, pursuant to Fed.R. Civ. P. 34, of McKenzie's studio in Katonah, New York by plaintiff's counsel.** No later than July 9, 2021, the parties shall either (1) submit a stipulation as to the agreed-upon guidelines for the inspection, or (2) submit a joint letter outlining each party's proposal and briefly explaining the area(s) of disagreement. Any request for sanctions, including cost-shifting, will be deferred until after the inspection occurs.
>
> 5. McKenzie Deposition
>
> Should plaintiff wish to reopen McKenzie's **deposition after the inspection and any subsequent document production from McKenzie have been completed**, the parties shall meet and confer in good faith to discuss the length and scope of the deposition. If they cannot agree, plaintiff may file a letter-motion to reopen McKenzie's deposition no later than August 2, 2021.

12. Attached as **Exhibit I** are true and accurate copies of text messages from Osvaldo Gonzalez about which he was questioned during his deposition.  The text messages of August

4

17, 2021 were marked as Deposition Exhibit 4 and the text messages on August 19, 2021 were marked as Deposition Exhibit 5.

13. McKenzie appeared for his deposition in this case on September 9, 2020. Prior to the completion of depositions of key witnesses, on September 21, 2022, MAF moved to dismiss Estate claims based on a deal reached with the Estate's beneficiary, the Star of Hope, and sought a stay. ECF 344. A stay was at first denied but then on November 5, 2020, both MAF and the Estate sought a stay related to the settlement with SOH and McKenzie consented and a stay was granted until January 6, 2021, ECF 369. Stays continued thereafter through May 17, 2021 and then a stipulation of dismissal between MAF and the Estate was filed on June 11, 2021. ECF 388. Discovery was stayed for eight months at the request of MAF and the Estate.

14. In the arbitration between the Estate and McKenzie, after the arbitration order entered in this case (ECF 94), McKenzie produced over 5,000 pages of documents as well as witness statements and pleadings. As indicated in John Markham's declaration, we have understood that MAF, through its counsel, Luke Nikas, has had complete access to these materials since late July 2021 and thus we did not need to reproduce them again to MAF.

15. I attended the depositions of Michael McKenzie on September 10, 2021 and of Annette Vessecchia on November 3, 2021 and have been in contact with counsel for MAF since then regarding discovery and depositions and no one requested further access to the electronic Art Archive used by AIA or sought to confer on the matter.

16. On December 15, 2021, this Court ordered (ECF 469) that Osvaldo Gonzalez was to appear for his deposition by January 7, 2022 and that McKenzie was to appear for his continued deposition on or before January 14, 2022. We completed the deposition of Gonzalez on January 7, 2022 and counsel for MAF did not then request to schedule a continued deposition

of McKenzie in the time ordered by the Court though we had advised McKenzie of the order and were available for the deposition if MAF had sought to schedule it.

17. After Osvaldo Gonzalez provided his sworn declaration to both MAF and the Estate in August 2021, an inspection and inventory of McKenzie's Indiana artworks was ordered by the AAA Panel in the arbitration. Representatives and art handlers on behalf of the Estate were given full access to the Indiana artwork at the Middletown storage facility and the Katonah property and they completed a review. The Estate served their final inventory report on November 19, 2021.

Executed this 17th day of January, 2022 in Boston, Massachusetts.

*/s/ Bridget A. Zerner*
Bridget A. Zerner (BZ2582)
MARKHAM READ ZERNER LLC

**Certificate of Service**

I hereby certify that this document with exhibits filed through the CM/ECF system will be sent electronically to the registered participants as identified and paper copies will be sent to any indicated as non-registered participants on January 17, 2022.

*/s/ Bridget A. Zerner*
Bridget A. Zerner