quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7228**

WRITER'S EMAIL ADDRESS
**lukenikas@quinnemanuel.com**

June 15, 2022

**VIA ECF**
Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

Re:    *Morgan Art Foundation Ltd. v. McKenzie*, 18-cv-04438 (AT)

Dear Judge Moses,

I write on behalf of Plaintiff Morgan Art Foundation ("MAF") regarding Defendant Michael McKenzie's intention to file a pre-motion letter this month, with a Rule 56.1 statement, seeking permission to file a motion for summary judgment. MAF respectfully requests that the Court prohibit McKenzie from filing his premature letter. The Court should first resolve MAF's sanctions motion and, if terminating sanctions are not granted (which they should be), the Court should then issue a schedule for further fact discovery, expert discovery, and summary judgment.

McKenzie has engaged in substantial discovery abuses: he has lied under oath to this Court and MAF's counsel about his discovery efforts and the existence of evidence, and intentionally concealed evidence in violation of his discovery obligations and the Court's orders. McKenzie's extensive rap-sheet of misconduct has been detailed in numerous filings and hearings. As a result, MAF was granted the right to conduct sanctions-related discovery, which revealed further discovery abuses, further concealment of evidence, violations of the Court's orders, and additional evidence that McKenzie has refused to produce. We therefore filed a sanctions motion seeking, among other things, either terminating sanctions or adverse inferences and an order requiring further fact discovery. That motion is pending.

Throughout this process, the Court has extended the case schedule to allow sanctions-related discovery and to ensure that later phases of the case that depend upon information acquired in earlier phases, such as expert discovery and summary judgment, take place in an orderly fashion and at a chronologically appropriate time. *See, e.g.*, Dkts. 420 (8/31/2021 Order), 422 (9/13/2021 Order), 449 (10/25/2021 Proposed Order), 450 (10/27/2021 Order), 454 (11/16/2021 Proposed Order), 455 (11/16/2021 Order), 463 (12/3/2021 Proposed Order), 464 (12/8/2021 Order), 473 (12/27/2021 Proposed Order), and 477 (1/11/2022 Order). The Court has previously stated that it

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

would revisit and reset the schedule for expert discovery following its ruling on MAF's sanctions motion, therefore contemplating that further discovery—*not* summary judgment motions—would occur after the sanctions motion is decided. *See, e.g.,* Dkts. 422 (Order for Scheduling Conference); 423, at 26-27 (9/14/2021 Hr'g Tr.) (The Court: . . . "We'll have an evidentiary hearing early in the new year, on January the 4th, preceded, as we discussed, with a joint witness list and separate exhibit binders. And I will come up with a reasonable expert discovery schedule that I'll pencil in for beginning in late January or early February with an asterisk, and the asterisk says 'subject to change,' depending on what happens with regard to the sanctions motion."). *See also* Dkt. 477 ("WHEREAS the parties agree, subject to the Court's approval, to modifying the current schedule, as stated below, to extend the close of expert discovery and summary judgment deadlines until a reasonable time after the conclusion of the hearing on sanctions.").

Nonetheless, yesterday, McKenzie's attorneys served a Rule 56.1 statement, requested a Rule 56.1 counterstatement from MAF by June 28, and expressed their intention to file a pre-motion letter seeking summary judgment by June 28, 2022, under the existing schedule that the Court has previously stated would be extended to allow for expert discovery and any impact of the sanctions ruling. I informed McKenzie's counsel of the above history, including the fact that the parties have not yet conducted any expert discovery because we have been awaiting the sanctions ruling, the fact that the Court may permit further fact discovery, the fact that the Court recently told Markham that it did not want to see a motion for summary judgment in the near future, and the fact that MAF's sanctions application could have a material impact on the proper way to manage this case. I requested their consent to adjourn the schedule, which is the only sensible way to proceed. They refused. They said the following:

> We do not agree that the case comes to a standstill because of your motion for sanctions. We believe that we have a substantial basis for a summary judgment motion and are determined to press it. Morgan is not the only party that has rights in this case. We request that you serve your response to the Statement of Facts as required under the rules and current deadline. If not, we will present our motion letter anyway as we believe we are entitled to do. While Judge Torres may refer a motion for summary judgment to Judge Moses, our read of the scheduling order and prior orders issued in this case is that Judge Torres has not done so as of this time.

They also requested that I include the following statement in this letter:

> McKenzie seeks to present his pre-motion letter for summary judgment on Morgan's claims because we believe it has merit and may be brought at this time under the current schedule in place that requires us to file pre-motion letters regarding summary judgment in conformance with the Individual Practices of Judge Torres by June 28, 2022 (Order at Dkt. 477). If Morgan contends that it is somehow impacted by other pending motions, Morgan can make that contention as part of its argument on the merits in response to McKenzie's pre-motion letter. We are aware of no order precluding

2

McKenzie from filing a timely pre-motion letter under the existing scheduling order.

McKenzie's position not only disregards the Court's statements and the parties' agreements on these issues, it also makes no sense. It ignores the fact that expert discovery has not yet commenced. It ignores the fact that the Court may permit further fact discovery if it doesn't award terminating sanctions. It ignores that fact that a request for summary judgment would be moot if the Court awards terminating sanctions. It ignores the fact that MAF intends to file a motion for summary judgment as well, but will not do so until after all discovery has taken place—therefore inefficiently splitting the parties' summary judgment motions into two different periods. It ignores the fact that the Court essentially told Markham *not* to file a summary judgment motion at this time. It ignores the fact that the Court stated that it would be resetting the schedule after the sanctions motion is resolved. McKenzie also points to Judge Torres's current role in resolving summary judgment motions, to the extent the motion is not referred to Your Honor for resolution, but ignores the fact that Your Honor has received the reference for, among other things, managing the discovery schedule in this case. *See* Dkt. 41. On the heels of McKenzie playing games in our negotiations, he is now attempting to litigate the case out of order. Moreover, if McKenzie's motion is remotely along the lines of the motion his counsel has previously described, this will be a colossal waste of resources given the frivolity of his arguments.

We respectfully request that the Court adjourn the current schedule, including the timing of summary judgment motions, pending the outcome of MAF's motion for sanctions. MAF is certainly eager to hold McKenzie accountable for his egregious misconduct, but not at the expense of an orderly and efficient process.

Respectfully submitted,

*/s/ Luke Nikas*

Luke Nikas