# MARKHAM READ ZERNER LLC
www.markhamreadzerner.com

| | |
|---|---|
| One Commercial Wharf West | 908 Main Street/P. O. Box 697 |
| Boston, Massachusetts 02110 | Waldoboro, Maine 04572 |
| T. (617) 523-6329 | T. (207) 790-8049 |
| F. (617) 742-8604 | F. (207) 790-8050 |

June 15, 2022

**VIA ECF**

Honorable Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

>      Re:  *Morgan Art Foundation Ltd. v. McKenzie*, 18-cv-04438 (AT)
>           <u>Response to Letter of Luke Nikas on Behalf of MAF (at ECF 495)</u>

Dear Judge Moses:

I write on behalf of Defendant Michael McKenzie d/b/a American Image Art (herein, "McKenzie") in response to the letter of Luke Nikas on behalf of Plaintiff Morgan Art Foundation Limited ("Morgan") filed today at ECF No. 495.

To begin with, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Rule 56 (b), Fed. R. Civ. P.  Under the current schedule in this case, expert discovery closed on May 17, 2022, and the deadline for filing pre-motion letters as to summary judgment is June 28, 2022. McKenzie only had two more weeks to file its letter and before that he had to comply with the pre-filing service upon Morgan of its LR 56.1 statement of facts. He did so. We also note that the response to McKenzie's announced motion for summary judgment is not to raise a comment about it made in mediation, but rather to respond on the merits which we submit will be compelling.

Moreover, Mr. Nikas only selectively quotes from the current stipulated Scheduling Order (ECF 477, entered January 11, 2022) stating:

> WHEREAS the parties agree, subject to the Court's approval, to modifying the current schedule, as stated below, to extend the close of expert discovery and summary judgment deadlines until a reasonable time after the conclusion of the hearing on sanctions.

He ignores the rest of the Order that then provided the new deadlines set for after the sanctions hearing that was held on March 1, 2022:

> IT IS THEREFORE STIPULATED AND AGREED that the present expert discovery and summary judgment deadlines be modified and extended as follows:

Response to Morgan Letter at ECF 495
June 15, 2022
Page 2


1. The deadline for the disclosure of affirmative experts and the exchange of affirmative expert reports is extended to April 5, 2022;
2. The deadline for the disclosure of any rebuttal experts and the exchange of rebuttal reports is extended to April 26, 2022;
3. The deadline to complete expert discovery, including expert depositions, is extended to May 17, 2022; and
4. The deadline to file pre-motion letters regarding summary judgment, which shall conform to the individual practices of Judge Torres, is extended to June 28, 2022.

After the sanctions hearing, the parties agreed to attempt settlement. This Court issued its Order Scheduling Settlement Conference (ECF 489) which specifically ordered (on page 5):

> No Effect on Other Deadlines. *Neither the scheduling of a settlement conference nor any adjournment affects the parties' other litigation deadlines or obligations.*

(emphasis added) Settlement negotiations failed to resolve this matter[1] and during all those communications and since, counsel for Morgan has not sought to extend the scheduling order that remains in place. There was no agreement or order that all these deadlines would automatically be extended.

McKenzie has only sought to comply with this Court's deadlines and preserve his ability to seek summary judgment on Morgan's claims. Thus, yesterday, June 14, 2022, on behalf of McKenzie, we served a Rule 56.1 Statement of Facts on counsel for Morgan in order to obtain from them their response as required by the Local Rules and Individual Practices of Judge Torres to be filed with a summary judgment pre-motion letter under the current Scheduling Order.

Mr. Nikas contends that this Court told me that the Court did not want to see a summary judgment motion in the near future. I do not recall being so told. Rather, during a discussion on potential summary judgment motions during the settlement conference, the Court and I briefly discussed the merits of the case. That could not possibly have been anything like a definitive ruling on the merits, and if Morgan and its counsel thinks the merits of our motion are so weak, the response is not to quote a brief discussion in a non-binding mediation but to address the merits of McKenzie's motion the old fashion way – by complying with the rules. We have consulted a copyright and trademark expert with very good qualifications and read the cases ourselves. There is merit to our arguments.

Neither McKenzie nor his counsel have engaged in any wrongdoing by timely serving a Rule 56.1 Statement as ordered by this Court's Scheduling Order.

---

[1] Not that it matters much to the issue at hand, but it is our contention, as we explained in our emails to this Court after Mr. Nikas broke off settlement discussions, that it was the result of a misunderstood email and that he should have called opposing counsel. He did not.

We also respectfully contend, as we set out in our opposition to Morgan's sanction motion and argued at the hearing, that Morgan has not made a showing to be entitled to the most extreme remedy of case ending sanctions and while that motion remains pending, it does not prohibit McKenzie from continuing forward under the current schedule, including because the Settlement Conference Order issued explicitly warned that he must do so.

Morgan also forgets to inform this Court while complaining about discovery as not made that some time ago, on March 18, 2022, McKenzie produced a raft of evidence that Morgan had complained about.[2] Since that date there has been no further request for additional discovery despite the Court's warning about the remaining deadlines and despite the capaciousness of Morgan's counsel of record.

The request of Morgan to preempt McKenzie from serving a pre-motion letter seeking leave to file a motion for summary judgment should be denied and Morgan should play by the rules.

Respectfully submitted,

*/s/ John J.E. Markham, II*
John J.E. Markham, II
*Counsel for Michael McKenzie*

---

[2]     This included: emails between McKenzie and Greg Allen, reports run from the Art Archive on the Robert Indiana pieces in that database used by American Image Art, and document production and submissions made in the arbitration between McKenzie and the Estate.