**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7228**

WRITER'S EMAIL ADDRESS
**lukenikas@quinnemanuel.com**

June 15, 2022

**VIA ECF**
Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

Re:   *Morgan Art Foundation Ltd. v. McKenzie*, 18-cv-04438 (AT)

Dear Judge Moses,

I write on behalf of Plaintiff Morgan Art Foundation ("MAF") regarding the case schedule to provide a brief response to the opposition letter filed today by Michael McKenzie. McKenzie's position violates both the letter and spirit of the Court's and the parties' prior discussions of scheduling. In effect, he seeks to deprive MAF of expert discovery that the parties agreed would take place following the sanctions ruling and that the Court expressly contemplated following the sanctions ruling, and of further fact discovery that MAF requested as part of its pending sanctions motion. To support his position, McKenzie makes several statements that require correction.[1]

*First*, McKenzie claims that MAF never requested further discovery following his belated production of documents on March 18, 2022, never requested that discovery be extended, and that McKenzie already produced the "raft of evidence that Morgan had complained about." Dkt. 496, at 2-3. McKenzie's statements are inaccurate. MAF expressly requested that the Court order additional fact discovery as part of its sanctions ruling. For example, MAF argued that, if terminating sanctions are not granted, then the Court should order further document and deposition discovery related to the evidence McKenzie wrongfully concealed. And both the parties and the Court have repeatedly discussed the fact that, at a minimum, expert discovery was contemplated following the Court's ruling on sanctions. In other words, MAF has argued, as part of a pending motion, that discovery should be extended, and we properly believed based on the parties'

---

[1] McKenzie makes other inaccurate statements that are unnecessary to address in detail in this letter, such as his head-shaking claim, again, that his crystal-clear refusal to accept terms he had previously agreed upon was in fact a "misunderstanding" of his counsel's unambiguous email. Markham's recounting of the mediation discussion about his proposed summary judgment motion is also incomplete.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

discussions and the Court's statements that expert discovery would take place following the sanctions ruling.

*Second*, McKenzie argues that the Court's order regarding the settlement conference upends this case history. Not so. The obvious purpose of the language McKenzie quotes from that order was to advise the parties that scheduling the *settlement conference* does not affect any litigation deadlines or other obligations. That instruction has nothing to do with the scheduling impact of the sanctions motion, MAF's request for additional fact discovery, and the parties' and the Court's discussions about scheduling expert discovery following the sanctions ruling.

*Third*, McKenzie claims that MAF "selectively quotes" from the scheduling order and "ignores" the portion addressing the case deadlines—once again, as if those dates alter the specific case history described above. They don't. The purpose of that stipulation, as expressed by the parties in the language I quoted, was to ensure that expert discovery took place a reasonable time after the sanctions hearing—*i.e.,* so that we'd already have the ruling and the opportunity to conduct discovery accordingly. The parties expressly discussed this chronology, which was consistent with the Court's views about the order of operations.

The bottom line is simple: McKenzie claims to be "just following the rules," nothing more, nothing less. But that is not what is going on. McKenzie's counsel knows the specific case history: he knows that McKenzie's position would deprive MAF of the fact discovery it requested in its pending motion, knows that his position would deprive MAF of expert discovery, and knows that his proposed approach is directly contrary to the parties' discussions and the Court's statements about scheduling. The motivation, therefore, could hardly be more transparent: McKenzie doesn't want to "follow the rules," he wants to skip damaging expert discovery and further damaging fact discovery, and jump right to a summary judgment motion that he, apparently, still doesn't understand is detached from the reality of the law and the facts in this case. It would be highly prejudicial to force MAF to incur the considerable expense of responding to McKenzie's Rule 56.1 statement before the sanctions motion is ruled upon, and, if terminating sanctions are not granted, before permitting MAF to conduct expert discovery and the additional fact discovery it is entitled to receive and that the parties and the Court contemplated. McKenzie's position that MAF should advance these arguments in response to his summary judgment motion makes no sense.

For these reasons and the reasons stated in my opening letter, MAF respectfully requests that the Court adjourn the current schedule, including the timing of summary judgment motions, pending the outcome of MAF's motion for sanctions.

Respectfully submitted,

*/s/ Luke Nikas*

Luke Nikas