**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MORGAN ART FOUNDATION LTD.,

                    Plaintiff,

        - against -                     Case No. 18-CV-4438 (JLR) (BCM)

MICHAEL McKENZIE, *et al.*,

                  Defendants.

 

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFIRM FINAL
ARBITRATION AWARD WITH INJUNCTION**

**EATON PEABODY**

Alfred J. Falzone, Bar No. 5418777
Seth W. Brewster, pro hac vice application
forthcoming

100 Middle Street
P.O. Box 15235
Portland, ME  04112-5235
Telephone: 207-274-5266

*Attorneys for Defendant/Crossclaim-
Defendant Nathaniel S. Putnam, as
successor to James W. Brannan as Personal
Representative of the Estate of Robert
Indiana*

i

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 2

ARGUMENT ............................................................................................................................ 6

I.   LEGAL STANDARD FOR CONFIRMING ARBITRATION AWARDS UNDER
     THE FAA ...................................................................................................................... 6

II.  THE ESTATE'S MOTION IS TIMELY AND JURISDICTION AND VENUE ARE
     PROPER ...................................................................................................................... ..8

III. THE FINAL ARBITRATION AWARD IS FINAL FOR PURPOSES OF FAA
     SECTION 9 .................................................................................................................. ..8

IV.  THE COURT SHOULD CONFIRM THE FINAL ARBITRATION AWARD
     BECAUSE IT IS JUSTIFIED AND THERE IS NO GROUND TO VACATE IT .............. ..9

V.   EXPEDITED TREATMENT IS APPROPRIATE ................................................................ 11

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Allied-Bruce Terminex Cos., Inc. v. Dobson*,
    513 U.S. 265 (1995).................................................................................10

*Brit. Ins. Co. of Cayman v. Water St. Ins. Co.*,
    93 F. Supp. 2d 506 (S.D.N.Y. 2000)..................................................11

*Companion Prop. & Cas. Ins. Co. v. Allied Provident Ins., Inc.*,
    No. 13-CV-7865, 2014 WL 4804466 (S.D.N.Y. Sept. 26, 2014)....................11, 14

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)..........................................................11, 13

*Folkways Music Publishers, Inc. v. Weiss*,
    989 F.2d 108 (2d Cir. 1993)..............................................................11

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)........................................................................10

*Idea Nuova, Inc. v. GM Licensing Grp., Inc.*,
    617 F.3d 177 (2d Cir. 2010)...............................................................14

*ReliaStar Life Ins. Co. v. EMC Nat. Life Co.*,
    564 F.3d 81 (2d Cir. 2009)...............................................................13

*Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662, 671 (2010)..................................................................11

*Tube City IMS, LLC v. Anza Capital Partners LLC*,
    25 F. Supp. 3d 486, 488–89 (S.D.N.Y. 2014)........................................12

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*,
    103 F.3d 9 (2d Cir. 1997).............................................................13, 14

*Yahoo! Inc. v. Microsoft Corp.*,
    983 F. Supp. 2d 310 (S.D.N.Y. 2013)..........................................11, 12, 15

**Statutes**

9 U.S.C. § 2..................................................................................................10

9 U.S.C. § 6..................................................................................................11

9 U.S.C. § 9................................................................................... *passim*

9 U.S.C. § 10.....................................................................................   13

9 U.S.C. § 11 ........................................................................................................................... 13

**Rules**

AAA Commercial Rules, Rule R-37 ....................................................................………5

Defendant/Crossclaim-Defendant Nathaniel S. Putnam, as successor to James W. Brannan as Personal Representative of the Estate of Robert Indiana (the "Estate") submits the following Memorandum of Law in Support of its Motion to Confirm the Final Arbitration Award with Injunction (the "Final Arbitration Award") entered by the American Arbitration Association ("AAA") on July 14, 2023, against Crossclaim-Plaintiff Michael McKenzie and his sole proprietorship American Image Art (together "AIA"). The Estate respectfully requests that the Court confirm the Final Arbitration Award on an expedited basis.

