**Alfred J. Falzone**
Direct Dial 207-771-3442
afalzone@eatonpeabody.com



100 Middle St., P.O. Box 15235
Portland, Maine 04112-5235
Phone 207-274-5266  Fax 207-274-5286
www.eatonpeabody.com

August 17, 2023

**VIA ECF**

Honorable Barbara Moses
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   **Re:** *Morgan Art Foundation Ltd. v. McKenzie,* **18-cv-04438-JLR-BCM**
      **Letter-Brief in Response to August 16, 2023, Order (Dkt. No. 512)**

Dear Judge Moses:

  Pursuant to the Court's August 16, 2023, Order (Dkt. No. 512), on behalf of Defendant James W. Brannan, Personal Representative of the Estate of Robert Indiana (the "Estate"), I am submitting this letter-brief to address its authority to seek, and the Court's authority to grant, the Estate's Motion to Substitute its Personal Representative or its Motion to Confirm the Final Arbitration Award.

## PROCEDURAL HISTORY[1]

### Filing of the Action

  On May 18, 2018, Morgan Art Foundation Ltd. ("Morgan") commenced this Action and asserted claims against Michael McKenzie and his sole proprietorship American Image Art (together "McKenzie"), Jamie Thomas ("Thomas"), and Robert Indiana ("Indiana"). Pl.'s Compl. (Dkt. No. 1).  On May 19, 2018, Indiana died, and James W. Brannan, the Personal Representative of the Estate ("the Estate"), was substituted for Indiana as a party in this Action by Order dated July 23, 2018, (Dkt. No. 35).  On July 13, 2018, McKenzie filed his Answer to Morgan's Complaint and their crossclaims against the Estate. Def.'s. Answer (Dkt. No. 29).  On August 3, 2018, McKenzie filed his First Amended Answer and crossclaims against the Estate. Def.'s Amended Answer (Dkt. No. 45).  On September 7, 2018, the Estate filed its Answer to Morgan's First Amended Complaint. (Dkt. No. 62).

---

[1] Portions of this procedural history also is set forth in the Estate's Memorandum of Law in Support of Motion to Confirm Final Arbitration Award. *See* Estate's Mem. Of Law (Dkt. No. 509), at 1-3.

**Court's Order Compelling Arbitration**

On September 7, 2018, McKenzie filed a Second Amended Answer, which also asserted crossclaims against the Estate. (Dkt. No. 61). The Estate moved to compel arbitration of those crossclaims based on the arbitration clause in the HOPE Agreement, which reads as follows:

> AGREED AS WRITTEN
> Neither the Publisher nor the Artist has been induced into this agreement and both wish to see it succeed as defined herein. This agreement contains the entire agreement of the parties concerning the subject matter hereof and supersedes any other agreement whether written or oral and any modifications must be made in writing and initialed or signed by both parties.
>
> It is further agreed that any liability of the Artist under this agreement shall be limited to an amount no greater than the amount of funds received by the Artist under this agreement. **Any disputes will be settled by arbitration through the American Arbitration Association, governed by laws of the State of New York.**

HOPE Agreement at 6 (emphasis added); *see* Tracey Decl. in Supp. of Estate's Mot. to Compel Arbitration (Dkt. No. 69) Ex. A (2008 HOPE Agreement).

By Order dated October 9, 2018 (Dkt. No. 94), the Court ruled that "the Estate's motion to compel arbitration of [McKenzie]'s crossclaims against the Estate and to stay those claims in this proceeding, ECF No. 69, is GRANTED." (emphasis original).

The parties proceeded to the Arbitration, which is captioned as *Brannan v. McKenzie et al.*, AAA Case No. 01-19-0001-9789. The situs of the Arbitration was New York, New York. *See* Falzone Decl. in Supp. Estate's Mot. for Order to Show Cause (Dkt. No. 508) ¶ 2.

**Dismissal of Claims Between the Estate and Morgan**

On June 15, 2021, Morgan and the Estate voluntarily dismissed all claims against one another. *See* June 15, 2021, Order (Dkt. No. 391) ¶¶ 2-3. But, Morgan, the Estate, and, ultimately, the Court, specifically stated in that dismissal that "no claims asserted by Michael McKenzie d/b/a American Image Art shall be affected by this stipulation of dismissal." *Id*. ¶ 5.

**Court's Order Confirming Interim Arbitration Award**

On September 21, 2021, the Estate filed a Motion for an Order confirming an Interim Arbitration Award. *See* Estate's Mot. to Confirm Interim Award (Dkt. No. 427). On October 4, 2021, your Honor reported and recommended (Dkt. No. 432) that the Court deny without prejudice the Estate's Motion to confirm the Interim Award. In that report and recommendation, your Honor expressed authority to grant the requested relief of the Interim Award but recommended denying the Estate's Motion due to the possibility that the Arbitrators might modify the Interim Award before the Court could enter its Order. *Id*. at 4.

On October 15, 2021, the Estate and McKenzie submitted a stipulation and proposed Order on consent to confirm the Interim Arbitration Award to the Court. (Dkt. No. 447). On October 18, 2021, the Court ordered that:

> the Estate's request to confirm the Interim Arbitration Award attached hereto as Exhibit 1 is GRANTED as to paragraphs 1 and 2 of the Interim Arbitration Award, set forth below, and such paragraphs shall have the effect of an order of this Court until such time as the AAA Panel enters an award to the contrary . . . .

(Dkt. No. 448) (emphasis original).

In this October 18, 2021, Order, the Court noted its Order dated October 9, 2018 (Dkt. No. 94), "to compel arbitration of the claims of Cross-Claimants Michael McKenzie d/b/a American Image Art (together McKenzie), staying McKenzie's claims against the Estate pending those proceedings." (Dkt. No. 448 at 1).

## **Analysis**

This Court has retained jurisdiction over McKenzie's crossclaims against the Estate and authority to address the Estate's August 16, 2023, Motions. The Second Circuit has long held that a federal court "which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award. *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir. 1985); *see Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Loc. 261*, 912 F.2d 608, 611 (2d Cir. 1990) ("[I]f a district court compels arbitration . . . it may confirm the award"); *see also Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 573 (2d Cir. 2005) ("the District Court properly retained subject matter jurisdiction under 28 U.S.C. § 1333(1) over any later applications or petitions arising out of the parties' arbitration . . . ."); *Amgen, Inc. v. Kidney Ctr. of Delaware County, Ltd.*, 95 F.3d 562, 566 (7th Cir.1996) ("Once the court orders arbitration, it may, of course, also order compliance with summonses from the arbitrator.").

By Order dated October 9, 2018 (Dkt. No. 94), this Court stayed McKenzie's claims against the Estate, pursuant to 9 U.S.C. § 3. Morgan dismissed its claims against the Estate, and the Estate its claims against Morgan, on June 15, 2021. (Dkt. No. 391). But, the Court specifically stated in its Order that "no claims asserted by Michael McKenzie d/b/a American Image Art shall be affected by this stipulation of dismissal." *Id.* ¶ 5. Later, by Order dated October 18, 2021 (Dkt. No. 448), this Court confirmed the Interim Arbitration Award, as authorized by the Second Circuit. *See Smiga*, 766 F.2d 705.

Under these circumstances, it becomes clear that the Estate has authority to seek, and the Court has authority to grant, Orders on the Estate's Motion to Substitute its Personal Representative and on its Motion to Confirm the Final Arbitration Award.

Sincerely,
/s/ Alfred J. Falzone
Alfred J. Falzone