UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>            Plaintiff,<br><br>- against -<br><br>MICHAEL McKENZIE, d/b/a AMERICAN IMAGE ART, et al.,<br><br>            Defendants. | Case No. 18-cv-4438 (JLR) (BCM)<br><br>[PROPOSED] ORDER CONFIRMING FINAL ARBITRATION AWARD AND ENTERING FINAL ORDER AND JUDGMENT |

WHEREAS, on October 9, 2018, this Court issued an order granting the Motion filed by then Crossclaim-Defendant James W. Brannan (now Nathaniel S. Putman as his successor) as Personal Representative of the Estate of Robert Indiana (the "Estate") to compel arbitration of the claims of Cross-Claimants Michael McKenzie d/b/a American Image Art (together, "McKenzie"), staying McKenzie's claims against the Estate pending those proceedings (Dkt. No. 94).

WHEREAS, after the entry of that Order, the Estate and McKenzie proceeded to arbitration before the American Arbitration Association ("AAA"), in a proceeding captioned *Brannan v. McKenzie et al.*, AAA Case No. 01-19-0001-9789 (the "Arbitration").

WHEREAS, on September 14, 2021, the AAA Panel in the Arbitration entered the Interim Award with Injunction (the "Interim Arbitration Award").

WHEREAS, on October 15, 2021, the Court entered the Stipulation and Consent Order Confirming Interim Award and Order Confirming Interim Award and Entering Injunction. (Dkt. No. 448).

WHEREAS, on July 14, 2023, the AAA Panel in the Arbitration entered the Final Award.

1

WHEREAS, on August 15, 2023, the Estate filed its Motion to Confirm Final Arbitration Award With Injunction. (Dkt. No. 507).

WHEREAS, on August 30, 2023, Crossclaim-Plaintiff McKenzie filed his response to the Motion to Confirm Final Arbitration Award and stated: "While Mr. McKenzie disagrees with certain factual findings in the Award, he recognizes the limited grounds available to challenge the Final Award and does not challenge confirmation."  (Dkt. No. 519).

WHEREAS, the provisions of the Final Award are set forth on pages 46 through 49 of the Final Award, which provisions are set forth in Exhibit 1 attached hereto.

NOW THEREFORE, it is hereby ORDERED as follows:

1. The Estate's Motion to Confirm Final Arbitration Award (Dkt. No. 507) is GRANTED as to paragraphs 1 through 17 (on pages 46-49) of the Final Award, which portion is attached hereto as Exhibit 1, and such paragraphs shall have the effect of an order of this Court;

2. The Clerk will enter the Final Order and Judgment in this action for Crossclaim-Defendant Nathaniel S. Putnam as Personal Representative of the Estate of Robert Indiana and against Crossclaim-Plaintiffs Michael McKenzie and American Image Art as follows:

> 1. It is declared that the following agreements were effectively terminated in their entirety as of May 19, 2018: (a) Agreement for Art Editions (dated August 11, 2008) (JX-1); (b) Addendum to Hope Contract (dated September 28, 2010) (JX-2); (c) Addendum to Hope Contract (dated September 1, 2011) (JX-3); (d) Hope Wine (dated October 4, 2011) (JX-4); and (e) Addendum to Agreement (dated March 31, 2012) (JX-5).
>
> 2. It is declared that any and all oral agreements or understandings between the late artist, Robert Indiana ("Indiana") and Michael McKenzie (McKenzie") and/or between Indiana and McKenzie doing business as American Image Art, were effectively terminated in their entirety as of May 19, 2018.
>
> 3. Respondents [Michael McKenzie and American Image Art] shall pay to Claimant [the Estate], as proceeds due to the Estate on the sale of Artist's Proofs, the sum of $581,250.00.

4.	Respondents [Michael McKenzie and American Image Art] shall pay to Claimant [the Estate], for the sale of HOPE Artwork after the Estate's termination of all agreements, the sum of $443,892.00.

5.	Respondents [Michael McKenzie and American Image Art] shall pay to Claimant [the Estate], in satisfaction of royalties due on the sale of the BRAT sculpture to Johnsonville Holdings, Inc, the sum of $359,465.00.

