# MARKHAM READ ZERNER LLC

www.markhamreadzerner.com

| | |
|---|---|
| 11A Commercial Wharf West | 908 Main Street/P. O. Box 697 |
| Boston, Massachusetts 02110 | Waldoboro, Maine 04572 |
| T. (617) 523-6329 | T. (207) 790-8049 |
| F. (617) 742-8604 | F. (207) 790-8050 |

May 28, 2024

<u>VIA ECF ONLY</u>

Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

> RE: **Morgan Art Foundation, Ltd. V. McKenzie, Case 18CV04438**
> *Letter re Order Confirming Final Arbitration Award entered in American Arbitration Association Commercial Arbitration Tribunal Case No. 01-19-0001-9789 and UOVO Artwork Inventory*

Dear Judge Moses:

On behalf of Defendants Mr. Michael McKenzie and American Image Art ("McKenzie"), we write this letter seeking a conference to request to schedule a hearing to present evidence as to why we need this Court's assistance in relation to compliance with the AAA final order which has been delayed to the point where it is long past due. We also seek leave of this Court to allow us to file our motion for summary judgment.

### Compliance with AAA Order

The final order issued by AAA has been delayed now for many months. That order, confirmed by this Court, set a specific timetable for the handling of the Indiana artwork. Specifically, the July 2023 arbitrator's order (confirmed by Your Honor in the Order Confirming Final Arbitration Award and Entering Final Order and Judgment, dated September 5, 2023, at Docket No. 521) called for the Estate of Robert Indiana (the "Estate") to pick up all Indiana inventory from McKenzie and transport that art inventory to the UOVO art storage facility at 100 Bradley Hill Road, Blauvelt, NY 10913 in Rockland County by August 12, 2023, and that this artwork could be readied for the appraisers to be appraised, then divided between the parties, Mr. McKenzie, a substantial beneficiary of these proceeds under the order, and the Estate. This process would allow both parties to start generating a cash flow from the inventoried artworks. UOVO was selected by the Estate to handle the artwork and get it ready to be divided. The longer that is delayed, the more the value of the artwork is reduced as the art market was aware that the work was to be divided by McKenzie and the Estate in May 2023, and expected to be released for sale shortly thereafter. The Estate began in July 2023, what should have been a three-day task of picking up the artwork, and did not finish until November 29, 2023,

1

and then began the task of continuing the work, another 3–5-day task on November 29, 2023, and has continued to this day now for six months.

Complicating the multiple months delay further, whenever works of art are released from the American Image Art studio, or any gallery or studio, the well accepted practice of doing an inventory is followed, namely, each work is documented with a photograph and a clipboard count verified by both the releasor and the recipient. In this instance one from Mr. McKenzie and American Image Art and one from the UOVO Art handlers and counsel for the Estate. Subsequently a computer-generated inventory is created in duplicate, signed by both parties, at the location where they were being stored by McKenzie which was in part a self-storage facility and in part at McKenzie's art studio.

This process provides both parties with the same information on what was picked up by UOVO with total reconciliation and inventory accuracy. What occurred was, instead, the Estate instructed UOVO handlers to take multiple boxes of artworks without counting what was in the boxes they took when they departed the American Image Art studio. UOVO handlers said they had been instructed that it would "take too long to count each work." To offset this, the Estate representatives gave the instruction that it would be "easier" and more efficient to do the above-described inventory and reconciliation once the artwork involved had been delivered to the UOVO facility. The Estate representatives assured Mr. McKenzie and American Image Art that they would join the inventory process at the UOVO Long Island City location. Mr. McKenzie and American Image never would have released the artwork without this assurance that both parties would be counting and reconciling the artworks together. Mr. McKenzie assigned that job to two of his employees, Annette Vessecchia and Tim Ginexi. This mutual reconciliation of inventory would, with total accuracy, be a provable inventory of what was taken, thus avoiding discrepancies and arguments about what went out.

Thereafter, Mr. McKenzie attempted on numerous occasions after the artwork was taken to secure access so that an inventory process could be undertaken. Despite telephone calls, he received no response from Estate representatives or UOVO art handlers from November 2023 (when the artwork was received by UOVO) until March 2024. Then, the undersigned wrote to counsel for the Estate seeking such an inventory.

See the attached correspondence from me to Alfred Falzone dated March 19, 2024. Mr. Falzone responded with a communication (also attached), avoiding answering key questions, after the Estate took more than eight months to do the three days of work that would allow the inventory that McKenzie was seeking and UOVO had promised. This extraordinary amount of time caused both American Image Art and the Star of Hope charity (the ultimate beneficiary of the Estate) to lose income.

The failure to do a piece by piece inventory echoes the debacle previously created by the Estate and Morgan, who similarly conducted an "inventory" but also would not open any boxes in which each contained multiple pieces of the artwork (as many as 100) to get an accurate count, again asserting that "it would take too long" despite the fact that

Mr. McKenzie and Annette Vessecchia continually explained that hand written notations on the boxes or in areas depicting various artworks not indicative of what was in the boxes or various locations. Thus, it is an inaccurate inventory.

Having not yet received specifics about when an inventory could be completed with McKenzie present, on May 7, 2024, the undersigned wrote again to counsel (Alfred Falzone) for the Estate specifically seeking a joint inventory and dates when it could occur. The response from Estate counsel was that they had already started an inventory, it was in process, and would be concluded sometime in the future. After the self-proclaimed May 1 deadline, Falzone claimed that the inventory would take until June 12. A simple three-day task has been a moving target for six months and counting with no end in sight.

Considering all the above, we seek an order from this Court directing that the Estate indicate to us specifically when American Image Art can get contact information for UOVO personnel so that the inventory and reconciliation can be completed. This ridiculous waste of time needs to be put in perspective: the pick-up time was three and a half days, counting the work – roughly 1000 plus pieces – should take three to seven days maximum, including a joint reconciliation of the inventory, and the appraisal should take three to seven days maximum. Adding up all the tasks – picking up the art, reconciling the inventory, and having it appraised – should take three to four weeks, at most, and we are now more than nine months in with no end in sight.

The fact that they chose to do this inventory without Mr. McKenzie present, despite having initially told Mr. McKenzie that he would be able to participate in the inventory, raises concerns given the hostility between the parties. Given that they thereafter chose not to include McKenzie, we respectfully submit that this Court should order the specifics we request, and which were agreed upon prior to taking the artwork. While the AAA order does not provide that McKenzie was to participate, he never would have allowed the artwork to be taken by UOVO without such assurance.

Taking inventory without Mr. McKenzie and American Image Art present as promised should not be allowed. They are now willfully preventing American Image Art from working and moving forward with its own inventory while preventing getting earnings from income for the charity they represent and causing both parties to take on unnecessary legal expenses. We request that the Estate be compelled to let Mr. McKenzie and American Image Art reconcile the inventory with both parties present and to stop creating multi-month delays.

**Leave to File Summary Judgment Motion**

Last fall McKenzie sought leave to file a summary judgment motion seeking to dismiss all counts alleged by Plaintiff Morgan Art Foundation which this Court held to be delayed. We now seek to file such a motion. It is not fact related other than a few indisputable facts but argues that the claims of Morgan are all legally flawed.

        Very Truly Yours,

        MARKHAM READ ZERNER, LLC

        */s/ John J.E. Markham, II*

cc:  Counsel of Record