quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7228**

WRITER'S EMAIL ADDRESS
**lukenikas@quinnemanuel.com**

August 22, 2024

**VIA E-FILE**
Honorable Barbara Moses
United States District Court
Southern District of New York
New York, New York 10007

Re:     *Morgan Art Foundation Ltd. v. McKenzie*, 18-cv-04438

Dear Judge Moses,

I write on behalf of Morgan Art Foundation regarding the status of Morgan's request for sanctions against Defendant Michael McKenzie, as the Court requested during the conference held on August 8, 2024. Morgan's request for sanctions remains unchanged and fully justified, and nothing has occurred since the motion was submitted to alter the scope of or justification for Morgan's request.

*First*, McKenzie engaged in egregious discovery misconduct that requires terminating sanctions. Among other violations, McKenzie refused to sit for his deposition and forced Morgan to file a motion to compel, which the Court said was McKenzie's only free bite at the apple. He lied to the Court about his document productions. He refused to produce relevant documents. He hid highly relevant documents. He violated the Court's artwork inspection order by hiding an extraordinary number of artworks at issue in this case, while lying to Morgan that he had made all the artwork in his possession or control available for inspection. The list goes on and on. And nothing that has happened since the sanctions argument changes the clear evidence of these and other violations.

In fact, McKenzie's production of documents after the sanctions motion was argued, which included numerous documents from McKenzie's Art Archive of Robert Indiana artworks and emails with one of his key resellers about sales of Indiana works, only further proves his misconduct. Specifically, although McKenzie repeatedly represented throughout the case to Morgan's counsel and this Court that he had no documents related to Indiana beyond what he had already produced, his additional production of critical documents once again put the lie to his representations. Moreover, the production doesn't come close to remedying the numerous issues

presented by McKenzie's discovery abuses, especially when he has had multiple opportunities to engage in good-faith discovery. Instead, it only makes the situation worse, because the production of new documents, which McKenzie turned over after the Court had already allowed Morgan to conduct supplemental discovery based on McKenzie's prior discovery violations, would require yet *another* round of substantial discovery. Enough is enough.

*Second*, the Estate's successful arbitration against McKenzie does not change the scope or rationale for Morgan's requested sanctions. Although the arbitration panel concluded that Robert Indiana authorized some or all of the artworks at issue in the arbitration (N.B., Morgan was not a party in that arbitration, which presented a relatively narrow hearing record with respect to that issue), the key questions here are: (1) whether Indiana had the contractual right to authorize McKenzie to make the artworks at issue in this litigation (he didn't, because Indiana separately transferred to Morgan both the intellectual property rights *and* the exclusive right to fabricate the works at issue); and (2) if Indiana didn't have such rights, whether McKenzie tortiously interfered with Morgan's contractual rights or infringed Morgan's intellectual property rights (McKenzie did both). The arbitration panel's decision is irrelevant to those questions: even assuming, *arguendo*, that Indiana "authorized" the artworks that McKenzie made, Morgan's claims against McKenzie for infringement and tortious interference with contract remain fully intact. Morgan could ultimately attempt to resolve these issues with the Star of Hope, assuming it owns the physical artworks, but the possibility of doing in the future so has no bearing on Morgan's right to terminating sanctions, the grounds for its lawsuit, or the judgment that the Court should enter against McKenzie on both his counterclaims against Morgan and Morgan's claims against him.

In short, it would be difficult to imagine a more disturbing record of discovery misconduct. And nothing has occurred to change that since the Court heard argument on the sanctions motion. Instead, the scope of McKenzie's misconduct, and the impossibility of fairly remedying it, has only become clearer. The Court should grant Morgan's motion for terminating sanctions and enter judgment against McKenzie.

Respectfully submitted,

*/s/ Luke Nikas*

Luke Nikas