UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN ART FOUNDATION LIMITED,

                Plaintiff,

-against-

MICHAEL McKENZIE d/b/a AMERICAN IMAGE ART,

                Defendant.

No. 1:18-cv-04438 (JLR) (BCM)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On October 9, 2018, the Court granted the motion brought by the Personal Representative of the Estate of Robert Indiana (the "Estate") to compel arbitration of the crossclaims asserted against it by Michael McKenzie d/b/a American Image Art ("McKenzie"). *See* Dkt. 94 at 3. The Estate and McKenzie then proceeded to arbitration before the American Arbitration Association ("AAA"), and on July 14, 2023, an AAA tribunal issued an award resolving all claims asserted between the Estate and McKenzie (the "Final Award"). *See* Dkt. 521 at 1, 5. On September 5, 2023, the Court entered an order confirming the Final Award, *see generally id.*, and on September 7, 2023, the Court directed the Clerk of Court to enter judgment in favor of the Estate and against McKenzie pursuant to Federal Rule of Civil Procedure ("Rule") 54(b), *see* Dkt. 524. On September 8, 2023, the Clerk of Court entered judgment (the "Final Judgment") consistent with the Court's order. *See* Dkt. 525. To date, McKenzie has failed to satisfy the Final Judgment, and the Estate now brings this this unopposed letter motion (the "Motion") in support of an application for a writ of execution pursuant to Rule 69(a) to enforce the Final Judgment. *See* Dkt. 571; *see also* Dkt. 572. For the reasons that follow, the Motion is GRANTED.

In relevant part, the Final Award directed the Indiana Artwork subject to the award to be delivered to UOVO, a storage facility, after which an appraiser selected by the Estate (the "Appraiser") would determine the fair market value of the Indiana Artwork and divide it between the Estate and McKenzie. *See* Dkt. 521 at 3. The Final Award also required McKenzie to pay $1,384,607.00 to the Estate (the "Monetary Award") and provided that the Estate would have a lien interest in the Indiana Artwork allocated to McKenzie by the Appraiser. *See id.* at 4. The Appraiser would retain and hold the Indiana Artwork allocated to McKenzie until McKenzie paid the Monetary Award, and if McKenzie failed to do so within sixty days of the Final Award, the Appraiser would facilitate the delivery to the Estate of Indiana Artwork that would otherwise be allocated to McKenzie corresponding to an appraised value of $1,500,000.00, minus any partial monetary-award payments McKenzie already made to the Estate. *See id.* The Final Award further directed McKenzie to reimburse the Estate $283,097.88 in arbitration costs. *Id.* at 5.

On October 10, 2023, the Estate filed an application for a writ of execution to facilitate the transportation of the Indiana Artwork to UOVO. *See* Dkts. 526, 529. McKenzie opposed the request. *See* Dkt. 528. On October 16, 2023, the Court denied the Estate's application without prejudice because "McKenzie ha[d] since confirmed to the Court that it does 'not oppose[] the artwork pickup dates' proposed by the Estate." Dkt. 534 (second alteration in original) (quoting Dkt. 532). On October 26, 2023, the Estate filed a renewed application for a writ of execution "[g]iven McKenzie's threats and repeated failures to confirm UOVO's planned removal of the Indiana Artwork." Dkt. 535 at 3. McKenzie again opposed the request "because [counsel] ha[d] repeatedly informed the Estate that [McKenzie would] either be present or have present a representative on the scheduled pick-up date present at the pick-up facility so that they can gain access to the artwork." Dkt. 536 at 1. The Court ordered the

parties to appear for a remote conference on on October 27, 2023, regarding the renewed application. *See* Dkt. 538. At the conference, the Court confirmed McKenzie's counsel's representation that "the artwork w[ould] be available for pickup" the following Monday, *see* Dkt. 540 at 5:12-6:17, and denied the Estate's application as the Court "ha[d] no reason to believe that the artwork wo[uld]n't be produced as represented," *see id.* at 8:7-10; *see* Dkt. 539. The artwork was ultimately transferred as required. *See* Dkt. 571 at 3.

On April 7, 2025, the Estate filed the instant Motion in support of an application for a writ of execution in the amount of $1,809,557.57, consisting of the amount of the Monetary Award plus $283,097.88 in arbitration costs and $141,852.69 in postjudgment interest accrued since date of the Final Judgment. Dkt. 571 at 1, 3. Unlike the Estate's last two applications, the instant application is unopposed, seeks to enforce a money judgment, and presents facts establishing that a writ of execution is necessary to enforce the Final Judgment. The Estate represents that while the Indiana Artwork allocated to McKenzie is now in the possession of UOVO and the Appraiser, as of the date of the Motion — twenty months after the issuance of the Final Award and eighteen months after the entry of the Final Judgment — McKenzie had "failed to make any payment to satisfy the Monetary Award or judgment, generally." Dkt. 571 at 3.

"A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). "New York procedure for enforcement of judgments is set out in Article 52 of the Civil Practice Law and Rules" ("CPLR"). *Citibank, N.A. v. Aralpa Holdings LP*, 714 F. Supp. 3d 416, 446-47 (S.D.N.Y. 2024) (quoting *All. Bond Fund, Inc. v. Grupo Mexicano de Desarrollo, S.A.*,

3

190 F.3d 16, 20 (2d Cir. 1999)), *aff'd,* No. 24-423, 2025 WL 289499 (2d Cir. Jan. 24, 2025). "Within Article 52, CPLR § 5230 governs 'Executions,' and 'sets forth the exact procedure a creditor must use to command the Sheriff to execute upon and sell a debtor's property to satisfy a money judgment.'" *Consumer Fresh Produce, Inc. v. SPC Erie Cnty. Farms, Inc.*, No. 21-mc-06004 (MAV), 2025 WL 354112, at *1 (W.D.N.Y. Jan. 31, 2025) (quoting *Citibank*, 714 F. Supp. 3d at 447).  In relevant part, CPLR § 5230 specifies that "[a]n execution shall specify the date that the judgment or order was entered, the court in which it was entered, the amount of the judgment or order, . . . the names of the parties in whose favor and against whom the judgment or order was entered," and "the last known address of th[e] judgment debtor," N.Y. C.P.L.R. § 5230(a).  The Estate is entitled to a writ of execution under the present circumstances.  The Estate's proposed writ has not specified McKenzie's last known address but otherwise satisfies the requirements set forth in CPLR § 5230. Accordingly, the Estate shall revise its proposed writ to include McKenzie's last known address before submitting it to the Clerk of Court for entry.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED.  The Estate shall submit a revised request to the Clerk of Court for a writ of execution that contains McKenzie's last known address, after which the Clerk of Court shall promptly process the request.  The Clerk of Court is respectfully directed to terminate the pending motions at Dkts. 571 and 572.

Dated: July 16, 2025
  New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge