UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>                                  Plaintiff,<br><br>v.<br><br>MICHAEL MCKENZIE, et al.,<br><br>                                  Defendants. | Civil Docket No.:<br>18-cv-04438-AT-BCM |

**DEFENDANT, MICHAEL MCKENZIE'S, RESPONSE TO PLAINTIFF, MORGAN ART FOUNDATION'S, DECLARATION IN SUPPORT OF THEIR ENTITLEMENT TO COUNSEL FEES AND EXPENSES**

Date: November 10, 2025

JODRE BRENECKI LLP
Nicole Brenecki, Esq.
101 North 10th Street – Suite 303
Brooklyn, NY 11249
T.: (347) 563-2605
Email: nicole@jodrebrenecki.com

I.   **PRELIMINARY STATEMENT**

Defendant MICHAEL McKENZIE, doing business as American Image Art ("McKenzie"), respectfully submits this response to the declaration filed by Plaintiff, MORGAN ART FOUNDATION, ("MAF") in support of its request for attorneys' fees and expenses incurred after May 21, 2025. These costs relate to MAF's efforts to obtain documents and information that the Court determined had been improperly withheld by McKenzie.

While MAF has the right to seek reasonable compensation for its attorneys' work, the fees requested are excessive and unsupported by the record. The billing reflects overstaffing and unnecessary work, and McKenzie should not be held responsible for such inflated charges, even in light of the Court's findings regarding discovery conduct.

II.   **ARGUMENT**

"A variety of factors informs the court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including 'the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.'" *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1263 (2d Cir. 1987) (quoting *In re Schaich*, 55 A.D.2d 914, 391 N.Y.S.2d 135, 136 (2d Dep't 1977), *appeal denied*, 366 N.E.2d 293 (1977)).

Defendant does not challenge the reasonableness of opposing counsel's hourly rates which reflect their well-known skill, reputation, and experience as litigators. Quinn Emanuel is a nationally recognized firm whose attorneys maintain premium rates proportionate to their expertise. McKenzie's objection here is directed solely at the volume and nature of the hours and expenses billed and not the rates themselves.

The submitted invoices reveal instances of overstaffing, as well as duplicative and insufficiently detailed time entries that significantly inflate the overall fee request. Accordingly, while the firm's rates may be justified, the number of hours and related expenses are not. Under established legal principles, the resulting fee demand should therefore be substantially reduced.

### 1. MAF's REQUEST FOR COUNSEL FEES IS EXCESSIVE

Even a cursory review of MAF's invoices reveals consistent overbilling throughout this litigation. *See* list of specific time entries objected to by McKenzie, *infra*. The following is a list of recurring patterns reflecting excessive billing:

A. **Vague entries**:

Numerous time entries use generic language such as "analyze," "review," "prepare," "miscellaneous correspondence," or "strategy," without identifying the specific subject or purpose.

B. **Duplicative Attorney Effort**:

The same tasks (i.e. drafts and revisions of motions, letters, and deposition preparations) were billed by multiple attorneys on the same day, including several senior partners. By way of example, at least five (5) different individuals billed for revising the same sanctions motion between November 15–16, 2021. This reflects clear overstaffing and duplication of billing.

C. **Excessive Time for Routine Tasks**:

Partners and associates routinely billed five ("5") to eleven ("11") hours for generic "analysis," "review," or "preparation" entries. Tasks such as reviewing briefs, preparing letters to the court, and organizing exhibits were billed at senior partner rates exceeding one thousand dollars ("$1,000"), with no showing of complexity warranting the highest level of attention.

D. **Partners Performing Clerical or Associate-Level Work**:

The matter was staffed with multiple partners (Luke Nikas, Maaren Shah, Alex Spiro) and numerous associates and law clerks performing overlapping or identical functions. Partners consistently billed for internal conferences and review of junior attorneys' work product, adding unnecessary fees. Senior partners billed for document review, exhibit preparation, and binder organization, which are tasks that should have been delegated to junior attorneys or support staff.

E. **Block Billing**:

Many entries combine multiple activities (drafting, revising, emailing, conferencing) into single large blocks (e.g., "prepare sanctions brief; correspondence with team; teleconferences"), preventing any assessment of the reasonableness of time devoted to each task.

