UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

                              Plaintiff,

              v.

MICHAEL MCKENZIE D/B/A AMERICAN IMAGE ART,

                              Defendant.

Civil Docket No.:
18-cv-04438
(JLR) (BCM)

---

**MEMORANDUM OF LAW IN SUPPORT OF JODRE BRENECKI, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT, MICHAEL MCKENZIE D/B/A AMERICAN IMAGE ART, PURSUANT TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK LOCAL CIVIL RULE 1.4**

---

NICOLE BRENECKI, Esq.
**JODRE BRENECKI, LLP**
*Attorneys for Defendant*
MICHAEL MCKENZIE
d/b/a AMERICAN IMAGE ART
101 North 10th Street – Suite 303
Brooklyn, New York 11249
T: (347) 563-2605
nicole@jodrebrenecki.com

Pursuant to Rule 1.4 of the Local Rules of the Unites States District Court for the Eastern District of New York, JODRE BRENECKI, LLP ("Jodre Brenecki") hereby respectfully submits the following Memorandum of Law in support of its Motion for leave to withdraw as counsel for Defendant, Michael McKenzie d/b/a American Image Art ("Defendant").

## PRELIMINARY STATEMENT

As this Court is well aware given the extensive litigation that has occurred, the current matter arises from various disputes between the parties' claimed intellectual property rights stemming from the iconic works of the late American artist, Robert Indiana, as well his artistic legacy, among other claims.

## PROCEDURAL HISTORY

Defendant's counsel will not burden the Court with a full recitation as to the factual background and procedural history of this matter, especially when considering the Court's own extensive recitation of such facts within their previous Order.[1]

Solely as to Jodre Brenecki's representation of the Defendant, partner, Nicole Brenecki, submitted a Notice of Appearance on behalf of said Defendant on December 10, 2024.[2] Following the submission of Magistrate Judge Barbara C. Moses' "Report and Recommendations to the Hon. Jennifer L. Rochon" on January 17, 2025, counsel thereafter filed a Memorandum of Law in Opposition to Motion as of March 28, 2025.[3] Following the Hon. Jennifer L. Rochon's Order Adopting the Report and Recommendations, Defendant filed an Opposition Brief to Plaintiff's

---

[1] *See* Order, Doc. No. 578, 18-cv-04438 (JLR) (BCM) (S.D.N.Y. September 3, 2025)
[2] *See* Notice of Appearance, Doc. No. 558, 18-cv-04438 (JLR) (BCM) (S.D.N.Y. December 10, 2024)
[3] *See* Memorandum of Law in Opposition to Motion, Doc. No. 567, 18-cv-04438 (JLR) (BCM) (S.D.N.Y. March 7, 2025)

Request for Counsel Fees on November 10, 2025.[4] Subsequently, a Motion for Leave to Appeal

the Report and Recommendations was filed on November 19, 2025.[5]

**ARGUMENT**
**LEGAL STANDARD**

The standard for withdrawing as counsel for a party is governed by Rule 1.4 of the Local

Rules of the U.S. District Court for the Eastern District of New York ("Local Rule 1.4"), which

states as follows:

> "An attorney who has appeared as attorney of record for a party may
> be relieved or displaced only by order of the Court and may not
> withdraw from a case without leave of the Court granted by order.
> Such an order may be granted only upon a showing by affidavit or
> otherwise of satisfactory reasons for withdrawal or displacement
> and the posture of the case, including its position, if any, on the
> calendar, and whether or not the attorney is asserting a retaining or
> charging lien. All applications to withdraw must be served upon the
> client and (unless excused by the Court) upon all other parties."

Local Civil R. 1.4.

Further, it is well accepted that the determination as to whether a motion to withdraw as

counsel will, or will not, be granted "falls to the sound discretion of the trial court." *Stair v.*

*Calhoun*, 722 F.Supp.2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr.

S.D.N.Y. 2002)).

