UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,
Plaintiff,

-against-

MICHAEL MCKENZIE, et al.,
Defendants.

Case No. 1:18-cv-04438 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On November 19, 2025, Defendant Michael McKenzie ("McKenzie" or "Defendant") filed a motion to certify for interlocutory appeal the Court's September 3, 2025 Opinion and Order, Dkt. 578 (the "Order"), which adopted Magistrate Judge Moses's Report and Recommendation granting terminating sanctions and other relief, Dkt. 560 ("R&R"). Dkt. 585 ("Motion"); Dkt. 585-1 ("Br."). On December 3, 2025, Plaintiff Morgan Art Foundation Limited ("MAF" or "Plaintiff") filed an opposition. Dkt. 586 ("Opp"). Defendant submitted an untimely reply on December 30, 2025. Dkt. 592 ("Reply"). The issue is fully briefed. For the below reasons, Defendant's Motion is DENIED.

## BACKGROUND

The procedural history of this case is set forth at length in the Court's prior decisions. Familiarity with those decisions is assumed, and the Court will recount only those facts relevant to the current application.

MAF commenced this action on May 18, 2018, bringing claims concerning the legal rights to the intellectual property and artistic legacy of the artist Robert Indiana. *See generally* Dkt. 1 ("Complaint"). Specifically, MAF asserts claims against McKenzie for copyright and trademark infringement, tortious interference with contract, violation of the Visual Artists Rights

Act (VARA) of 1990, 17 U.S.C. § 101 *et seq.*, unfair competition, and defamation. Dkt. 47 ("FAC") ¶¶ 114, 120-21, 127-28, 140, 147-48, 151-54, 158; *see also* R&R at 6-12 (summarizing MAF's claims). McKenzie denied liability and asserted counterclaims against MAF. *See generally* Dkt. 91. Discovery began in 2018 and extended for over three years. Order at 1, 3.

During fact discovery, McKenzie repeatedly failed to comply with his disclosure obligations. *Id.* at 3. As detailed in Magistrate Judge Moses's R&R, McKenzie did not timely produce core categories of evidence central to the case, including the electronic "Art Archive" database used to catalog Indiana artworks, paper records relating to those artworks, and communications with art dealer Gregory Allen regarding the sale of those artworks. R&R at 15-16, 31. McKenzie also made sworn representations minimizing or mischaracterizing the existence and retention of responsive records. *Id.* at 18, 27. These failures persisted despite multiple discovery requests, court conferences, and explicit warnings from the Court — including a warning in January 2019 that McKenzie's discovery conduct to date was sanctionable, and similar future misconduct would not be met with leniency. *Id.* at 18-19, 21-22, 25, 26-29.

Following the close of fact discovery, MAF moved for terminating sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37, citing Defendant's repeated and intentional discovery violations, concealment of evidence, and misrepresentations to the Court. *See* Dkt. 465. The motion was fully briefed and argued before Magistrate Judge Moses. *See* Dkts. 466, 478, 482, 488, and 490.

On January 17, 2025, Magistrate Judge Moses issued a detailed R&R recommending that the Court grant MAF's motion in part. *See generally* R&R. Magistrate Judge Moses found that McKenzie's discovery misconduct was willful and persistent, and that lesser sanctions would be inadequate. *Id.* at 41-43. She recommended that McKenzie's remaining counterclaims be

stricken, that default judgment be entered against McKenzie for liability on MAF's tortious interference claim, and that additional evidentiary and monetary sanctions be imposed. *Id.* at 51.

McKenzie filed objections to the R&R, disputing both the factual findings and the severity of the recommended sanctions. Dkt. 566. MAF filed a response. Dkt. 570. After *de novo* review, the Court issued its September 3, 2025 Opinion and Order adopting the R&R.

In that Order, the Court found that McKenzie had engaged in repeated, intentional refusal to comply with court-ordered discovery and had intentionally concealed evidence. Order at 14, 18, 20. The Court concluded that terminating sanctions were warranted under Rule 37(b) and imposed the following relief: (1) striking McKenzie's Second, Third, Fourth, and Eighth Counterclaims; (2) entering default judgment as to liability on MAF's tortious interference claim; (3) precluding McKenzie from making affirmative use of the Art Archive, communications with Gregory Allen, and thousands of late-produced documents; (4) precluding McKenzie from calling Gregory Allen as a witness or submitting any statement from him; (5) permitting MAF to introduce evidence of McKenzie's discovery misconduct to the jury; and (6) awarding MAF its reasonable expenses and attorneys' fees incurred as a result of McKenzie's misconduct. *Id.* at 22.

