UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>PLAINTIFF,<br><br>-AGAINST-<br><br>MICHAEL MCKENZIE d/b/a AMERICAN IMAGE ART,<br><br>DEFENDANT. | Case No. 1:18-cv-04438-AT-BCM |

### JOINT PROPOSED PRE-TRIAL ORDER

Pursuant to this Court's January 8, 2026 Order (Dkt. 595), Rule 26(a)(3) of the Federal Rules of Civil Procedure and this Court's Individual Rules 5(A) and 5(b), the parties submit this Joint Pretrial Order.

**I.   CASE CAPTION**

Morgan Art Foundation Limited v. McKenzie d/b/a American Image Art et. al.

**II.   TRIAL COUNSEL**

On behalf of the plaintiff:
Luke Nikas, Quinn Emanuel Urquhart & Sullivan, LLP (212) 849-7228,
lukenikas@quinnemanuel.com
295 Fifth Avenue, New York, New York 10016

On behalf of the defendant:
Jordan Jodre, Jodre Brenecki, (347) 563-2605, jordan@jodrebrenecki.com
Nicole Brenecki, Jodre Brenecki, (347) 563-2605, nicole@jodrebrenecki.com
101 North 10th Street, Suite 303, Brooklyn, NY, 11249

**III.   STATEMENT OF SUBJECT MATTER JURISDICTION**

Plaintiff's statement: This action arose under the federal trademark laws and the copyright laws of the United States, 17 U.S.C. §§ 101 et seq. The Court therefore has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.  The Court retains supplemental jurisdiction over

"all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" pursuant to 28 U.S.C. § 1367(a).

Defendant's statement: Defendant does not dispute Plaintiff's basis for subject matter jurisdiction as Plaintiff's alleged claims are asserted under federal statutes.

IV. **SUMMARY OF CLAIMS**

Plaintiff's summary: On September 3, 2025, after both parties had the opportunity to brief and object to Plaintiff's motion for case-terminating sanctions, the Court adopted Magistrate Judge Moses' Report and Recommendation for Sanctions, imposing terminating sanctions as to McKenzie's remaining counterclaims and awarding default judgment as to liability for MAF's claim for tortious interference with contract. (Dkt. 578.) Plaintiffs have voluntarily dismissed all counts other than the copyright claim and the federal trademark claim (to ensure subject-matter jurisdiction) and Count V, Tortious Interference with Contract. This trial will resolve the copyright and trademark claims, which are bound up directly with the tortious interference claim since these claims are directly related to the same facts and the same contract, and the last remaining issue of damages on Count V between the Morgan Art Foundation ("MAF,") and Michael McKenzie d/b/a American Image Art ("McKenzie").

Accordingly, this chart outlines the status of each claim and defense previously or presently asserted by MAF.

| Claim | Status |
|---|---|
| Plaintiff's Count I: Copyright Infringement | Active. |
| Plaintiff's Count II: Trademark Infringement, Lanham Act | Active. |
| Plaintiff's Count III: Trademark Infringement, Common Law | Voluntarily dismissed. |
| Plaintiff's Count IV: Breach of Contract | Voluntarily dismissed. |
| Plaintiff's Count V: Tortious Interference with Contract | Court awarded default judgment as to liability in September 3, 2025 order. (Dkt 578.) |

2

| | |
|---|---|
| Plaintiff's Count VI: Visual Artist's Rights Act | Voluntarily dismissed. |
| Plaintiff's Count VII: Unfair Competition | Voluntarily dismissed. |
| Plaintiff's Count VIII: Defamation | Voluntarily dismissed. |

