UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

         Plaintiff,

    v.

MICHAEL MCKENZIE, et al.,

         Defendants.

Civil Docket No.:
18-cv-04438-AT-BCM


**DEFENDANT, MICHAEL MCKENZIE'S, OPPOSITION TO PLAINTIFF, MORGAN ART FOUNDATION'S, MOTION *IN LIMINE* TO PREVENT DEFENDANT FROM TESTIFYING OUTSIDE OF THE SCOPE OF LITIGATION**

Date: March 9, 2026

JODRE BRENECKI LLP
Nicole Brenecki, Esq.
101 North 10th Street – Suite 303
Brooklyn, NY 11249
T.: (347) 563-2605
Email: nicole@jodrebrenecki.com

I.   **PRELIMINARY STATEMENT**

Defendant, MICHAEL McKENZIE, doing business as American Image Art ("Defendant" or "McKenzie"), respectfully submits this opposition to the motion *in limine* filed by Plaintiff, MORGAN ART FOUNDATION, ("Plaintiff" or "MAF") to preclude McKenzie from testifying outside of the scope of litigation, making pejorative comments, or drawing legal conclusions.

In an apparent effort to sanitize the record and shield itself from criticism, Plaintiff seeks an order broadly prohibiting Defendant from using what it characterizes as "pejorative" language, raising issues Plaintiff would prefer remain unexamined, or expressing views about the underlying rights at the center of this dispute. In substance, the motion attempts to bar testimony that questions the credibility of witnesses, addresses the conduct of Plaintiff and its advisors, or challenges Plaintiff's assertions regarding ownership and enforceability of the intellectual property at issue.

For example, Plaintiff asks the Court to preclude testimony referencing statements made during discovery in which McKenzie questioned the credibility of individuals associated with Robert Indiana, criticized Plaintiff and its advisors as operating dishonestly, or described the organization as a "sham operation" allegedly involved in "money laundering." Plaintiff likewise seeks to prohibit references to statements questioning whether witnesses were reliable, including remarks about alleged drug use, and seeks to exclude testimony in which McKenzie challenged the validity of Plaintiff's asserted rights in the LOVE image by stating that the work is in the "public domain." Even though these matters go directly to the facts, context, and defenses in this case, Plaintiff further asks the Court to prevent Defendant from describing events and relationships in the terms in which they occurred, while simultaneously labeling such testimony as inflammatory or improper "legal conclusions."

The result, if granted, would be an extraordinary limitation on Defendant's ability to present his account of the relevant dealings, motivations, and circumstances surrounding the parties' dispute, all under the guise of avoiding supposedly prejudicial language.

Courts in this District repeatedly caution that motions *in limine* should exclude evidence only when it is clearly inadmissible on all potential grounds. When the admissibility of evidence depends on context, Courts routinely defer ruling until trial so that the evidence can be considered in its proper factual setting. Plaintiff's motion does not meet the high standard required for pretrial exclusion. Instead, it seeks to preemptively restrict categories of testimony that may be relevant depending on the circumstances in which they arise at trial.

As such, Plaintiff's request to prohibit "pejorative" language is particularly premature. Courts have declined similar requests to bar particular words or phrases before hearing them in context. The Federal Rules of Evidence further provide the appropriate mechanism for addressing any improper testimony during trial through objections and rulings by the Court.

Because Plaintiff has not shown that the challenged testimony, including statements about alleged dishonesty by Plaintiff's advisors, remarks concerning witness credibility, or statements disputing whether Plaintiff holds valid rights in the LOVE image, would be inadmissible for any

purpose, and because the admissibility of such testimony depends heavily on context, Plaintiff's motion should be denied.

## II.   LEGAL STANDARD

A motion *in limine* is a procedural mechanism designed to allow courts to rule on evidentiary issues in advance of trial. However, such motions are disfavored when they seek to exclude evidence whereby its admissibility depends on the context.

Courts in this Circuit have consistently held that evidence should be excluded on a motion *in limine* only when it is clearly inadmissible on all potential grounds. *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). The party moving *in limine* bears the burden of establishing that the evidence is inadmissible for any purpose. *Jong Bu Wang v. Keeper Holdings, Inc.,* No. 24 CV 672 (CLP), 2025 LX 533376 (E.D.N.Y. 2025).

