UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>                                            Plaintiff,<br><br>                              v.<br><br>MICHAEL MCKENZIE, et al.,<br><br>                                            Defendants. | Civil Docket No.:<br>18-cv-04438<br>(JLR) (BCM)<br><br>**PRETRIAL<br>MEMORANDUM OF LAW** |

Defendant, Michael McKenzie d/b/a American Image Art, ("Defendant") respectfully submits the within brief at the request of the Court following the Final Pretrial Conference before the Honorable Jennifer L. Rochon on April 1, 2026, regarding Requested Jury Instructions raised prior to trial.[1]

## I.      PRELIMINARY STATEMENT

As this Court is exceedingly well aware, the current matter arises from various disputes between the parties' claimed intellectual property rights stemming from the iconic works of the late American artist, Robert Indiana, as well his artistic legacy, among other claims.

As noted at said conference, and as memorialized via a Joint Stipulation and [Proposed] Order for Voluntary Dismissal with Prejudice submitted April 3, 2026, the following causes of action have been withdrawn with prejudice pursuant to Fed R. Civ. P. 41(a)(1)(A)(ii): Count III (Common Law Trademark); Count IV (Breach of Contract); Count VI (Visual Artist's Rights Act); Count VII (Unfair Competition), and Count VIII (Defamation).[2]

---

[1] *See* ECF, 18-cv-04438, "Pretrial Conference – Final" – (JLR) (BCM) (S.D.N.Y. April 1, 2026).
[2] *See* ECF Doc No. 614, 18-cv-04438, "Stipulation of Voluntary Dismissal" – (JLR) (BCM) (S.D.N.Y. April 6, 2026).

Resultantly, for purposes of trial, Plaintiff has retained Count I (Copyright Infringement); Count II (Lanham Act Trademark Infringement); and Count V (Tortious Interference with Contract).[3]

## II.     **DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12**

a.      Recoverable Damages

Assuming, *arguendo*, that Plaintiff is able to prove those elements of the remaining three ("3") claims (Copyright Infringement, Lanham Act Trademark Infringement, and Tortious Interference with Contract), Plaintiff still cannot exhibit with requisite specificity the damages allegedly incurred.

a.   Damages Pursuant to Copyright Infringement Violation

As an initial matter, "[u]nder the Copyright Act, plaintiff is entitled, at its own election, to either (1) actual damages and the infringer's profit, or (2) statutory damages, for defendants' infringement."[4] *Getaped.com, Inc. v. Cangemi*, 188 F Supp 2d 398, 406 (S.D.N.Y. 2002) citing to 17 U.S.C. § 504. Further, "[a]lthough the election may be made at any time before final judgment is rendered, once a plaintiff elects statutory damages he may no longer seek actual damages." *Id.* citing to *Twin Peaks Prods. v Publs. Intl., Ltd.*, 996 F.2d 1366, 1380 (2d Cir. 1993).[5]

The measurement of actual damages consists of 'the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by the infringement.'" *Id.* citing to *Fitzgerald Publ. Co. v. Baylor Publ. Co.*, 807 F.2d 1110 (2d Cir. 1986).

---

[3] *Id.*
[4] Defendant acknowledges that Plaintiff has been awarded a default judgment as to the Cause of Action regarding Tortious Interference with Contract. *See* ECF Doc No. 578, 18-cv-04438, "Order Adopting Report and Recommendations" – (JLR) (BCM) (S.D.N.Y. September 3, 2025).
[5] Although not officially stated by Plaintiff, at the April 1, 2026 Final Pretrial Conference, it appeared Plaintiff was inclined to proceed with "actual damages."

In order to recover such, a "plaintiff must show a causal connection between the infringement and any damages sustained." *Id*. citing to *Sunset Lamp Corp. v. Alsy Corp.*, 749 F. Supp. 520, 522 (S.D.N.Y. 1990). Further, the "actual damages must bear a 'necessary, immediate and direct causal connection' to the defendant's infringement." Sunset Lamp Corp., 749 F. Supp. at 522 citing to *Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977).

Yet, "[b]oth statutory damages and attorney's fees and costs are unavailable if '(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.'" *Getaped.com, Inc.*, 188 F Supp 2d at 400 citing to 17 U.S.C. § 412.

Most saliently, "[c]ourts do 'not allow speculation as to the amount of actual damages suffered.'" *Id*. at 403 citing to *Sunset Lamp Corp. v. Alsy Corp.*, 749 F. Supp. 520, 522 (S.D.N.Y. 1990).

Here, Plaintiff has failed to provide any documentation, computations, or evidence other than mere speculation as to a causal connection regarding a perceived drop in revenue or the extent by which Defendant's alleged actions may have influenced the market. Regardless of the limitations imposed by the Court's terminating sanctions, Plaintiff cannot employ baseless, theoretical, and hypothetical damages without any basis.[6] As damages must be proven with some degree of reasonable certainty, Plaintiff should not be permitted to engage in unproven speculation when requesting damages incurred.

