UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

PLAINTIFF,

-AGAINST-

MICHAEL MCKENZIE D/B/A AMERICAN IMAGE ART,

DEFENDANT.

Case No. 1:18-cv-04438-AT-BCM

**JOINT PROPOSED JURY INSTRUCTIONS**

## MAF'S REQUESTED JURY INSTRUCTION NO. 1

### Opening Instructions

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The parties to this case are: Morgan Fine Art Limited on one side, and Michael McKenzie, d/b/a American Image Art on the other.

By your verdict you, and you alone, will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. You should avoid reading any newspaper articles that might be published about the case, and should also avoid seeing or hearing any television or radio comments about the trial. Lastly, the lawyers representing the parties in this case are not allowed to speak with you during the course of the trial. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comments I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

2

**AUTHORITY:** 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 101.01 (5th ed. 2000).

## MAF'S REQUESTED JURY INSTRUCTION NO. 2

### Order of Trial

The trial will proceed in the following order:

First, MAF will make an opening statement outlining its case. Then, McKenzie will make an opening statement. What is said in opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

Second, after opening statements, MAF will present evidence in support of its claims, and the attorneys for McKenzie may cross-examine MAF's witnesses. At the conclusion of MAF's case in chief, Mr. McKenzie will have the opportunity to introduce evidence; MAF may cross-examine any witnesses called by McKenzie.

Third, after all of the evidence is presented, the parties' lawyers may make closing arguments explaining what they believe the evidence has shown. What is said in closing argument is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.


**AUTHORITY:** 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 101.02 (5th ed. 2000) (modified).

3

## MAF'S REQUESTED JURY INSTRUCTION NO. 3

### Jury Conduct

To insure fairness, you must obey the following rules:

a.    Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

b.    Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors." Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

c.    Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

d.    During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case–you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

e.    Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

f.    Do not do any research, such as conducting internet searches, checking dictionaries or make any investigation about the case on your own.

g.    Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

h.    If you need to tell me something, simply give a signed note to the bailiff to give to me.

**AUTHORITY**: 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instruction – Civil § 101.11 (5th ed. 2000) (modified).

4

## MAF'S REQUESTED JURY INSTRUCTION NO. 4

### Evidence in the Case

The evidence in this case will consist of the following:

1.    The sworn testimony of the witnesses, regardless of which party called the witness;

2.    All exhibits received in evidence, regardless of which party may have produced the exhibits; and

3.    All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions also may be received in evidence. In some cases, a deposition may be played for you by video. Depositions contain testimony taken under oath before a court stenographer before trial, with the lawyers for each party being entitled to ask questions. This is part of the pre-trial discovery process, and all parties are entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement among the parties that certain facts are true or that a person would have given certain testimony. When the lawyers stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence, or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

5

**AUTHORITY:** 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 101.40 (5th ed. 2000); 4 Leonard B. Sand, et al., Modern Federal Jury Instructions – Civil, ¶ 74.07, Instruction 74-14 (2007).

## MAF'S REQUESTED JURY INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example that helps explain what circumstantial evidence is. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. You cannot look outside of the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all of the evidence presented.

**AUTHORITY:** 4 Leonard B. Sand, et al., Modern Federal Jury Instructions – Civil 74.01, Instruction 74-2 (2007).

7

## MAF'S REQUESTED JURY INSTRUCTION NO. 6

### Witness Credibility

In deciding the facts, you, as jurors, may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. If you believe any witness testified falsely as to any material issue in the case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness.

**AUTHORITY:** 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 101.43 (5th ed. 2000).

8

## MAF'S REQUESTED JURY INSTRUCTION NO. 7

### Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


**AUTHORITY:** 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 105.04 (5th ed. 2000).

9

## MAF'S REQUESTED JURY INSTRUCTION NO. 8

### General Post-Trial Instruction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**AUTHORITY:** 3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 103.01 (5th ed. 2000).

