UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

PLAINTIFF,

-AGAINST-

MICHAEL MCKENZIE D/B/A AMERICAN IMAGE ART,

DEFENDANT.

Case No. 1:18-cv-04438-JLR

HON. JENNIFER ROCHON

### PLAINTIFF'S MEMORANDUM OF LAW REGARDING MICHAEL MCKENZIE'S REQUEST TO CALL JOHN D. FRUMER AS A TRIAL WITNESS

Dated: April 7, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Luke Nikas
Paul B. Maslo
Alex Lefkowitz
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
lukenikas@quinnemanuel.com
paulmaslo@quinnemanuel.com
alexlefkowitz@quinnemanuel.com

*Attorneys for Plaintiff Morgan Art Foundation Limited*

Plaintiff Morgan Art Foundation Limited submits this memorandum of law, as ordered by the Court at the April 1, 2026 Final Pre-Trial Conference, in opposition to Defendant Michael McKenzie's request to call John D. Frumer as a trial witness.

Defendant's counsel informed us this evening that McKenzie does not intend to call Frumer as a witness. Out of an abundance of caution given McKenzie's changing positions throughout this case, and given the Court's order requesting a brief on this subject-matter, we submit this memorandum of law.

## INTRODUCTION

John D. Frumer was Defendant Jamie Thomas's litigation counsel in this lawsuit. He also represented Thomas when Thomas acted as power of attorney for Robert Indiana. Frumer therefore had privileged communications with Thomas and Indiana before this litigation commenced, as well as privileged communications with Thomas after MAF filed suit. As a result, Thomas asserted privilege in response to MAF's document requests in this litigation and refused to produce any privileged communications involving Frumer. MAF was therefore precluded from obtaining discovery of Frumer's privileged communications with Thomas—both in his capacity as a defendant in this case *and* in his capacity as power of attorney.

Now, Defendant Michael McKenzie wants to call Frumer as a trial witness—apparently, to testify about privileged communications that Frumer had with Thomas and Indiana regarding Indiana's supposed wish to send MAF a cease and desist, MAF's royalty payments to Indiana, and the validity of MAF's contracts with Indiana. McKenzie's request is improper: (1) MAF cannot be precluded from taking discovery of these communications, only to be ambushed at trial with testimony about these communications; (2) Frumer's communications with Thomas and Indiana

1

are irrelevant and therefore inadmissible; and (3) Frumer's testimony would constitute inadmissible hearsay.  The Court should bar Frumer from testifying at trial.

<u>**ARGUMENT**</u>

**I.    MAF WAS PRECLUDED FROM TAKING DISCOVERY OF FRUMER'S PRIVILEGED COMMUNICATIONS, WHICH BARS MCKENZIE FROM OFFERING THESE COMMUNICATIONS AT TRIAL**

Frumer represented Defendant Jamie Thomas in this litigation.  (Dkt. 28.)  He also represented Thomas in Thomas's capacity as power of attorney for Indiana.  Therefore,  in response to MAF's request for the production of documents, Thomas objected to MAF's request on the basis of attorney-client privilege and withheld all privileged communications that he and Indiana had with Frumer.  (Ex. A at 22.)  As a result, MAF was precluded from taking any discovery concerning Frumer's communications with Thomas and Indiana.

McKenzie now requests permission to call Frumer as a trial witness and elicit testimony about Frumer's communications with Thomas—testimony that would fall squarely within the privilege Thomas asserted.  Although *McKenzie* says he's willing to waive that privilege, he is not the privilege holder—*Thomas* is.  *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) (stating that attorney-client privilege "belongs solely to the client and may only be waived by him").  And it's too little, too late, anyway.  The harm has already been done because Thomas's invocation of privilege prevented MAF from taking discovery of Frumer's communications.

In these circumstances, it is black-letter law that the Court should bar Frumer from testifying at trial.  *See Iacovacci v. Brevet Holdings, LLC*, No. 1:18-CV-08048-MKV, 2022 WL 540658, at *3 (S.D.N.Y. Feb. 23, 2022) ("privilege cannot be use [sic] simultaneously as a sword and a shield . . . while Defendants need not produce the product of any investigation by Greenberg Traurig, it also may not rely on that investigation as a defense at trial"); *United States v. Bilzerian*,

926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

## II.     FRUMER'S PROFFERED TESTIMONY IS BOTH IRRELEVANT AND INADMISSIBLE HEARSAY

McKenzie claims that Frumer will testify about the validity of MAF's contracts with Indiana, including testimony about Indiana's supposed desire to send MAF a cease and desist and MAF's royalty payments to Indiana. This testimony is both irrelevant and inadmissible hearsay.

The trial in this case is about three claims: liability and damages for copyright and trademark infringement and damages for tortious interference with contract. Frumer's supposed testimony about MAF's royalty payments to Indiana is irrelevant for the reasons explained in Plaintiff's Brief Regarding the Validity of MAF's Contract. (*See* Plaintiff's Brief Regarding the Validity of MAF's Contract, at 3). So, too, is his testimony about Indiana's supposed desire to send a cease and desist letter. That information, even if true (about which we are doubtful), is not competent evidence of whether MAF's contracts were valid or MAF's claims have merit. It would only constitute evidence that Frumer told Indiana information (that may or may not have been true) that led Indiana to say (supposedly) that he wanted to send MAF a cease and desist. It does not prove or disprove MAF's copyright or trademark claims and has no bearing whatsoever on MAF's damages for tortious interference. It's an understatement to say that the testimony is both irrelevant and inadmissible under Rules 401 and 402 and more prejudicial than probative under Rule 403.

This testimony is also hearsay and should be excluded on that independent basis. Hearsay "means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FRCP 801(c). That is precisely the type of testimony Frumer would offer, according to McKenzie: Indiana's out-of-court statements would be offered for the truth of the matter asserted. No

exception to the hearsay rule would apply, and Frumer cannot testify about these statements on the basis of personal knowledge because hearsay does not "become personal knowledge merely because a witness has internalized statements made by others and decided they must be true." *Scott v. City of New York*, 591 F. Supp. 2d 554, 566 (S.D.N.Y. 2008) ("Unattributed out-of-court statements also cannot be offered in court to build a foundation for testimony that relies on no other source.").

<u>**CONCLUSION**</u>

For the above reasons, the Court should prohibit Defendant Michael McKenzie from calling John D. Frumer as a trial witness.

Dated: April 7, 2026                    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Luke Nikas*
     Luke Nikas
     Paul B. Maslo
     Alex Lefkowitz
     295 Fifth Avenue, 9th Floor
     New York, New York 10016
     Tel: (212) 849-7000
     lukenikas@quinnemanuel.com
     paulmaslo@quinnemanuel.com
     alexlefkowitz@quinnemanuel.com

     *Attorneys for Plaintiff Morgan Art
     Foundation Limited*

4