# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED, <br><br> Plaintiff, <br><br> -against- <br><br> MICHAEL MCKENZIE, AMERICAN IMAGE ART, JAMIE THOMAS, and JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana, <br><br> Defendants. | |
| MICHAEL MCKENZIE and AMERICAN IMAGE ART, <br><br> Counter-Claimants, <br><br> -against- <br><br> MORGAN ART FOUNDATION LIMITED, <br><br> Counterclaim Defendant. | Case No.:  1:18-cv-4438-AT-BCM <br><br> **DEFENDANT JAMIE L. THOMAS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO JAMIE THOMAS** |
| JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana, <br><br> Counter-Claimant, <br><br> -against- <br><br> MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK (US), LLC, RI CATALOGUE RAISONNÉ LLC, and SIMON SALAMA-CARO, <br><br> Counterclaim Defendants. | |
| MICHAEL MCKENZIE and AMERICAN IMAGE ART, <br><br> Cross-Claimants, <br><br> -against- <br><br> JAMIE THOMAS and JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana, <br><br> Crossclaim-Defendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York ("SDNY Local Rules"), the Court's Rules of Practice, and Paragraph 6 of the Civil Case Management Plan and Scheduling Order entered July 23, 2018, Defendant Jamie Thomas ("Thomas"), by and through his undersigned counsel, hereby responds to the First Request for Production of Documents directed to Jamie Thomas by Plaintiff Morgan Art Foundation Limited ("Plaintiff", "MAF" or "Morgan"), dated September 10, 2018, (the "Requests") in the above-captioned action (the "Action").

Unless otherwise stated below, Thomas will not produce documents in response to Requests for which Thomas has objections.  Unless otherwise stated below, documents that Thomas agrees to produce will be delivered to Plaintiff on a rolling basis, subject to a schedule agreed to by the parties.

## PROTECTIVE ORDER

Thomas objects to the Requests to the extent they seek confidential information when no protective order is yet in place in this Action.  Thomas will not produce any documents that contain confidential information unless and until the parties stipulate to a protective order to be entered by the Court in this Action.

## NON-DUPLICATIVE PRODUCTION

Thomas objects to the Requests to the extent they are better directed to the Estate of Robert Indiana (the "Estate").  Thomas notes that documentation related to Robert Indiana, including but not limited to from during Thomas' tenure as attorney-in-fact, has been turned over to or is otherwise available from the Estate.  In responding to these Requests, Thomas will not produce

2

documents that have already been provided to or are otherwise available from the Estate and thus are within the Estate's custody or control.

## NON-WAIVER

Thomas' Responses and Objections are made without waiver, and with preservation of, all objections as to the competency, relevancy, materiality, privilege, and admissibility of the responses and subject matter thereof as evidence for any purposes in any part of this Action or in any other action or proceeding. No response made herein, or lack thereof, shall be deemed an admission by Thomas as to the existence or nonexistence of documents. Any inadvertent production of any privileged documents shall not be deemed to constitute a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

## SUPPLEMENTATION

Thomas' Responses and Objections are made to the best of Thomas' present knowledge, information, and belief, as well as his present analysis of the case. The Responses and Objections are made without prejudice to the assertion of additional responses and objections by Thomas at a later date, and Thomas reserves the right to revise, correct, clarify, supplement, modify, amend, and/or update these Responses and Objections as appropriate, in light of facts revealed through discovery and investigation.

## OFFER TO CONFER IN GOOD FAITH

Thomas hereby offers to confer in good faith with counsel for Plaintiff concerning the Requests and matters raised herein. Thomas offers to confer regarding the scope and meaning of the Definitions, Instructions, and requests for production found in the Requests, which in their present state are objectionable as set forth herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Thomas' following objections to the definitions and instructions set forth in Plaintiff's Requests shall be read to apply throughout these Responses and Objections, including where not specifically referenced.

**DEFINITION PARA. NO. 5:**

"Communication" means the transmittal, disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), by any means whatsoever, including orally or in writing, and by any medium whatsoever, including in person, via telephone or via digital or electronic communication.

**OBJECTION TO DEFINITION PARA. NO. 5:**

Thomas objects to the definition of the term "communication" set forth in the Requests to the extent that it seeks the production of oral communications that cannot be produced.

**DEFINITION PARA. NO. 7:**

"Draft" means any earlier, preliminary, preparatory or tentative version of all or part of a Document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same as or different from the terms of the final Document.

