UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

PLAINTIFF,

-AGAINST-

MICHAEL MCKENZIE D/B/A AMERICAN IMAGE ART,

DEFENDANT.

Case No. 1:18-cv-04438-JLR

HON. JENNIFER ROCHON

### PLAINTIFF'S MEMORANDUM OF LAW REGARDING CONTRACT VALIDITY AND DEFENDANT'S PROPOSED ROYALTY TESTIMONY

Dated: April 7, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Luke Nikas
Paul B. Maslo
Alex Lefkowitz
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
lukenikas@quinnemanuel.com
paulmaslo@quinnemanuel.com
alexlefkowitz@quinnemanuel.com

*Attorneys for Plaintiff Morgan Art Foundation Limited*

Plaintiff Morgan Art Foundation Limited submits this memorandum of law, as ordered by the Court at the April 1, 2026 Final Pre-Trial Conference, in opposition to Defendant Michael McKenzie's request to offer testimony that Morgan Art Foundation's contracts with Robert Indiana are invalid due to alleged nonpayment of royalties.

### INTRODUCTION

Defendant Michael McKenzie seeks to present a legally incorrect theory to the jury: that Morgan Art Foundation's contracts with Robert Indiana are "invalid" because of alleged nonpayment of royalties. That theory is wrong as a matter of law, and McKenzie should be barred from presenting this theory or any testimony about it at trial.

A party's alleged failure to pay royalties does not render a contract void or unenforceable. A contract becomes unenforceable on that basis only through a valid termination for material breach. That never happened here. MAF and Indiana's contracts were performed for decades, never lawfully terminated, and continued by the beneficiary of Indiana's Estate—the Star of Hope Foundation. The contracts have *always* remained in force and *remain* in force now.

McKenzie's proposed testimony therefore fails for three independent reasons. First, it rests on a legally incorrect premise. Second, it is unsupported by any admissible evidence and consists of speculation and hearsay. Third, it would improperly transform this case into a collateral dispute over decades of royalty accounting that has no bearing on the issues to be tried. Testimony about whether MAF paid all royalties due to Indiana should be excluded.

### ARGUMENT

### I.    MCKENZIE'S THEORY MISSTATES THE LAW AND SHOULD BE EXCLUDED

McKenzie's theory fails because it rests on a legal error: it attempts to automatically convert an alleged breach into contract invalidity. The only legally relevant question here is whether MAF's contracts were validly terminated as a result of the alleged breach. Because they

1

weren't, MAF's contracts with Indiana are valid and McKenzie's testimony must be excluded.

A breach of contract does not automatically void a contract or render it unenforceable. Instead, a breach gives rise to a claim for damages, and the contract remains in force unless and until the non-breaching party elects to terminate it. *Graham v. James*, 144 F.3d 229, 238 (2d Cir. 1998) ("rescission did not occur automatically without some affirmative steps on [the non-breaching party's] part"). And termination is not straight-forward, either: it requires a material breach—one "so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract." *Septembertide Publ'g, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 678 (2d Cir. 1989). Even in those circumstances, the non-breaching party must also treat the contract as terminated after electing termination; it cannot treat the contract as both void and continuing. *Strasbourger v. Leerburger,* 233 N.Y. 55, 59 (1922) ("one course of action excludes the other"); *see also Alta Partners, LLC v. BRC Inc.*, No. 24-CV-3741, 2025 WL 567995, at *13 (S.D.N.Y. Feb. 18, 2025) (applying *Strasbourger* to hold that a party cannot simultaneously treat a contract as broken and operative).

McKenzie cannot show any such termination. The agreements were performed for decades. No valid termination occurred. To the contrary, after Indiana's death, the beneficiary of his Estate—the Star of Hope Foundation—continued the contractual relationship with MAF and carried forward the contractual rights at issue here, which further forecloses any claim of termination as a matter of law. *Awards.com, LLC v. Kinko's, Inc.*, 42 A.D.3d 178, 188 (1st Dep't 2007), aff'd, 14 N.Y.3d 791 (2010).

