UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

                              Plaintiff,

        -against-

MICHAEL MCKENZIE d/b/a AMERICAN
IMAGE ART,

                              Defendant.

Case No. 1:18-cv-04438 (JLR) (BCM)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

This Court, having held a jury trial from April 20, 2026 to April 23, 2026, IT IS

HEREBY ORDERED that the attached Court Exhibits be filed on the docket.

- Cout Exhibit 1: Draft Voir Dire Questionnaire.

- Court Exhibit 2: Draft Preliminary Jury Instructions.

- Court Exhibit 3: Final Voir Dire Questionnaire.

- Court Exhibit 4: Final Preliminary Jury Instructions.

- Court Exhibit 5: Draft Jury Instructions.

- Court Exhibit 6: Draft Verdict Form.

- Court Exhibit 7: Final Jury Instructions.

- Court Exhibit 8: Final Verdict Form.

- Court Exhibit 9: Jury Note 1.

- Court Exhibit 10: Jury Note 2.

- Court Exhibit 11: Verdict Form Completed by the Jury.

Dated:  April 24, 2026
        New York, New York

                              SO ORDERED.

                              _____
                              JENNIFER L. ROCHON
                              United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN ART FOUNDATION LIMITED,

                Plaintiff,

        -against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE
ART,

                Defendant.

No. 1:18-cv-04438 (JLR) (BCM)

**ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

**QUESTIONS FOR JURORS**

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire</u>. The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A. <u>General Questions</u>**

1. Do you have any commitments that would interfere with your serving as a juror on this trial that is expected to end by early next week?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. The Court has already ruled that the defendant in this case engaged in sanctionable behavior and is therefore liable as to one of the claims. Would you have any

1

difficulty following the Court's instructions that liability is established for that claim and focusing instead on whether the plaintiff has suffered damages on that claim?

7.    Although the Court has determined liability as to that particular claim, the plaintiff must still prove entitlement to damages, and liability does not automatically require an award of damages.  Would you have any difficulty following that instruction?

8.    Just because Defendant engaged in discovery violations does not mean that he is necessarily liable for the other claims in this case for which liability was not already determined by the Court.  Would you have any difficulty following that instruction and fairly evaluating the remaining issues in this case based solely on the evidence presented at trial?

9.    Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

**B.  Knowledge of People or Places**

10.    The plaintiff in this case is Morgan Art Foundation Limited.  Do you know, or have you had any dealings, directly or indirectly, with Morgan Art Foundation Limited?

11.    The plaintiff will be represented at trial by Luke Nikas from the law firm of Quinn Emanuel Urquhart & Sullivan, LLP?  Do you know Mr. Nikas or this firm?  Have you, or has anyone close to you, ever had any dealings with this attorney or the firm?

12.    The defendant in this case is Michael McKenzie, who is doing business as American Image Art.  Do you know, or have you had any dealings, directly or indirectly, with Mr. McKenzie or American Image Art?  Has anyone close to you ever had any dealings with Mr. McKenzie or American Image Art?

13.    The defendant will be represented at trial by Jordan Jodre and Nicole Brenecki from the law firm of Jodre Brenecki.  Do you know either of these attorneys or the firm?  Have you, or anyone close to you ever had any dealings with either of these attorneys of the firm?

14.    Have you heard of Robert Indiana or seen his famous "LOVE" sculpture?

15.    The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

      a.    Robert Indiana

      b.    Michael McKenzie

      c.    American Image Art

      d.    Jamie Thomas

e.      Simon Salama-Caro

f.      Marc Salama-Caro

g.      Emeline Salama-Caro

h.      Paul Salama-Caro

i.      Shearbrook, LLC

j.      RI Catalogue Raisonne LLC

k.      Morgan Art Foundation Limited

l.      Artists Rights Society (ARS)

Other than what you have disclosed in response to previous questions, do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

**C.  Personal Experiences and Opinions**

16.   Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

17.   Have you, or has anyone close to you, ever worked in the art industry, made art, or collected art?

18.   Do you have any experience with licensing or transferring intellectual property rights?

19.   Do you have any feelings or views about companies or advisors to artists who seek to protect an artist's legacy that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20.   Do you have any feelings or views about people involved in family businesses that would affect your ability to be fair and impartial in this case?

21.   Have you ever served as a member of a grand jury?

22.   Have you ever served as a juror in any court?

23.   Have you ever been a party to a lawsuit, criminal or civil?

**D.  Difficulties in Understanding or Serving**

24.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

3

25.   Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

26.   Do you have any difficulty in reading or understanding English?

27.   Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 1**

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.  Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10.  Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN ART FOUNDATION LIMITED,

                          Plaintiff,

         -against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE
ART,

                          Defendant.

---

No. 1:18-cv-04438 (JLR) (BCM)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

**PRELIMINARY JURY INSTRUCTIONS**

**1.  Role of Judge and Jury**

  **A.** Now that you have been sworn, let me give you some instructions about your duties as jurors.  In the American system of justice, the judge and the jury have separate roles.

   **i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **must** take your instructions from the Court — that is, from me —and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

   **ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

   **iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination.  Those decisions are for you.

   **iv.** At the conclusion of the case, your job will be to determine whether the plaintiff has proven its claims against the defendant according to my instructions on the law.

**Court Exhibit 2**

## 2.  Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** The first/next step in the trial will be opening statements.  First, counsel for the plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendant will make an opening statement.  I instruct you, however, that opening statements are not evidence.

**C.** After opening statements, the plaintiff will present its evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiff's lawyers will examine the witnesses and then the defendant's lawyers may cross-examine them.  Following the plaintiff's case, the defendant may present a case and may call additional witnesses.  The plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the defendant.

**D.** For the efficiency of the trial and convenience of the witnesses, witnesses will generally be called just once whether they are called by the plaintiff or defendant and both parties will conduct their examination of that witness at that time.  Do not concern yourself with order of the witnesses; you may consider the relevant testimony of all witnesses, regardless of who may have called them.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

2

**3.    What Is and Isn't Evidence**

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

    **i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

    **ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

    **iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

    **iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**4.    Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are.  There is no formula to evaluate evidence.

    **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any,

3

to give to the evidence in this case.  You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

     **a.**  Did they appear to be telling the truth?

     **b.**  Did they have a motive to tell you the truth or to lie?

     **c.**  Did they appear to have a good recollection of the events they're describing?

    **ii.**  Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**5.**   **Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

i.  <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.  And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.  As I have said, keep an open mind until you start your deliberations at the end of the case.

ii.  <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever.  You may tell your family and friends that you are a juror in a civil case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

iii.  <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

   a.  To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

iv.  <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

   a.  Do <u>not</u> engage in any outside reading on this case.

5

  **b.** Do <u>not</u> attempt to visit any places mentioned in the case.

  **c.** Do <u>not</u> use the Internet — Google, Facebook, Twitter (X), or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

  **d.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

  **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

 **v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

 **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine.  Just let my Deputy know so that I can give you a separate instruction.

## 6.  Notetaking

**A.** <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.  If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

**B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

**Court Exhibit 2**

## 7.  Final Instructions

**A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

**B.** Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the plaintiff.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

MORGAN ART FOUNDATION LIMITED,

              Plaintiff,

    -against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE ART,

              Defendant.

</td>
<td>

No. 1:18-cv-04438 (JLR) (BCM)

**ORDER**

</td></tr>
</table>

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything.  <u>Do not write your name or make any other marks on the questionnaire</u>.  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

**A.  <u>General Questions</u>**

1.    Do you have any commitments that would interfere with your serving as a juror on this trial that is expected to end by early next week?

2.    Do you have any personal knowledge of the allegations in this case as I have described them?

3.    Have you read or heard anything about this case through the media, the Internet, or any other source?

4.    Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5.    Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6.    The Court has already ruled that the defendant in this case engaged in sanctionable behavior and is therefore liable as to one of the claims.  Would you have any

1

difficulty following the Court's instructions that liability is established for that claim and focusing instead on whether the plaintiff has suffered damages on that claim?

7.    Although the Court has determined liability as to that particular claim, the plaintiff must still prove entitlement to damages, and liability does not automatically require an award of damages. Would you have any difficulty following that instruction?

8.    Just because Defendant engaged in discovery violations does not mean that he is necessarily liable for the other claims in this case for which liability was not already determined by the Court. Would you have any difficulty following that instruction and fairly evaluating the remaining issues in this case based solely on the evidence presented at trial?

9.    Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

## B.  Knowledge of People or Places

10.    The plaintiff in this case is Morgan Art Foundation Limited. Do you know, or have you had any dealings, directly or indirectly, with Morgan Art Foundation Limited?

11.    The plaintiff will be represented at trial by Luke Nikas and Alex Lefkowitz from the law firm of Quinn Emanuel Urquhart & Sullivan, LLP? Do you know Mr. Nikas, Ms. Lefkowitz, or this firm? Have you, or has anyone close to you, ever had any dealings with this attorney or the firm?

