UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

Plaintiff,

-against-

MICHAEL MCKENZIE d/b/a AMERICAN
IMAGE ART,

Defendant.

Case No. 1:18-cv-04438 (JLR) (BCM)

**FINAL JUDGMENT**

JENNIFER L. ROCHON, United States District Judge:

Whereas on September 3, 2025, the Court having adopted the Report and

Recommendation of Magistrate Judge Moses recommending that the Court, among other things,

impose terminating sanctions against Defendant as to Plaintiff's tortious interference with

contract claim, awarded Plaintiff a default judgment as to liability on its claim for tortious

interference with contract against Defendant, *see* Dkt. 578;

Whereas the Court having held a jury trial from April 20, 2026 to April 23, 2026, and at

the conclusion of trial, the jury having found in favor of Plaintiff on its copyright and trademark

claims, and having awarded Plaintiff $2 million in damages on its copyright claim, $6.2 million

in damages on its trademark claim, $89 million in damages on its tortious interference claim, and

$5 million in punitive damages, *see* Dkt. 630 at 90-95;

Whereas Plaintiff having moved for a permanent injunction, and the Court on July 10,

2026, having rendered its Opinion and Order granting Plaintiff's motion for a permanent

injunction, limited to the specific works and conduct adjudicated at trial, *see* Dkt. 634, it is,

**ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Jury's

Verdict dated April 23, 2026, and the Court's Opinion and Orders dated September 3, 2025 and

July 10, 2026, judgment is entered in favor of Plaintiff as follows:

1. Plaintiff is granted judgment on its tortious interference claim;

2. The jury finds in favor of Plaintiff on its copyright and trademark infringement claims, and awards damages as follows:

   a. in favor of Plaintiff in the amount of $2 million in actual damages for copyright infringement against Defendant;

   b. in favor of Plaintiff in the amount of $6.2 million in damages for trademark infringement against Defendant;

   c. in favor of Plaintiff in the amount of $89 million in compensatory damages for tortious interference with contract against Defendant;

   d. in favor of Plaintiff in the amount of $5 million in punitive damages against Defendant;

3. The Court grants Plaintiff's motion for a permanent injunction, limited to the specific works and conduct adjudicated at trial, specifically ordering that:

   (1) **Enjoined Persons.**  This Order binds Defendant Michael McKenzie d/b/a American Image Art; his "officers, agents, servants, employees, and attorneys"; and all "other persons who are in active concert or participation with" any of them and who receive actual notice of this Order by personal service or otherwise.  Fed. R. Civ. P. 65(d)(2);

   (2) **Protected Copyrighted Works.**  For purposes of this Order, "Protected Copyrighted Works" means USA FUN and The Ninth American Dream, including protectable elements thereof and unauthorized copies or derivatives thereof;

(3)    **Protected Mark.**  For purposes of this Order, "Protected Mark" means Plaintiff's LOVE trademark, U.S. Registration No. 4,879,320, and any reproduction, counterfeit, copy, or colorable imitation thereof;

(4)    **Prohibited Conduct.**  Defendant and all persons bound by this Order are permanently enjoined from directly or indirectly:

    a.  reproducing, copying, manufacturing, fabricating, printing, publishing, distributing, selling, offering for sale, consigning, transferring, licensing, advertising, promoting, displaying for sale, or otherwise commercially exploiting any unauthorized work that reproduces, copies, displays, or incorporates any Protected Copyrighted Work;

    b.  using, reproducing, copying, manufacturing, fabricating, printing, publishing, distributing, selling, offering for sale, consigning, transferring, licensing, advertising, promoting, displaying for sale, or otherwise commercially exploiting any unauthorized work, good, or material bearing the Protected Mark;

    c.  representing or suggesting that any unauthorized work reproducing, copying, displaying, or incorporating any Protected Copyrighted Work or the Protected Mark was created, authorized, approved, licensed, signed, or endorsed by Robert Indiana or Plaintiff;

    d.  affixing, causing to be affixed, or assisting in affixing Robert Indiana's signature, a facsimile of Robert Indiana's signature, or any simulation of Robert Indiana's signature to any unauthorized work

3

that reproduces, copies, displays, or incorporates any Protected

Copyrighted Work or the Protected Mark; and

e.  using the ghostwriter machine, or any other machine, device, stencil,

stamp, plate, digital process, manual process, or other means, to affix

or simulate Robert Indiana's signature on any unauthorized work that

reproduces, copies, displays, or incorporates any Protected

Copyrighted Work or the Protected Mark;

(5)  **Inventory and Preservation.**  Within thirty days of service of this Order,

Defendant shall serve on Plaintiff and file under oath a written inventory

identifying all items in his possession, custody, or control that reproduce,

copy, display, or incorporate any Protected Copyrighted Work or the

Protected Mark.  The inventory shall identify, to the extent known, the

location, quantity, medium, dimensions, date of creation, title or description,

and present custodian of each item.  Defendant shall preserve all such items

pending delivery or further order of the Court;

(6)  **Delivery and Disposal.**  Within sixty days of service of this Order, Defendant

shall deliver to Plaintiff, or to a neutral custodian agreed upon by the parties,

all unauthorized works in his possession, custody, or control that reproduce,

copy, display, or incorporate any Protected Copyrighted Work or the

Protected Mark.  Those items shall be destroyed or otherwise reasonably

disposed of pursuant to 17 U.S.C. § 503(b) and 15 U.S.C. § 1118; and

(7)  **Continuing Jurisdiction.**  The Court retains jurisdiction to enforce, modify,

or clarify this injunction and to resolve disputes concerning the inventory,

delivery, destruction, or other reasonable disposition of covered items;

4

4.      The Clerk of Court is respectfully directed to CLOSE this case.  The deadline to file

any notice of appeal is 30 days after the issuance of this Judgment.

Dated: July 10, 2026
        New York, New York

SO ORDERED.

_____

JENNIFER L. ROCHON
United States District Judge

5