## PRELIMINARY STATEMENT

On October 9, 2018, this Court granted the Estate's motion to compel arbitration of AIA's claims in this action against the Estate. ECF No. 94. On June 27, 2019, the Estate filed an arbitration against AIA concerning the parties' rights under certain agreements that AIA entered into with Robert Indiana during his lifetime (the "Arbitration," AAA Case Number 01-19-001-9789); AIA counterclaimed against the Estate in the Arbitration. Since that time, the Arbitration has been pending before a three-arbitrator AAA panel (the "Panel").

Previously, on September 10, 2021, the Estate filed with the Panel an emergency request for immediate interim measures, pursuant to AAA Commercial Rule R-37, to prevent Mr. McKenzie from disposing of artwork that was the subject of the Arbitration. On September 14, 2021, after receiving briefing and evidence from both parties on that issue, the Panel entered the Interim Arbitration Award. On October 18, 2021, this Court entered the Stipulation and Consent Order Confirming Interim Award and Entering Injunction. ECF No. 428.

After accepting evidence, having a hearing, and receiving oral arguments, the Panel issued its Final Arbitration Award on July 14, 2023, which was transmitted to the parties on July

1

18. Declaration of Alfred J. Falzone in Support of Motion to Confirm Final Arbitration Award ("Falzone Decl."), Ex. 1.

The Estate now asks this Court to enter an Order confirming the Final Arbitration Award and thus ensure its enforceability. Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), this Court "must grant such an order unless the award is vacated, modified, or corrected as prescribed by sections 10 and 11 of" the FAA. 9 U.S.C. § 9.

Here, judicial confirmation of the Final Arbitration Award is appropriate because the Final Arbitration Award awards both legal and equitable relief that was necessary to resolve the parties' claims asserted in the underlying arbitration, and the Panel had the authority to award this relief under the AAA Commercial Rules (to which the parties agreed) and there is no evidence of fraud, corruption, bias, or manifest disregard of the law.

Finally, expedited treatment of this Motion is appropriate, given the time-sensitive nature of the subject matter of the Award and the relief requested.

## STATEMENT OF FACTS

The claims between AIA and the Estate arose out of a production agreement that existed between the renowned artist Robert Indiana and AIA during Indiana's lifetime. In 2008, Indiana entered into an agreement with AIA authorizing AIA to produce and sell prints and sculptures based on Indiana's *HOPE* design (the "HOPE Agreement"). HOPE Agreement, Ex. A to the Estate's Amended Demand for Arbitration and Statement of Claim. Falzone Decl. Ex. 2. Indiana died on May 19, 2018, and James W. Brannan, the Personal Representative of the Estate, was substituted in for Indiana as a party in this action. ECF No. 35. The day before Indiana died, the Morgan Art Foundation Ltd. ("Morgan") commenced these proceedings, suing Indiana, Indiana's

2

caretaker Jamie Thomas, and AIA. ECF No. 1. On July 12, 2023, Nathaniel S. Putnam was substituted for Mr. Brannan as a party in this action. ECF No. 505.

On September 7, 2018, AIA filed a Second Amended Answer that included crossclaims against the Estate. ECF No. 61. The Estate moved to compel arbitration of those crossclaims based on the arbitration clause in the HOPE Agreement, which reads as follows:

> **AGREED AS WRITTEN**
> Neither the Publisher nor the Artist has been induced into this agreement and both wish to see it succeed as defined herein. This agreement contains the entire agreement of the parties concerning the subject matter hereof and supersedes any other agreement whether written or oral and any modifications must be made in writing and initialed or signed by both parties.
>
> It is further agreed that any liability of the Artist under this agreement shall be limited to an amount no greater than the amount of funds received by the Artist under this agreement. Any disputes will be settled by arbitration through the American Arbitration Association, governed by laws of the State of New York.

HOPE Agreement at 6 (emphasis added); *see* ECF Nos. 69-71. This Court granted the Estate's motion on October 9, 2018, ordering the parties to proceed to arbitration and staying all of AIA's crossclaims against the Estate based on the above arbitration clause, which the parties "agree[d] govern[ed] the claims between them." ECF No. 94.