6.	It is ordered that, within thirty (30) days of the date of this Award [July 14, 2023], McKenzie and American Image Art shall release for delivery to UOVO Rockland County - Blauvelt, 100 Bradley Hill Road, Blauvelt, NY 10913 ("UOVO"), all Indiana Artwork subject to the Interim Award with Injunction entered in this arbitration on September 14, 2021. Claimant [the Estate] shall be responsible for one hundred (100) percent of charges incurred in connection with (a) the transfer of the Indiana Artwork to UOVO and (b) all UOVO storage and related charges incurred in accordance with this Award.

7.	The fair market value of the Indiana Artwork delivered to UOVO in accordance with this Award shall be determined by one of the following three appraisers, selected by the Estate pursuant to the following order of priority:

a.	Sharon Chrust & Associates, LLC, 107 Saddle Rock Road, Stamford, CT ("Chrust"). If Chrust does not accept the appointment or does not commit in writing to perform in a timely manner and for a reasonable fee all services prescribed in this Award for performance by an appraiser, then:

b.	Deborah G. Spanierman, DGS Fine Art Consultants and Appraisal Services, Pleasantville, NY. ("Spanierman"). If Spanierman does not accept the appointment or does not commit in writing to perform in a timely manner and for a reasonable fee all services prescribed in this Award for performance by an appraiser, then:

c.	Helen D. Lally, Helen D. Lally Fine Ats, Ltd. New York, NY.

Subject to the lien set forth in paragraph 10, below, the appraiser selected by the Estate in accordance with this paragraph (the "Appraiser"), in addition to performing a market appraisal of all Indiana Artwork, shall divide the Indiana Artwork between Claimant [the Estate] and Respondents [Michael McKenzie and American Image Art] based on the appraised market value of such work of art, as follows: (i) for all artwork marked as Artist's Proofs, one hundred (100) percent to Claimant [the Estate]; (ii) for all other sculptures, thirty (30) percent allocated to Claimant and seventy (70) percent allocated to Respondents [Michael McKenzie and American Image Art]; (iii) for all other artwork in any medium other than sculpture, fifty (50) percent allocated to Claimant [the

Estate] and fifty (50) percent allocated to Respondents [Michael McKenzie and American Image Art].

8. The Appraiser shall have broad discretion in the performance of the Appraiser's duties set forth in this Award in accordance with industry practice. The Appraiser's discretion shall extend to selling a limited number of Indiana Artworks within each category (sculpture and non-sculpture) and distributing the proceeds of sale to the Parties, as the Appraiser may reasonably deem necessary to achieve, after the payment of standard sales commissions (if any), a distribution of value between Claimant [the Estate] and Respondents [Michael McKenzie and American Image Art] according to this Final Award.

9. Claimant [the Estate] and Respondents [Michael McKenzie and American Image Art] are hereby declared to be jointly and severally liable to indemnify the Appraiser for any and all legal expenses including counsel fees, damages, or other liability or expenses arising from or relating to the performance of the Appraiser's duties as set forth in this Award.

10. It is declared that: (a) Claimant [the Estate] has a lien interest in the Indiana Artwork allocated to Respondents [Michael McKenzie and American Image Art] by the Appraiser, and (b) the Appraiser shall retain and hold the Indiana Artwork allocated to Respondents [Michael McKenzie and American Image Art] until Respondents [Michael McKenzie and American Image Art] pay to Claimant [the Estate] the sum of $1,384,607.00 (the "Monetary Award"), and the Appraiser receives written confirmation from Claimant [the Estate] of its receipt of such payment in full. If Respondent fails to pay the Monetary Award within 60 days of this Award, thereafter the Appraiser shall cause to be delivered to Claimant [the Estate], from Indiana Artwork that the Appraiser otherwise would allocate to Respondents [Michael McKenzie and American Image Art], Indiana Artwork that corresponds in appraised value to $1,500,000.00 minus any partial payments received by Claimants [the Estate] from Respondents [Michael McKenzie and American Image Art] on account of the Monetary Award.

11. UOVO shall release the Indiana Artwork in accordance with the written instructions of the Appraiser.

12. It is declared that, henceforth and in perpetuity, McKenzie and American Image Art shall have no right in law or in equity to produce, manufacture, or create any Indiana Artwork.