### Vague or Excessive "Analysis / Review / Prepare" Entries

| Date | Description | Hours | Objection |
|---|---|---|---|
| 11/10/21 RR1 | Prepare sanctions motion and affirmation; correspondence regarding same | 11.20 | 11+ hours billed for a single day of undetailed "preparation" and "correspondence." No specificity of tasks performed. |
| 11/15/21 RR1 | Prepare sanctions brief; correspondence regarding same; TC with HB and DN regarding same; review documents for same | 5.90 | Vague "prepare" language; multiple communications in same entry (block billing). |
| 11/16/21 HB2 | Draft notice of motion and edit motion for case-terminating sanctions; misc correspondence re same | 6.50 | Over 6 hours for drafting and "miscellaneous correspondence," excessive for a standard motion revision. |
| 11/16/21 LN | Revise and complete draft of sanctions brief; emails, teleconf, revise stipulation | 6.10 | Repetitive "revise draft" work by partner which is duplicative of other attorneys' efforts on same motion. |
| 11/19/21 LN | Review revised brief; email with team re: brief and additional factual research | 7.20 | Over 7 partner hours for "review" and "emails." No detailed description of work. |

| Date | Description | Hours | Objection |
|---|---|---|---|
| 12/02/21 AS4 | McKenzie deposition binder review | 5.00 | 5 partner hours at $1,155/hr for binder review. |
| 02/22/22 AA4 | Prepare and edit witness outlines; coordinate implementation of edits; circulate materials | 5.50 | Overstaffed and block-billed; multiple individuals working on outlines for a sanctions hearing. |
| 02/28/22 LN | Prepare for argument, including review of briefs, documents, evidence, cases; outline argument; determine strategy | 9.20 | 9.2 partner hours for "preparation" which is vague and excessive. |

### Duplicative / Multiple Attorneys on Same Task

| Date | | Task | Objection |
|---|---|---|---|
| 11/15–11/16/21 | RR1, MAS, LN, HB2, DF2 | Sanctions motion drafting and revision | At least five lawyers billed the same day for revisions of the same motion. |
| 11/23–11/24/21 | HB2, AS4, JZ, RR1 | McKenzie deposition preparation | Partner and associate overlap for routine prep; same-day multiple entries for "prep" and "misc correspondence." |
| 02/21–02/23/22 | DF2, HB2, AA4, PM1 | Witness outline edits | Four timekeepers editing and re-editing outlines for one hearing; repetitive. |

### Clerical or Administrative Work Billed by Attorneys

| Date | Description | Hours | Comment |
|---|---|---|---|
| 11/17/21 HB2 | Misc correspondence and calendaring re sanctions hearing | 0.40 | Calendaring should be non-billable. |
| 11/17/21 HB2 | Misc correspondence re producing native documents | 0.40 | Production coordination is clerical. |
| 12/03/21 HB2 | Draft and file joint stipulation and proposed order plus misc correspondence | 1.90 | "Filing" and correspondence typically administrative. |
| 02/24/22 AA4 | Prepare hard copy binders for sanctions oral argument; coordinate printing and delivery | 4.60 | Binder prep and delivery logistics are clerical tasks. |

### Excessive Routine Tasks

| Date | Description | Hours | Comment |
|---|---|---|---|
| 11/06/21 DF2 | Prepare brief in support of motion for sanctions | 6.00 | Long block for a single drafting day by law clerk. |
| 09/10/21 RR1 | Prepare for and attend McKenzie deposition; revise and finalize letter to court | 8.40 | Overbilled for a standard deposition day. |
| 09/10/21 MAS | Prepare for and depose McKenzie; revise joint letter to court | 7.30 | Duplicate of above; two lawyers both billing full days for same deposition. |

Based on the above patterns, the claimed fees are grossly excessive and unsupported by detailed time records. Large blocks of vague "analysis," "strategy," and "review" time coupled with excessive partner involvement on routine filings suggest improper billing practices. As such, a reduction of at least 40–50% is clearly warranted under the reasonableness standard.