**JODRE BRENECKI, LLP SHOULD BE GRANTED LEAVE TO WITHDRAW AS**
**COUNSEL DUE TO A SUBSTANTIAL BREAKDOWN IN THE ATTORNEY-CLIENT**
**RELATIONSHIP**

Counsel for the Defendant seeks to withdraw due to a breakdown in the attorney-client

relationship which renders Jodre Brenecki, LLP's continued representation of the Defendant

unreasonably difficult, if not impossible. Specifically, withdrawal is warranted as the parties

---

[4] *See* Opposition Brief, Doc. No. 583, 18-cv-04438 (JLR) (BCM) (S.D.N.Y. November 10, 2025)
[5] *See* Motion for Leave to Appeal, Doc. No. 585, 18-cv-04438 (JLR) (BCM) (S.D.N.Y. November 19, 2025)

disagree not only as to continued strategy in this matter, but also as to what legal work is necessary, and appropriate, in order to continue to adequately represent the Defendant at this time.

Specifically, following repeated communications over the past few weeks, it has become plainly apparent that the parties cannot, and will not, agree on how to proceed regarding this matter.

Courts have previously held that, "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Cosgrove v. Federal Home Loan Bank*, 90 Civ. 6455 & 92 Civ. 4225, 1995 WL 600565 at *2 (S.D.N.Y. Oct. 12, 1995) (Peck, M.J.) (quoting *Generale Bank, New York Branch v. Wassel*, 91 Civ. 1768, 1992 WL 42168 at *1 (S.D.N.Y. Feb. 24, 1992). See, *e.g.*, *United States v. Lawrence Aviation Industries*, No. 06 CV 4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (holding that "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.")

Additionally, the Rules of Professional Conduct state that counsel may withdraw from representation if a client, "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." N.Y. Comp. Codes R. & Regs. Tit. 22, § 1200.0, Rule 1.16(c)(7). See, *e.g.*, *McGuire v. Wilson*, 735 F.Supp. 83, 85 (S.D.N.Y. 1990) (permitting counsel to withdraw after holding that the "relationship between the parties has deteriorated beyond repair.")

Here, despite Jodre Brenecki, LLP's painstaking legal work, as noted, *supra*, it has become impossible to continue their representation as the Defendant simply disagrees in how to proceed.

The current matter is indistinguishable to these cases cited, as there now exists profound irreconcilable differences between Jodre Brenecki, LLP and the Defendant. Accordingly, it is

respectfully requested that Jodre Brenecki, LLP be permitted to withdraw its representation at this time.

## THE CURRENT STANDING OF THIS MATTER DOES NOT REQUIRE THE INSTANT MOTION TO WITHDRAW AS COUNSEL TO BE DENIED

When considering a motion to withdraw pursuant to Local Rule 1.4, the Court must also consider the impact said withdrawal will have on the timing and scheduling of the proceeding. *United States v. Estate of Wiesner*, No. 05 Civ. 1634 (DRH)(AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), citing to *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AHK)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).

In the current matter, the granting of this motion will not cause unnecessary or undue delay as the matter has yet to be scheduled for trial. See, e.g., *Brown v. National Survival Games, Inc.*, (where the Court found that "although the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial" in granting a motion to withdraw as counsel). 1994 U.S. Dist. LEXIS 16572, at *3 (N.D.N.Y. Nov. 18, 1994). Accordingly, the current standing of this matter makes the granting of the instant motion unlikely to greatly disrupt further proceedings.

## JODRE BRENECKI, LLP WILL NOT ASSERT A CHARGING LIEN

As further required by Local Rule 1.4, if Jodre Brenecki, LLP is permitted to withdraw from its representation as to the Defendant as Jodre Brenecki, LLP will not assert a charging lien.

**CONCLUSION**

For the reasons set forth herein, it is respectfully requested that the Court grant Jodre Brenecki, LLP's, motion for leave to withdraw as counsel as to Defendant, Michael McKenzie d/b/a American Image Art, and for such other and further relief as this Court deems just and proper.

Dated: December 23, 2025
       Brooklyn, New York

Respectfully submitted,

NICOLE BRENECKI, Esq.
**JODRE BRENECKI, LLP**
*Attorneys for Defendant*
MICHAEL McKENZIE d/b/a
AMERICAN IMAGE ART
101 North 10th Street – Suite 303
Brooklyn, New York 11249
T: (347) 563-2605
nicole@jodrebrenecki.com