McKenzie now seeks certification of that sanctions Order for interlocutory appeal.

## LEGAL STANDARD

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). In keeping with that tenet, circuit courts typically "may review only a district court's 'final decisions,'" *Amara v. Cigna Corp.*, 53 F.4th 241, 247 (2d Cir. 2022) (quoting 28 U.S.C. § 1291), which are those that "'end[ ] the litigation of that claim on the merits and leave[ ] nothing for the court to do but execute the judgment'

entered on that claim," *Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (alterations adopted) (quoting *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992)). A circuit court's jurisdiction to hear appeals of non-final (otherwise known as "interlocutory") appeals is narrow. *See* 28 U.S.C. § 1292(a). This constraint on appellate jurisdiction reflects "a firm congressional policy against interlocutory or 'piecemeal' appeals," and is designed to promote efficient judicial administration. *Abney v. United States*, 431 U.S. 651, 656-57 (1977).

Two narrow exceptions are relevant here. First, under the collateral order doctrine, circuit courts have jurisdiction over appeals from "prejudgment orders 'which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). To be "collateral," an order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Fischer v. New York State Dep't of L.*, 812 F.3d 268, 273 (2d Cir. 2016) (alterations adopted) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)). These three conditions are "stringent." *Id.* (quoting *Will*, 546 U.S. at 349). "[I]f any [condition] is unsatisfied, the order is not immediately appealable[.]" *Id.* at 274. For that reason, interlocutory review under the doctrine is limited to a "small class" of decisions. *Cohen*, 337 U.S. at 546.

Second, under Section 1292(b), a district court may certify a non-final order for appeal if it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). These requirements are likewise "strictly construed" such that the exception is cabined to "exceptional circumstances." *Wausau Bus. Ins. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (quoting *Colon v. BIC USA, Inc.*, No. 00-cv-03666 (SAS), 2001 WL 88230, at *1 (S.D.N.Y. Feb. 1, 2001)).

## DISCUSSION

McKenzie seeks a rare departure from the final-judgment rule, invoking both the collateral order doctrine and Section 1292(b). Br. at 3-8. Neither exception applies here. The challenged Order reflects a fact-intensive exercise of the Court's discretion under Rule 37(b), is fully reviewable on appeal from a final judgment, and presents no unsettled or controlling question of law. Allowing an interlocutory appeal would invite piecemeal litigation and further delay a case that has already been pending for years. Certification is thus unwarranted.

### A. The Collateral Order Doctrine Does Not Apply

The Court's grant of sanctions under Rule 37(b) does not fall within the "small class" of collateral orders eligible for immediate appeal. *Cohen*, 337 U.S. at 546. The Second Circuit has already "determined that Rule 37(b) sanctions orders against parties are not immediately appealable." *In re Terrorist Attacks on Sept. 11, 2001*, 152 F.4th 396, 402 (2d Cir. 2025) (citing *Linde v. Arab Bank, PLC*, 706 F.3d 92, 104-07 (2d Cir. 2013)). That determination is binding on this Court and dispositive here. *See United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015), *aff'd*, 854 F.3d 197 (2d Cir. 2017) ("[T]he Second Circuit has spoken directly to the issue presented by this case, and this Court is required to follow that decision[.]"); *see also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 206 (1999) ("Perhaps not every discovery sanction will be inextricably intertwined with the merits, but we have consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral."). Defendant cites

no cases to the contrary. The Court nevertheless conducts an independent review of the three factors and reaches the same result: the collateral order doctrine is inapplicable here.

First, the Order conclusively resolved Plaintiff's sanctions request. A conclusive determination is a "complete, formal, and, in the trial court, final" decision on an issue. *Abney*, 431 U.S. at 659. Here, the Order is conclusive as to the sanctions imposed. *See, e.g.*, *In re Terrorist Attacks*, 152 F.4th at 401 (finding that "order confirming the Magistrate Judge's Rule 37(b) sanctions for . . . discovery violations . . . was conclusive and satisfied the first condition of the collateral order doctrine"). But this is the sole factor that weighs in McKenzie's favor, and conclusiveness alone is insufficient to warrant interlocutory appeal. *See Fischer*, 812 F.3d at 274 ("All three of the requirements for appeal under the collateral order doctrine must be met; if any one is unsatisfied, the order is not immediately appealable[.]"). Moreover, while the Order was conclusive as to the issue of sanctions, it was not conclusive as to Defendant's entire case.