Defendant's summary: On October 5, 2018, AIA filed its Third Amended Counterclaims (Dkt. No. 91). None of those claims are active as of the date of this submission. This chart outlines the status of each claim and defense previously or presently asserted by McKenzie against MAF:

| Counterclaim | Status |
|---|---|
| Defendant's First Counterclaim: Declaratory Judgment and Injunction in Aid of Arbitration "that the IP/License Agreement has an enforceable arbitration provision and that Plaintiff must arbitrate" | On October 9, 2018, the Court granted the Estate's motion to compel arbitration of AIA's crossclaims against the Estate, and stayed those crossclaims in this proceeding. (Dkt. No. 94.) |
| Defendant's Second Counterclaim: Declaratory Judgment "that American Image has not infringed Plaintiff's alleged copyrights." | Stricken in its entirety pursuant to the Court's September 3, 2025 order. (Dkt. 578.) |
| Defendant's Third Counterclaim: Declaratory Judgment "that the American Image published artworks are not forgeries" | Stricken in its entirety pursuant to the Court's September 3, 2025 order. (Dkt. 578.) |
| Defendant's Fourth Counterclaim: Defamation | Stricken in its entirety pursuant to the Court's September 3, 2025 order. (Dkt. 578.) |
| Defendant's Fifth Counterclaim: Tortious Interference with Contract | Dismissed pursuant to the Courts July 1, 2019 order. (Dkt 175.) |
| Defendant's Sixth Counterclaim: Tortious interference with Actual and Prospective Contractual Relations | Dismissed pursuant to the Courts July 1, 2019 order. (Dkt 175.) |
| Defendant's Seventh Counterclaim: Unfair Competition | Dismissed pursuant to the Courts July 1, 2019 order. (Dkt 175.) |
| Defendant's Eighth Counterclaim: Slander of title | Dismissed pursuant to the Courts July 1, 2019 order, except to the extent that it alleged slander of title based on statement to Contini Art Gallery. (Dkt 175.)<br><br>Stricken in its entirety pursuant to the Court's September 3, 2025 order. (Dkt. 578.) |

V.   **TRIAL DAYS**

The parties believe four total trial days are necessary. The trial is to be tried with a jury as to the legal claims.

VI.   **JOINT JUROR STATEMENT**

Morgan Art Foundation Limited ("MAF") filed this action on May 18, 2018 against Michael McKenzie. MAF alleges that Mr. McKenzie created, marketed, or distributed artworks attributed to artist Robert Indiana in violation of federal copyright and trademark laws and interfered with MAF's contractual rights relating to certain Indiana artworks. Mr. McKenzie disputes these allegations except as limited by prior rulings of the Court.

During the course of this litigation, the Court entered sanctions orders concerning Mr. McKenzie's compliance with discovery obligations. As a result of those rulings, the Court entered a default judgment against Mr. McKenzie on liability for MAF's claim of tortious interference with contract. The jury will be instructed regarding the effect of those rulings.

The issues remaining for the jury include whether MAF has proven that it possesses valid and enforceable copyrights and trademarks relating to the artworks at issue, whether those rights, if proven, were violated, and, if so, the amount of damages, if any, to be awarded. The jury will also determine the amount of damages, if any, relating to the tortious interference claim.

VII.   **PEOPLE, PLACES, AND INSTITUTIONS**

The following people, places and institutions are likely to be mentioned:

- Robert Indiana – American painter, sculptor, and printmaker around which the case centers. His iconic LOVE image is one of the most recognized artworks in the world and has been displayed in museums and public spaces around the globe. Deceased;

- Michael McKenzie – defendant. Founded American Image Art;

- American Image Art – art publisher founded by Michael McKenzie;

- Jamie Thomas – defendant, Maine fisherman employed to assist Indiana as his health deteriorated, received power of attorney over Indiana in May 2016;

- Simon Salama-Caro – Art dealer since the mid-1990s and MAF's advisor;

- Marc Salama-Caro – son of Simon,;

- Emeline Salama-Caro – daughter of Simon, Project Director for the Robert Indiana Catalogue Raisonne LLC. Employed by Shearbrook, LLC.

- Paul Salama-Caro – son of Simon, Owner of PSC consulting, provides general strategy consulting for services related to the Morgan Art Foundation and Shearbrook, LLC.