Where the admissibility of evidence depends on the factual context in which it arises, courts routinely defer ruling until trial so that the evidence may be considered in its proper factual setting. *Belvin v. Electchester Mgmt., LLC,* 635 F. Supp. 3d 190 (E.D.N.Y. 2022).

## III.   ARGUMENT

### A.   *PLAINTIFF HAS NOT MET THE HIGH STANDARD REQUIRED FOR PRETRIAL EXCLUSION OF TESTIMONY*

Plaintiff asks the Court to broadly prohibit categories of testimony before trial, including testimony that Plaintiff characterizes as outside the scope of the litigation or constituting legal conclusions.

For instance, Plaintiff seeks to prevent Defendant from referencing statements made during his deposition criticizing Plaintiff and its advisors, including comments describing the organization as dishonest, accusing individuals associated with Plaintiff of misconduct, or characterizing the enterprise as a "sham operation." Plaintiff also seeks to exclude testimony in which McKenzie questioned the reliability of certain witnesses, including statements referencing alleged drug use, and testimony in which he challenged Plaintiff's claimed intellectual property rights by asserting that the LOVE image is in the "public domain."

However, Plaintiff has not shown that such testimony would be inadmissible for any purpose. The governing standard requires exclusion only when evidence is clearly inadmissible on all potential grounds. Plaintiff's motion does not satisfy this burden. Instead, the motion speculates about potential statements Defendant might make at trial and asks the Court to prohibit them in advance without knowing the circumstances in which they may arise.

In doing so, Plaintiff relies heavily on isolated excerpts from deposition testimony, such as remarks referencing "criminals," "liars," or alleged financial misconduct, without acknowledging that the admissibility of those statements may depend on the context in which they are offered,

including whether they relate to credibility, motive, bias, or Defendant's understanding of the parties' dealings.

Courts routinely reject motions that seek to exclude categories of evidence based on speculation rather than concrete evidentiary context. As courts have recognized, evidentiary rulings are often better addressed during trial, where the Court can evaluate the testimony in light of the issues being presented and the purpose for which the evidence is offered.

This is particularly true where, as here, the challenged statements concern disputes about the conduct of Plaintiff and its advisors, the credibility of witnesses associated with Robert Indiana, and the parties' competing views regarding the ownership and enforceability of the intellectual property at issue.

For example, Defendant's deposition testimony referenced publicly available information concerning offshore entities associated with Plaintiff and its advisors, including information appearing in the International Consortium of Investigative Journalists Offshore Leaks database relating to the Panama Papers. Whether and how such testimony may be admissible depends on the context in which it arises at trial and the purpose for which it is offered. Because Plaintiff has not demonstrated that the challenged testimony would be inadmissible in every conceivable circumstance, the motion should be denied.

### B. PLAINTIFF'S REQUEST TO PRECLUDE CERTAIN WORDS OR PHRASES IS PREMATURE

Plaintiff also asks the Court to prohibit Defendant from using what it characterizes as "pejorative" language at trial. This request is premature and inconsistent with how courts typically address evidentiary issues.

Plaintiff's motion points to various statements from McKenzie's deposition, including comments referring to individuals as "liars," references to alleged drug use by a witness, and remarks accusing Plaintiff's advisors of operating dishonestly or engaging in misconduct. Plaintiff argues that such statements should be categorically barred before trial.

Courts have repeatedly declined to bar particular words or phrases before hearing them in context. In *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 2017 U.S. Dist. LEXIS 223104 (S.D.N.Y. Dec. 8, 2017), the Court determined that, while language intended solely to inflame the jury should not be permitted, determining whether a particular statement is improper requires evaluating its context and purpose. Here, the statements Plaintiff challenges, such as McKenzie's remarks questioning whether individuals involved with Plaintiff were trustworthy, or his statements disputing Plaintiff's claimed rights in the LOVE image, may bear directly on issues of credibility, motive, or Defendant's understanding of the parties' relationship.