---

[6] *See* ECF Doc No. 578, 18-cv-04438, "Order Adopting Report and Recommendations" – (JLR) (BCM) (S.D.N.Y. September 3, 2025).

b.  Damages Pursuant to Lanham Act Trademark Infringement

Pursuant to the "Lanham Act, 15 U.S.C. § 1125(a), 'causation must first be established,' and a plaintiff 'will be entitled only to such damages as were caused by the violation.'" *Gen. Sec., Inc. v. Commer. Fire & Sec., Inc.*, 2024 U.S. App. LEXIS 9910, at *5 (2d Cir. Apr. 24, 2024, No. 23-0921) citing to *Burndy Corp. v. Teledyne Indus., Inc.*, 748 F.2d 767, 771 (2d Cir. 1984).

Although not required to prove damages "with mathematical precision," Plaintiff still bares the burden to "establish both the existence and amount of such damages with reasonable certainty." *Id.* citing to *Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000) (*Kenford Co. v. Cnty of Erie*, 67 N.Y.2d 257, 261, 493 N.E.2d 234, 502 N.Y.S.2d 131 (1986)).

Here, Plaintiff provides no records whatever to support their claim seeking a minimum of $86,692,364.08 in damages.[7] The number cited is seemingly conjured out of whole cloth and not the basis of any formula other than the outlandish hope of Plaintiff.

Further, those cases cited by Plaintiff within the Joint Proposed Pretrial Order are decidedly dissimilar to the current matter. In *David v. Glemby Co.*, the analysis of lost profits was via a breach of contract matter, a cause of action that has since been discontinued, and any resulting analysis is decidedly not akin to the current matter. 717 F. Supp. 162, 172 (S.D.N.Y. 1989). Similarly, in *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, a computation of damages was once again determined via a breach of contract between the parties. 511 F. Supp. 2d 324 (E.D.N.Y. 2007). Further, Plaintiff at the very least in that matter utilized an expert in order to compute potential losses (something that is decidedly missing in the current matter).

Yet, given Plaintiff's desire to cite to breach of contract claims as a basis for how they intend to compute potential damages, it must be noted that "damages may not be merely

---

[7] *See* ECF Doc No. 600, 18-cv-04438, "Pretrial Statement" – (JLR) (BCM) (S.D.N.Y. February 25, 2026).

speculative, possible or imaginary, but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes." *ScentSational Tech., LLC v Pepsico, Inc.*, 2018 US Dist LEXIS 91180, at *17 (S.D.N.Y. May 23, 2018, No. 13-cv-8645 (KBF) citing to Kenford Co. v. Cnty. of Erie, 67 N.Y.2d 257, 493 N.E.2d 234, 235, 502 N.Y.S.2d 131 (1986).

Resultantly, Plaintiff's alleged damages are again entirely speculative and devoid any reasonable, and accepted, basis for potential recovery. As they must be proven with reasonable certainty, jury instructions regarding recoverable damages should include indicate that hypotheticals, assumptions, or uncertainty in computing potential damages.

## III.    DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

### a.    Copyright Infringement

Defendant further contends that Plaintiff does not own requisite and proper copyrights for the works at issue and further contends that he had permission via a license to utilize said works.

In order "[t]o establish copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *McGraw-Hill Global Educ. Holdings, LLC v. Khan*, 323 F Supp 3d 488, 496 (S.D.N.Y. 2018) citing to *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)).

Although, the "establishment of a valid copyright via a certificate from the United States Register of Copyrights is prima facie evidence of its valid ownership," the current matter is contingent on whether the alleged agreement between Plaintiff and the late Robert Indiana was valid or specified enough to permit its continued usages. *Joe Brands LLC v. Edcmaker*, 2023 US Dist LEXIS 126193, at *4 (S.D.N.Y. July 21, 2023).

Regardless, "the production of the certificates creates only a presumption of validity, the defendant can attempt to rebut the presumption and force the plaintiffs to prove the copyrights are valid." *Sunham Home Fashions v Pem-America, Inc.*, 2002 US Dist LEXIS 24185, at \*9 (S.D.N.Y. Dec. 17, 2002) *citing to Durham Indus., Inc. v. Tomy Corp.,* 630 F.2d 905, 908 (2d Cir. 1980).

Further, "[o]nly the 'knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action.'" *Id*. at \*14 citing to *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d Cir. 1984) (quoting *Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980)

Here, as Defendant not only claims he had a valid copyright, but further, that the copyrights submitted by Plaintiff are improper, it is necessary for the jury to be informed that if they find the written instrument signed by the copyright owner were improperly or fraudulently obtained to be informed of said instructions.