10

## MAF'S REQUESTED JURY INSTRUCTION NO. 9

### Burden of Proof

Morgan Art Foundation must establish by a fair preponderance of the credible evidence the amount of damages it sustained as a result of Mr. McKenzie's tortious interference with its contract with Robert Indiana. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the evidence means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either party. The phrase refers to the quality of the evidence—its convincing quality, the weight and effect it has on your minds. For Morgan Art Foundation to recover damages, the evidence supporting its claim for damages must appeal to you as more nearly representing the truth than the evidence opposed to it

**Authority:** PJI 1:23 amd 1:60 NYS

11

## MAF'S REQUESTED JURY INSTRUCTION NO. 10

### Punitive Damages

**5.5 Punitive Damages**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

**AUTHORITY**: Manual of Model Civil Jury Instructions 2025 Edition Chapter 5.5 (Ninth Circuit Courts)

12

## MAF'S REQUESTED JURY INSTRUCTION NO. 11

### Liability Already Established

The question of liability has already been decided for one of Morgan Art Foundation's claims in this case. The Court has determined that defendant Michael McKenzie is liable for tortious interference with the contract between plaintiff Morgan Art Foundation and Robert Indiana. You must accept this determination. Your sole responsibility is to determine the amount of damages, if any, that plaintiff Morgan Art Foundation is entitled to recover as a result of Mr. McKenzie's tortious interference with that contract. Should there be any mention during this trial of how Mr. McKenzie interfered with the contract, you will consider that information only in deciding the amount of money, if any, that will fairly and justly compensate Morgan Art Foundation for its losses.

**AUTHORITY**: PJI 1:2D NYS.

13

## MAF'S REQUESTED JURY INSTRUCTION NO. 12

### Recoverable Damages for this Tort

If you find that Morgan Art Foundation has proven damages by a preponderance of the evidence, you must determine the amount of money that will fairly and justly compensate Morgan Art Foundation for the losses it sustained as a result of Mr. McKenzie's interference with its contract with Robert Indiana.

Morgan Art Foundation is entitled to recover the full pecuniary loss of the benefits that would have flowed from the contract that was interfered with. This includes:

1. Lost profits that Morgan Art Foundation would have earned from the contract with Robert Indiana but for Mr. McKenzie's interference;
2. Consequential damages - other financial losses that were a natural and probable consequence of the interference and that were reasonably foreseeable; and
3. Any other elements of damages that flow from Mr. McKenzie's tortious interference with the contract.

Damages must be proven with reasonable certainty.

**Authority:** NYS PJI 3:56.

14

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

### Recoverable Damages

**Plaintiff's burden:**

You have been instructed that Defendant is liable for tortious interference with contract. You must now determine what damages, if any, Plaintiff has proven. Plaintiff has the burden of proving damages by a preponderance of the evidence. Plaintiff must prove both the existence and the amount of damages with reasonable certainty. Damages may not be based on speculation, guesswork, or conjecture. If you find that Plaintiff has failed to prove damages with reasonable certainty, then you must award no damages or only nominal damages.

**Causation:**

Plaintiff may recover only those damages that were proximately caused by Defendant's conduct. This means that Plaintiff must prove that the damages were a direct and natural result of Defendant's actions, and not the result of other factors. If you find that some or all of Plaintiff's claimed damages were caused by factors other than Defendant's conduct, then you may not award damages for those amounts.

**Specificity:**

Damages must be proven with reasonable certainty. Plaintiff is not entitled to recover damages that are remote, speculative, or uncertain. This includes claims based on hypothetical sales, uncertain market conditions, or assumptions about what might have occurred. If you find that Plaintiff's claimed damages are speculative or not supported by reliable evidence, you must not award those damages.

**Nominal damages:**

If you find that Plaintiff has proven liability but has failed to prove actual damages, you may award nominal damages. Nominal damages are a trivial sum, such as one dollar, awarded to recognize that a legal wrong occurred without proof of actual loss.

15

## MAF'S REQUESTED JURY INSTRUCTION NO. 13

### Adverse Inference

The Court has previously determined that Mr. McKenzie engaged in serious discovery misconduct in this case. Specifically, the Court found that Mr. McKenzie:

- Failed to timely disclose or produce the Art Archive—a computer database that tracked the artworks he produced and sold;
- Failed to timely disclose Gregory Allen's role in selling artworks and failed to produce communications with Mr. Allen;
- Failed to timely produce more than 5,000 documents that were ultimately located in and collected from his studio; and
- Removed thousands of Indiana Artworks from his property in advance of a Court-ordered inspection, without notice to Morgan Art Foundation or his own lawyers.