**OBJECTION TO DEFINITION PARA. NO. 7:**

Thomas objects to the definition of the term "draft" to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

**DEFINITION PARA. NO. 13:**

"License/IP Agreement" retains the same meaning as set forth in the First Amended Complaint.

4

**OBJECTION TO DEFINITION PARA. NO. 13:**

Thomas objects to the definition of "License/IP Agreement" as vague and misleading to the extent the definition includes purported amendments to the April 9, 1999 agreement.

For purposes of these Responses and Objections, Thomas understands the term "License/IP Agreement" to refer to the April 9, 1999 agreement attached as Exhibit A to Thomas' Answer to Plaintiff's First Amended Complaint.

**DEFINITION PARA. NO. 19:**

"You" or "Your" means Jamie Thomas and each of his representatives, investigators, attorneys, agents, and anyone acting on his behalf.

**OBJECTION TO DEFINITION PARA. NO. 19:**

Thomas objects to the definition of the terms "You" and "Your" to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Thomas further objects to the definition of the terms "You" and "Your" as vague and ambiguous given that Thomas took actions during the Relevant Period in both his individual capacity and in his capacity as Robert Indiana's agent and attorney-in-fact. The definition given to "You" and "Your" appears to refer to Jamie Thomas only in his individual capacity, and not in his capacity as attorney-in-fact to Robert Indiana. However, given that the allegations in this action pertain to events that took place during the time Thomas held Robert Indiana's power of attorney, Thomas understands the terms "You" and "Your" to refer to Jamie Thomas in his capacity as attorney-in-fact to Robert Indiana, as well as in Thomas' individual capacity, for the time period he served as Robert Indiana's attorney-in-fact from May 7, 2016 through the death of Robert Indiana on May 18, 2018.

**INSTRUCTION PARA. NO. 1:**

You are instructed to produce all Documents responsive to the Document Requests that are in Your possession, custody or control, or that can be obtained through reasonably diligent efforts. If there are no documents responsive to a particular Request, so state in writing.

**OBJECTION TO INSTRUCTION PARA. NO. 1:**

Thomas objects to Instruction No. 1 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

**INSTRUCTION PARA. NO. 2:**

Each document and thing requested shall be produced in its entirety. If a document or thing responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

**OBJECTION TO INSTRUCTION PARA. NO. 2:**

Thomas objects to Instruction No. 2 to the extent it calls for the production of portions of documents subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Thomas reserves the right to redact information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

**INSTRUCTION PARA. NO. 4:**

If You withhold any document or thing from discovery on the basis of the  attorney-client privilege, work-product protection, or other ground of privilege or immunity, You shall describe in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2 the nature of the privilege claimed, and provide the information required by the aforementioned Rules, and describe

6

the nature of the information in a manner that will enable Defendants to assess the applicability of the claimed privilege or immunity by providing the following information:

       (a)     the date of the document or thing;

       (b)     the name and title or position of the author(s) of the document or thing;

       (c)     the name and title or position of all persons designated as addressees or otherwise receiving or having seen copies of the document or thing;

       (d)     the general subject matter of the document or thing;

       (e)     the type of document or thing (memorandum, letter, report, handwritten notes, etc.);

       (f)     the specific grounds for withholding the document or thing, including the specific facts upon which You will rely to establish the asserted attorney-client privilege, work product immunity, or other ground of privilege or immunity; and

       (g)     if You assert privilege or immunity with respect to only part of a document or thing, the Bates range for the portion of the document or thing that You have produced.

**OBJECTION TO INSTRUCTION PARA. NO. 4:**

Thomas objects to Instruction No. 4 as unduly burdensome because these instructions require Thomas to take on obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, or the Court's Individual Rules. Specifically, the Local Rules permit and encourage parties to submit categorical privilege logs. Thomas will provide a categorical privilege log. Thomas hereby offers to meet and confer with Plaintiff in good faith to discuss the timing and form of privilege logs to be exchanged by the parties.

7

**INSTRUCTION PARA. NO. 7:**

Electronic records and computerized information must be produced in their native format with all metadata preserved and intact.

**OBJECTION TO INSTRUCTION PARA. NO. 7:**

Thomas objects to Instruction No. 7 to the extent it calls for metadata subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine where documents are stored in the possession of Thomas' attorneys.  Thomas will produce the requested metadata to the extent they are not covered by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Thomas hereby offers to meet and confer with Plaintiff in good faith to discuss the format for producing electronic documents.