That ends the inquiry. Because the contracts were never terminated, they remain enforceable. Any alleged royalty dispute sounds, at most, in breach and damages—not

invalidation. *Spinelli v. NFL*, 903 F.3d 185, 202 (2d Cir. 2018). In any event, McKenzie was not even a party to MAF's contracts so has no standing to assert that issue here.

McKenzie's position is legally incorrect and should not be presented to the jury.

## II.    MCKENZIE LACKS ANY ADMISSIBLE BASIS FOR HIS PROPOSED TESTIMONY

McKenzie also lacks any admissible basis for his proposed testimony.

A witness may testify only from personal knowledge, and hearsay is inadmissible absent an exception. Fed. R. Evid. 602, 802. Testimony "grounded on suspicion" or "bound together with rumor and hearsay" must be excluded. *Applegate v. Top Assocs., Inc.*, 425 F.2d 92, 97 (2d Cir. 1970). But that's exactly what McKenzie intends provide here—suspicion, rumor, and hearsay. McKenzie did not personally calculate royalties, maintain Morgan's accounting records, review underlying sales or licensing data, or apply the contractual formulas governing payment. He was not Indiana's bookkeeper and conducted no analysis of what royalties were owed or paid. His testimony instead rests on secondhand information—conversations with others and assumptions about nonpayment. That is not evidence.

McKenzie lacks personal knowledge regarding MAF's royalty payments to Indiana. His testimony about this issue should therefore be excluded.

## III.    ANY ROYALTY DISPUTE IS COLLATERAL AND WOULD IMPROPERLY DERAIL TRIAL

Finally, McKenzie's proposed testimony should be excluded under Rule 403 because it would transform this case into a trial about a collateral issue.

MAF asserts claims for copyright and trademark infringement and tortious interference— which are unrelated to its decades-long accounting of royalty payments to Indiana. Whether Morgan complied with its royalty obligations does not bear on any element the jury must decide and, at most, would present a separate contract dispute between MAF and another entity that is not

3

even a party in this litigation. Allowing McKenzie to pursue this theory would require reconstructing decades of transactions, interpreting contractual provisions governing royalty calculations and deductions, and presenting detailed testimony about the royalties paid to Indiana. The result would be a trial within a trial over issues that do not affect liability or damages— precisely the kind of confusion, delay, and distraction that Rule 403 is designed to prevent. *See* Fed. R. Evid. 403; *United States v. Otufale*, 740 F. Supp. 3d 233, 241–42 (E.D.N.Y. 2024) (excluding evidence that would require "a mini trial on a collateral issue" with little probative value); *Cary Oil Co. v. MG Refining & Mktg., Inc.*, 257 F. Supp. 2d 768, 774 (S.D.N.Y. 2003) (excluding evidence that would "distract[ ] the jury by focusing them on [an] irrelevant issue").

And at the end of that mini-trial, the outcome wouldn't matter. Even if Morgan had breached its royalty obligations to Indiana (it didn't), the contracts would remain enforceable because there has been no valid termination and McKenzie has no standing to terminate the agreements. Thus, McKenzie's theory is not just wrong and unsupported—it is irrelevant. The testimony should therefore be excluded.

<u>CONCLUSION</u>

For the above reasons, the Court should preclude McKenzie from offering any testimony or argument about Morgan Art Foundation's alleged nonpayment of royalties, including any testimony or argument that Morgan Art Foundation's contracts with Robert Indiana are invalid on that basis.

4

Dated: April 7, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _/s/ Luke Nikas_

Luke Nikas
Paul B. Maslo
Alex Lefkowitz
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000
lukenikas@quinnemanuel.com
paulmaslo@quinnemanuel.com
alexlefkowitz@quinnemanuel.com

*Attorneys for Plaintiff Morgan Art
Foundation Limited*

5