12.    The defendant in this case is Michael McKenzie, who is doing business as American Image Art. Do you know, or have you had any dealings, directly or indirectly, with Mr. McKenzie or American Image Art? Has anyone close to you ever had any dealings with Mr. McKenzie or American Image Art?

13.    The defendant will be represented at trial by Jordan Jodre and Nicole Brenecki from the law firm of Jodre Brenecki. Do you know either of these attorneys or the firm? Have you, or anyone close to you ever had any dealings with either of these attorneys of the firm?

14.    Have you heard of Robert Indiana or seen his famous "LOVE" sculpture?

15.    The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

    a.    Robert Indiana

    b.    Michael McKenzie

    c.    American Image Art

    d.    Jamie Thomas

2

e.      Simon Salama-Caro

f.      Marc Salama-Caro

g.      Emeline Salama-Caro

h.      Paul Salama-Caro

i.      Shearbrook, LLC

j.      RI Catalogue Raisonne LLC

k.      Morgan Art Foundation Limited

l.      Artists Rights Society (ARS)

Other than what you have disclosed in response to previous questions, do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

## C.  Personal Experiences and Opinions

16.   Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

17.   Have you, or has anyone close to you, ever worked in the art industry, made art, or collected art?

18.   Do you have any experience with licensing or transferring intellectual property rights?

19.   Do you have any feelings or views about companies or advisors to artists who seek to protect an artist's legacy that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?

20.   Do you have any feelings or views about people involved in family businesses that would affect your ability to be fair and impartial in this case?

21.   Have you ever served as a member of a grand jury?

22.   Have you ever served as a juror in any court?

23.   Have you ever been a party to a lawsuit, criminal or civil?

## D.  Difficulties in Understanding or Serving

24.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

3

25.    Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

26.    Do you have any difficulty in reading or understanding English?

27.    Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

**Court Exhibit 3**

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school?  (If college, what was your field of study in college?)

5.  Are you employed?  If so, who is your employer and what are your general job duties?  (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs?  If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)?  Which papers, shows, or sites in particular?

<strong>Court Exhibit 4</strong>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN ART FOUNDATION LIMITED,

               Plaintiff,

    -against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE
ART,

               Defendant.

No. 1:18-cv-04438 (JLR) (BCM)

**<u>ORDER</u>**

---

JENNIFER L. ROCHON, United States District Judge:

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

**1.  Role of Judge and Jury**

**A.** Now that you have been sworn, let me give you some instructions about your duties as jurors.  In the American system of justice, the judge and the jury have separate roles.

    **i.** My job is to instruct you as to the law that will govern this case, and I will give you most of those instructions at the very end of the trial, although I will give you some, including these, before the end.  You **<u>must</u>** take your instructions from the Court — that is, from me —and you are bound by those instructions.  You may not substitute your own ideas of what the law is or what you think the law should be.

    **ii.** Your job as jurors will be to determine the facts based on the evidence that comes in during the course of the trial.  You are the only deciders of the fact issues, and your determination of the facts will control.

    **iii.** Please do not take anything that I say or do during the course of the trial as indicating that I have a view as to your factual determination.  Those decisions are for you.

    **iv.** At the conclusion of the case, your job will be to determine whether the plaintiff has proven its claims against the defendant according to my instructions on the law.

**2. Order of Trial**

**A.** Let me explain how the trial will proceed.

**B.** The first/next step in the trial will be opening statements.  First, counsel for the plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendant will make an opening statement.  I instruct you, however, that opening statements are not evidence.

**C.** After opening statements, the plaintiff will present its evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiff's lawyers will examine the witnesses and then the defendant's lawyers may cross-examine them.  Following the plaintiff's case, the defendant may present a case and may call additional witnesses.  The plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the defendant.

**D.** For the efficiency of the trial and convenience of the witnesses, witnesses will generally be called just once whether they are called by the plaintiff or defendant and both parties will conduct their examination of that witness at that time.  Do not concern yourself with order of the witnesses; you may consider the relevant testimony of all witnesses, regardless of who may have called them.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

**3.    What Is and Isn't Evidence**

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following is a list of what is not evidence:

    **i.** First, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

    **ii.** Second, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

    **iii.** Third, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

    **iv.** Fourth, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in the courtroom.

**4.    Evaluating the Evidence**

**A.** In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are.  There is no formula to evaluate evidence.

    **i.** For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any,

to give to the evidence in this case.  You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

    **a.** Did they appear to be telling the truth?

    **b.** Did they have a motive to tell you the truth or to lie?

    **c.** Did they appear to have a good recollection of the events they're describing?

  **ii.** Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.** The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.** It is essential, however, that you keep an open mind until you have heard all of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the trial is over.  You should not reach any conclusions until you have all the evidence before you.

**5.**   **Rules of Conduct**

**A.** Finally, let me caution you about certain rules and principles governing your conduct as jurors in this case.

4

i.  <u>First</u>, you must <u>not</u> talk to <u>each other</u> about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.  And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.  As I have said, keep an open mind until you start your deliberations at the end of the case.

ii. <u>Second</u>, do <u>not</u> communicate with <u>anyone else</u> about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever.  You may tell your family and friends that you are a juror in a civil case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

iii. <u>Third</u>, do <u>not</u> let anyone talk to <u>you</u> about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

   a.  To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

iv. <u>Fourth</u>, do <u>not</u> do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

   a.  Do <u>not</u> engage in any outside reading on this case.

5

**Court Exhibit 4**

     **b.** Do <u>not</u> attempt to visit any places mentioned in the case.

     **c.** Do <u>not</u> use the Internet — AI tools like ChatGPT or Claude, as well as Google, Facebook, Twitter (X), or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, witnesses, or me.

     **d.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

     **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

   **v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

   **vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

**6. Notetaking**

   **A.** <u>Finally</u>, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.  If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad, so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

   **B.** I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

**Court Exhibit 4**

### 7.  Final Instructions

    **A.** From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

    **B.** Now we will begin with the initial stage of the case, which, as I said to you, is opening statements, and we are going to begin with the plaintiff.  So at this time I am going to ask all of you to give your undivided attention to the lawyers as they make their opening statements.

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

                Plaintiff,

         -against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE
ART,

                Defendant.

No. 1:18-cv-04438 (JLR) (BCM)

     JENNIFER L. ROCHON, United States District Judge:

## JURY INSTRUCTIONS

**Court Exhibit 5**

## TABLE OF CONTENTS

I.    GENERAL INSTRUCTIONS ...................................................................................... 1

    A.    Introductory Remarks ..................................................................................... 1

    B.    Role of the Court............................................................................................. 1

    C.    Role of the Jury .............................................................................................. 2

    D.    Role of Counsel.............................................................................................. 2

    E.    Sympathy or Bias ........................................................................................... 3

    F.    Burden of Proof.............................................................................................. 3

    G.    What Is and Is Not Evidence .......................................................................... 5

    H.    Direct and Circumstantial Evidence .............................................................. 6

    I.    Witness Credibility ........................................................................................ 7

    J.    Prior Inconsistent Statement .......................................................................... 9

    K.    Available Evidence ........................................................................................ 9

    L.    Adverse Inferences........................................................................................ 10

II.    SUBSTANTIVE INSTRUCTIONS ........................................................................ 10

    A.    Summary of the Claims ................................................................................ 10

    B.    Copyright Infringement Claim...................................................................... 11

        1.    Ownership ......................................................................................... 11

        2.    Infringement...................................................................................... 12

    C.    Lanham Act Trademark Infringement Claim ............................................... 13

    D.    Tortious Interference with Contract Claim................................................... 15

III.    DAMAGES.............................................................................................................. 15

    A.    Purpose of Damages ..................................................................................... 16

    B.    Damages for Copyright Infringement............................................................ 16

    C.    Damages for Trademark Infringement Claim................................................ 17

    D.    Damages for Tortious Interference with Contract Claim .............................. 18

    E.    Punitive Damages ......................................................................................... 19

IV.    DELIBERATIONS OF THE JURY ........................................................................ 20

    A.    Selection and Duties of Foreperson ............................................................. 20

    B.    No Electronic Communications.................................................................... 20

    C.    Right to See Exhibits and Hear Testimony; Communication with the Court....... 20

    D.    Notes ............................................................................................................. 21

    E.    Duty to Deliberate; Unanimous Verdict ...................................................... 21

    F.    Verdict Form................................................................................................. 22

    G.    Return of Verdict .......................................................................................... 23

V.    CONCLUSION........................................................................................................ 23

## I.    GENERAL INSTRUCTIONS

### A.    Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case. You have been handed a copy of the instructions I will read. You should feel free to read along or to just listen to me. You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive. It is important, however, that you listen carefully and concentrate. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, when I tell you the law, it's critical that I use exactly the right words. Therefore, I may not be able to engage in as much eye contact as I would otherwise like. But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedures and deliberations.