The parties proceeded to the Arbitration, which is captioned as *Brannan v. McKenzie et al.*, AAA Case No. 01-19-0001-9789. The situs of the Arbitration was New York, New York. *See* Falzone Decl. ¶ 2. The parties submitted witness testimony by written statement and an evidentiary hearing proceeded on September 28, 2021. As particularly relevant here to the Estate's request for expedited consideration and immediate relief, a key issue decided by the Panel was that the Estate is entitled to retrieve unsold Indiana artworks that are in AIA's possession, custody, or control on or after August 13, 2023. *See* Final Award ¶ 6, at 46 (Falzone Decl., Ex. 1).

## THE FINAL AWARD

On July 14, 2023, the Panel issued a 49-page Final Award, which set forth the procedural history of the arbitration, the evidentiary hearing record, the contentions of the parties, the facts, the analysis, and the Final Award, which provides as follows:

For the foregoing reasons, the undersigned Tribunal hereby awards, as its FINAL AWARD, as follows:

1. It is declared that the following agreements were effectively terminated in their entirety as of May 19, 2018:  (a) Agreement for Art Editions (dated August 11, 2008) (JX-1); (b) Addendum to Hope Contract (dated September 28, 2010) (JX-2); (c) Addendum to Hope Contract (dated September 1, 2011) (JX-3); (d) Hope Wine (dated October 4, 2011) (JX-4); and (e) Addendum to Agreement (dated March 31, 2021) (JX-5).

2. It is declared that any and all oral agreements or understandings between the late artist, Robert Indiana ("Indiana") and Michael McKenzie ("McKenzie") and/or between Indiana and McKenzie doing business as American Image Art, were effectively terminated in their entirety as of May 19, 2018.

3. Respondents shall pay to Claimant, as proceeds due to the Estate on the sale of Artists' Proofs, the sum of $581,250.00.

4. Respondents shall pay to Claimant, for the sale of HOPE Artwork after the Estate's termination of all agreements, the sum of $443,892.00.

5. Respondents shall pay to Claimant, in satisfaction of royalties due on the sale of the BRAT sculpture to Johnsonville Holdings, Inc, the sum of $359,465.00.

6. It is ordered that, within thirty (30) days of the date of this Award, McKenzie and American Image Art shall release for delivery to UOVO Rockland County – Blauvelt, 100 Bradley Hill Road, Blauvelt, NY 10913 ("UOVO"), all Indiana Artwork subject to the Interim Award with Injunction entered in this arbitration on September 14, 2021. Claimant shall be responsible for one hundred (100) percent of charges incurred in connection with (a) the transfer of the Indiana Artwork to UOVO and (b) all UOVO storage and related charges incurred in accordance with this Award.

7. The fair market value of the Indiana Artwork delivered to UOVO in accordance with this Award shall be determined by one of the following three appraisers, selected by the Estate pursuant to the following order of priority:

   a. Sharon Chrust & Associates, LLC, 107 Saddle Rock Road, Stamford, CT ("Chrust"). If Chrust does not accept the appointment or does not commit in writing to perform in

a timely manner and for a reasonable fee all services prescribed in this Award for performance by an appraiser, then:

b. Deborah G. Spanierman, DGS Fine Art Consultants and Appraisal Services, Pleasantville, NY. "(Spanierman") If Spanierman does not accept the appointment or does not commit in writing to perform in a timely manner and for a reasonable fee all services prescribed in this Award for performance by an appraiser, then:

c. Helen D. Lally, Helen D. Lally Fine At, Ltd. New York, NY.

Subject to the lien set forth in paragraph 10, below, the appraiser selected by the Estate in accordance with this paragraph (the "Appraiser"), in addition to performing a market appraisal of all Indiana Artwork, shall divide the Indiana Artwork between Claimant and Respondents based on the appraised market value of such work of art, as follows:  (i) for all artwork market as Artist's Proofs, one hundred (100) percent to Claimant; (ii) for all other sculptures, thirty (30) percent allocated to Claimant and seventy (70) percent allocated to Respondents; (iii) for all other artwork in any medium other than sculpture, fifty (50) percent allocated to Claimant and fifty (50) percent allocated to Respondents.