13. It is declared that, on or after the date of this Award, McKenzie and American Image Art shall not sell, gift, transfer, or in any way deal in any Indiana Artwork, with the exception of: (a) Indiana Artwork released to Respondents [Michael McKenzie and American Image Art] pursuant to the Appraiser's instructions and this Award, and (b) Indiana Artwork documented as having been purchased by Respondents

[Michael McKenzie and American Image Art] in arm's length transactions completed prior to the death of Indiana.

14. It is declared that neither Claimant [the Estate] nor Respondents [Michael McKenzie and American Image Art] have substantially prevailed in their respective claims, defenses, or counterclaims, and that each Party shall be responsible for its attorneys' fees and expenses as incurred.

15. The administrative fees of the American Arbitration Association totaling $47,570.00 and the compensation of the Arbitrators totaling $547,915.75 shall be borne fifty (50) percent by Claimant [the Estate] and fifty (50) percent by Respondents [Michael McKenzie and American Image Art]. Therefore, Respondents [Michael McKenzie and American Image Art] shall reimburse Claimant [the Estate] the sum of $283,097.88.

16. This Award is in full settlement of all remaining claims and counterclaims submitted in this arbitration. All claims or counterclaims not expressly granted herein are denied.

17. This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

3. The Stipulation and Consent Order Confirming Interim Award and Entering Injunction (Dkt. No. 448) is vacated and replaced by this Final Order and Judgment.

4. That portion of the Order of Reference (ECF No. 510) referring this specific motion to Magistrate Judge Moses is withdrawn; the Order of Reference otherwise remains in effect, including as to all General Pretrial Purposes and any anticipated summary judgment motions.

**SO ORDERED**.

Dated: September 5, 2023
New York, New York

_Jennifer Rochon_
The Hon. Jennifer L. Rochon
United States District Judge

The Clerk of Court is respectfully directed to terminate ECF No. 507.

FINAL AWARD
AAA Case Number 01-19-0001-9789

## FINAL AWARD

For the foregoing reasons, the undersigned Tribunal hereby awards, as its FINAL AWARD, as follows:

1. It is declared that the following agreements were effectively terminated in their entirety as of May 19, 2018: (a) Agreement for Art Editions (dated August 11, 2008) (JX-1); (b) Addendum to Hope Contract (dated September 28, 2010) (JX-2); (c) Addendum to Hope Contract (dated September 1, 2011) (JX-3); (d) Hope Wine (dated October 4, 2011) (JX-4); and (e) Addendum to Agreement (dated March 31, 2012) (JX-5).

2. It is declared that any and all oral agreements or understandings between the late artist, Robert Indiana ("Indiana") and Michael McKenzie (McKenzie") and/or between Indiana and McKenzie doing business as American Image Art, were effectively terminated in their entirety as of May 19, 2018.

3. Respondents shall pay to Claimant, as proceeds due to the Estate on the sale of Artist's Proofs, the sum of $581,250.00.

4. Respondents shall pay to Claimant, for the sale of HOPE Artwork after the Estate's termination of all agreements, the sum of $443,892.00.

5. Respondents shall pay to Claimant, in satisfaction of royalties due on the sale of the BRAT sculpture to Johnsonville Holdings, Inc, the sum of $359,465.00.

6. It is ordered that, within thirty (30) days of the date of this Award, McKenzie and American Image Art shall release for delivery to UOVO Rockland County - Blauvelt, 100 Bradley Hill Road, Blauvelt, NY 10913 ("UOVO"), all Indiana Artwork subject to the Interim Award with Injunction entered in this arbitration on September 14, 2021. Claimant shall be responsible for one hundred (100) percent of charges incurred in connection with (a) the transfer of the Indiana

FINAL AWARD
AAA Case Number 01-19-0001-9789

Artwork to UOVO and (b) all UOVO storage and related charges incurred in accordance with this Award.