### 2. MAF's REQUEST FOR REIMBURSEMENT OF EXPENSES IS UNREASONABLE

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998) (citation omitted). Courts routinely reimburse the fee applicant for the cost of "photocopies, telephone calls, postage, court fees, facsimiles, transcripts, messenger services, process servers and outside vendor services." *Bobrow Palumbo Sales, Inc. v. Broan-Nuntone, LLC*, 549 F. Supp. 2d 274, 285 (E.D.N.Y. 2003) (citations omitted).

Certain "overhead" costs, however, are not reimbursable. *Id.* at 285-6. Further, courts either disallow or reduce the amount for expenses that are vague or unsupported by documentation. *See Rotella v. Board of Educ. of City of New York*, No. 01-cv-0434 (NGG), 2002 U.S. Dist. LEXIS 507, 2002 WL 59106, at *5 (E.D.N.Y. Jan. 17, 2002) (reducing expense award by 50% due to vague entries and expenditures unsupported by receipts).

Throughout each billing cycle, Quinn Emanuel includes a flat "Hosting per GB" charge of approximately $11,900 per month regardless of the level of activity. Over a six-month period, these charges total more than $70,000 and appear to represent recurring vendor or firm overhead costs, rather than disbursements reasonably incurred for MAF's benefit.

Additional line items such as "Viewpoint User Fees," "Word Processing," and "Document Services," should likewise be deemed non-compensable administrative expenses. Such internal overhead is not recoverable and should be limited to itemized out-of-pocket disbursements such as filing fees, deposition transcripts, or expert invoices.

Below are examples of expenses specifically objected to by McKenzie:

| Date | Expense Type | Amount | Objection |
|---|---|---|---|
| May 2021 | Hosting per GB – $20 × 594 GB | $11,880.00 | Recurring flat-rate "hosting" charge based on arbitrary per-GB rate, not actual cost. Courts routinely find e-discovery vendor overhead non-recoverable as counsel fees. |
| June 2021 | Hosting per GB – $20 × 594 GB | $11,880.00 | Identical line item repeated which suggests monthly storage rent, not case-specific cost. |
| July 2021 | Hosting per GB – $20 × 595 GB | $11,900.00 | Same charge repeated with slight variance. |
| Aug 2021 | Hosting per GB – $20 × 595 GB | $11,900.00 | Same as above. |
| Sept 2021 | Hosting per GB – $20 × 595 GB | $11,900.00 | Same as above. |
| Oct 2021 | Hosting per GB – $20 × 595 GB | $11,900.00 | Same as above. |
| All invoices | "Viewpoint User Fees" | $450 – $675/month | Internal software subscription. Not case-specific. |

| Date | Expense Type | Amount | Objection |
|---|---|---|---|
| Various | Word Processing | $21 – $63 per month | Administrative overhead. Not case-specific. |
| Various | Document Services / per-page reproduction | $600 – $1,800 | Marked "based on market not cost" which confirms markup. Profits should not be reimbursed. |
| Various | Litigation Support Costs (charges based on market not cost) | | Marked "based on market not cost" which confirms markup. Profits should not be reimbursed. |
| Various | Local business travel, express mail | Tens-hundreds | Minor items billed monthly without showing necessity or connection to case. |

### III. CONCLUSION

For the foregoing reasons, the Court should substantially reduce, if not deny, MAF's request for attorneys' fees and expenses. While McKenzie does not dispute the skill or reputation of MAF's counsel, the record demonstrates that the fee demand is inflated by duplicative work, vague time entries, as well as non-specific administrative and overhead charges. The governing law requires that any fee award reflect only the reasonable value of necessary services actually performed. Here, the invoices reveal overbilling practices and a lack of proportionality between the work performed and the amounts sought. Accordingly, McKenzie respectfully requests that the Court exercise its discretion to limit any award to a reasonable sum proportionate to the services rendered.

Dated: November 10, 2024
Brooklyn, New York

JODRÉ BRENECKI, LLP

By: NICOLE BRENECKI, ESQ.

*Attorneys for Plaintiffs*
101 North 10th Street – Suite 303
Brooklyn, NY 11249
Tel.: (347) 563-2605
Email: nicole@jodrebrenecki.com