Second, the Order does not resolve issues "completely separate from the merits of the action." *Johnson v. Jones*, 515 U.S. 304, 310 (1995) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). If the Order did so, "[trial court] proceedings might continue while the appeal is pending." *Id.* at 311. Yet, McKenzie seeks the very opposite — a delay of trial pending a decision from the Second Circuit. *See* Br. at 5. That is because resolution of the issues presented in the Order on appeal would require the court "to review the nature and content of the merits proceedings." *In re ALBA Petróleos de El Salvador S.E.M. de C.V.*, 82 F.4th 105, 113 (2d Cir. 2023) (alteration adopted) (quoting *Richardson-Merrell v. Koller*, 472 U.S. 424, 439 (1985)). In fashioning the sanctions, Magistrate Judge Moses as well as this Court necessarily considered "the importance of the information," *Cunningham*, 527 U.S. at 205, that McKenzie withheld and concealed. *See, e.g.*, R&R at 2-3, 42-47, 49; Order at 18, 20. For example, in determining that terminating sanctions were

appropriate as to McKenzie's Fourth and Eight Counterclaims, Magistrate Judge Moses reasoned that "by withholding inventory and sale documents, and refusing to answer questions concerning his fabrication, promotion and sale of the Indiana Artworks 'at issue,' McKenzie . . . deprived MAF of the evidence it would need to assess and challenge any damages claim he brought." R&R at 44 (citation omitted). Likewise, as to MAF's copyright infringement, trademark infringement, violations of VARA, unfair competition, and defamation claims, Magistrate Judge Moses reasoned that non-dispositive sanctions were more appropriate because McKenzie "asserted various defenses that either raise purely legal questions or — if they raise fact questions — can be answered without relying on evidence within McKenzie's possession, custody, or control." *Id.* at 46. "These considerations are . . . 'inextricably intertwined with the merits of the action.'" *In re Terrorist Attacks*, 152 F.4th at 403; *see also Linde*, 706 F.3d at 105 ("[H]ere[,] the District Court imposed a sanction that bears directly on the resolution of the merits of this case, and in determining on appeal whether the District Court abused its discretion, we would likely take into account the probable effect of the sanction on the jury's verdict.").

Moreover, this second factor also "insists upon *important* questions separate from the merits, ensuring that the justification for immediate appeal is sufficiently strong to overcome the usual benefits of deferring." *In re ALBA Petróleos*, 82 F.4th at 113 (citation modified). "[E]arly appeals are unlikely 'to bring important error-correcting benefits' unless they turn on 'purely legal matters' within the 'comparative expertise' of appellate courts." *Id.* (quoting *Johnson*, 515 U.S. at 316). That is, to be collateral, an order "must also present serious and unsettled questions of law." *Banque Nordeurope S.A. v. Banker*, 970 F.2d 1129, 1131 (2d Cir. 1992) (per curiam). The Order plainly does not. Rather, it "turn[s] on case-specific, idiosyncratic facts," *In re ALBA Petróleos*, 82 F.4th at 113, such as McKenzie's "willful noncompliance with his discovery obligations," the "judicial warning[s]" that preceded his actions, and his brazen efforts to "evade

inspection," R&R at 42, 43, 45. These facts, rather than any unsettled questions of law, informed the "Court's tailored remedy for [McKenzie's] violati[ons]." *In re Terrorist Attacks*, 152 F.4th at 403.

Third, the Order is not effectively unreviewable on appeal from a final judgment. An order is "effectively unreviewable" only where it implicates "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498-99 (1989). Here, McKenzie argues that he will be "unable to fully and completely partake in his defense given the extensive sanctions[.]" Br. at 5. But discovery and evidentiary sanctions — including case-dispositive sanctions — are paradigmatic examples of orders that may be reviewed after final judgment. *See, e.g.*, *Linde*, 706 F.3d at 106 (concluding that discovery sanctions orders, including adverse jury instructions, are not effectively unreviewable); *see also, e.g.*, *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128 (2d Cir. 2000) (per curiam) (finding that orders dismissing some, but not all, claims are not effectively unreviewable). If necessary, "[a]fter final judgment, [the Second Circuit] may 'vacate the adverse judgment and remand for a new trial' — the standard way to remedy erroneous rulings." *In re ALBA Petróleos*, 82 F.4th at 112 (alterations adopted) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009)). Thus, "the fact that a ruling 'may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment' is not sufficient" to justify early appeal. *Belya v. Kapral*, 45 F.4th 621, 630 (2d Cir. 2022) (quoting *Mohawk Indus.*, 558 U.S. at 107).