- Shearbrook, LLC – Company organized to sell works by Robert Indiana, owned by Simon Salama-Caro;

- RI Catalogue Raisonne LLC – entity established by Simon Salama-Caro to manage the catalogue raisonne;

- Morgan Art Foundation Limited – company advised by Simon Salama-Caro that had alleged contracts with Indiana to manufacture several of Indiana's artworks on his behalf and holder of copyright, trademark, and other rights in certain Indiana artworks;

- Artists Rights Society (ARS) – copyright, licensing, and monitoring organization appointed by Morgan Art.

## VIII. MAGISTRATE JUDGE

The parties do not consent to trial by a Magistrate Judge.

## IX. JOINT STIPULATIONS

The parties have not agreed to any stipulations of fact or law.

## X. TRIAL WITNESSES

Plaintiff's witness list is:

| Witness | In Person? | Interpreter needed? | Brief summary of testimony substance and duration/ |
|---|---|---|---|
| Simon Salama-Caro | Yes | No | Nature of dispute. Damages caused by Mckenzie and American Image Art's tortious interference with the License/IP Agreement and the Sculpture |

|  |  |  | Agreement, and MAF's contracts and McKenzie's trademark and copyright violations. |
|---|---|---|---|
| Marc Salama-Caro | Yes | No | MAF's contracts and McKenzie's trademark and copyright violations, as well as McKenzie's forgery of works. |
| Paul Salama-Caro | Yes | No | Damages caused by Mckenzie and American Image Art's tortious interference with the License/IP Agreement and the Sculpture Agreement |
| Emeline Salama-Caro | Yes | No | Damages caused by Mckenzie and American Image Art's tortious interference with the License/IP Agreement and the Sculpture Agreement. |
| Michael McKenzie | Yes | No | Damages caused by Mckenzie and American Image Art's tortious interference with the License/IP Agreement and the Sculpture Agreement, and MAF's contracts and McKenzie's trademark and copyright violations. |

Defendant's witness list is:

| Michael McKenzie | Yes | No | Michael McKenzie's personal knowledge of his professional relationship and interactions with artist Robert Indiana, the creation, production, and marketing of artworks attributed to Robert Indiana, and the factual circumstances surrounding the agreements and business relationships  relevant to the claims in this case; Scope, and enforcement of the agreements and intellectual property rights asserted by MAF, including whether those asserted rights resulted in economic harm or damages; Mr. McKenzie's observations and communications |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | involving Robert Indiana and the parties to this lawsuit involved in the creation and distribution of the artworks at issue. |
| Suzanne Geist<br><br>*Plaintiff objects to this witness, because the witness was not disclosed on Defendant's Rule 26(a) disclosures or in response to interrogatories requesting that McKenzie identify any witnesses he would rely upon in this case. | Yes | No | Ms. Geist's visit to the gallery where McKenzie's artwork was displayed, including her interactions with gallery personnel, inquiries made concerning McKenzie's business relationships and artwork, and the circumstances under which she gathered information at the request or on behalf of Plaintiff. |
| Tim Ginexi<br><br>* Plaintiff objects to this witness, because the witness was not disclosed on Defendant's Rule 26(a) disclosures or in response to interrogatories requesting that McKenzie identify any witnesses he would rely upon in this case. | Yes | No | Mr. Ginexi worked at the American Image Art studio for approximately fifteen (15) years and is expected to testify regarding the operations of the studio and the working relationships among Robert Indiana, Plaintiff, and Defendant. He can attest to the nature of the professional relationship between Robert Indiana and Plaintiff, as well as the course of dealings and business interactions between Defendant and Robert Indiana based on his personal observations and involvement at the studio. |
| Annette Vessechia<br><br>* Plaintiff objects to this witness, because the witness was not disclosed on Defendant's Rule 26(a) disclosures or in response to interrogatories requesting that McKenzie identify any witnesses he would rely upon in this case. | Yes | No | Ms. Vessechia is a former studio employee of American Image Art who participated in and observed the production environment in which Robert Indiana's works were created and distributed. She is expected to testify concerning studio practices, the creation and dissemination of Indiana artworks, and her firsthand observations of the relationships and interactions among Robert |

| | | | |
|---|---|---|---|
| | | | Indiana, Plaintiff, and Defendant as they relate to the issues in this action. |
| John Woodward<br><br>* Plaintiff objects to this witness, because the witness was not disclosed on Defendant's Rule 26(a) disclosures or in response to interrogatories requesting that McKenzie identify any witnesses he would rely upon in this case. | Yes | No | Mr. Woodward is a co-owner of a gallery located in downtown Manhattan and curated two exhibitions featuring the work of Robert Indiana. He is expected to testify regarding his professional interactions with Robert Indiana and his knowledge of the relationships among Robert Indiana, Plaintiff, and Defendant, as well as matters relevant to the allegations and issues set forth in the Complaint based on his experience organizing and presenting Indiana exhibitions. |
| John Frumer<br><br>*Plaintiff objects to this witness as improper and irrelevant to this case. Moreover, the witness was a lawyer in this case to Jamie Thomas (Indiana's power of attorney), and Thomas asserted privilege as to communications with Frumer.  Frumer cannot raise privilege during discovery to avoid disclosure but then later testify in the case.<br><br>To the extent the Court allows testimony from Frumer, Plaintiff further objects to this witness testifying without waiving privilege.  Plaintiff requests that the witness confirm that he will waive privilege and produce all responsive non-privileged documents as to these | Virtual | No | Mr. Frumer is an attorney with firsthand knowledge of the business relationship between the parties to this lawsuit, and Robert Indiana, and his estate. |

| | | | |
|---|---|---|---|
| matters before trial. McKenzie's counsel has agreed to these terms.<br><br>Plaintiff further objects to this witness's testimony being remote. | | | |

## XI.   DEPOSITION DESIGNATIONS

The parties do not designate any deposition testimony.

## XII.   EXHIBITS

One asterisk indicates objection on authenticity, two asterisks indicates objection on admissibility.

Plaintiff's exhibit list is:

| Exhibit | Bates |
|---|---|
| 1 | MAF0046319 |
| 2 | MAF0000055 |
| 3 | MAF0000004 |
| 4 | MAF0000060 |
| 5 | MVM0005952 |
| 6 | Dkt. 578 |
| 7 | JLT00001351 |
| 8 | AMERIM001850 |
| 9 | AMERIM001838 |
| 10 | JLT00010699 |
| 11 | AMERIM001834 |
| 12 | AMERIM001781 |
| 13 | AMERIM001783 |
| 14 | AMERIM001776 |
| 15 | AMERIM001751 |
| 16 | AMERIM001756 |

| | |
|---|---|
| 17 | AMERIM001718 |
| 18 | AMERIM001704 |
| 19 | AMERIM001382 |
| 20 | AMERIM001626 |
| 21 | AMERIM001594 |
| 22 | AMERIM001567 |
| 23 | AMERIM001563 |
| 24 | AMERIM001525 |
| 25 | MAF0051177 |
| 26 | MAF0051180-0051181 |
| 27 | MAF0051183 |
| 28 | AMERIM001520 |
| 29 | AMERIM001496 |
| 30 | JLT00000164 |
| 31 | AMERIM001477 |
| 32 | AMERIM001242 |
| 33 | AMERIM001462 |
| 34 | AMERIM001516 |
| 35 | 2018.5.18 Reuters' article |
| 36 | JLT00010324 |
| 37 | MAF0000472 |
| 38 | AMERIM001188-001201 |
| 39 | MAF0000192 |
| 40 | MAF0000206 |
| 41 | MAF0000201 |
| 42 | MAF0000529 |
| 43 | JOHNSONVILLE 000190-000195 |
| 44 | 9.21.2018 NY Times article |
| 45 | AMERIM002471-002479; AMERIM002541-002542 |
| 46 | MAF0000623 |
| 47 | MAF0026593-99 |
| 48 | MAF0031190 |
| 49 | MAF52167-52983 |
| 50 | MAF0051211-28 |
| 51 | MAF0051199-1210 |
| 52 | MAF0000041-42 |
| 53 | MAF0000034-37 |
| 54 | MAF0000019-33 |
| 55 | MAF0000013-18 |
| 56 | MAF0060026-28 |
| 57 | MAF0060252-267 |
| 58 | MAF0060268-283 |
| 59 | Certificate of Registration VA 2-102-564 |

| | |
|---|---|
| 60 | Certificate of Registration VA 2-103-797 |
| 61 | Trademark 4879320 |
| 62 | MAF0055516 |
| 63-107 | MAF0060360-60631 |

Defendant's exhibit list:

### XIII. DAMAGES

Plaintiff's Damages:

MAF's royalty revenues were at an all-time high in 2011, up until McKenzie began widely circulating artworks that MAF had the exclusive right to make. Royalties began to drop materially as a direct result of McKenzie's tortious interference, such that over the seven years leading up to the lawsuit, MAF's decrease in royalties resulted in total damages of $40,456,463.57, averaging $5,779,490.94 less per year—which provides a recognized basis for projecting damages every subsequent year after this lawsuit without any conflating impact of the lawsuit itself. *See e.g.*, *David v. Glemby Co.*, 717 F. Supp. 162, 172 (S.D.N.Y. 1989) (permitting plaintiff to prove damages from "lost royalty income" that would have been provided had defendant not breached); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, 511 F. Supp. 2d 324, 331 (E.D.N.Y. 2007) (lost royalties are not too speculative where "[p]laintiff's claim is technically not for lost 'profits' which generally refers to the excess of revenues over outlays in a given period of time, including depreciation and other non-cash expenses and is often synonymous with 'net profit.' Rather, Plaintiff's claim is for lost royalties, the calculation of which is not dependent on profits."). Therefore, MAF seeks a minimum of $86,692,364.08, not inclusive of any

consequential damages proximately caused by the harm McKenzie brought to Indiana's reputation, and punitive damages.[1]

## XIV. VERDICT UNANIMITY

The parties request that any verdict in this matter be unanimous.

## XV. CONFIRMATION

This statement confirms that the parties have submitted all pretrial submissions and courtesy copies required.  The parties will submit motions *in limine*, pretrial memoranda, jury instructions, verdict forms, *voir dire* questions, documentary exhibits, and demonstratives in a separate filing.

---

[1]  Punitive damages are warranted because of the ongoing nature of McKenzie's forgery operation, and his blatant disregard for MAF's rights.  McKenzie exploited Indiana, produced countless forgeries, harmed MAF's business, and profited tremendously.  *See, e.g.*, *Universal City Studios, Inc. v. Nintendo Co.,* 797 F.2d 70, 77 (2d Cir. 1986) ("New York courts have considered punitive damages to be particularly appropriate for tortious conduct involving deliberate action 'systematically conducted for profit.'"); *Int'l Mins. & Res., S.A. v. Am. Gen. Res., Inc.*, 2000 WL 97613, at *2 (S.D.N.Y. Jan. 27, 2000) ("an injured party can recover punitive damages when the tortious act complained of involved a wanton or reckless disregard of the plaintiff's rights … [or] amounts to gross, wanton, or willful fraud or other morally culpable conduct") (quotation marks and citation omitted).

Dated: February 25, 2026

                        Respectfully submitted,

                        QUINN EMANUEL URQUHART & SULLIVAN, LLP

                        By: */s/ Luke Nikas*
                              Luke Nikas
                              295 Fifth Avenue, 9th Floor
                              New York, NY 10010
                              (212) 849-7000
                              lukenikas@quinnemanuel.com

                              *Attorneys for Plaintiff Morgan Art Foundation Limited*

                        JODRE BRENECKI, LLP

                        By: /s/ Nicole Brenecki, Esq.
                        101 North 10th Street – Suite 303
                        Brooklyn, NY 11249
                        (347) 563-2605
                        nicole@jodrebrenecki.com

                        *Attorney for Defendant, Michael McKenzie*