Similarly, in *Accent Delight Int'l Ltd. v. Sotheby's*, 2023 U.S. Dist. LEXIS 208080 (S.D.N.Y. 2023), the court rejected an attempt to preclude the use of the term "shell company," finding that the term could be used if the necessary factual predicates were established. The decision underscores that words which may appear negative in isolation may nevertheless be

permissible if supported by evidence and relevant to the issues at trial. The same principle applies here, where Plaintiff seeks to prohibit terms and descriptions, including references to alleged dishonesty, financial misconduct, or unreliable witnesses, before the Court has had the opportunity to evaluate the evidence that may support those characterizations. That context may include testimony explaining why Defendant referenced information contained in publicly available investigative journalism sources such as the International Consortium of Investigative Journalists Offshore Leaks database relating to the Panama Papers.

Courts have also cautioned against using the *in limine* process to police hypothetical statements that may never be offered at trial. In *Fleck v. GM LLC (In re GM LLC Ignition Switch Litig.)*, 2015 U.S. Dist. LEXIS 163889 (S.D.N.Y. 2015), the court criticized an omnibus motion seeking to exclude various allegedly inflammatory remarks, noting that admissibility depends on context, including the purpose for which a statement is offered, and that the Federal Rules of Evidence already provide the appropriate framework for addressing improper evidence during trial. Plaintiff's motion here suffers from the same flaw, as it seeks to prohibit statements drawn from deposition testimony, including remarks about alleged "criminals," "liars," and the supposed "public domain" status of the LOVE image, without knowing whether, or how, those statements will arise at trial.

### C. ISSUES REGARDING THE ADMISSIBILITY OF PARTICULAR TESTIMONY SHOULD BE ADDRESSED IN CONTEXT AT TRIAL

The motion also seeks to preclude Defendant from offering certain testimony on the ground that Plaintiff believes it falls outside the scope of the case or constitutes legal argument. However, determining whether testimony is admissible often requires understanding the context in which it is offered and the purpose for which it is introduced. This includes testimony concerning Defendant's understanding of the parties' agreements, the conduct of Plaintiff and its advisors, the circumstances surrounding the production and marketing of Indiana artworks, and Defendant's belief regarding whether the LOVE image was already widely used and therefore in the public domain. It may also include testimony explaining the sources that informed Defendant's understanding of Plaintiff's structure and operations, including publicly available investigative databases referencing offshore entities connected to the Panama Papers.

Courts therefore frequently decline to issue blanket pretrial rulings excluding categories of testimony. Instead, they allow the testimony to be presented at trial, subject to objections and appropriate rulings by the Court.

This approach reflects the practical reality that evidence which may appear objectionable in the abstract may become relevant or admissible when considered in the context of the testimony and the issues presented at trial. For example, statements questioning whether certain witnesses were reliable, remarks about alleged financial dealings involving Plaintiff's advisors, or Defendant's statements regarding the public availability of the LOVE image may be relevant to credibility, intent, or Defendant's understanding of the dispute. Conversely, if testimony ultimately proves irrelevant or unduly prejudicial, the Court retains full authority to exclude it at that time.

     Plaintiff's motion seeks a sweeping pretrial order that would restrict Defendant's testimony without the benefit of the factual context that trial will provide. Such an approach is inconsistent with the principles governing motions in limine and would risk excluding testimony that may be relevant and admissible when presented in context.

### D. *CONCLUSION*

     For the foregoing reasons, Plaintiff's motion in limine should be denied. Plaintiff has not demonstrated that the challenged testimony is clearly inadmissible on all potential grounds, and the admissibility of such testimony depends on the context in which it arises at trial. Any evidentiary issues that may arise can be addressed through objections and rulings during the course of trial.

Dated: March 9, 2026
       Brooklyn, New York

                                              JODRE BRENECKI, LLP

                                              -------------------------------------
                                              By: NICOLE BRENECKI, ESQ.
                                              Attorneys for Plaintiffs
                                              101 North 10th Street – Suite 303
                                              Brooklyn, NY 11249
                                              Tel.: (347) 563-2605
                                              Email: nicole@jodrebrenecki.com