Additionally, "the existence of a license…is a permissible basis for dismissal only 'where the facts necessary to establish the defense are evident on the face of the complaint.'" *Suresh v. Crain Communications, Inc.*, 2024 US Dist LEXIS 25617, at \*7 (S.D.N.Y. Feb. 13, 2024, No. 23-CV-04976 (PAE) (JW)) citing to *Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018) (quoting *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) (internal citations omitted).

Once again, Defendant further claims he had a valid implied license to utilize the works in question given the years he worked with Robert Indiana and their joint history. Once again, the jury should be instructed as to this potential finding.

**IV.    DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

a.    <u>Lanham Act Trademark Infringement</u>

As noted at the aforementioned Final Pretrial Conference, innumerable questions exist as to whether Plaintiff properly obtained the trademarks at issue as well as whether they "policed" or "controlled" any trademarks that may have been valid, and in so doing, abandoned any rights relating thereto.

i.    <u>Cancellation of Trademark</u>

"[T]he registration can be challenged and cancelled where the mark has been fraudulently obtained or where the mark has been abandoned by the registrant. *Orient Express Trading Co. v. Federated Dept. Stores, Inc.*, 1987 US Dist LEXIS 536, at *41 (S.D.N.Y. Jan. 28, 1987) citing to 15 U.S.C. section 1115(b).

"[A]n applicant for registration of a trademark is required to exercise uncompromising candor in his communications with the United States Patent and Trademark Office, lest any registration he obtains will be [sic] invalid and/or unenforceable." *Id.* at *42.

Accordingly, an applicant "must not only refrain from making false representations to the United States Patent and Trademark Office, but must make full disclosure of all facts to his knowledge which might bear in any way on the Office's decision to grant the registration sought." *Id.*

Here, the validity of Plaintiff's alleged trademarks, as well as the manner in which they were procured are directly at issue. Accordingly, evidence and testimony as to the extent that Plaintiff claims to have obtained said rights should not be abrogated at the time of trial or via instructions to the jury.

ii.    <u>Abandonment of Trademark</u>

"[A]n incontestable mark may be deemed abandoned when the registrant licenses the mark and fails to police the license." *Procter & Gamble Co. v. Quality King Dist. Inc.*, 123 F Supp 2d 108, 109 (E.D.N.Y. 2000) citing *General Motors Corp. v. Gibson Chemical & Oil Corp.*, 786 F.2d 105, 110 (2d Cir. 1986); *Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.*, 841 F. Supp. 1339, 1354-55 (E.D.N.Y. 1994).

Once a trademark "is deemed abandoned, it reverts to the public domain where anyone can appropriate it for their own use." *Id.* at 116 citing to *Dial-A-Mattress*, 841 F. Supp. at 1354-55 ("holding that section 32(b) of Lanham Act 'denies even an incontestable registrant the benefit of their trademark where that party's use of the mark is tainted with inequity or bad faith'").

Resultantly, "[i]f a trademark owner 'expressly abandons his mark . . ., others are no longer restrained from using it since it ceases to be associated in the public's mind with the owner's goods or services.'" *Fujifilm N. Am. Corp. v. PLR IP Holdings, LLC*, 2025 US Dist. LEXIS 164650, at *16 (S.D.N.Y. Aug. 25, 2025) citing to *Defiance Button Machine Co. v. C & C Metal Products Corp.*, 759 F.2d 1053, 1059 (2d Cir. 1985).

In order "[t]o establish abandonment, 'it is necessary to show either the owner's intent to abandon the mark, or a course of conduct on the part of the owner causing the mark to become generic or lose its significance as a mark.'" *Fujifilm N. Am. Corp.*, 2025 US Dist LEXIS 164650, at *16 citing to *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 110 (2d Cir. 2000).

A "'[l]ack of intent to resume use 'may be inferred from circumstances[,]' and nonuse of a trademark for three consecutive years constitutes prima facie evidence of abandonment." *Fujifilm N. Am. Corp.*, 2025 US Dist. LEXIS 164650, at *17 citing to 15 U.S.C. § 1127.

In the current matter, the sufficiency, extent, and breadth of Plaintiff's alleged trademarks, as well as the manner in which they have been properly policed in the market is directly at issue. Accordingly, evidence and testimony as to the extent that Plaintiff claims to have protected said rights should not be abrogated at the time of trial.

Dated: April 7, 2026
      Brooklyn, New York

JODRÉ BRENECKI, LLP

--------------------------------------------------
By: NICOLE BRENECKI, ESQ.
Attorneys for Plaintiffs
101 North 10th Street – Suite 303
Brooklyn, NY 11249
Tel.: (347) 563-2605
Email: nicole@jodrebrenecki.com