It is entirely up to you to decide what weight, if any, to give to this evidence of discovery misconduct in determining the amount of damages Morgan Art Foundation has proven. You may consider this evidence of Mr. McKenzie's discovery misconduct, along with all other evidence in the case, in several ways:

- First, you may, but are not required to, infer that the evidence Mr. McKenzie failed to produce or concealed would have been unfavorable to him on the issue of damages.
- Second, you may, but are not required to, draw the strongest inference against Mr. McKenzie on the issue of damages that the evidence permits.
- Third, you may consider Mr. McKenzie's discovery misconduct when evaluating his credibility and the credibility of witnesses testifying on his behalf.

**Authority**: PJI 1:77 and Court Order

16

## MAF'S REQUESTED JURY INSTRUCTION NO. 14

### Copyright Infringement

In order to prevail on plaintiff's copyright infringement claim, plaintiff must prove two things: Plaintiff is the owner of a work protected by the Copyright Act and Defendant infringed one or more of the rights granted by that Act. Each of these aspects has several elements that I will explain to you.

**Ownership:** The first thing MAF must prove is that plaintiff is the owner of a work protected by the Copyright Act. In order to prove this, MAF must show the following elements: Plaintiff's work is original; either MAF is the author, or plaintiff's relationship with the author permits MAF to claim ownership of the work; and MAF has complied with the formalities of the copyright law.

Plaintiff's certificate of registration of plaintiff's copyright is what is called prima facie evidence of the element of ownership. In other words, if there is no evidence against MAF as to that element, the registration certificate alone is sufficient to establish that element.

**Infringement:** In addition to establishing MAF is the copyright owner of the work in question, MAF must also prove McKenzie infringed MAF's rights in that work.

In order to establish infringement, MAF must prove defendant's work was copied or taken from plaintiff's work. No matter how similar the two works are, MAF may not recover against McKenzie unless that similarity is the result of the copying or taking of plaintiff's work, directly or indirectly, intentionally or unintentionally.

Furthermore, there is no liability unless it is the original aspects of the plaintiff's work that are copied or taken. If McKenzie copies or takes only those portions of plaintiff's work which were not original with plaintiff, that is, portions MAF had in turn copied or taken from somebody else, then McKenzie is not liable for copyright infringement.

McKenzie is liable only if McKenzie copies or takes aspects of plaintiff's work that were original with MAF. This does not mean that you have to find that the McKenzie copied or took plaintiff's work.

If the work was copied or taken from MAF, but not by McKenzie but rather by the defendant's supplier, that does not protect McKenzie from liability. Liability attaches to the sale of an unauthorized copy of a copyrighted work, regardless of whether the seller is the one who made that copy, and regardless of whether the seller is aware that the work is an unauthorized copy.

**Authority:** Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 160:20, 22, 26 (6th ed. 2025).

17

## DEFENDANT'S REQUESTED JURY INSTRUCTION No. 14

### Copyright Infringement

### Ownership:

Defendant contends that Plaintiff does not own the copyright in the work at issue. A transfer of copyright ownership is valid only if it is in a written instrument signed by the copyright owner. Plaintiff bears the burden of proving that any transfer of copyright ownership was made in a signed writing and that the transfer covers the work at issue in this case. If you find that Plaintiff has not proven the existence of a valid written transfer of copyright ownership, then Plaintiff does not own the copyright and your verdict must be for Defendant.

### Scope of copyright:

Even if you find that a written transfer exists, Plaintiff must also prove that the transfer covers the specific rights and works at issue. Copyright ownership may be limited in scope. A transfer may grant only certain rights or apply only to certain works. If you find that Plaintiff has not proven that it owns the specific rights allegedly infringed, or that there is a break in the chain of title from the original author to Plaintiff, then your verdict must be for Defendant.

### Defendant's License:

Defendant contends that it had permission, or a license, to use the work. A license may be express or implied. An implied license may arise from the conduct of the parties. You may find that Defendant had an implied license if you find that: (1) the creator of the work provided the work to Defendant or intended that Defendant have access to it; (2) the creator intended that Defendant use the work; and (3) Defendant used the work in a manner consistent with that intent. If you find that Defendant had a license to use the work, then Defendant is not liable for copyright infringement.

18

## MAF'S REQUESTED JURY INSTRUCTION NO. 15

### Lanham Act Trademark Infringement

With certain exceptions, a registered trademark is infringed when person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, Plaintiff MAF is required to prove a likelihood of confusion, mistake, or deception.

In order to establish trademark infringement, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;

Second: Plaintiff is the registrant of that trademark, assignee of the registrant of that trademark, or, licensee of the registrant of that trademark; and

Third: Defendant McKenzie used the trademark without the consent of MAF in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

In determining whether there is or will be a likelihood of confusion caused by the use of MAF's mark by Mckenzie, you may draw on your common experience as citizens of the community. In addition to the general knowledge you have acquired throughout your lifetimes, you may also consider:

1. The degree of similarity between the marks in question.
2. The intent of Defendant McKenzie in adopting the mark, that is, whether there was an intent to confuse.
3. The manner and method in which Plaintiff and Defendant used the mark.
4. The similarity between the products in question.
5. The degree of care likely to be used by purchasers.
6. Other factors about the product that would tend to reduce any tendency to confuse the purchaser as to the source of origin of the product.

**Authority**: Kevin F. O'Malley, et al., Federal Jury Practice and Instructions – Civil § 159:20 (6th ed. 2025).

19

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15

### Lanham Act Trademark Infringement

**Trademark rights:**

Defendant contends that Plaintiff does not own a valid trademark. Not all words, names, or symbols are entitled to trademark protection. A trademark must be distinctive, meaning it identifies a single source of goods in the minds of consumers. Common words or terms that are widely used, including ordinary words in the English language, are not protected as trademarks unless Plaintiff proves that the term has acquired a secondary meaning, namely, that, in the minds of the public, the term identifies Plaintiff as the source of the goods. If you find that Plaintiff has not proven that its claimed mark is distinctive or has acquired secondary meaning, then the mark is not protectable, and your verdict must be for Defendant.

**Scope of trademark:**

Even if you find that Plaintiff owns a valid trademark, the scope of that trademark may be limited. Trademark protection does not give the owner the exclusive right to use a common word or phrase in all contexts. The scope of protection depends on the distinctiveness of the mark and the manner in which it is used. If you find that Plaintiff's mark is weak or consists of a commonly used term, then the mark is entitled to only a narrow scope of protection. If Defendant's use falls outside that limited scope, then your verdict must be for Defendant.

**Likelihood of confusion:**

Defendant contends that its use of the challenged term is not likely to cause confusion. In determining whether there is a likelihood of confusion, you must consider all relevant circumstances. These may include:
1. The strength of Plaintiff's mark;
2. The similarity of the marks;
3. The proximity of the products and their competitiveness;
4. Whether Plaintiff is likely to bridge the gap;
5. Evidence of actual confusion, if any;
6. Defendant's intent in adopting the mark;
7. The quality of Defendant's product; and
8. The sophistication of the relevant consumers.

No single factor is determinative. You must weigh all of the factors together. If you find that Plaintiff has not proven a likelihood of confusion, then your verdict must be for Defendant.

**No use as trademark:**

Defendant contends that it did not use the term as a trademark. Trademark law applies only when a term is used to identify the source of goods or services. If you find that Defendant used the term only in a decorative, descriptive, or expressive manner, and not to indicate the source of goods, then there is no trademark infringement, and your verdict must be for Defendant.

20

**Trademark abandonment**:

Defendant contends that Plaintiff has abandoned any trademark rights it claims in the mark. A trademark is abandoned when its use has been discontinued with intent not to resume such use. Intent not to resume use may be inferred from the circumstances. Nonuse of a mark for three consecutive years constitutes prima facie evidence of abandonment. A trademark may also be abandoned if the owner engages in conduct that causes the mark to lose its significance as an indicator of source. This may occur where the owner fails to exercise adequate control over the quality or use of the mark by others. Defendant has the burden of proving abandonment by a preponderance of the evidence. If you find that Plaintiff has abandoned the mark, then the mark is not entitled to protection, and your verdict must be for Defendant.

**Quality control**:

Defendant contends that Plaintiff engaged in naked licensing of the mark. A trademark owner must exercise reasonable control over the nature and quality of goods sold under its mark. If a trademark owner allows others to use the mark without adequate quality control, the mark may lose its significance as an indicator of source and be deemed abandoned. If you find that Plaintiff licensed or permitted use of the mark without maintaining adequate quality control over those uses, then the mark is considered abandoned. If you find abandonment through naked licensing, your verdict must be for Defendant.

21