**INSTRUCTION PARA. NO. 14:**

Unless otherwise specified herein, the relevant time period for these Requests is January 1, 1990 to the hearing or trial in this Litigation.

**OBJECTION TO INSTRUCTION PARA. NO. 14:**

Thomas objects to the time period identified in Instruction No. 14 as overly broad and unduly burdensome.  The purported contracts at issue in this litigation were purportedly signed in 1999 and thereafter.  Thomas will conduct a reasonable search, proportional to the needs of this Action, for documents dating back to January 1, 1999, encompassing, as it is, nearly two decades worth of documents.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to and without waiver of the foregoing objections to the Definitions and Instructions, which apply to each of the Requests as if set forth fully below, whether or not explicitly referenced, Thomas makes the following Specific Responses and Objections, tracking the numerical order set forth in the Requests.

8

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications relating to or concerning MAF's agreements with Robert Indiana or rights in and to Robert Indiana Works, including but not limited to the License/IP Agreement and Sculpture Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Thomas objects to Request No. 1 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Thomas further objects to Request No. 1 on the ground that the term "License/IP Agreement," as defined by MAF, is vague and ambiguous, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 1 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to or concerning any payments to Robert Indiana by MAF or Simon Salama-Caro.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Thomas objects to Request No. 2 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged

documents in his possession, custody, or control responsive to Request No. 2 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 3:**

Any documents and communications relating to or concerning any statements made by You to anyone concerning MAF's or Simon Salama-Caro's work with, relationship with, business dealings with, authority to act on behalf of, or rights with respect to the works of Robert Indiana, including but not limited to the letters to Sotheby's, Christie's, and Phillip's described in paragraph 102 of the First Amended Complaint and the letter to CyberCity described in paragraph 104 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Thomas objects to Request No. 3 on the ground that the term "You," as defined by MAF, is vague and ambiguous in this context, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions. Thomas further objects to Request No. 3 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 3 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to or concerning any contracts, agreements, business arrangements, business dealings, or payments between You, on the one hand, and Michael McKenzie and/or AIA, on the other hand.

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Thomas objects to Request No. 4 on the ground that the term "You," as defined by MAF, is vague and ambiguous in this context, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions. Additionally, Thomas further to Request No. 4 on the ground that it is duplicative of Request Nos. 5 and 6. Thomas further objects to Request No. 4 on the ground that it is vague, ambiguous, overly broad, and unduly burdensome. Thomas further objects to Request No. 4 to the extent it seeks documents and communications relating to any sort of contracts, agreements, business arrangements, business dealings, or payments between Thomas and McKenzie and/or AIA without any limitation as to the subject matter of such contracts, agreements, business arrangements, business dealings, or payments. Thomas interprets this Request to be limited to contracts, agreements, business arrangements, business dealings, or payments related to or concerning Robert Indiana Works.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will respond by producing, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request Nos. 5 and 6, below, that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications relating to or concerning communications between You, on the one hand, and Michael McKenzie and/or AIA, on the other hand, relating to or concerning Robert Indiana, Robert Indiana Works, MAF, Simon Salama-Caro, Marc Salama-Caro, or this Litigation.

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Thomas objects to Request No. 5 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Thomas further objects to Request No. 5 on the ground that the term "You," as defined by MAF, is vague and ambiguous in this context, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions. Thomas further objects to Request No. 5 on the ground that it is duplicative of Request Nos. 4 and 6. Thomas further objects to Request No. 4 on the ground that it is vague, ambiguous, overly broad, and unduly burdensome.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 5 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications relating to or concerning Your putative authorization of Michael McKenzie and/or AIA to create, produce, promote, publish, or sell any Robert Indiana Works, including but not limited to as set forth in the allegations in the AIA Second Amended Counterclaims that

      a.     "Indiana, and later Thomas authorized McKenzie to produce Indiana's artworks including *LOVE*, *HOPE*, *Like a Rolling Stone*, *WINE*, *BRAT*, *EAT*, *Shout for Peace*, *ART*, and *USA FUN* that are now the subject of MART's breach of contract claim against Indiana and Thomas" (AIA Second Amended Counterclaims 3);

12

      b.      "Indiana and later Thomas authorized the publication of more original artworks by American Image" (*id*. ¶ 236); and

      c.      "Indiana and later Thomas authorized American Image to publish these artworks" (*id*.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Thomas objects to Request No. 6 on the ground that the term "Your," as defined by MAF, is vague and ambiguous and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions. Thomas further objects to Request No. 6 on the ground that it is duplicative of Request Nos. 4 and 5.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 6 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to or concerning Your purported appointment as Robert Indiana's power of attorney in 2016, including but not limited to a conversation in or around 2016 or 2017 between Robert Indiana, Sean Hillgrove, Webster Robinson, and Wayne Flaherty, at which You were present, where Robert Indiana indicated in sum and substance that he had not granted You or anyone else power of attorney over him.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Thomas objects to Request No. 7 to the extent it characterizes as having taken place any purported conversation in which Robert Indiana stated that he had not granted Thomas or anyone else power of attorney over him. Furthermore, Thomas objects to Request No. 7 to the extent it

calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 7 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to, concerning, or evidencing Your authority to act on behalf of Robert Indiana in any respect.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Thomas objects to Request No. 8 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Thomas further objects that Request No. 8 is vague, ambiguous, unduly burdensome, overly broad, and not proportional to the needs of this case.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 8 that have been located after a reasonable search, proportional to the needs of this Action, that establish Thomas' authority to act on behalf of Robert Indiana.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to or concerning Robert Indiana's attorney, Ron Spencer's preparation of papers to revoke Your power of attorney over Robert Indiana in or around September 2017.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Thomas objects to Request No. 9 to the extent it calls for disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 9 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to or concerning any communications You had with James Brannan about Robert Indiana. For the avoidance of doubt this includes communications between You and Brannan before and after Brannan's appointment as personal representative for Robert Indiana's Estate, and includes communications by Brannan within and outside of his official capacity as personal representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Thomas objects to Request No. 10 on the ground that the term "You," as defined by MAF, is vague and ambiguous in this context, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions. Additionally, Thomas objects to Request No. 10 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Furthermore, Thomas objects to Request No. 10 on the ground that it is vague, ambiguous, unduly burdensome, and overly broad to the extent it seeks production of "all documents and

15

communications" relating to communications between Thomas and James Brannan "about Robert Indiana."

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 10 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications relating to or concerning Robert Indiana's Last Will and Testament and/or Your appointment as Executive Director to Star of Hope Inc. and/or any other non-profit organization established by, related to, affiliated with, or concerning Robert Indiana or his Estate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Thomas objects to Request No. 11 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Thomas further objects to Request No. 11 on the grounds that this Request is unduly burdensome, overly broad, and not proportional to the needs of this case.  Furthermore, it is harassing and overly invasive as wholly irrelevant to the claims at issue.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications relating to or concerning any draft or final non-disclosure or confidentiality agreements related to Robert Indiana, from January 1, 2015 through the present date, including non-disclosure or confidentiality provisions that were proposed by James Brannan to Sean Hillgrove, Wayne Flaherty, or Webster Robinson—or anyone else—whether or not ultimately agreed to.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Thomas objects to Request No. 12 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Furthermore, Thomas objects to Request No. 12 on the ground that the request for agreements "related to Robert Indiana" is vague, ambiguous, unduly burdensome, overly broad, and not proportional to the needs of this case.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control that have been located after a reasonable search, proportional to the needs of this Action, relating to or concerning any draft or final non-disclosure or confidentiality agreements from January 1, 2015 through the present date that were proposed by James Brannan to Sean Hillgrove, Wayne Flaherty, or Webster Robinson, whether or not ultimately agreed to.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications relating to or concerning any efforts taken by You or anyone under Your authority to secure Robert Indiana's home, including but not limited to changing the locks, boarding up the windows, bolting shut the door, removing the stairs leading to the back door, and/or installing a new deadbolt on the door, from January 1, 2015 through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Thomas objects to Request No. 13 on the ground that it is unduly burdensome, overly broad, and not proportional to the needs of this case, because it seeks information untethered and irrelevant to any claim or defense in this proceeding.  Furthermore, Thomas objects to Request No.

17

13 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications relating to or concerning your qualifications and experience to act as Executive Director to Star of Hope Inc. and/or any other non-profit organization established by, related to, affiliated with, or concerning Robert Indiana or his Estate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Thomas objects to Request No. 14 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Furthermore, Thomas objects to Request No. 14 on the grounds that this Request is unduly burdensome, overly broad, and not proportional to the needs of this case.  Furthermore, it is harassing and overly invasive as wholly irrelevant to the claims at issue.  Thomas further objects to Request No. 14 on the ground that it is duplicative of Request Nos. 15 and 16.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and communications sufficient to show Your prior work, experience, and/or dealings in the art world prior to May 19, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Thomas objects to Request No. 15 on the grounds that this Request is harassing, overly invasive, wholly irrelevant to the claims at issue, and not proportional to the needs of this case. Thomas further objects to Request No. 15 on the ground that it is duplicative of Request Nos. 14 and 16.

**REQUEST FOR PRODUCTION NO. 16:**

Documents and communications sufficient to show Your work experience from the date of your 18th birthday through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Thomas objects to Request No. 16 on the grounds that this Request is harassing, overly invasive, wholly irrelevant to the claims at issue, and not proportional to the needs of this case.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 16 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 17:**

Documents and communications sufficient to show all of Your arrests and/or criminal convictions; all civil or criminal judgments entered against You; and all lawsuits filed against You, from the date of your 18th birthday through the present date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Thomas objects to Request No. 17 on the grounds that this Request is unduly burdensome, overly broad, and not proportional to the needs of this case. Furthermore, it is harassing and overly invasive as wholly irrelevant to the claims at issue.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications relating to or concerning Robert Indiana's death, including but not limited to communications between You and anyone relating to or concerning Robert Indiana's death.

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Thomas objects to Request No. 18 on the ground that it is unduly burdensome, overly broad, and not proportional to the needs of this case. Furthermore, it is harassing and overly invasive as irrelevant and untethered to the claims at issue. Furthermore, Thomas objects to Request No. 18 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning Robert Indiana's or Your authorization, approval, or permission for Michael McKenzie and/or AIA to sign Robert Indiana's signature on Robert Indiana Works, including but not limited to through the use of the Ghostwriter machine described in paragraph 76 of the First Amended Complaint or any similar device.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Thomas objects to Request No. 19 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Furthermore, Thomas objects to Request No. 19 on the ground that the term "Your," as defined by MAF, is vague and ambiguous and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 19 that have been located after a reasonable search, proportional to the needs of this Action.

20

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications relating to or concerning Robert Indiana's refusal or failure to sign, authorize, or permit any artworks created, produced, marketed, or sold by Michael McKenzie and/or AIA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Thomas objects to Request No. 20 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 20 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications relating to or concerning Your removal of any artworks from the Star of Hope residence, including but not limited to the removal of any artworks to the Little Yellow Schoolhouse in Vinalhaven, Maine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Thomas objects to Request No. 21 on the ground that the term "Your," as defined by MAF, is vague and ambiguous in this context, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions. Additionally, Thomas objects to Request No. 21 on the ground that it is unduly burdensome, overly broad, and not proportional to the needs of this case. Furthermore, it is harassing and overly invasive as wholly irrelevant to the claims at issue. Thomas further objects to Request No. 21 to the extent it calls for

21

the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control relating to or concerning Thomas' removal of any artworks named in the First Amended Complaint from the Star of Hope residence, that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to, concerning or supporting the allegations in the AIA Second Amended Counterclaims that:

> a.   "In 2017, Thomas and Indiana decided to act because MART had not sent regular royalty reports to Indiana for 20 years, the few payments it did make were erratic, and then it completely ceased payments to Indiana" (AIA Second Amended Counterclaims ¶ 252); and
>
> b.   "Thomas and his attorney asked McKenzie to aid their investigation of MART" (*id*. ¶ 253), and McKenzie "cooperated with John Frumer, Thomas' legal counsel in the investigation of MART" (*id*. ¶ 255).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Thomas objects to Request No. 22 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged

documents in his possession, custody, or control responsive to Request No. 22 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to, concerning, or supporting the claims by MAF against Michael McKenzie or AIA in the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Thomas objects to Request No. 23 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.  Additionally, Thomas objects to Request No. 23 on the ground that it is vague, ambiguous, unduly burdensome, and overly broad.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control that have been located after a reasonable search, proportional to the needs of this Action which, based on Thomas' present analysis, relate to, concern, or support the claims by MAF against Michael McKenzie or AIA.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to, concerning, or supporting the claims by MAF against You in the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Thomas objects to Request No. 24 on the ground that the term "You," as defined by MAF, is vague and ambiguous in this context, and, as such, he responds using the definition of the term he has provided above in his objections to the Definitions and Instructions.  Additionally, Thomas

23

objects to Request No. 24 on the ground that it is vague, ambiguous, unduly burdensome, and overly broad.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control that have been located after a reasonable search, proportional to the needs of this Action which, based on Thomas' present analysis, relate to, concern, or support the claims by MAF against Thomas.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to, concerning, or supporting the claims by MAF against the Estate in the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Thomas objects to Request No. 25 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine.   Additionally, Thomas objects to Request No. 25 on the ground that it is vague, ambiguous, unduly burdensome, and overly broad.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control that have been located after a reasonable search, proportional to the needs of this Action which, based on Thomas' present analysis, relate to, concern, or support the claims by MAF against the Estate.

**REQUEST FOR PRODUCTION NO. 26:**

All documents intended for use at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Thomas objects to Request No. 26 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Thomas further objects to Request No. 26 as premature because the parties are at the beginning of discovery, and Thomas has not yet made determinations regarding what he intends to use at trial.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 26 that have been located after a reasonable search, proportional to the needs of this Action.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications You intend to use to support Your allegations and claims in this Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Thomas objects to Request No. 27 to the extent it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Thomas further objects to Request No. 27 as premature because the parties are at the beginning of discovery, and Thomas has not yet made determinations regarding what he intends to use to support his claims and allegations in this Litigation.

Subject to and without waiver of the foregoing objections and Thomas' objections to the Definitions and Instructions, Thomas will produce, to the extent they exist, any non-privileged documents in his possession, custody, or control responsive to Request No. 27 that have been located after a reasonable search, proportional to the needs of this Action.

25

Dated: New York, New York
       October 22, 2018

JENNER & BLOCK LLP

By:    */s/ Susan J. Kohlmann*

Susan J. Kohlmann (SK1855)
Jacob L. Tracer (JT1307)
Ava U. McAlpin (AM4645)
919 Third Avenue, 38th Floor
New York, NY 10022
Phone: 212-891-1600
Fax: 212-891-1699
skohlmann@jenner.com
jtracer@jenner.com
amcalpin@jenner.com

John D. Frumer (*Pro Hac Vice*)
CHRISTIE & YOUNG PC
199 Wells Avenue
Suite 301
Newton, MA 02459
Phone: 617-854-8315
Fax: 617-854-8311
jdfrumer@christieyoung.com

*Attorneys for Jamie L. Thomas*

26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MORGAN ART FOUNDATION LIMITED,

Plaintiff,

-against-

MICHAEL MCKENZIE, AMERICAN IMAGE ART, JAMIE THOMAS, and JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana,

Defendants.

MICHAEL MCKENZIE and AMERICAN IMAGE ART,

Counter-Claimants,

-against-

MORGAN ART FOUNDATION LIMITED,

Counterclaim Defendant.

JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana,

Counter-Claimant,

-against-

MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK (US), LLC, RI CATALOGUE RAISONNÉ LLC, and SIMON SALAMA-CARO,

Counterclaim Defendants.

MICHAEL MCKENZIE and AMERICAN IMAGE ART,

Cross-Claimants,

-against-

JAMIE THOMAS and JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana,

Crossclaim-Defendants.

Case No.:  1:18-cv-4438-AT-BCM

**CERTIFICATE OF SERVICE**

27

I hereby certify that, this 22nd day of October, 2018, I caused a true and correct copy of the foregoing **Defendant Jamie L. Thomas' Responses and Objections to Plaintiff's First Request for the Production of Documents Directed to Jamie Thomas** to be served by electronic mail, as agreed to by the parties, on the following counsel of record:

Luke W. Nikas
lukenikas@quinnemanuel.com

Maaren A. Shah
maarenshah@quinnemanuel.com

*Counsel for Plaintiff Morgan Art Foundation Limited*

Raymond J. Dowd
rdowd@dunnington.com

Hardin P. Rowley
hrowley@dunnington.com

L. Elizabeth Dale
ldale@dunnington.com

*Counsel for Defendants Michael McKenzie and American Image Art*

Dennis H. Tracey, III
dennis.tracey@hoganlovells.com

*Counsel for Defendant James W. Brannan, as personal representative of the Estate of Robert Indiana*

Dated: October 22, 2018

                                            /s/ *Susan J. Kohlmann*
                                            Susan J. Kohlmann
                                            Jenner & Block LLP
                                            919 Third Avenue
                                            New York, NY 10022
                                            Tel: 212-891-1600
                                            Fax: 212-891-1699

                                            *Attorneys for Jamie L. Thomas*