### B.    Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them. With respect to

legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.  Do not speculate on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These sidebar conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.     Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice, bias, or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. All parties are entitled to the same fair trial by you. They stand equal before the law, and are to be dealt with as equals in this Court.

### F.     Burden of Proof

At various times in these instructions, I will use the term "burden of proof" to inform you which party has the burden of proof on a particular claim or a particular issue. As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the

4

standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence. What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence.

5

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the Internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence. Proof of such matters may be established by circumstantial evidence.

6

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

## I.        Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness

7

consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

8

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J.        Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made prior inconsistent statements.  If you find that a witness made a statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### K.        Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness.  Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.

**L.     Adverse Inferences**

The Court has previously determined that Defendant engaged in discovery misconduct in this case that warranted sanctions.  Specifically, the Court found that Defendant: (i) failed to timely disclose or produce the Art Archive – a computer database that tracked the artworks he produced and sold; (ii) failed to timely disclose an individual, Gregory Allen's, role in selling artworks and failed to produce communications with Mr. Allen; (iii) failed to timely produce more than 5,000 documents that were ultimately located in and collected from his studio; and (iv) removed thousands of Indiana Artworks from his property in advance of a Court-ordered inspection, without notice to Plaintiff or Defendant's own lawyers.

It is entirely up to you to decide what weight, if any, to give to this evidence of discovery misconduct.  You may consider this evidence of Defendant's discovery misconduct, along with all other evidence in the case, in evaluating credibility and finding the facts.

## II.     SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

**A.     Summary of the Claims**

The plaintiff in this case – the party who brought the case – is Morgan Art Foundation Limited, which is sometimes referred to as Morgan, MAF, or Plaintiff.  The defendant is Michael McKenzie, who does business as American Image Art, and is sometimes referred to as McKenzie or Defendant.

There are three claims that you must evaluate in this case.  First, Plaintiff brings a copyright infringement claim against Defendant.  Second, Plaintiff brings a trademark infringement claim against Defendant.  Third, Plaintiff brings a tortious inference with contract claim against Defendant.  As I will explain, for the third claim, the Court has already decided

10

that, because of Defendant's discovery violations, Plaintiff is entitled to judgment as to liability for its tortious interference claim and you are only being asked to determine the appropriate damages, if any, for this claim. That does not mean that the Court has evaluated the evidence and found Defendant liable; rather, the liability finding is a penalty for Defendant's discovery misconduct.

Plaintiff bears the burden of proof by a preponderance of the evidence on all three claims.

I will now instruct you as to the law regarding each of the claims.

**B.      Copyright Infringement Claim**

To prevail on Plaintiff's copyright infringement claim, Plaintiff must prove two things: first, that Plaintiff is the owner of a work protected by the Copyright Act and, second, that Defendant infringed one or more of the rights granted by that Act. Each of these aspects has several elements that I will explain to you.

**1.      Ownership**

The first thing Plaintiff must prove is that MAF is the owner of a work protected by the Copyright Act. Plaintiff asserts that it is the owner of two works that are protected by the Copyright Act – "The Ninth American Dream" and "USA FUN."

To prove ownership over these works, Plaintiff must establish all of the following elements:

(a) Plaintiff's work is original;

(b) either Plaintiff is the author, or Plaintiff's relationship with the author permits Plaintiff to claim ownership of the work; and

(c) Plaintiff has complied with the formalities of the copyright law.

11

A certificate of registration of a copyright is what is called prima facie evidence of the element of ownership.  In other words, if Plaintiff has certificates of registration of copyrights for "The Ninth American Dream" (2001) and "USA FUN" (1965) and if there is no evidence against Plaintiff as to that element, the registration certificates alone are sufficient to establish that element.

However, Defendant can rebut this presumption.  Defendant argues that Plaintiff has not proven that it has a valid agreement transferring ownership of the copyrights at issue here.  Plaintiff bears the burden of proving that any transfer of copyright ownership was made in a signed writing and that the transfer covers the work at issue in this case.  If you find that Plaintiff has not proven the existence of a valid transfer of copyright ownership, then Plaintiff does not own the copyrights and you must find for Defendant on the copyright claim.

Even if you find that a written transfer exists, Plaintiff must also prove that the transfer covers the specific rights and works at issue.  Copyright ownership may be limited in scope.  A transfer may grant only certain rights or apply only to certain works.  With respect to each of the two asserted works, if you find that Plaintiff has not proven that it owns the specific rights allegedly infringed, then your verdict must be for the Defendant on the copyright claim.

### 2.    Infringement

In addition to establishing that Plaintiff is the copyright owner of the two works in question, Plaintiff must also prove that Defendant infringed Plaintiff's rights in the two works.  Plaintiff claims that Defendant infringed Plaintiff's rights in "The Ninth American Dream" and "USA FUN" when it produced, distributed, and publicly displayed original elements of "The Ninth American Dream" and "USA FUN" without Plaintiff's authorization or permission.

To establish infringement, Plaintiff must prove Defendant's works were copied or taken from Plaintiff's works.  No matter how similar the two works are, Plaintiff may not recover against Defendant unless that similarity is the result of the copying or taking of Plaintiff's works, directly or indirectly, intentionally or unintentionally.

Furthermore, there is no liability unless it is the original aspects of Plaintiff's works that are copied or taken.  If Defendant copies or takes only those portions of Plaintiff's work which were not original to Plaintiff, that is, portions Plaintiff had in turn copied or taken from somebody else, then Defendant is not liable for copyright infringement.

If you find that Plaintiff has proven by a preponderance of the evidence that it is the owner of "The Ninth American Dream" and/or "USA FUN" that are protected by the Copyright Act and that Defendant infringed either of these works, then you will find Defendant liable for copyright infringement of one or both of these works.  If you find that Plaintiff has not proven both ownership or infringement of "The Ninth American Dream" and/or "USA FUN" by a preponderance of the evidence, then you will find that Defendant is not liable for copyright infringement as to that work or works.

C.    **Lanham Act Trademark Infringement Claim**

Plaintiff claims that it holds the trademark for "LOVE" and that Defendant has misappropriated that mark in connection with the advertising, sale, and distribution of certain artwork for financial gain.

With certain exceptions, a registered trademark is infringed when a person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception as to the source of the product among ordinarily prudent buyers or prospective buyers.  The test is not one of actual confusion, mistake, or deception.  Rather, Plaintiff is required to prove a likelihood of confusion, mistake, or deception.

**Court Exhibit 5**

To establish trademark infringement, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

First: Plaintiff's trademark for LOVE has been registered as a trademark on the principal register in the United States Patent and Trademark Office;

Second: Plaintiff is the registrant of that trademark, assignee of the registrant of that trademark, or licensee of the registrant of that trademark; and

Third: Defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

In terms of the first two elements, Defendant argues that Plaintiff is not the rightful owner of the trademark for LOVE because the agreements that Plaintiff alleges granted it the right to the LOVE trademark are invalid.

For purposes of the third element, in determining whether there is or will be a likelihood of confusion caused by Defendant's use of Plaintiff's mark LOVE in connection with 44 pieces of artwork you may draw on your common experience as citizens of the community. In addition to the general knowledge you have acquired throughout your lifetimes, you may also consider:

1. The degree of similarity between the marks in question.

2. The intent of Defendant in adopting the mark, that is, whether there was an intent to confuse.

3. The manner and method in which Plaintiff and Defendant used the LOVE mark.

4. The similarity between the products in question.

5. The degree of care likely to be used by purchasers.

6. Other factors about the product that would tend to reduce any tendency to confuse the purchaser as to the source of origin of the product.

14

In light of these considerations and your common experience, you must determine whether ordinary consumers, neither overly careful nor overly careless, would be confused as to the origin of the product. No one factor or consideration is conclusive, but each aspect should be weighed in light of the total evidence presented at the trial.

### D.    Tortious Interference with Contract Claim

Finally, Plaintiff brings as a final claim that Defendant tortiously interfered with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement that Plaintiff had with Robert Indiana. Because of discovery sanctions, the Court has held that Defendant is liable for tortious interference with the contracts between Plaintiff and Robert Indiana. You must accept this determination. Your sole responsibility is to determine the amount of damages, if any, that Plaintiff is entitled to recover as a result of Defendant's tortious interference with those contracts. Should there be any mention during this trial of how Defendant interfered with the contracts, you will consider that information only in deciding the amount of money, if any, that will fairly and justly compensate Plaintiff for its losses.

### III.    DAMAGES

I will next instruct you as to damages. The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case on the first two claims in this case, nor on whether Plaintiff is entitled to damages on any of its three claims. Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

15

A.      **Purpose of Damages**

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the Defendant liable, then you must award Plaintiff sufficient damages to compensate it for any injury caused by Defendant's conduct with respect to the given claim.

Damages must be supported by reliable evidence. The damages that you award must also be fair and reasonable, that is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense.

You may not speculate as to the amount of damages suffered. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

B.      **Damages for Copyright Infringement**

If you find that Defendant is liable for copyright infringement, you must then decide on the amount of damages, if any, Plaintiff is entitled to recover.

The law allows a successful plaintiff to recover the actual damages suffered by plaintiff as a result of the infringement, including unrecovered costs and lost profits.

Plaintiff must show a causal connection between the infringement and any damages sustained, namely that the actual damages bear a necessary, immediate, and direct causal connection to Defendant's infringement.

16

### C.    Damages for Trademark Infringement Claim

To recover damages, Plaintiff has the burden of proving by a preponderance of the evidence that Defendant had either statutory or actual notice that Plaintiff's trademark was registered.

Defendant had statutory notice if any of the following factors is satisfied:

1. Plaintiff displayed with the trademark the words "Registered in U.S. Patent and Trademark Office"; or

2. Plaintiff displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off."; or

3. Plaintiff displayed the trademark with the letter "R" enclosed within a circle.

Plaintiff may alternatively be entitled to damages if Plaintiff shows that Defendant had actual notice of the registration of the trademark.

If you find for Plaintiff on its infringement claim and find that Defendant had statutory notice or actual notice of Plaintiff's registered trademark, you must determine Plaintiff's damages.  Damages are awarded from the time of notice onward.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was proximately caused by Defendant's infringement of Plaintiff's registered trademark.  You should consider whether any of the following exists, and if so to what extent, in determining Plaintiff's damages:

1. Any injury to Plaintiff's reputation;

2. Any injury to Plaintiff's goodwill, including any injury to Plaintiff's general business reputation;

3. Any loss of sales by Plaintiff as a result of Defendant's infringement;

4. Any loss of Plaintiff's profits;

17

**Court Exhibit 5**

5. Any expense of preventing customers from being deceived;

6. Any cost of future corrective advertising reasonably required to correct any public

confusion caused by the infringement; and

7. Any other factors that bear on Plaintiff's actual damages.

When considering damages, you must not overcompensate Plaintiff.  Any award of such future costs should not exceed the actual damage to the value of Plaintiff's mark at the time of the infringement by Defendant.

**D.      Damages for Tortious Interference with Contract Claim**

If you find that Plaintiff has proven its entitlement to damages by a preponderance of the evidence, you must determine the amount of money that will fairly and justly compensate Plaintiff for the losses it sustained as a result of Defendant's interference with Plaintiff's contracts with Robert Indiana.

Plaintiff is entitled to recover the full pecuniary loss of the benefits that would have flowed from the contracts that was interfered with.  This includes:

1. Lost profits that Plaintiff would have earned from the contracts with Robert Indiana but

for Defendant's interference;

2. Consequential damages, meaning other financial losses that were a natural and probable

consequence of the interference and that were reasonably foreseeable; and

3. Any other elements of damages that flow from Defendant's tortious interference with

the contracts.

Plaintiff has the burden of proving its damages by a preponderance of the evidence and they may not be based on speculation or conjecture.  They must be proven with reasonable certainty.

E.        Punitive Damages

You may, but are not required to, award punitive damages based on Plaintiff's tortious interference with contract claim.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate Plaintiff.  Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed the Plaintiff was malicious, oppressive, or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power, or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendant's conduct, including whether the conduct that harmed Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish Defendant for harm to anyone other than Plaintiff in this case.

19

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    No Electronic Communications

All cellphones or any other personal electronic devices should be turned off while you are engaged in deliberations.  You may not use these electronic means to investigate, research, or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Your decision may be based only on the evidence presented in Court, or lack of evidence.

### C.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy

20

to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

### D.    Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory. Do not share your notes with other jurors during deliberations. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case. You are not to discuss the case unless and until all jurors are present. A majority of jurors together is only a gathering of individuals. Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

21

**Court Exhibit 5**

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands, and if you have reached a verdict do *not* report what it is until it is presented in open court.

**F.      Verdict Form**

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The questions are not to be taken as any

22

indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

### G.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form and sign and date it.  Your foreperson will then advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.    CONCLUSION

In conclusion, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

23

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MORGAN ART FOUNDATION LIMITED,

Plaintiff,

-against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE ART,

Defendant.

No. 1:18-cv-04438 (JLR) (BCM)

---

JENNIFER L. ROCHON, United States District Judge:

**VERDICT FORM**

i

**Court Exhibit 6**

**All Jurors must agree unanimously to the answers to each question.**

**Copyright Infringement Claim**

**Question 1**: Did Plaintiff Morgan Art Foundation Limited ("MAF") prove by a preponderance of the evidence that it is the owner of a valid copyright in the following images:

      1(a) "The Ninth American Dream" (2001)
            YES _____    NO _____

      1(b) "USA FUN" (1965)
            YES _____    NO _____

*If you answered YES to either Question 1(a) or 1(b), proceed to Question 2.*
*If you answered NO to both Question 1(a) and 1(b), skip to Question 4.*

**Question 2**: Did MAF prove by a preponderance of the evidence that Defendant McKenzie infringed MAF's copyrights for the following images:

      2(a) "The Ninth American Dream" (2001)
            YES _____    NO _____

      2(b) "USA FUN" (1965)
            YES _____    NO _____

*If you answered YES to either Question 2(a) or 2(b), proceed to Question 3.*
*If you answered NO to both Question 2(a) and 2(b), skip to Question 4.*

**Question 3**: What amount of money has MAF proven by a preponderance of the evidence would fairly compensate it for McKenzie's infringement(s) of MAF's copyright(s)?

      **Answer:** $_____

1

**Court Exhibit 6**

**Lanham Act Trademark Infringement Claim**

**Question 4**: Did MAF prove by a preponderance of the evidence that McKenzie infringed MAF's trademark rights in LOVE by creating the following works:

Artwork: LOVE 20 Framed Prints and Accompanying Poems:

| | YES | NO |
|---|---|---|
| 1. LOVE: Black/White | YES ____ | NO ____ |
| 2. LOVE: Red/Blue | YES ____ | NO ____ |
| 3. LOVE: Red/blue/green | YES ____ | NO ____ |
| 4. LOVE: Grisaille (Three Grays) | YES ____ | NO ____ |
| 5. LOVE: Red/White/Blue | YES ____ | NO ____ |
| 6. LOVE: Yellow/Red/Blue/Black | YES ____ | NO ____ |
| 7. LOVE: Red/Green/Blue | YES ____ | NO ____ |
| 8. LOVE: White/Green/Blue | YES ____ | NO ____ |
| 9. LOVE: Yellow/Red/Black | YES ____ | NO ____ |
| 10. LOVE: Yellow/Orange/Red | YES ____ | NO ____ |
| 11. Artwork: LOVE: Red/Violet/Green 1996, edition #164/200 | YES ____ | NO ____ |
| 12. Artwork: LOVE: Pink/Blue/Green 1996, edition #164/200 | YES ____ | NO ____ |
| 13. Artwork: LOVE: L-Gold/Blue | YES ____ | NO ____ |
| 14. Artwork: LOVE: L-Gold/Red | YES ____ | NO ____ |
| 15. Artwork: LOVE: L-Red/Green/Blue | YES ____ | NO ____ |
| 16. Artwork: LOVE: L-Gold/Red/Blue | YES ____ | NO ____ |
| 17. Artwork: LOVE: L-Gold/Red/Purple | YES ____ | NO ____ |
| 18. Artwork: LOVE: L-Purple/Red | YES ____ | NO ____ |
| 19. Artwork: LOVE: L-Red/Blue (RedMetal) | YES ____ | NO ____ |
| 20. Artwork: LOVE: L-Red/Blue Reversal (BlueMetal) | YES ____ | NO ____ |
| 21. Artwork: LOVE: L-Red/Blue/Green | YES ____ | NO ____ |
| 22. Artwork: LOVE: L-Red/Gold | YES ____ | NO ____ |
| 23. Artwork: LOVE: L-Red/Green/Purple | YES ____ | NO ____ |
| 24. Artwork: LOVE: L-Red/Purple | YES ____ | NO ____ |
| 25. Artwork: LOVE: L-Red/Purple Green | YES ____ | NO ____ |
| 26. Artwork: LOVE: L-Red/Silver | YES ____ | NO ____ |
| 27. Artwork: LOVE: L-Silver/Blue | YES ____ | NO ____ |
| 28. Artwork: LOVE: L-Silver/Red | YES ____ | NO ____ |
| 29. Artwork: Book of Love Silver/Red | YES ____ | NO ____ |
| 30. Artwork: Book of Love Gold/Red | YES ____ | NO ____ |
| 31. Artwork: Book of Love Red/Gold | YES ____ | NO ____ |
| 32. Artwork: Book of Love Red/Blue | YES ____ | NO ____ |
| 33. Artwork: Book of Love Red/Blue/Green | YES ____ | NO ____ |
| 34. Artwork: Book of Love Red/Green/Blue | YES ____ | NO ____ |
| 35. Artwork: Book of Love Purple/Red | YES ____ | NO ____ |
| 36. Artwork: Book of Love Red Purple | YES ____ | NO ____ |
| 37. Artwork: Book of Love Red/Purple/Green | YES ____ | NO ____ |
| 38. Artwork: Book of Love Red/Green/Purple | YES ____ | NO ____ |
| 39. Artwork: Book of Love Gold/Blue | YES ____ | NO ____ |
| 40. Artwork: Book of Love Gold/Red/Purple | YES ____ | NO ____ |

**Court Exhibit 6**

41. Artwork: Book of Love Silver/Blue            YES \_\_\_\_    NO \_\_\_\_
42. Artwork: Book of Love Red/Blue               YES \_\_\_\_    NO \_\_\_\_
43. Artwork: Book of Love Gold/Red/Blue        YES \_\_\_\_    NO \_\_\_\_
44. Artwork: Book of Love Edition of V in any color    YES \_\_\_\_    NO \_\_\_\_

*If you answered YES to any portion of Question 4, proceed to answer Question 5.*
*If you answered NO to all portions of Question 4, skip to Question 6.*

**Question 5**: What amount of money, if any, has MAF proven by a preponderance of the evidence would fairly compensate it for McKenzie's infringement(s) of MAF's trademark rights?

        Answer: $_____

3

**Court Exhibit 6**

<u>**Tortious Interference with Contract Claim**</u>

The Court has already granted MAF judgment against McKenzie based on discovery violations such that McKenzie is liable for tortious interference with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement between Robert Indiana and MAF. Your only role is to determine if MAF is entitled to damages and the amount of damages, if any, that MAF is entitled to recover on this claim.

**Question 6**: Has MAF proven by a preponderance of the evidence that MAF is entitled to compensatory damages for McKenzie's tortious interference with the April 9, 1999 License/IP Agreement or the December 22, 1999 Sculpture Agreement?

YES _____    NO _____

If YES, in what amount?

Answer: $_____

*If you answered YES to Question 6, proceed to Question 7.*
*If you answered NO to Question 6, your deliberations are finished, and you should proceed to the last page of the Verdict Form (Page 5) to sign the Verdict Form.*

**Question 7:** Did Plaintiff prove by a preponderance of the evidence that it is entitled to punitive damages from McKenzie?

YES _____    NO _____

If YES, in what amount?

Answer: $_____

*(please proceed to Page 5 to sign Verdict Form)*

4

**Court Exhibit 6**

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, please sign and date the verdict sheet if it represents the unanimous verdict of all jurors.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____
Foreperson


Dated:        _____

5

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

                    Plaintiff,

          -against-                              No. 1:18-cv-04438 (JLR) (BCM)

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE
ART,

                    Defendant.


          JENNIFER L. ROCHON, United States District Judge:


**JURY INSTRUCTIONS**

**Court Exhibit 7**

**TABLE OF CONTENTS**

I.      GENERAL INSTRUCTIONS ................................................................................. 1

        A.      Introductory Remarks ............................................................................ 1

        B.      Role of the Court .................................................................................... 1

        C.      Role of the Jury ...................................................................................... 2

        D.      Role of Counsel ...................................................................................... 2

        E.      Sympathy or Bias ................................................................................... 3

        F.      Burden of Proof ...................................................................................... 3

        G.      What Is and Is Not Evidence .................................................................. 5

        H.      Direct and Circumstantial Evidence ...................................................... 6

        I.      Witness Credibility ................................................................................. 7

        J.      Prior Inconsistent Statement .................................................................. 9

        K.      Available Evidence ................................................................................. 9

        L.      Adverse Inferences ............................................................................... 10

II.     SUBSTANTIVE INSTRUCTIONS ....................................................................... 10

        A.      Summary of the Claims ........................................................................ 10

        B.      Copyright Infringement Claim ............................................................. 11

                1.      Ownership ................................................................................. 11

                2.      Infringement ............................................................................. 12

        C.      Lanham Act Trademark Infringement Claim ....................................... 13

        D.      Tortious Interference with Contract Claim .......................................... 15

III.    DAMAGES ........................................................................................................... 15

        A.      Purpose of Damages ............................................................................. 16

        B.      Damages for Copyright Infringement .................................................. 16

        C.      Damages for Trademark Infringement Claim ...................................... 17

        D.      Damages for Tortious Interference with Contract Claim ..................... 18

        E.      Punitive Damages ................................................................................. 19

IV.     DELIBERATIONS OF THE JURY ...................................................................... 20

        A.      Selection and Duties of Foreperson ..................................................... 20

        B.      No Electronic Communications ........................................................... 20

        C.      Right to See Exhibits and Hear Testimony; Communication with the Court ....... 20

        D.      Notes ..................................................................................................... 21

        E.      Duty to Deliberate; Unanimous Verdict .............................................. 21

        F.      Verdict Form ......................................................................................... 22

        G.      Return of Verdict .................................................................................. 23

V.      CONCLUSION ..................................................................................................... 23

**Court Exhibit 7**

## I. GENERAL INSTRUCTIONS

### A. Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case. You have been handed a copy of the instructions I will read. You should feel free to read along or to just listen to me. You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive. It is important, however, that you listen carefully and concentrate. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So, when I tell you the law, it's critical that I use exactly the right words. Therefore, I may not be able to engage in as much eye contact as I would otherwise like. But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Most of these instructions would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedures and deliberations.

### B. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them. With respect to

1

legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

### C.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.  Do not speculate on matters not in evidence or outside of the case.

### D.    Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These sidebar conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.   Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice, bias, or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence. All parties are entitled to the same fair trial by you. They stand equal before the law, and are to be dealt with as equals in this Court.

### F.   Burden of Proof

At various times in these instructions, I will use the term "burden of proof" to inform you which party has the burden of proof on a particular claim or a particular issue. As this is a civil case, the standard of proof is a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt." As I told you at the beginning of the trial, "beyond a reasonable doubt" is the

4

standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  What is important is the quality of the evidence and not the number of witnesses, or the number or variety of exhibits, or the length of time spent on a subject.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

The only exhibits that are evidence in this case are those that were received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.  Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness's testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.

5

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the Internet, in the news media, or anywhere else – may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

### H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict.  One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard.  For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, that was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So, you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

6

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

### I.    Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness

7

consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.  Often it is not what a person says but how he or she says it that moves us.

In passing upon the credibility of a witness, you may take into account any inconsistencies or contradictions as to material matters in his or her testimony.  You should also take into account any evidence that the witness who testified may benefit in some way from the outcome in this case.  Likewise, you should note any evidence of hostility or affection that the witness may have towards one of the parties.  Such bias or interest in the outcome creates a motive to testify falsely.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony and bear that factor in mind when evaluating the credibility of the testimony.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony that you find credible or that you may find corroborated by other evidence in this case.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

8

**Court Exhibit 7**

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at this trial was truthful in whole or in part.

### J.    Prior Inconsistent Statement

You have heard evidence that certain witnesses may have made statements on earlier occasions that counsel argue are inconsistent with their trial testimony.  If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### K.    Available Evidence

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witness would have said if the witness had been called.

9

L.     **Adverse Inferences**

The Court has previously determined that Defendant engaged in discovery misconduct in this case that warranted sanctions.  Specifically, the Court found that Defendant: (i) failed to timely disclose or produce the Art Archive – a computer database that tracked the artworks he produced and sold; (ii) failed to timely disclose an individual, Gregory Allen's, role in selling artworks and failed to produce communications with Mr. Allen; (iii) failed to timely produce more than 5,000 documents that were ultimately located in and collected from his studio; and (iv) removed thousands of Indiana Artworks from his property in advance of a Court-ordered inspection, without notice to Plaintiff or Defendant's own lawyers.

It is entirely up to you to decide what weight, if any, to give to this evidence of discovery misconduct.  You may consider this evidence of Defendant's discovery misconduct, along with all other evidence in the case, in evaluating credibility and finding the facts.

## II.     SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

A.     **Summary of the Claims**

The plaintiff in this case – the party who brought the case – is Morgan Art Foundation Limited, which is sometimes referred to as Morgan, MAF, or Plaintiff.  The defendant is Michael McKenzie, who does business as American Image Art, and is sometimes referred to as McKenzie or Defendant.

There are three claims that you must evaluate in this case.  First, Plaintiff brings a copyright infringement claim against Defendant.  Second, Plaintiff brings a trademark infringement claim against Defendant.  Third, Plaintiff brings a tortious inference with contract claim against Defendant.  As I will explain, for the third claim, the Court has already decided

10

that, because of Defendant's discovery violations, Plaintiff is entitled to judgment as to liability for its tortious interference claim and you are only being asked to determine the appropriate damages, if any, for this claim. That does not mean that the Court has evaluated the evidence and found Defendant liable; rather, the liability finding is a penalty for Defendant's discovery misconduct.

Plaintiff bears the burden of proof by a preponderance of the evidence on the copyright claim, the trademark claim, and with respect to damages, if any, on the tortious interference with contract claim.

I will now instruct you as to the law regarding each of the claims.

**B.      Copyright Infringement Claim**

To prevail on Plaintiff's copyright infringement claim, Plaintiff must prove two things: first, that Plaintiff is the owner of a work protected by the Copyright Act and, second, that Defendant infringed one or more of the rights granted by that Act. Each of these aspects has several elements that I will explain to you.

**1.      Ownership**

The first thing Plaintiff must prove is that MAF is the owner of a work protected by the Copyright Act. Plaintiff asserts that it is the owner of two works that are protected by the Copyright Act – "The Ninth American Dream" and "USA FUN."

To prove ownership over these works, Plaintiff must establish all of the following elements:

(a) Plaintiff's work is original;

(b) either Plaintiff is the author, or Plaintiff's relationship with the author permits Plaintiff to claim ownership of the work; and

(c) Plaintiff has complied with the formalities of the copyright law.

11

A certificate of registration of a copyright is what is called prima facie evidence of the element of ownership.  In other words, if Plaintiff has certificates of registration of copyrights for "The Ninth American Dream" (2001) and "USA FUN" (1965) and if there is no evidence against Plaintiff as to that element, the registration certificates alone are sufficient to establish that element.

However, Defendant can rebut this presumption.  Defendant argues that Plaintiff has not proven that it has a valid agreement transferring ownership of the copyrights at issue here.  Plaintiff bears the burden of proving that any transfer of copyright ownership was made in a signed writing and that the transfer covers the work at issue in this case.  If you find that Plaintiff has not proven the existence of a valid transfer of copyright ownership, then Plaintiff does not own the copyrights and you must find for Defendant on the copyright claim.

Even if you find that a written transfer exists, Plaintiff must also prove that the transfer covers the specific rights and works at issue.  Copyright ownership may be limited in scope.  A transfer may grant only certain rights or apply only to certain works.  With respect to each of the two asserted works, if you find that Plaintiff has not proven that it owns the specific rights allegedly infringed, then your verdict must be for the Defendant on the copyright claim.

### 2.     Infringement

In addition to establishing that Plaintiff is the copyright owner of the two works in question, Plaintiff must also prove that Defendant infringed Plaintiff's rights in the two works. Plaintiff claims that Defendant infringed Plaintiff's rights in "The Ninth American Dream" and "USA FUN" when it produced, distributed, and publicly displayed original elements of "The Ninth American Dream" and "USA FUN" without Plaintiff's authorization or permission.

12

To establish infringement, Plaintiff must prove Defendant's works were copied or taken from Plaintiff's works.  No matter how similar the two works are, Plaintiff may not recover against Defendant unless that similarity is the result of the copying or taking of Plaintiff's works, directly or indirectly, intentionally or unintentionally.

Furthermore, there is no liability unless it is the original aspects of Plaintiff's works that are copied or taken.  If Defendant copies or takes only those portions of Plaintiff's work that Plaintiff had in turn copied or taken from somebody else, then Defendant is not liable for copyright infringement.

If you find that Plaintiff has proven by a preponderance of the evidence that it is the owner of "The Ninth American Dream" and/or "USA FUN" that are protected by the Copyright Act and that Defendant infringed either of these works, then you will find Defendant liable for copyright infringement of one or both of these works.  If you find that Plaintiff has not proven both ownership or infringement of "The Ninth American Dream" and/or "USA FUN" by a preponderance of the evidence, then you will find that Defendant is not liable for copyright infringement as to that work or works.

### C.    Lanham Act Trademark Infringement Claim

Plaintiff claims that it holds the trademark for "LOVE" and that Defendant has misappropriated that mark in connection with the advertising, sale, and distribution of certain artwork for financial gain.

With certain exceptions, a registered trademark is infringed when a person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception as to the source of the product among ordinarily prudent buyers or prospective buyers.  The test is not one of actual confusion, mistake, or deception.  Rather, Plaintiff is required to prove a likelihood of confusion, mistake, or deception.

13

To establish trademark infringement, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

First: Plaintiff's trademark for LOVE has been registered as a trademark on the principal register in the United States Patent and Trademark Office;

Second: Plaintiff is the registrant of that trademark, assignee of the registrant of that trademark, or licensee of the registrant of that trademark; and

Third: Defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

In terms of the first two elements, Defendant argues that Plaintiff is not the rightful owner of the trademark for LOVE because the agreements that Plaintiff alleges granted it the right to the LOVE trademark are invalid.

For purposes of the third element, in determining whether there is or will be a likelihood of confusion caused by Defendant's use of Plaintiff's mark LOVE in connection with 44 pieces of artwork you may draw on your common experience as citizens of the community.  In addition to the general knowledge you have acquired throughout your lifetimes, you may also consider:

1. The degree of similarity between the marks in question.

2. The intent of Defendant in adopting the mark, that is, whether there was an intent to confuse.

3. The manner and method in which Plaintiff and Defendant used the LOVE mark.

4. The similarity between the products in question.

5. The degree of care likely to be used by purchasers.

6. Other factors about the product that would tend to reduce any tendency to confuse the purchaser as to the source of origin of the product.

In light of these considerations and your common experience, you must determine whether ordinary consumers, neither overly careful nor overly careless, would be confused as to the origin of the product.  No one factor or consideration is conclusive, but each aspect should be weighed in light of the total evidence presented at the trial.

### D.    Tortious Interference with Contract Claim

Finally, Plaintiff brings as a final claim that Defendant tortiously interfered with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement that Plaintiff had with Robert Indiana.  Because of discovery sanctions, the Court has held that Defendant is liable for tortious interference with the contracts between Plaintiff and Robert Indiana.  You must accept this determination.  Your sole responsibility is to determine the amount of damages, if any, that Plaintiff is entitled to recover as a result of Defendant's tortious interference with those contracts.  Should there be any mention during this trial of how Defendant interfered with the contracts, you will consider that information only in deciding the amount of money, if any, that will fairly and justly compensate Plaintiff for its losses.

### III.    DAMAGES

I will next instruct you as to damages.  The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case on the first two claims in this case, nor on whether Plaintiff is entitled to damages on any of its three claims.  Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

15

### A.    Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the Defendant liable, then you must award Plaintiff sufficient damages to compensate it for any injury caused by Defendant's conduct with respect to the given claim.

Damages must be supported by reliable evidence.  The damages that you award must also be fair and reasonable, that is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense.

You may not speculate as to the amount of damages suffered.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### B.    Damages for Copyright Infringement

If you find that Defendant is liable for copyright infringement, you must then decide on the amount of damages, if any, Plaintiff is entitled to recover.

The law allows a successful plaintiff to recover the actual damages suffered by plaintiff as a result of the infringement, including unrecovered costs and lost profits.

Plaintiff must show a causal connection between the infringement and any damages sustained, namely that the actual damages bear a necessary, immediate, and direct causal connection to Defendant's infringement.

16

C.        **Damages for Trademark Infringement Claim**

To recover damages, Plaintiff has the burden of proving by a preponderance of the evidence that Defendant had either statutory or actual notice that Plaintiff's trademark was registered.

Defendant had statutory notice if any of the following factors is satisfied:

1. Plaintiff displayed with the trademark the words "Registered in U.S. Patent and Trademark Office"; or

2. Plaintiff displayed with the trademark the words "Reg. U.S. Pat. & Tm. Off."; or

3. Plaintiff displayed the trademark with the letter "R" enclosed within a circle.

Plaintiff may alternatively be entitled to damages if Plaintiff shows that Defendant had actual notice of the registration of the trademark.

If you find for Plaintiff on its infringement claim and find that Defendant had statutory notice or actual notice of Plaintiff's registered trademark, you must determine Plaintiff's damages.  Damages are awarded from the time of notice onward.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant's infringement of Plaintiff's registered trademark.  You should consider whether any of the following exists, and if so to what extent, in determining Plaintiff's damages:

1. Any injury to Plaintiff's reputation;

2. Any injury to Plaintiff's goodwill, including any injury to Plaintiff's general business reputation;

3. Any loss of sales by Plaintiff as a result of Defendant's infringement;

4. Any loss of Plaintiff's profits;

17

**Court Exhibit 7**

5. Any expense of preventing customers from being deceived;

6. Any cost of future corrective advertising reasonably required to correct any public

confusion caused by the infringement; and

7. Any other factors that bear on Plaintiff's actual damages.

When considering damages, you must not overcompensate Plaintiff. Any award of such future costs should not exceed the actual damage to the value of Plaintiff's mark at the time of the infringement by Defendant.

### D. Damages for Tortious Interference with Contract Claim

If you find that Plaintiff has proven its entitlement to damages by a preponderance of the evidence, you must determine the amount of money that will fairly and justly compensate Plaintiff for the losses that were caused by Defendant's interference with Plaintiff's contracts with Robert Indiana.

Plaintiff is entitled to recover the full pecuniary loss of the benefits that would have flowed from the contracts that was interfered with. This includes:

1. Lost profits that Plaintiff would have earned from the contracts with Robert Indiana but for Defendant's interference;

2. Consequential damages, meaning other financial losses that were a natural and probable consequence of the interference and that were reasonably foreseeable; and

3. Any other elements of damages that flow from Defendant's tortious interference with the contracts.

Plaintiff has the burden of proving its damages by a preponderance of the evidence and they may not be based on speculation or conjecture. They must be proven with reasonable certainty.

18

**E.    Punitive Damages**

You may, but are not required to, award punitive damages based on Plaintiff's tortious interference with contract claim.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate Plaintiff.  Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed the Plaintiff was malicious, oppressive, or in reckless disregard of Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power, or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendant's conduct, including whether the conduct that harmed Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish Defendant for harm to anyone other than Plaintiff in this case.

19

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

The first thing that you should do when you retire to deliberate is to select one of you to function as your foreperson.  Traditionally Juror Number 1 serves as the foreperson, but that is not mandatory.  You are free to select any member as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    No Electronic Communications

All cellphones or any other personal electronic devices should be turned off while you are engaged in deliberations.  You may not use these electronic means to investigate, research, or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  Your decision may be based only on the evidence presented in Court, or lack of evidence.

### C.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy

20

to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

### D.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### E.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

21

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands, and if you have reached a verdict do *not* report what it is until it is presented in open court.

F.      **Verdict Form**

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The questions are not to be taken as any

22

indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

### G.    Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form and sign and date it.  Your foreperson will then advise the marshal outside your door that you are ready to return to the courtroom for the foreperson to announce the verdict.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.    CONCLUSION

In conclusion, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.

23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

          Plaintiff,

    -against-

MICHAEL MCKENZIE d/b/a AMERICAN IMAGE
ART,

          Defendant.

No. 1:18-cv-04438 (JLR) (BCM)

JENNIFER L. ROCHON, United States District Judge:

**VERDICT FORM**

i

**Court Exhibit 8**

**All Jurors must agree unanimously to the answers to each question.**

**Copyright Infringement Claim**

**Question 1**: Did Plaintiff Morgan Art Foundation Limited ("MAF") prove by a preponderance of the evidence that it is the owner of a valid copyright in the following images:

> 1(a) "The Ninth American Dream" (2001)
> YES _____   NO _____

> 1(b) "USA FUN" (1965)
> YES _____   NO _____

*If you answered YES to either Question 1(a) or 1(b), proceed to Question 2.*
*If you answered NO to both Question 1(a) and 1(b), skip to Question 4.*

**Question 2**: Did MAF prove by a preponderance of the evidence that Defendant McKenzie infringed MAF's copyrights for the following images:

> 2(a) "The Ninth American Dream" (2001)
> YES _____   NO _____

> 2(b) "USA FUN" (1965)
> YES _____   NO _____

*If you answered YES to either Question 2(a) or 2(b), proceed to Question 3.*
*If you answered NO to both Question 2(a) and 2(b), skip to Question 4.*

**Question 3**: What amount of money has MAF proven by a preponderance of the evidence would fairly compensate it for McKenzie's infringement(s) of MAF's copyright(s)?

> **Answer:** $_____

1

**Court Exhibit 8**

**Lanham Act Trademark Infringement Claim**

**Question 4**: Did MAF prove by a preponderance of the evidence that McKenzie infringed MAF's trademark rights in LOVE by creating the following works:

Artwork: LOVE 20 Framed Prints:
    1. LOVE: Black/White                     YES \_\_\_\_    NO \_\_\_\_
    2. LOVE: Red/Blue                          YES \_\_\_\_    NO \_\_\_\_
    3. LOVE: Red/blue/green                  YES \_\_\_\_    NO \_\_\_\_
    4. LOVE: Grisaille (Three Grays)       YES \_\_\_\_    NO \_\_\_\_
    5. LOVE: Red/White/Blue                YES \_\_\_\_    NO \_\_\_\_
    6. LOVE: Yellow/Red/Blue/Black     YES \_\_\_\_    NO \_\_\_\_
    7. LOVE: Red/Green/Blue               YES \_\_\_\_    NO \_\_\_\_
    8. LOVE: White/Green/Blue            YES \_\_\_\_    NO \_\_\_\_
    9. LOVE: Yellow/Red/Black            YES \_\_\_\_    NO \_\_\_\_
    10. LOVE: Yellow/Orange/Red       YES \_\_\_\_    NO \_\_\_\_

Artworks: LOVE Works on Metal:
    11. LOVE: Red/Violet/Green           YES \_\_\_\_    NO \_\_\_\_
    12. LOVE: Pink/Blue/Green            YES \_\_\_\_    NO \_\_\_\_
    13. LOVE: L-Gold/Blue                  YES \_\_\_\_    NO \_\_\_\_
    14. LOVE: L-Gold/Red                   YES \_\_\_\_    NO \_\_\_\_
    15. LOVE: L-Red/Green/Blue          YES \_\_\_\_    NO \_\_\_\_
    16. LOVE: L-Gold/Red/Blue           YES \_\_\_\_    NO \_\_\_\_
    17. LOVE: L-Gold/Red/Purple         YES \_\_\_\_    NO \_\_\_\_
    18. LOVE: L-Purple/Red                YES \_\_\_\_    NO \_\_\_\_
    19. LOVE: L-Red/Blue                   YES \_\_\_\_    NO \_\_\_\_
    20. LOVE: L-Red/Blue Reversal       YES \_\_\_\_    NO \_\_\_\_
    21. LOVE: L-Red/Blue/Green          YES \_\_\_\_    NO \_\_\_\_
    22. LOVE: L-Red/Gold                  YES \_\_\_\_    NO \_\_\_\_
    23. LOVE: L-Red/Green/Purple       YES \_\_\_\_    NO \_\_\_\_
    24. LOVE: L-Red/Purple                YES \_\_\_\_    NO \_\_\_\_
    25. LOVE: L-Red/Purple Green       YES \_\_\_\_    NO \_\_\_\_
    26. LOVE: L-Red/Silver                 YES \_\_\_\_    NO \_\_\_\_
    27. LOVE: L-Silver/Blue               YES \_\_\_\_    NO \_\_\_\_
    28. LOVE: L-Silver/Red                YES \_\_\_\_    NO \_\_\_\_
    29. Book of Love Silver/Red        YES \_\_\_\_    NO \_\_\_\_
    30. Book of Love Gold/Red         YES \_\_\_\_    NO \_\_\_\_
    31. Book of Love Red/Gold         YES \_\_\_\_    NO \_\_\_\_
    32. Book of Love Red/Blue         YES \_\_\_\_    NO \_\_\_\_
    33. Book of Love Red/Blue/Green    YES \_\_\_\_    NO \_\_\_\_
    34. Book of Love Red/Green/Blue    YES \_\_\_\_    NO \_\_\_\_
    35. Book of Love Purple/Red       YES \_\_\_\_    NO \_\_\_\_
    36. Book of Love Red Purple       YES \_\_\_\_    NO \_\_\_\_
    37. Book of Love Red/Purple/Green   YES \_\_\_\_    NO \_\_\_\_
    38. Book of Love Red/Green/Purple   YES \_\_\_\_    NO \_\_\_\_

2

**Court Exhibit 8**

| | |
|---|---|
| 39. Book of Love Gold/Blue | YES _____ NO _____ |
| 40. Book of Love Gold/Red/Purple | YES _____ NO _____ |
| 41. Book of Love Silver/Blue | YES _____ NO _____ |
| 42. Book of Love Red/Blue | YES _____ NO _____ |
| 43. Book of Love Gold/Red/Blue | YES _____ NO _____ |
| 44. Book of Love Edition of V in any color | YES _____ NO _____ |

*If you answered YES to any portion of Question 4, proceed to answer Question 5.*
*If you answered NO to all portions of Question 4, skip to Question 6.*

**Question 5**: What amount of money, if any, has MAF proven by a preponderance of the evidence would fairly compensate it for McKenzie's infringement(s) of MAF's trademark rights?

Answer: $_____

3

**Court Exhibit 8**

**Tortious Interference with Contract Claim**

The Court has already granted MAF judgment against McKenzie based on discovery violations such that McKenzie is liable for tortious interference with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement between Robert Indiana and MAF. Your only role is to determine if MAF is entitled to damages and the amount of damages, if any, that MAF is entitled to recover on this claim.

**Question 6**: Has MAF proven by a preponderance of the evidence that MAF is entitled to compensatory damages for McKenzie's tortious interference with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement?

YES _____    NO _____

If YES, in what amount?

Answer: $_____

*If you answered YES to Question 6, proceed to Question 7.*
*If you answered NO to Question 6, your deliberations are finished, and you should proceed to the last page of the Verdict Form (Page 5) to sign the Verdict Form.*

**Question 7:** Did Plaintiff prove by a preponderance of the evidence that it is entitled to punitive damages from McKenzie?

YES _____    NO _____

If YES, in what amount?

Answer: $_____

*(please proceed to Page 5 to sign Verdict Form)*

4

**Court Exhibit 8**

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, please sign and date the verdict sheet if it represents the unanimous verdict of all jurors.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____
Foreperson

Dated:        _____

5

**18-cv-04438-JLR-BCM**

***Morgan Art Foundation Limited v. McKenzie d/b/a American Image Art et al.***

Date: 4/23/26

Time: 2:43 PM

Signature of Foreperson:

EXHIBIT
9
4/23/2026

PENGAD-Bayonne, N. J.

As part of Punitive Damages are we within our Rights to include coverage of legal costs to incurred by Plaintiff?

EXHIBIT

PENGAD-Bayonne, N.J.

JO

4/23/2026

**18-cv-04438-JLR-BCM**

*Morgan Art Foundation Limited v. McKenzie d/b/a American Image*

**Date:** 4/23/26

**Time:**

**Signature of Foreperson:** George Clark

We have reached a verdict.

**EXHIBIT**

11

4/23/2024

PENGAD-Bayonne, N. J.

**Court Exhibit 8**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN ART FOUNDATION LIMITED,<br><br>      Plaintiff,<br><br>  -against-<br><br>MICHAEL MCKENZIE d/b/a AMERICAN IMAGE ART,<br><br>      Defendant. | No. 1:18-cv-04438 (JLR) (BCM) |

JENNIFER L. ROCHON, United States District Judge:

## VERDICT FORM

i

**Court Exhibit 8**

**All Jurors must agree unanimously to the answers to each question.**

Copyright Infringement Claim

**Question 1**: Did Plaintiff Morgan Art Foundation Limited ("MAF") prove by a preponderance of the evidence that it is the owner of a valid copyright in the following images:

      1(a) "The Ninth American Dream" (2001)
           YES ✓    NO _____

      1(b) "USA FUN" (1965)
           YES ✓    NO _____

*If you answered YES to either Question 1(a) or 1(b), proceed to Question 2.*
*If you answered NO to both Question 1(a) and 1(b), skip to Question 4.*

**Question 2**: Did MAF prove by a preponderance of the evidence that Defendant McKenzie infringed MAF's copyrights for the following images:

      2(a) "The Ninth American Dream" (2001)
           YES ✓    NO _____

      2(b) "USA FUN" (1965)
           YES ✓    NO _____

*If you answered YES to either Question 2(a) or 2(b), proceed to Question 3.*
*If you answered NO to both Question 2(a) and 2(b), skip to Question 4.*

**Question 3**: What amount of money has MAF proven by a preponderance of the evidence would fairly compensate it for McKenzie's infringement(s) of MAF's copyright(s)?

Answer: $ 2,000,000
      $1,000,000 per work

1

**Court Exhibit 8**

**Lanham Act Trademark Infringement Claim**

**Question 4**: Did MAF prove by a preponderance of the evidence that McKenzie infringed MAF's trademark rights in LOVE by creating the following works:

Artwork: LOVE 20 Framed Prints:
1. LOVE: Black/White — YES ✓ NO ___
2. LOVE: Red/Blue — YES ✓ NO ___
3. LOVE: Red/blue/green — YES ✓ NO ___
4. LOVE: Grisaille (Three Grays) — YES ✓ NO ___
5. LOVE: Red/White/Blue — YES ✓ NO ___
6. LOVE: Yellow/Red/Blue/Black — YES ✓ NO ___
7. LOVE: Red/Green/Blue — YES ✓ NO ___
8. LOVE: White/Green/Blue — YES ✓ NO ___
9. LOVE: Yellow/Red/Black — YES ✓ NO ___
10. LOVE: Yellow/Orange/Red — YES ✓ NO ___

Artworks: LOVE Works on Metal:
11. LOVE: Red/Violet/Green — YES ✓ NO ___
12. LOVE: Pink/Blue/Green — YES ✓ NO ___
13. LOVE: L-Gold/Blue — YES ✓ NO ___
14. LOVE: L-Gold/Red — YES ✓ NO ___
15. LOVE: L-Red/Green/Blue — YES ✓ NO ___
16. LOVE: L-Gold/Red/Blue — YES ✓ NO ___
17. LOVE: L-Gold/Red/Purple — YES ✓ NO ___
18. LOVE: L-Purple/Red — YES ✓ NO ___
19. LOVE: L-Red/Blue — YES ✓ NO ___
20. LOVE: L-Red/Blue Reversal — YES ✓ NO ___
21. LOVE: L-Red/Blue/Green — YES ✓ NO ___
22. LOVE: L-Red/Gold — YES ✓ NO ___
23. LOVE: L-Red/Green/Purple — YES ✓ NO ___
24. LOVE: L-Red/Purple — YES ✓ NO ___
25. LOVE: L-Red/Purple Green — YES ✓ NO ___
26. LOVE: L-Red/Silver — YES ✓ NO ___
27. LOVE: L-Silver/Blue — YES ✓ NO ___
28. LOVE: L-Silver/Red — YES ✓ NO ___
29. Book of Love Silver/Red — YES ✓ NO ___
30. Book of Love Gold/Red — YES ✓ NO ___
31. Book of Love Red/Gold — YES ✓ NO ___
32. Book of Love Red/Blue — YES ✓ NO ___
33. Book of Love Red/Blue/Green — YES ✓ NO ___
34. Book of Love Red/Green/Blue — YES ✓ NO ___
35. Book of Love Purple/Red — YES ✓ NO ___
36. Book of Love Red Purple — YES ✓ NO ___
37. Book of Love Red/Purple/Green — YES ✓ NO ___
38. Book of Love Red/Green/Purple — YES ✓ NO ___

2

**Court Exhibit 8**

| | |
|---|---|
| 39. Book of Love Gold/Blue | YES ✓ NO _____ |
| 40. Book of Love Gold/Red/Purple | YES ✓ NO _____ |
| 41. Book of Love Silver/Blue | YES ✓ NO _____ |
| 42. Book of Love Red/Blue | YES ✓ NO _____ |
| 43. Book of Love Gold/Red/Blue | YES ✓ NO _____ |
| 44. Book of Love Edition of V in any color | YES ✓ NO _____ |

*If you answered YES to any portion of Question 4, proceed to answer Question 5.*
*If you answered NO to all portions of Question 4, skip to Question 6.*

**Question 5**: What amount of money, if any, has MAF proven by a preponderance of the evidence would fairly compensate it for McKenzie's infringement(s) of MAF's trademark rights?

Answer: $ 6,200,000

3

**Court Exhibit 8**

**Tortious Interference with Contract Claim**

The Court has already granted MAF judgment against McKenzie based on discovery violations such that McKenzie is liable for tortious interference with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement between Robert Indiana and MAF. Your only role is to determine if MAF is entitled to damages and the amount of damages, if any, that MAF is entitled to recover on this claim.

**Question 6**: Has MAF proven by a preponderance of the evidence that MAF is entitled to compensatory damages for McKenzie's tortious interference with the April 9, 1999 License/IP Agreement and the December 22, 1999 Sculpture Agreement?

YES __✓__    NO _____

If YES, in what amount?

Answer: $ __89,000,000__

*If you answered YES to Question 6, proceed to Question 7.*
*If you answered NO to Question 6, your deliberations are finished, and you should proceed to the last page of the Verdict Form (Page 5) to sign the Verdict Form.*

**Question 7**: Did Plaintiff prove by a preponderance of the evidence that it is entitled to punitive damages from McKenzie?

YES __✓__    NO _____

If YES, in what amount?

Answer: $ __5,000,000__

*(please proceed to Page 5 to sign Verdict Form)*

4

**Court Exhibit 8**

**You have completed all questions. Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson, please sign and date the verdict sheet if it represents the unanimous verdict of all jurors. Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_George Clark_
Foreperson

Dated:        4/23/26

5