8. The Appraiser shall have broad discretion in the performance of the Appraiser's duties set forth in this Award in accordance with industry practice. The Appraiser's discretion shall extend to selling a limited number of Indiana Artworks within each category (sculpture and non-sculpture) and distributing the proceeds of sale to the Parties, as the Appraiser may reasonably deem necessary to achieve, after the payment of standard sales commissions (if any), a distribution of value between Claimant and Respondents according to this Final Award.

9. Claimant and Respondents are hereby declared to be jointly and severally liable to indemnify the Appraiser for any and all legal expenses including counsel fees, damages, or other liability or expenses arising from or relating to the performance of the Appraiser's duties as set forth in this Award.

10. It is declared that: (a) Claimant has a lien interest in the Indiana Artwork allocated to Respondents by the Appraiser, and (b) the Appraiser shall retain and hold the Indiana Artwork allocated to Respondents until Respondents pay to Claimant the sum of $1,384,607.00 (the "Monetary Award"), and the Appraiser receives written confirmation from Claimant of its receipt of such payment in full.  If Respondent fails to pay the Monetary Award within 60 days of this Award, thereafter the Appraiser shall cause to be delivered to Claimant, from Indiana Artwork that the Appraiser otherwise would allocate to Respondents, Indiana Artwork that corresponds in appraised value to $1,500,000.00 minus any partial payments received by Claimants from Respondents on account of the Monetary Award.

11. UOVO shall release the Indiana Artwork in accordance with the written instructions of the Appraiser.

12. It is declared that, henceforth and in perpetuity, McKenzie and American Image Art shall have no right in law or in equity to produce, manufacture, or create any Indiana Artwork.

13. It is declared that, on or after the date of this Award, McKenzie and American Image Art shall not sell, gift, transfer, or in any way deal in any Indiana Artwork, with the exception of: (a) Indiana Artwork released to Respondents pursuant to the Appraiser's instructions and this Award, and (b) Indiana Artwork documented as having been purchased by Respondents in arm's length transactions completed prior to the death of Indiana.

14. It is declared that neither Claimant nor Respondents have substantially prevailed in their respective claims, defenses, or counterclaims, and that each Party shall be responsible for its attorneys' fees and expenses as incurred.

15. The administrative fees of the American Arbitration Association totaling $47,750.00 and the compensation of the Arbitrators totaling $547,915.75 shall be borne fifty (50) percent by Claimant and fifty (50) percent by Respondents. Therefore, Respondents shall reimburse Claimant the sum of $283,097.88.

16. This Award is in full settlement of all remaining claims and counterclaims submitted in this arbitration. All claims or counterclaims not expressly granted herein are denied.

17. This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

Final Award, at pp. 46-49 (Falzone Decl., Ex. 1)

## ARGUMENT

## I.   Legal Standard for Confirming Arbitration Awards Under the FAA

The Estate is entitled to confirmation of the Final Arbitration Award under the FAA.[1] The

FAA, 9 U.S.C. § 1 *et seq.*, "provides for expedited judicial review to confirm, vacate, or modify

arbitration awards." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). An

application to confirm an arbitration award under the FAA is "a summary proceeding that merely

---

[1] The FAA governs this dispute because the HOPE Agreement, an agreement between Indiana (a Maine resident during his lifetime) and AIA (based in New York) that contemplated the sale of Indiana-attributed artworks, is a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2; *see also Allied-Bruce Terminex Cos., Inc. v. Dobson*, 513 U.S. 265, 277 (1995); HOPE Agreement at 1 (indicating the parties' residences). AIA has agreed that the FAA applies in other filings, including in the Arbitration, this proceeding, and in an action that AIA filed in the District of Maine. *See, e.g.*, ECF No. 80 at 9; *McKenzie v. Brannan*, D. Me. No. 20-cv-00262, ECF No. 24 at 7–8.

makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Such applications "shall be made and heard in the manner provided by law for the making and hearing of motions . . . ." 9 U.S.C. § 6.

The court "must grant" the confirmation motion "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. An arbitrator's rationale for an award need not be explained in the award itself. "Rather, '[w]here an arbitrator has not set forth the specific rationale supporting the decision, the Court may confirm an award if a ground for the arbitrator['s] decision can be inferred from the case.'" *Companion Prop. & Cas. Ins. Co. v. Allied Provident Ins., Inc.*, No. 13-CV-7865, 2014 WL 4804466, at *4 (S.D.N.Y. Sept. 26, 2014) (quoting *Brit. Ins. Co. of Cayman v. Water St. Ins. Co.*, 93 F. Supp. 2d 506, 515 (S.D.N.Y. 2000)).

Further, the grounds to vacate an award are narrow. Indeed, "[a]rbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). For example, "in order to vacate an award on" the ground that the arbitrator exceeded his authority, "'it is not enough for petitioners to show that the panel committed an error—or even a serious error.' . . . Rather, it is only when an arbitrator 'strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable.'" *Yahoo! Inc. v. Microsoft Corp.*, 983 F. Supp. 2d 310, 315 (S.D.N.Y. 2013) (quoting *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).

## II.    The Estate's Motion is Timely and Jurisdiction and Venue are Proper

As a threshold matter, the Estate's request for confirmation is timely. The FAA requires applications to confirm arbitration awards to be filed within one year after they are entered. 9 U.S.C. § 9. The instant Motion was filed only weeks after the Final Arbitration Award was issued.

Jurisdiction and venue are also appropriate. This Court already has subject matter jurisdiction over the instant proceeding. *See* ECF No. 47 ¶ 24. And venue is appropriate under the FAA, 9 U.S.C. § 9, because the award was made within this District. *See* Falzone Decl. ¶ 2; 9 U.S.C. § 9 ("If no court is specified in the agreement of the parties, then such application [for judicial confirmation] may be made to the United States court in and for the district within which such award was made.").

## III.    The Final Arbitration Award is Final for Purposes of FAA Section 9

This Court has the power to confirm the Final Arbitration Award as a final award. *See* 9 U.S.C.A. § 9. "Arbitration awards are not self-enforcing. Rather, they must be given force and effect by being converted to judicial orders by courts." *Tube City IMS, LLC v. Anza Capital Partners LLC*, 25 F. Supp. 3d 486, 488–89 (S.D.N.Y. 2014) (internal quotation and citation omitted). Moreover, the Final Arbitration Award is time-sensitive in nature: it is aimed at immediately preventing AIA from transferring artwork and retrieving such artwork on or immediately after August 13, 2023. To have any meaning, it must be enforced immediately. *See Yahoo!*, 983 F. Supp. 2d at 319 (confirming interim award for equitable relief based on finding of irreparable harm and stating "given the time sensitive nature" of the relief ordered, "the parties have a clear interest in enforcing the equitable award . . . as soon as possible"). Therefore, this Court has the power to confirm the Final Arbitration Award now, and on an expedited basis.

## IV.    The Court Should Confirm the Final Arbitration Award Because It Is Justified and There is No Ground to Vacate It

The Court should confirm the Final Arbitration Award. As noted above, the Court's scope of review of the Final Arbitration Award in this summary proceeding is extremely limited. Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted); *see also ReliaStar Life Ins. Co. v. EMC Nat. Life Co.,* 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks omitted). The Court "must grant" confirmation of the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. If AIA challenges the Final Arbitration Award, its burden is a heavy one. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (hereinafter, "*Willemijn*") ("The showing required to avoid summary confirmation of an arbitration award is high . . . and a party moving to vacate the award has the burden of proof.").

The FAA allows for vacatur if the award (1) "was procured by corruption, fraud, or undue means;" if (2) there "was evident partiality or corruption in the arbitrators, or either of them;" (3) in the event of arbitrator "misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.[2]

---

[2] The bases for modification set forth in Section 11 have no clear application either; they concern material calculation mistakes, "evident material" mistakes in the "description of any person, thing, or property referred to in the award," if the arbitrators have "awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted," or if "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

A court may also vacate an arbitration award if there is manifest disregard of the law, which requires a showing of "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." *Willemijn*, 103 F.3d at 12. Rather, it must be shown that the arbitrators understood the law and stated it correctly but chose to ignore it. *Id.*

Here, no such circumstances exist. First, there is much more than a barely colorable justification for the Award. So long as "a ground for the panel's decision can be inferred from the parties' moving papers," the court "need look no further." *Companion Property and Cas. Ins.*, 2014 WL 4804466, at *4; *see also Willemijn*, 103 F.3d at 12 ("arbitrators are not required to provide an explanation for their decision").

Second, there is no other basis to vacate the award. For example, there is no question that the Panel had authority to enter the Final Arbitration Award. Under the relevant agreement, the parties agreed to arbitrate "through the American Arbitration Association," *see* HOPE Agreement at 6, and thus incorporated the AAA Rules into their agreement. *See* AAA Commercial Rules, Rule 1(a) ("The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for . . . arbitration by the AAA of a domestic commercial dispute without specifying particular rules."); *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 181 (2d Cir. 2010) (when parties "expressly agree to submit their commercial disputes 'to AAA arbitration for resolution,' . . . such language is reasonably understood [to mean] . . . arbitration pursuant to AAA rules and to the incorporation of those rules into the parties' agreement.").

There is also no evidence of partiality, bias, or prejudice to Mr. McKenzie's rights: the Panel did not issue the Final Arbitration Award until both parties had an opportunity to submit

evidence and to be heard. Moreover, the Panel went to some lengths to state that neither party had prevailed for the purpose of awarding attorneys' fees. *See* Final Award ¶ 14, at 49 (Falzone Decl., Ex. 1). Nor can AIA point to any evidence of fraud, corruption, or other impropriety in the proceeding. AIA may attempt to relitigate the merits of the injunction, but "an arbitration award may not be vacated because of disagreement with the arbitrator's evaluation of the evidence." *Yahoo!*, 983 F. Supp. 2d at 315 (quoting *Data & Development, Inc. v. InfoKall, Inc.,* 513 Fed. App'x. 117, 118 (2d Cir. 2013)). Accordingly, the Court "must grant" the Estate's Motion.

## V.     Expedited Treatment is Appropriate

The Estate filed this Motion by Order to Show Cause and respectfully requests expedited treatment of this Motion. Should it come to light, at any time, that AIA is violating the Final Arbitration Award, the Estate will have no recourse to enforce it without the judicial confirmation it seeks. *See Yahoo! Inc. v. Microsoft Corp.*, 983 F. Supp. 2d 310, 319 (S.D.N.Y. 2013) ("[B]ecause the Court is mindful of the time-sensitive nature of Yahoo's compliance with the injunction, Microsoft's cross-petition to confirm the arbitration award is granted."). Given the time-sensitive nature of the Final Arbitration Award, the expedited briefing and adjudication of this Motion is appropriate.

## CONCLUSION

For the foregoing reasons, the Court should grant the Estate's Motion and confirm the Final Arbitration Award.

NATHANIEL S. PUTNAM

By his attorneys,

Dated:  August 15, 2023                        /s/ Alfred J. Falzone
                                                            Alfred J. Falzone, N.Y. Bar No. 5418777
                                                            *Attorneys for Defendant/Crossclaim-*

11

*Defendant Nathaniel S. Putnam, as
successor to James W. Brannan as Personal
Representative of the Estate of Robert
Indiana*

Seth W. Brewster, pro hac vice application forthcoming
EATON PEABODY
100 Middle Street
Portland, ME  04112-5235
207-274-5266
afalzone@eatonpeabody.com
sbrewster@eatonpeabody.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 15, 2023, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the parties registered with the CM/ECF system.

Dated:  August 15, 2023                                    /s/ Alfred J. Falzone_____
                                                                        Alfred J. Falzone