7. The fair market value of the Indiana Artwork delivered to UOVO in accordance with this Award shall be determined by one of the following three appraisers, selected by the Estate pursuant to the following order of priority:

   a. Sharon Chrust & Associates, LLC, 107 Saddle Rock Road, Stamford, CT ("Chrust"). If Chrust does not accept the appointment or does not commit in writing to perform in a timely manner and for a reasonable fee all services prescribed in this Award for performance by an appraiser, then:

   b. Deborah G. Spanierman, DGS Fine Art Consultants and Appraisal Services, Pleasantville, NY. ("Spanierman"). If Spanierman does not accept the appointment or does not commit in writing to perform in a timely manner and for a reasonable fee all services prescribed in this Award for performance by an appraiser, then:

   c. Helen D. Lally, Helen D. Lally Fine Ats, Ltd. New York, NY.

   Subject to the lien set forth in paragraph 10, below, the appraiser selected by the Estate in accordance with this paragraph (the "Appraiser"), in addition to performing a market appraisal of all Indiana Artwork, shall divide the Indiana Artwork between Claimant and Respondents based on the appraised market value of such work of art, as follows: (i) for all artwork marked as Artist's Proofs, one hundred (100) percent to Claimant; (ii) for all other sculptures, thirty (30) percent allocated to Claimant and seventy (70) percent allocated to Respondents; (iii) for all other artwork in any medium other than sculpture, fifty (50) percent allocated to Claimant and fifty (50) percent allocated to Respondents.

47

FINAL AWARD
AAA Case Number 01-19-0001-9789

8. The Appraiser shall have broad discretion in the performance of the Appraiser's duties set forth in this Award in accordance with industry practice. The Appraiser's discretion shall extend to selling a limited number of Indiana Artworks within each category (sculpture and non-sculpture) and distributing the proceeds of sale to the Parties, as the Appraiser may reasonably deem necessary to achieve, after the payment of standard sales commissions (if any), a distribution of value between Claimant and Respondents according to this Final Award.

9. Claimant and Respondents are hereby declared to be jointly and severally liable to indemnify the Appraiser for any and all legal expenses including counsel fees, damages, or other liability or expenses arising from or relating to the performance of the Appraiser's duties as set forth in this Award.

10. It is declared that: (a) Claimant has a lien interest in the Indiana Artwork allocated to Respondents by the Appraiser, and (b) the Appraiser shall retain and hold the Indiana Artwork allocated to Respondents until Respondents pay to Claimant the sum of $1,384,607.00 (the "Monetary Award"), and the Appraiser receives written confirmation from Claimant of its receipt of such payment in full. If Respondent fails to pay the Monetary Award within 60 days of this Award, thereafter the Appraiser shall cause to be delivered to Claimant, from Indiana Artwork that the Appraiser otherwise would allocate to Respondents, Indiana Artwork that corresponds in appraised value to $1,500,000.00 minus any partial payments received by Claimants from Respondents on account of the Monetary Award.

11. UOVO shall release the Indiana Artwork in accordance with the written instructions of the Appraiser.

12. It is declared that, henceforth and in perpetuity, McKenzie and American Image Art shall have no right in law or in equity to produce, manufacture, or create any Indiana Artwork.

FINAL AWARD
AAA Case Number 01-19-0001-9789

13. It is declared that, on or after the date of this Award, McKenzie and American Image Art shall not sell, gift, transfer, or in any way deal in any Indiana Artwork, with the exception of: (a) Indiana Artwork released to Respondents pursuant to the Appraiser's instructions and this Award, and (b) Indiana Artwork documented as having been purchased by Respondents in arm's length transactions completed prior to the death of Indiana.

14. It is declared that neither Claimant nor Respondents have substantially prevailed in their respective claims, defenses, or counterclaims, and that each Party shall be responsible for its attorneys' fees and expenses as incurred.

15. The administrative fees of the American Arbitration Association totaling $47,570.00 and the compensation of the Arbitrators totaling $547,915.75 shall be borne fifty (50) percent by Claimant and fifty (50) percent by Respondents. Therefore, Respondents shall reimburse Claimant the sum of $283,097.88.

16. This Award is in full settlement of all remaining claims and counterclaims submitted in this arbitration. All claims or counterclaims not expressly granted herein are denied.

17. This Award may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute together one and the same instrument.

New York, New York