**B. Certification Under 28 U.S.C. § 1292(b) Is Unwarranted**

Defendant likewise fails to satisfy the statutory requirements for certification under Section 1292(b). To begin, the Order does not "involve[] a controlling question of law." § 1292(b). A question of law is "controlling" only if reversal would materially affect the

outcome or conduct of the litigation. *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978); *see also Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). The question must also be "pure," such that "the reviewing court 'could decide [it] quickly and cleanly without having to study the record.'" *In re Facebook, Inc., IPO Sec. & Derivatives Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) (quoting *In re Worldcom*, No. M-47 (HB), 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). The Court did not announce any new legal rule regarding Rule 37 sanctions in the Order. To the contrary, the Court applied well-established standards to an extensive factual record. The Second Circuit has long recognized that terminating sanctions are appropriate in extreme circumstances involving willful noncompliance, such as those before the Court here. *See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *Robertson v. Dowbenko*, 443 F. App'x 659, 660 (2d Cir. 2011) (summary order). And the Supreme Court has confirmed the district courts' inherent authority to impose such sanctions, where justified. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). The Court applied those standards to the facts of McKenzie's misconduct, tailoring the sanctions to the record. Review of the Order on appeal would therefore not be a purely legal endeavor but would, instead, require examination of the extensive record in this case.

There is also no "substantial ground for difference of opinion." § 1292(b). "Courts have found substantial ground for difference of opinion where there is conflicting authority on the issue or the issue is particularly difficult and one of first impression in the Second Circuit." *United States ex rel. Colucci v. Beth Israel Med. Ctr.*, No. 06-cv-05033 (DC), 2009 WL 4809863, at *1 (S.D.N.Y. Dec. 15, 2009) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). Where, as here, "cases cited by the moving party are 'inapposite to the issue implicated by the instant action, of no persuasive authority, or both, no substantial ground

for difference of opinion exists.'" *Id.* (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003)). In support of his Motion, McKenzie cites *John B. Hull, Inc.*, and other Second Circuit cases, for the proposition that terminating sanctions are a "drastic remedy" that "should be imposed only in extreme circumstances." Br. at 6-7 (quoting *John B. Hull, Inc.*, 845 F.2d at 1176). But neither the R&R nor the Order conflicts with that proposition. Indeed, Magistrate Judge Moses relied on the very same case in observing that "the Second Circuit has 'consistently recognized' that terminating sanctions are appropriate" where, as here, "a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault." R&R at 40 (quoting *Dowbenko*, 443 F. App'x at 660), which, in turn, is quoting *John B. Hull, Inc.*, 845 F.2d at 1176). This Court independently applied settled law and reached the same result — McKenzie "persistently, repeatedly, and willfully failed to comply" with judicial discovery orders, R&R at 43, and such willful noncompliance merited terminating sanctions. *See* Order at 18. The disagreement that McKenzie identifies concerns the application of settled law to the facts of this case, rather than an unsettled or disputed legal issue, and it has already been litigated before both Magistrate Judge Moses and this Court. *See Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009) ("Substantial ground for a difference of opinion requires more than a claim that the court's ruling was wrong."). Thus, McKenzie fails to identify any conflicting authority on the imposition of terminating sanctions in cases of willful noncompliance.

Finally, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." § 1292(b). "[T]he third prong is met where an intermediate appeal would advance the ultimate termination of the litigation or if the appeal would advance the time to trial or shorten the trial." *Mills*, 771 F. Supp. 2d at 274. Courts place "particular weight" on this requirement. *In re Facebook, Inc.*, 986 F. Supp. 2d at 531. Confusingly, McKenzie argues that

this prong has been met despite his corresponding request to push off trial to allow for the appeal. *See* Br. at 5, 8. Granting certification here would only halt proceedings and invite piecemeal review — contrary to Section 1292(b)'s statutory purpose.

In sum, McKenzie has not demonstrated that the September 3, 2025 Opinion and Order qualifies for interlocutory appeal under either the collateral order doctrine or 28 U.S.C. § 1292(b).

**CONCLUSION**

For the foregoing reasons, Defendant's motion for certification is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 585.

Dated: January 2, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge